UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
| Plaintiff, | : CIVIL ACTION NO.<br>: 3:03CV144 (RNC) |
| v. | : |
| WAL-MART, INC. and<br>DR. ANTHONY GORDON, | : |
| Defendants. | : OCTOBER 22, 2003 |

AFFIDAVIT OF COUNSEL IN SUPPORT OF
PLAINTIFF'S MOTIONS TO COMPEL RESPONSES
TO HIS FIRST AND SECOND SETS OF DISCOVERY

Pamela J. Coyne, being duly sworn, deposes and says:

1.   I am an attorney in the law firm of Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., attorneys for Plaintiff in the above-captioned matter.

2.   On August 29, 2003, Plaintiff served his Second Set of Interrogatories and Requests for Production of Documents ("IRFP II," attached as Exhibit A) upon Defendant, Wal-Mart, Inc. ("Wal-Mart").

3.   On September 19, 2003, Wal-Mart finally provided supplemental responses to Plaintiff's First Set of Interrogatories and Requests for Production ("IRFP I"), which had been served on Wal-Mart on May 6, 2003. Wal-Mart provided the limited information its counsel had, on August 4, agreed to provide (except that a time period limitation of the sixteen (16)

months during which Plaintiff was employed, not previously discussed was added) with respect to Interrogatory Nos. 1, 3, 4, 5, 7, 8, 10, 12, 12A, 14, 15, 19 and 20. Although terminated employees who worked at the North Windham Wal-Mart store during Plaintiff's period of employment were identified in response to Interrogatory No. 16, information as to the decision maker's name, job title, race and color, were not. Wal-Mart stated it would provide a response to Interrogatory No. 16 (with the same location and time period limitations) after its Confidentiality Order (which was finally submitted to the Court on September 22, 2003) was entered, and by letter dated September 26, 2003, four (4) days before the discovery cutoff in this case, Wal-Mart identified one (1) complaint of discrimination at the North Windham store during the period of Plaintiff's employment there. Additional documents provided were an employee listing of North Windham vision center employees during Plaintiff's period of employment, the License Agreement between Wal-Mart and Dr. Gordon (previously produced by Dr. Gordon), a listing of managers at the North Windham store and a picture of Roger Noll, store manager. Wal-Mart did not provide copies of the charge of discrimination it had identified as requested in Request for Production No. 9 of IRFP I.

    4.    On October 1, 2003, Plaintiff received objections and responses to IRFP II from Wal-Mart (attached as Exhibit B). Wal-Mart responded to Interrogatory No. 2 and Request for Production No. 4, by stating that Wal-Mart had guaranteed a minimum level of revenue to Dr. Gordon and producing a copy of a letter dated June 22, 2001, which described the terms of the guarantee. Wal-Mart also responded to Request for Production No. 3 by stating that Wal-Mart

has not received any documents by subpoena in connection with its defense of this matter. However, Wal-Mart objected to Request for Production No. 2, which requested disciplinary records of employees about whom customers have complained, by incorporating objections to prior requests, which claimed attorney-client privilege, and that the request was unduly burdensome, harassing and irrelevant. Wal-Mart also objected to Interrogatory Nos. 3 and 4, as well as Request for Production Nos. 5 and 6, which requested information and documents regarding the exchange of monies between Wal-Mart and Dr. Gordon, claiming that the requests were irrelevant.

     5.     On October 8, 2003, I wrote a letter (attached as Exhibit C) to Wal-Mart's counsel, Gregory B. Reilly, regarding Wal-Mart's objections to IRFP II.

     6.     On October 10, 2003, Attorney Reilly responded to my letter by telephone. I immediately asked Attorney Reilly what additional responses I could expect and was told that I was "getting bupkus."

     7.     Attorney Reilly and I then discussed each numbered paragraph of my October 8, 2003 letter. A summary of our conversation regarding Wal-Mart's objections and responses follows:

     a.     Attorney Reilly explained that he "gratuitously" disclosed that one complaint of discrimination had been filed against Wal-Mart, but that it was irrelevant to Plaintiff's claims herein, apparently because the charge disclosed in Attorney Reilly's letter was

based on the Complainant's being Hispanic. Attorney Reilly further stated that it would be "unfortunate" if Plaintiff pursued disclosure of the related documentation.

      b.      Contrary to Attorney Relly's representations to Attorney Loraine M. Cortese-Costa that he would provide photographs of managers at the North Windham Wal-Mart store, Attorney Reilly now claims that he stated that he would provide what Wal-Mart has, and the photograph of Roger Noll is the only photograph in Wal-Mart's possession.

      c.      Attorney Reilly stated that he was open to persuasion as to the discovery requests regarding the exchange of monies between Wal-Mart and Dr. Gordon, but that otherwise, the request was "so far beyond the pale," that Wal-Mart was not obliged to respond. In effect, he was asking that Plaintiff prove his wrongful discharge claim before agreeing to provide any potentially relevant information. Attorney Reilly informed me that there is a limit to what Plaintiff gets through discovery, and that limit has been exceeded.

      d.      In response to Plaintiff's request for information regarding customer complaints and related employee discipline, Attorney Reilly stated that Wal-Mart already provided the only customer complaint it has, i.e., the customer report regarding Plaintiff. I stated that if that is the case, then Plaintiff is entitled to a verified response to that effect, and further suggested that if an employee was disciplined because of a customer complaint, a copy of the complaint would be found in the employee's personnel file. Attorney Reilly agreed that my comment made sense and stated that he would advise Wal-Mart to look into it. Later, during a


second telephone conversation that same day, Attorney Reilly disagreed and suggested that we pursue this subject with Roger Noll at his deposition on October 14, 2003.

*Pamela J. Coyne*
Pamela J. Coyne

Sworn to and subscribed before me
this 22nd day of October, 2003.

*Dianne M. Cortese-Costa*
~~Notary Public~~ Commissioner of Superior Court

## CERTIFICATION

I hereby certify that I have caused to be served this 23rd day of October, 2003, the above and foregoing by United States mail, postage paid, return receipt requested, on the following counsel and pro se parties of record:

Gregory Reilly, Esq.
Brown Raysman Millstein Felder & Steiner LLP
900 Third Avenue
New York, NY 10022

*Pamela J. Coyne*
Pamela J. Coyne

P:\lit\pjc\523818\001\00036272.DOC

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARVIN KEY, | : | CIVIL ACTION NO. |
| | : | 3:03CV144 (RNC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WAL-MART, INC. AND | : | |
| DR. ANTHONY GORDON, | : | |
| | : | |
| Defendants. | : | AUGUST 29, 2003 |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO WAL-MART STORES, INC.**

Plaintiff, Marvin Key, by and through undersigned counsel and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, *et seq.*, hereby requests that Defendant, Wal-Mart, Inc., answer the following interrogatories under oath within thirty (30) days of service and produce legible copies of all requested documents in the Defendant's possession, custody, or control for inspection and/or copying at the office of the undersigned counsel within thirty (30) days, or at such other time and place as may be mutually agreed upon by counsel for the purposes of inspection and copying by the Plaintiff.

**DEFINITIONS AND INSTRUCTIONS**

A.  Sufficient blank space for inserting a typed response has been provided following each Interrogatory and Production Request. If the space provided should prove insufficient for your entire answer, please retype the Interrogatory or Production Request and provide the entire answer on a separate sheet of paper.

B.   With respect to each Interrogatory and Production Request, in addition to supplying the information requested by identifying the specific document referred to, please identify all documents which you consulted or to which you referred in preparation of your answer.

C.   In lieu of identifying any document in the manner hereinafter prescribed, you may attach the document and all non-identical copies thereof to your answers, and make them available for inspection and copying at the time and place to be agreed upon among counsel for the parties. If this procedure is followed, however, each Interrogatory and Production Request or portion thereof to which the document is intended to respond should be specified in the case of each such document.

D.   Unless otherwise indicated, each Interrogatory and Production Request is not restricted to a particular time period. If the answer to any Interrogatory or Production Request is different for different time periods, please so indicate and answer separately for each such time period.

E.   If any document identified in an answer to an Interrogatory or Production Request was in your possession or subject to your custody or control, but is no longer, or it was known by you to exist, but is no longer in existence, please state what disposition was made of it and its present location, if known.

F.   For the purpose of these Interrogatories, the following definitions shall apply:

1.   "Defendant" means Wal-Mart Stores, Inc. and all persons acting or purporting to act on its behalf whether collectively or individually.

2.   The terms "documents," "record" and the like mean any kind of written, printed, typed, recorded or graphic material however produced or reproduced of any kind or description, including originals, all copies, and all drafts. These terms include, by way of illustration, but are not limited to, the following items, whether printed, recorded, stored or reproduced by any electronic or mechanical process, or written or produced by hand: agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, studies, notices, reports, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans, drawings, sketches, maps, books, pamphlets, newspaper and periodical articles and clippings, accounting records, invoices, canceled checks, receipts, forms, minutes, computer printouts, microfilm, microfiche, tape recordings, summaries of records or meetings or conferences,

summaries or reports of consultants, photographs, motion picture films, brochures, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing in any document and other pertinent information stored in any information storage or retrieval system, whether mechanical, magnetic, electronic, or otherwise, and all other writings.

3. "Identify," when used with respect to a document, means:

   a. To specify the nature of the document (e.g., letter, memorandum, etc.);
   b. to state the date appearing on the document or, if no date appears, the date on which the document was prepared;
   c. to state the date on which the document was transmitted to each recipient;
   d. to state the number of pages of the document;
   e. to give a brief description of the contents of a document;
   f. to identify each person who wrote, signed, dictated, submitted, reviewed, approved, or otherwise participated in the preparation of the document;
   g. to identify each person who received the document or was an addressee thereof and each person who received a copy of a document;
   h. if the document now exists, to give its location and to identify each person who has custody of it;
   i. if the document does not now exist to state the disposition that was made of it including the date, time, place and method of such disposition, and to identify the person who disposed of it;
   j. to identify separately each attachment to the document in the manner provided in this instruction.

4. "Identify," when used with respect to a person, means to state the person's name, home and business address and home and business telephone numbers.

5. The singular shall include the plural and the plural shall include the singular.

6. A masculine, feminine or neuter pronoun shall not exclude the others.

**INTERROGATORIES**

1.   Identify each individual who assisted with Defendant's response to these Interrogatories and Requests for Production, by name, title, address and telephone number, indicating which Interrogatories and/or Requests for Production each individual assisted with.

ANSWER:

2.   Under the License Agreement between Wal-Mart and Dr. Gordon dated July 1, 2001 (and any predecessor agreements), was Dr. Gordon entitled to any payment from Wal-Mart in the event no patient fees were collected for his services in any specified period of time (e.g., daily, weekly, bi-weekly, monthly, etc.), or was Dr. Gordon entitled to a specified minimum payment from Wal-Mart under any circumstances? Was Wal-Mart entitled to any payment, or specified minimum payment, from Dr. Gordon in any such circumstances?

ANSWER:

3.  Describe the process, method and/or procedure for calculating gross sales receipts and transferring funds between Wal-Mart and Dr. Anthony Gordon, pursuant to any understanding and agreement between them, including but not limited to the License Agreement between Wal-Mart and Dr. Gordon dated July 1, 2001.

ANSWER:

4.  Specify the dollar amount, or dollar value of goods or services, exchanged between Wal-Mart and Dr. Gordon since Dr. Gordon began performing services at the vision center at the North Windham Wal-Mart Store.

ANSWER:

## REQUESTS FOR PRODUCTION

1.  Any and all documents referred to in responding to Defendant's Second Set of Interrogatories.

2. Any and all documents, which constitute, refer or relate to discipline of employees identified in response to Interrogatory No. 12A of Plaintiff's First Set of Interrogatories.

3. Any and all documents, which Defendant obtains, or has obtained, by subpoena from any individual or entity, public or private, in connection with its defense of this matter and/or its investigation into the issues raised in the Complaint.

4. Any and all documents, which constitute, refer or relate to any agreement or understanding identified in response to Interrogatory No. 2, *supra*.

5. Any and all documents, which constitute, refer or relate to any process, method or procedure described in response to Interrogatory No. 3, *supra*.

6. Any and all documents, which constitute, refer or relate to any exchanges of money, goods or services between Wal-Mart and Dr. Gordon identified in response to Interrogatory No. 4, *supra*.

Done at Bridgeport, Connecticut this 29th day of August, 2003.

_____
Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR PLAINTIFF

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 29th day of August, 2003 to all counsel and *pro se* parties as follows:

Gregory Reilly, Esq.
Brown Raysman Millstein Felder & Steiner
900 Third Avenue
New York, NY 10022

                                                  Pamela J. Coyne

P:\lit\pjc\523818\001\00035305.DOC