# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------------- X
MARVIN KEY,                                                 :
                                                            :   CIVIL ACTION NO.:
                              Plaintiff,                    :   3:03CV144(RNC)
                                                            :
              v.                                            :
                                                            :
WAL-MART, INC. AND DR. ANTHONY                              :
GORDON,                                                     :
                                                            :
                              Defendants.                   :   September 30, 2003
----------------------------------------------------------- X

## DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO WAL-MART STORES, INC.

Pursuant to Fed. R. Civ. P. 34, the defendant, WAL-MART STORES INC. ("Wal-Mart"), by and through its attorneys, hereby provides objections and responses to Plaintiff's Second Set Of Interrogatories And Second Request For Production Of Documents Directed to Wal-Mart Stores, Inc. ("Requests").

## GENERAL INSTRUCTIONS AND CONDITIONS FOR RESPONSES

1.   In responding hereto, Wal-Mart does not waive any objections based on relevance, materiality, competence, privilege, immunity from disclosure, admissibility, and/or any other grounds.

2. In responding hereto, Wal-Mart does not waive its right to object to the use of any of these responses, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action.

3. Wal-Mart will answer the Requests specified more particularly below and will make said answers available to Plaintiff, Marvin Key ("Key"), and his attorneys for the purposes of this lawsuit and for no other purpose.

4. Wal-Mart has exercised due and reasonable diligence in responding to the instant Requests. Wal-Mart reserves the right to supplement and/or amend its responses when and if additional requested information becomes known to it. Wal-Mart further reserves the right to assert any applicable objections to the disclosure of any such additional information.

## **GENERAL OBJECTIONS**

The following General Objections apply to the Requests as a whole, and each of the responses is made subject to the General Objections.

1. Wal-Mart objects to the Requests to the extent they are so vague and ambiguous that they do not properly advise Wal-Mart as to the information requested, thereby requiring Wal-Mart to speculate as to the information sought.

2. Wal-Mart objects to the Requests to the extent they are overly broad and any attempt to respond would be unduly burdensome, unduly expensive, harassing and/or oppressive.

3. Wal-Mart objects to the Requests to the extent they seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible or relevant evidence.

4. Wal-Mart objects to the Requests to the extent they seek information and/or documents protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege recognized by law. To the extent privileged information and/or documents are provided by Wal-Mart, in whole or in part, such action by Wal-Mart is without prejudice to and is not a waiver of any subsequent assertion of privilege by Wal-Mart as to the information provided or documents produced or identified.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each individual who assisted with Defendant's response to these Interrogatories and Requests for Production, by name, title, address and telephone number, indicating which Interrogatories and/or Requests for Production each individual assisted with.

### ANSWER:

Gerry Ellis, Wal-Mart Vision Center Manager.

### INTERROGATORY NO. 2:

Under the License Agreement between Wal-Mart and Dr. Gordon dated July 1, 2001 (and any predecessor agreements), was Dr. Gordon entitled to any payment from Wal-Mart in the event no patient fees were collected for his services in any specified period of time (e.g., daily, weekly, bi-weekly, monthly, etc.), or was Dr. Gordon entitled to a specified minimum payment from Wal-Mart under any circumstances? Was Wal-Mart entitled to any payment, or specified minimum payment, from Dr. Gordon in any such circumstances?

### ANSWER:

Wal-Mart incorporates its General Objections as if fully set forth herein. Without waiving these objections, Wal-Mart states that: (1) Defendant Dr. Gordon had a guaranteed

3

minimal level of revenue; and (2) the terms of this guarantee are specified in the attached document (D00913).

**INTERROGATORY NO. 3:**

Describe the process, method and/or procedure for calculating gross sales receipts and transferring funds between Wal-Mart and Dr. Anthony Gordon, pursuant to any understanding and agreement between them, including but not limited to the License Agreement between Wal-Mart and Dr. Gordon dated July 1, 2001.

**ANSWER:**

Wal-Mart incorporates its General Objections as if fully set forth herein. Wal-Mart further objects to this Interrogatory No. 3 because it seeks information that is neither relevant to the claims in this case nor will lead to the discovery of admissible evidence at trial.

**INTERROGATORY NO. 4:**

Specify the dollar amount, or dollar value of goods or services, exchanged between Wal-Mart and Dr. Gordon since Dr. Gordon began performing services at the vision center at the North Windham Wal-Mart Store.

**ANSWER:**

Wal-Mart incorporates its General Objections as if fully set forth herein. Wal-Mart further objects to this Interrogatory No. 4 because it seeks information that is neither relevant to the claims in this case nor will lead to the discovery of admissible evidence at trial.

**OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

Any and all documents referred to in responding to Defendant's Second Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Assuming Plaintiff's Document Request No. 1 is referring to "Plaintiff's Second Set of Interrogatories," Wal-Mart refers Plaintiff to D00913.

**DOCUMENT REQUEST NO. 2:**

Any and all documents, which constitute, refer or relate to discipline of employees identified in response to Interrogatory No. 12A of Plaintiff's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Subject to its General Objections and its objections in response to Interrogatory No. 12A of Plaintiff's First Set of Interrogatories, Wal-Mart refers Plaintiff to its response to Interrogatories 12 and 12A of Plaintiff's First Set of Interrogatories.

**DOCUMENT REQUEST NO. 3:**

Any and all documents, which Defendant obtains, or has obtained, by subpoena from any individual or entity, public or private, in connection with its defense or this matter and/or its investigation into the issues raised in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Subject to its General Objections, Wal-Mart states that no such documents exist.

**DOCUMENT REQUEST NO. 4:**

Any and all documents, which constitute, refer or relate to any agreement or understanding identified in response to Interrogatory No. 2, *supra*.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Subject to its General Objections, Wal-Mart refers Plaintiff to its response to Interrogatory No. 2, *supra*.

**DOCUMENT REQUEST NO. 5:**

Any and all documents, which constitute, refer or relate to any process, method or procedure described in response to Interrogatory No. 3, *supra*.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Subject to its General Objections, Wal-Mart refers Plaintiff to its response to Interrogatory No. 3, *supra*.

**DOCUMENT REQUEST NO. 6:**

Any and all documents, which constitute, refer or relate to any exchanges of money, goods or services between Wal-Mart and Dr. Gordon identified in response to Interrogatory No. 4, *supra*.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Subject to its General Objections, Wal-Mart refers Plaintiff to its response to Interrogatory No. 4.

Dated: New York, New York
September 30, 2003

Brown Raysman Millstein Felder & Steiner, LLP
Attorneys for Defendant
900 Third Avenue
New York, New York 10022
(212) 895-2000

By: _____
Gregory B. Reilly (Federal Bar No.: ct07101)

## VERIFICATION

STATE OF CONNECTICUT   )
                      ) ss.:
COUNTY OF _____ )

    Gerry Ellis, being duly sworn, deposes and says: I have read the foregoing Defendant's Responses and Objections to Plaintiff's Second Set of Interrogatories Directed to Wal-Mart Stores, Inc. and know the Responses to be true to the best of my knowledge. The Responses are based on my own knowledge and my review of the attached documents. Leave is reserved to amend or supplement said answers in the event that additional information is acquired.

    I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                            _____
                                                Gerry Ellis

Sworn to before me this
___ day of September, 2003

_____
Notary Public

BRMFS1 434363v2

## DECLARATION OF SERVICE

The undersigned, being duly sworn, hereby states that he caused a true and correct copy of the annexed Defendant's Responses and Objections to Plaintiff's Second Set of Interrogatories Directed to Wal-Mart Stores, Inc. to be served by FEDERAL EXPRESS to Loraine M. Cortese-Costa of Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., 1057 Broad Street, Bridgeport, CT 06604, attorneys for Plaintiff, on this 30th day of September, 2003.

Dated: New York, New York
September 30, 2003

_____
GREGORY B. REILLY
(Federal Bar. No.: ct07101)

# EXHIBIT C

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne

Also admitted in Virginia*
Also admitted in New York**

ATTORNEYS AT LAW

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438      Fax (203) 384-0317
www.durantnic.com

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

October 8, 2003

VIA: Facsimile (212) 895-2900 and U.S. Mail

Gregory Reilly, Esq.
Brown Raysman Millstein Felder & Steiner LLP
900 Third Avenue
New York, NY 10022

   Re: Key v. Wal-Mart, Inc., et al.
     <u>Civil Action No.: 3:03CV144(RNC)</u>

Dear Greg:

  This letter is in response to (a) Wal-Mart's supplemental objections and responses to Plaintiff First Set of Interrogatories and Requests for Production ("IRFP I"); (b) your letter dated September 26, 2003; and (c) Wal-Mart's and Dr. Gordon's objections and responses to Plaintiff's Second Set of Interrogatories and Requests for Production ("IRFP II").

<u>Wal-Mart's Objections and Responses:</u>

  1) You answered Interrogatory No.16 of IRFP I by letter dated September 26, 2003 identifying one complaint of discrimination against Wal-Mart during the period from January 1, 2000 through April, 2001. However, you failed to enclose a copy of the related documentation (e.g., the Charge) as requested in Request for Production No. 9. Please provide copies of all documents, which constitute, refer or relate to the charge you identified in your letter. As you know, we maintain that the date and location limitations you have imposed on these requests are also improper.

  2) Wal-Mart's supplemental response to IRFP I, Request for Production No. 14 was to provide a photocopy of a photograph of Roger Noll. Please provide photographs of all male managers at the North Windham store in April 2001 as you had previously agreed.

  3) In IRFP II, Interrogatories 3 and 4, and related Requests for Production 5 and 6, seeking information regarding the exchange of money between Wal-Mart and Dr. Gordon pursuant to any understanding or agreement between them, are relevant to Plaintiff's claim of

wrongful discharge based upon the public policy of Connecticut as reflected in the Connecticut Unfair Trade Practices Act ("CUTPA"). The implication of CUTPA is directly related to the financial arrangements between Dr. Gordon and Wal-Mart so this information is relevant and/or likely to lead to the discovery of admissible evidence.

       4) Wal-Mart's objection to IRFP II, Request for Production No. 2 asserts that the information sought is privileged. We are unaware of any privilege attached to customer complaints or related disciplinary action. If a legitimate privilege applies, please produce a privilege log as required by Fed. R. Civ. P. 26(b)(5) and L. Civ. R. 37(a)(1). Otherwise, the information should be provided.

Wal-Mart's claim that such information is subject to a confidentiality agreement does not excuse production as the agreement has been filed with and Ordered by the Court. As you know, the Order provides the means for disclosure and protection of any confidential materials.

Dr. Gordon's Objections and Responses:

       1) The information sought from Dr. Gordon in IRFP I, Interrogatory 2 and related Request for Production No. 1, regarding the exchange of money between Dr. Gordon and Wal-Mart, is relevant as set forth above with respect to Wal-Mart.

       2) In his deposition, page 120, Dr. Gordon indicated that he had sent a response to the Department of Public Health letter dated July 11, 2003. Kindly provide a copy of that letter as requested in IRFP I, Request for Production 11 and IRFP II, Request for Production 4.

Thank you for your anticipated cooperation. Kindly provide the additional information so that we will have it in time to prepare for the October 14 depositions of the Wal-Mart managers. I will telephone you tomorrow to discuss this.

                                              Very truly yours,

                                              Pamela J. Coyne

P:\general\pjc\523818\001\00036194.DOC

bcc: Marvin Key,
David Fabricant