

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
|     Plaintiff, | : CIVIL ACTION NO. |
| | : 3:03CV144 (RNC) |
| v. | : |
| WAL-MART, INC. and | : |
| DR. ANTHONY GORDON, | : |
|     Defendants. | : NOVEMBER 21, 2003 |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SANCTIONS**

Plaintiff, by and through his undersigned counsel, submits this memorandum of law in support of his motion to preclude Wal-Mart from using twenty-five pages of typewritten notes by Plaintiff's supervisor, Jerome Ellis ("Ellis"), and Mr. Ellis's Day Planner, claimed to be the source of that document, as evidence at trial and for such other and further relief as the Court deems appropriate.

**I.    BACKGROUND**

By motion dated August 22, 2003, Plaintiff moved to preclude Wal-Mart from using at trial a compilation of notes, purportedly written by Ellis about Plaintiff's performance during the course of his employment, which were not produced to Plaintiff until the afternoon of the day prior to his deposition. Plaintiff also filed a memorandum of law in support of that request.

On October 14, 2003, Plaintiff took the deposition of Mr. Ellis during which he testified that he had extracted the notes from a Day Planner in which he kept notes about Plaintiff and all other employees he supervised at the Wal-Mart Vision Center where Plaintiff had been employed. Wal-Mart had never disclosed the Day Planner or its existence so it was not available prior to or during Plaintiff's deposition of Mr. Ellis. A copy of the Day Planner (which numbers 850 pages) was finally provided to Plaintiff's counsel on October 30, 2003, less than twenty-four hours before oral argument on Plaintiff's first motion to compel and for preclusion of the notes. At oral argument, Judge Martinez inquired whether Plaintiff had been prejudiced by the failure to disclose the Day Planner prior to Mr. Ellis' deposition. Wal-Mart's counsel represented that the extracted notes represented what was in Mr. Ellis' Day Planner about Plaintiff. Plaintiff's counsel had not had an opportunity to review the 850 pages just received. In her Order, Judge Martinez stated:

> The plaintiff's motion for preclusion is DENIED without prejudice to any subsequent application. The daytimer, the original source of the supervisor's notes, was not produced until the night before the oral argument on the plaintiff's motion. Although the court does not condone the defendant's untimely disclosure, the instant record is insufficient for the court to grant the plaintiff's request.

After having an opportunity to compare the twenty-five page document with its purported source, it is clear that Wal-Mart's failure to disclose was not "harmless" as set forth in Rule 37(c)(1) and clearly prejudicial. Not only are the extracted notes different from what is written in the Day Planner, the Day Planner contains a substantial amount of information about Plaintiff

that was not included in the notes, as well as numerous entries about other employees of the Vision Center, Vision Center practices in general and Wal-Mart's decision to terminate Plaintiff's employment -- all of which is relevant and material to Plaintiff's claims, but about which Plaintiff was not able to question the author, Mr. Ellis, or any other Wal-Mart manager, at deposition (all of which were taken prior to the untimely disclosure).

Without attempting to detail all the differences, the following are examples of substantive changes from the Day Planner to the typewritten notes that Plaintiff's counsel would have questioned Mr. Ellis about during deposition if the Day Planner had been made available.

4/15/00     The typewritten note (the twenty-five pages of typewritten notes are attached as Exhibit A) says: "Marvin didn't show up for store meeting."

However, the entry for that date in the Day Planner (cited pages from the Day Planner are attached as Exhibit B) is:
  Meeting with associates at 8AM
  No shows
  Marvin at 8:30 AM
  *Jenilu[1] at 8:45 AM   Verbal Warning
  Phyllis[2] no show
  Scheduled meeting with Associates for 8 AM but on that morning we had no shows. Had meeting during the day told everyone about the importance of coming to our meeting.

7/13/00     The typewritten note states: "Coached Marvin on customer issues and for not wearing his lab jacket."

The Day Planner entry states that Marvin was coached for "customer relations." There is no indication that Marvin was coached for "not wearing his lab jacket," although another employee named Dave was coached for that reason.

---

[1] "Jenilu" was another employee in the Vision center when Plaintiff worked there.
[2] "Phyllis" was another Optician in the Vision center when Plaintiff worked there.

|  |  |
|---|---|
|  | A second typewritten note for this date included in the twenty-six page document states that both Marvin and Jenilu were warned for charging a lower price for a frame. There is no Day Planner entry for that date regarding that issue. |
| 8/18/00 | The typewritten note for this date is severely edited and embellished from what appears in the Day Planner. In addition, the typewritten note omits the following which appears in the Day Planner: "Marvin called Mike Zimmerman[3] and complained. I spoke with Mr. Zimmerman and explained my reasoning for keeping him in front," and "*spoke with Skeet[4] via home phone in NY about today's situation." |
| 12/1/00 | Again, the typewritten note is severely edited and embellished and indicates that Mr. Ellis had an issue with Marvin on this date, but does not reflect the actual entry in the Day Planner, which states that both Marvin and Dave[5] were working together and responsible for the condition of the store. |
|  | Similarly, the second typewritten note for this day states that Marvin was coached "about being late," while the actual Day Planner entry states: "Verbal Coach separately Marvin, Dave, and Phyliss on being late. told them the expectations I have for them, unless some situation beyond control, they will have a written coaching." |
| 1/22/01 | The typewritten note for this day is not only edited, but is incomplete and inaccurate. The Day Planner indicates that Mr. Ellis returned from a trip to find the Vision Center in poor condition and proceeded to write about each Associate (Vision Center employee), not only about Plaintiff. |

Potential areas of inquiry which could not be pursued because of the failure to timely disclose include:

- why the entries were changed from the Day Planner to the twenty-five page typewritten document;

---

[3] Mike Zimmerman is a Regional Manager for Wal-Mart's Vision Centers.
[4] "Skeet" is a District Manager for Wal-Mart's Vision Centers.
[5] "Dave" was another Optician in the Vision Center when Plaintiff worked there.

- what action was taken with respect to the other (White) employees implicated for the same "transgressions" as Plaintiff;

- what was the subject matter of the complaints by Plaintiff to management referenced in the 8/18/00 Day Planner entry omitted from the reproduced twenty-five pages and the resolution of same, if any.

**Additional Entries Regarding Plaintiff**:

In addition to the foregoing, the following entries concerning Plaintiff were reflected in the Day Planner but not in the twenty-five page "extraction":

2/14/01: Phyllis told me that the dept of public health called at 7PM inquiring what time an optician worked today and what time they left. Phyllis asked why they were inquiring. They said they were doing a survey. (Marvin?) Marvin and Dave knew no optician wasn't going to be in Wed morning because they wouldn't come in to cover the shift.

4/4/01 Chris Atkins[6] & Mike Zimmerman visited the store. spoke to them about leting Marvin go for customer issues, they said OK.

4/6/01 Talked to Chris Atkins concerning release of Marvin, he said he needed to call Roger[7] and would get back to me. Chris called back and said I need to sit down with Roger next week and go over the situation.

We need to make sure all CT stores are at state standards for when Marvin gets terminated he doesn't cause any trouble.

This whole case centers upon the reasons for Plaintiff's discharge and whether they involve discriminatory motives and/or issues implicating a violation of public policy. Mr. Ellis' concern that Plaintiff might be in contact with the Department of Public Health and whether that

---

[6] "Chris Atkins" came up in this case and since Plaintiff's counsel did not have the document, inquires as to who he is what involvement he had and why could not be made.
[7] "Roger" refers to Roger Noll, the store manager, who Wal-Mart claims made the decision to discharge Plaintiff.

played any role in the decision to discharge him made soon thereafter go directly to Plaintiff's public policy claims in this case. The "customer issues" Mr. Ellis was referring to on April 4, 2001 in connection with his desire to terminate Plaintiff (Wal-Mart claims Plaintiff was discharged for a customer complaint of April 27, 2003) certainly constitute *key* areas of inquiry as to motivation (the crux of this case) that were precluded by Wal-Mart's egregious discovery violations. The non-disclosure of the Day Planner also precluded inquiry at Mr. Noll's deposition on October 14, 2003, as to the discussion in early April of terminating Plaintiff, as reflected in the Day Planner, what was said and what decision was made at that time, if any. By failing to disclose the Day Planner, Wal-Mart has guaranteed that those questions cannot be asked until trial and that its counsel and witnesses will be well prepared for any inquiry. At a minimum, Wal-Mart should be precluded from using the untimely disclosed documents to its own advantage and the Court should grant such other and further relief as it deems appropriate. Fed. R. Civ. P. 37(c)(1).

### III.   CONCLUSION

Based upon the foregoing and for those reasons stated in support of the original motion for preclusion, Plaintiff's motion should be granted in all respects.

Done at Bridgeport, Connecticut this 21st day of November, 2003.

                                                  Pamela J. Coyne
                                                  DURANT, NICHOLS, HOUSTON,
                                                  HODGSON & CORTESE-COSTA, P.C.
                                                  1057 Broad Street
                                                  Bridgeport, CT  06604
                                                  (203)366-3438
                                                  Federal Bar No. ct22941

                                                  ATTORNEYS FOR PLAINTIFF