**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

2003 DEC -8  A 9: 57

US DISTRICT COURT
HARTFORD CT

-------------------------------------------------------- X
MARVIN KEY,                                          :
                                                     :       CIVIL ACTION NO.:
                              Plaintiff,             :       3:03CV144(RNC)
                                                     :
                      v.                             :
                                                     :
WAL-MART, INC. AND DR. ANTHONY                       :
GORDON,                                              :
                                                     :
                              Defendants.            :       DECEMBER 8, 2003
-------------------------------------------------------- X

## DEFENDANT'S LOCAL RULE 56(a)(2) STATEMENT[1]

Defendant Wal-Mart Stores, Inc., incorrectly sued as "Wal-Mart, Inc. ("Defendant"), by

and through their undersigned counsel, submits this statement pursuant to Local Rule 56(a)(2) in

opposition to Plaintiff's Motion for Partial Summary Judgment.

1.      Undisputed.

2.      Disputed.  Wal-Mart Stores, Inc. is mistakenly sued as Defendant Wal-Mart, Inc.

Otherwise, this paragraph is undisputed.

3.      Undisputed.

4.      Undisputed.

5.      Although the factual allegations set forth in Paragraph "5" are undisputed, these

allegations are immaterial to Plaintiff's motion for the reasons set forth in Defendant's

Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to

Plaintiff's Motion for Partial Summary Judgment.  *See* pages 14-19, 31-32.

---

[1]      In support of its Rule 56(a)(2) Statement Wal-Mart refers the Rule 56(c) materials attached to Defendants'
accompanying Motion for Summary Judgment.

6.      Although the factual allegations set forth in Paragraph "6" are undisputed, these allegations are immaterial to Plaintiff's motion for the reasons set forth in Defendant's Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* pages 14-19, 31-32.

7.      Although the factual allegations set forth in Paragraph "7" are undisputed, these allegations are immaterial to Plaintiff's motion for the reasons set forth in Defendant's Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* pages 14-19, 31-32.

8.      Disputed.  As set forth in the Wal-Mart's Supplemental Response to Plaintiff's First Set of Interrogatories, Response No. 10 (attached to Plaintiff's Rule 56 (a)(1) Statement as Exhibit 3), the Vision Center employees at the North Windham, Connecticut store (the "Store") engaged in "vision screenings" and "pre-screenings" rather than "vision examinations." Moreover, Plaintiff's factual allegations in this Paragraph "8" are immaterial to Plaintiff's motion for the reasons set forth in Defendant's Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* pages 14-19, 31-32.

9.      Although the factual allegations set forth in Paragraph "9" are undisputed, these allegations are immaterial to Plaintiff's motion for the reasons set forth in Defendant's Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* pages 14-19, 31-32.

10.      Although the factual allegations set forth in Paragraph "10" are undisputed, these allegations are immaterial to Plaintiff's motion for the reasons set forth in Defendant's

Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* pages 14-19, 31-32.

11.    Although the factual allegations set forth in Paragraph "11" are undisputed, these allegations are immaterial to Plaintiff's motion for the reasons set forth in Defendant's Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* pages 14-19, 31-32.

12.    Although the factual allegations set forth in Paragraph "12" are undisputed, these allegations are immaterial to Plaintiff's motion for the reasons set forth in Defendant's Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* pages 14-19, 31-32.

13.    Disputed.  For most of Plaintiff's employment Ellis was Plaintiff's manager. However, when Plaintiff initially started working at the Store there was a different Vision Center manager.  Key Dep. at 83-84; Key Dep. II at 87-88.  Regardless, Plaintiff's allegation (although disputed) is immaterial to Plaintiff's motion for the reasons set forth in Defendant's Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* pages 14-19, 31-32.

14.    Although the factual allegations set forth in Paragraph "14" are undisputed, these allegations are immaterial to Plaintiff's motion for the reasons set forth in Defendant's Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* pages 14-19, 31-32.

15.    Although the factual allegations set forth in Paragraph "15" are undisputed, these allegations are immaterial for the reasons set forth in Defendant's Memorandum of Law in Support

of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* pages 14-19, 31-32.

16.     Disputed. Defendant disputes the factual allegations set forth in Paragraph "16" because Plaintiff's citation to Ellis' deposition testimony shows that he did not testify that the vision screenings were "virtually meaningless." Ellis Dep. at 55-56. Moreover, Ellis elaborated that the screenings do not diagnosis but do indicate whether the customer may have a prescription. Ellis Dep. at 50. In his declaration Ellis further elaborates that the vision screening provides an estimate of visual acuity. Ellis Dec., ¶6.

17.     Disputed. Defendant disputes the factual allegations set forth in Paragraph "17" because Plaintiff's citation to Ellis' deposition testimony shows that he did not testify that vision center employees were told to ask questions about "vision testing," but rather that they could ask questions "if they have any questions" about "pre-testing." Ellis Dep. at 29-30. The factual allegations set forth in Paragraph "15" also are immaterial to Plaintiff's motion for the reasons set forth in Defendant's Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* pages 20-21, 32-34.

18.     Disputed. The pages of Dr. Gordon's transcript cited by Plaintiff do not state Plaintiff was doing a "steropsis test," but rather an unidentified pre-test. Dr. Gordon Dep. at 103-104.

19.     Disputed. Defendant disputes Plaintiff's factual allegations set forth in Paragraph "19" because a witness testified that Dr. Gordon responded to Plaintiff's inquiries. Nugyen Dep. at 32-33.

20.     Undisputed.

21.     Undisputed.

4

22.    Undisputed.

23.    Undisputed.

24.    Disputed. Plaintiff's citations to Nguyen's testimony on this point shows she

went to Wal-Mart because it was "closer to home and the price reasonable, and you can get

glasses, contact lens in one place. It is convenient." Nguyen Dep. at 73. Although the factual

allegations set forth in Paragraph "24" are undisputed, these allegations are immaterial to

Plaintiff's motion for the reasons set forth in Defendant's Memorandum of Law in Support of

Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary

Judgment. See pages 14-19, 31-32.

25.    Disputed. Plaintiff was told that he was being terminated for several reasons,

including Nguyen's complaint concerning Plaintiff. Morales Dep. at 23. Elsewhere in Morales'

deposition he makes clear that the termination was motivated by the fact that Plaintiff had

previous coachings for customer service problems (Morales Dep. at 18-19) and the Nguyen

complaint was simply the "last straw." Morales Dep. at 23. See also Exit Interview Form

(attached as Exhibit 11 to Plaintiff's Rule 56(a)(1) Statement) listing Plaintiff's prior coachings

as grounds for Plaintiff's termination.

26.    Undisputed.

27.    Undisputed.

28.    Disputed. There is no evidence that there is a Wal-Mart policy concerning the

discharge or discipline of employees for customer complaints when the employee has acted as

instructed by Wal-Mart. Morales Dep. at 34-35 (Exhibit A), cited by Plaintiff, does not provide

any evidence to the contrary.

29.    Although the factual allegations set forth in Paragraph "29" are undisputed, these

allegations are immaterial to Plaintiff's motion for the reasons set forth in Defendant's

Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to

Plaintiff's Motion for Partial Summary Judgment. *See* pages 14-19, 31-32.

## Disputed Issues of Material Fact

.Defendant set forth that the facts below are disputed:

Plaintiff's Undisputed Material Fact No. 2:    Wal-Mart Stores, Inc. is mistakenly sued as
Defendant Wal-Mart, Inc.

Plaintiff's Undisputed Material Fact No. 8:    As set forth in the Wal-Mart's Supplemental
Response to Plaintiff's First Set of Interrogatories, Response No. 10 (attached to Plaintiff's Rule
56 (a)(1) Statement as Exhibit 3), the Vision Center employees at the North Windham,
Connecticut store (the "Store") engaged in "vision screenings" and "pre-screenings" rather than
"vision examinations."

Plaintiff's Undisputed Material Fact No. 13:    For most of Plaintiff's employment Ellis
was Plaintiff's manager. However, when Plaintiff initially started working at the Store there was
a different Vision Center manager. Key Dep. at 83-84; Key Dep. II at 87-88.

Plaintiff's Undisputed Material Fact No. 16:    Defendant disputes the factual allegations
set forth in Paragraph "16" because Plaintiff's citation to Ellis' deposition testimony shows that
he did not testify that the vision screenings were "virtually meaningless." Ellis Dep. at 55-56.
Moreover, Ellis elaborated that the screenings do not diagnosis but do indicate whether the
customer may have a prescription. Ellis Dep. at 50. In his declaration Ellis further elaborates
that the vision screening provides an estimate of visual acuity. Ellis Dec., 6.

Plaintiff's Undisputed Material Fact No. 17:    Defendant disputes the factual allegations
set forth in Paragraph "17" because Plaintiff's citation to Ellis' deposition testimony shows that
he did not testify that vision center employees were told to ask questions about "vision testing,"
but rather that they could ask questions "if they have any questions" about "pre-testing." Ellis
Dep. at 29-30.

Plaintiff's Undisputed Material Fact No. 18:    The pages of Dr. Gordon's transcript cited
by Plaintiff do not state Plaintiff was doing a "steropsis test," but rather an unidentified pre-test.
Dr. Gordon Dep. at 103 104.

Plaintiff's Undisputed Material Fact No. 19:    Defendant disputes Plaintiff's factual
allegations set forth in Paragraph "19" because a witness testified that Dr. Gordon responded to
Plaintiff's inquiries. Nugyen Dep. at 32-33.

<u>Plaintiff's Undisputed Material Fact No. 24</u>:  Plaintiff's citations to Nguyen's testimony on this point shows that she went to Wal-Mart because it was "closer to home and the price reasonable, and you can get glasses, contact lens in one place.  It is convenient."  Nguyen Dep. at 73.

<u>Plaintiff's Undisputed Material Fact No. 25</u>:  Plaintiff was told that he was being terminated for several reasons, including Nguyen's complaint concerning Plaintiff.  Morales Dep. at 23.  Elsewhere in Morales' deposition he makes clear that the termination was motivated by the fact that Plaintiff had previous coachings for customer service problems (Morales Dep. at 18 19) and the Nguyen complaint was simply the "last straw."  Morales Dep. at 23.  *See also* Exit Interview Form (attached as Exhibit 11 to Plaintiff's Rule 56(a)(1) Statement) listing Plaintiff's prior coachings as grounds for Plaintiff's termination.

<u>Plaintiff's Undisputed Material Fact No. 28</u>:  There is no evidence that there is a Wal-Mart policy concerning the discharge or discipline of employees for customer complaints when the employee has acted as instructed by Wal-Mart.  Morales Dep. at 34-35 (Exhibit A), cited by Plaintiff, does not provide any evidence to the contrary.

Dated:  December 5, 2003

                                           Brown Raysman Millstein Felder
                                                & Steiner LLP
                                           900 Third Avenue
                                           New York, New York 10022
                                           (212) 895-2000

By:_____
                                           Gregory B. Reilly (ct07101)

                                           Cityplace II
                                           185 Asylum Street
                                           Hartford, CT  06103
                                           (860) 275-6400

                                           Attorneys for Defendant
                                           Wal-Mart Stores, Inc.

## **CERTIFICATION**

This is to certify that a copy of the foregoing Defendants' Local Rule 56(a)(2) Statement

has been sent by overnight courier this 5th day of December, 2003 to:

Loraine M. Cortese-Costa
Durant Nichols
1057 Broad Street
Bridgeport, CT  06604

Attorney for Plaintiff
Marvin Key

Dated:  December 5, 2003

_____
Gregory B. Reilly
(Federal Bar No.: ct07101)