

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARVIN KEY, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV144 (RNC) |
| | : | |
| v. | : | |
| | : | |
| WAL-MART, INC. and | : | |
| DR. ANTHONY GORDON, | : | |
| | : | |
| Defendants. | : | DECEMBER 9, 2003 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION PURSUANT TO FEDERAL AND LOCAL RULES 16(f)
TO STRIKE DEFENDANTS' UNTIMELY MOTION FOR SUMMARY JUDGMENT**

Plaintiff, by and through his undersigned counsel, submits this memorandum of law in support of his motion for sanctions against Wal-Mart, Inc. and Dr. Anthony Gordon (collectively "Defendants") pursuant to Fed. R. Civ. P. and D. Conn. L. Civ. R. 16(f). Plaintiff specifically moves the Court to strike Defendants' Motion for Summary Judgment and supporting memorandum dated December 8, 2003 and to award him the costs associated with the instant motion.

**I.     BACKGROUND**

On April 10, 2003, pursuant to Fed. R. Civ. P. 16(b) and 26(f), and D. Conn. L. Civ. R. 38, the parties hereto filed their Report of Parties' Planning Meeting. Within their Report, the parties agreed upon modification of the deadlines in the Standing Order on Scheduling in Civil

Cases so that discovery was to be completed by September 30, 2003 and dispositive motions due on or before October 30, 2003. (*See* Report of Parties' Planning Meeting,[1] Sec. V(F)(2) and (G), pp. 8-9.)

Thereafter, on May 30, 2003 the Honorable Robert N. Chatigny, entered the Order Regarding Case Management Plan in accordance with Rule 16(b) of the federal and local rules adopting the agreed upon deadlines and setting a trial ready date of January 2004. With respect to extensions of time, Judge Chatnigy stated that "[a]ll dates set forth in this order are firm and will be extended only for good cause. The good cause standard requires a particularized showing that despite due diligence, the party seeking the extension could not comply with this order. . . ." (*Id.*, p. 3.)

Defendants asserted the efficacy of the deadlines set forth in the Parties' Planning Report in the Parties' Status Memorandum to the Court dated August 29, 2003 (attached as Exhibit A).

All parties filed requests for a prefiling conference regarding summary judgment in August 2003. By Order dated August 28, 2003, Judge Chatigny permitted such motions without a prefiling conference and Plaintiff moved for summary judgment in accordance with the October 30, 2003 deadline. Defendants did not.

By Order of Magistrate Judge Donna F. Martinez dated November 3, 2003, granting in part Plaintiff's first motion to compel, Defendant, Wal-Mart, was required to produce certain information no later than November 24, 2003. Since the issuance of that Order, Defendant, Wal-

---

[1] Hereinafter the "Parties' Planning Report."

Mart, has requested extensions of time to: (1) file an opposition to Plaintiff's second motion to compel; (2) file an opposition to Plaintiff's motion for partial summary judgment; (3) comply with Judge Martinez's Order dated November 3, 2003; as well as (4) a second request for additional time to comply with Judge Martinez's Order dated November 3, 2003; (5) a second request for additional time to file an opposition to Plaintiff's second motion to compel; and for (6) postponement of oral argument on Plaintiff's second motion to compel scheduled for December 5, 2003.

In support of its motions for additional time, Defendant, Wal-Mart, gave a variety of reasons for its delays but made no mention of the fact that it was apparently in the process of preparing a voluminous but untimely motion for summary judgment. Neither did Defendant's counsel ever make mention of that fact in consulting with Plaintiff's counsel regarding Plaintiff's position with respect to the numerous extension requests made over the past month. Importantly, no modification of the Scheduling Order or request for extension of time in which to file a motion for summary judgment was ever made. Neither was any request for leave to file out of time made with the Defendant's motion for summary judgment dated December 8, 2003.

## II.  LAW AND ARGUMENT

Fed. R. Civ. P. 26(f) and D. Conn. L. Civ. R. 26(e) require the parties to confer and develop a proposed case management plan, including proposed deadlines for discovery, dispositive motions and trial readiness, which is to be filed with the Court.

Rule 16(b) of the Federal Rules of Civil Procedure requires the District Judge presiding over a case to enter a Scheduling Order, which "limits the time . . . to file motions . . . ." Such Order "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. 16(b).

Similarly, D. Conn. L. Civ. R. 16(b) requires that

> the Court, after consideration of the parties' proposed case management plan under Fed. R. Civ. P. 26(f) and Local Rule 16(i), shall enter a scheduling order that limits the time:
>
> (1) to join other parties and to amend the pleadings;
> (2) to complete discovery;
> (3) to file dispositive motions; and
> (4) to file a joint trial memorandum.
>
> The scheduling order will include a date by which the case will be deemed ready for trial and may also include dates for further status conferences, settlement conferences and other matters appropriate in the circumstances of the particular case. The schedule established by the Court for completing discovery, filing dispositive motions and filing a joint trial memorandum shall not be modified except by further order of the Court on a showing of good cause. The good cause standard requires a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan.

As discussed above, the parties did confer, develop and file a proposed case management plan, which the Honorable Robert N. Chatigny, considered and adopted. Nonetheless, Defendants apparently chose to ignore their own case management plan and Judge Chatigny's Scheduling Order, and without requesting an extension or a modification of the Scheduling

Order, filed their motion for summary judgment thirty-nine (39) days past the agreed-upon filing deadline and only after Plaintiff had filed his motion.

It is axiomatic that "Federal Rule 16(b) requires courts to set and enforce deadlines for the filing of summary judgment motions." *Julian v. Equifax Check Serv., Inc.*, 178 F.R.D. 10, 15 (D. Conn. 1998). The Scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations omitted). *See also Dedge v. Kendrick*, 849 F.2d 1398 (11th Cir. 1988) (holding that failure to comply with Scheduling Order issued pursuant to Fed. R. Civ. P. 16(b) warrants dismissing a party's motion for summary judgment).

Defendants have not claimed any "good cause" for the thirty-nine (39) day delay in filing their motion for summary judgment. Instead, they chose to simply ignore the existence of the deadline and to utilize the obvious advantage gained by having had time to fully review and consider Plaintiff's timely motion for summary judgment before preparing their own.[2] This behavior should not be countenanced. *Johnson, supra.*

---

[2] This capitalization is highlighted by Defendants' combined submission of a memorandum in support of its motion for summary judgment with its memorandum in opposition to Plaintiff's motion for partial summary judgment. Striking the entire memorandum is the only appropriate sanction for Defendants' tactics. If the Court decides that another opportunity to submit an opposition to Plaintiff's motion for summary judgment should be allowed, at a minimum, Defendants should be required to submit a memorandum which addresses only those issues relevant to the Plaintiff's summary judgment motion so that the Court and Plaintiff do not become mired in Defendants' untimely raised issues as is presumably the intent of the combined presentation.

Accordingly, pursuant to the enforcement provisions of Fed. R. Civ. P. and D. Conn. L. Civ. R. 16(f), Plaintiff respectfully requests this Court to strike Defendants' motion for summary judgment and supporting memorandum as untimely and to award him the costs associated with preparing and filing this motion.

### III.  CONCLUSION

Based upon the foregoing, Plaintiff's motion pursuant to Rules 16(f) should be granted in all respects.

Done at Bridgeport, Connecticut this 9th day of December, 2003.

Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203)366-3438
Federal Bar No. ct22941

ATTORNEYS FOR PLAINTIFF

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 9th day of December, 2003, to all counsel and pro se parties as follows:

Gregory Reilly, Esq.
Brown Raysman Millstein Felder & Steiner
900 Third Avenue
New York, NY  10022

_____
Pamela J. Coyne

P:\lit\pjc\523818\001\00037268.DOC