Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
|     Plaintiff, | :   CIVIL ACTION NO.<br>:   3:03CV144 (RNC) |
| v. | : |
| WAL-MART, INC. and<br>DR. ANTHONY GORDON, | : |
|     Defendants. | :   AUGUST 29, 2003 |

### PARTIES' JOINT STATUS MEMORANDUM

As per Judge Chatigny's Order Regarding Case Management Plan dated May 30, 2003, the parties hereby submit their joint status memorandum with reference to the matters set forth in Rule 16(c) of the Federal Rules of Civil Procedure:

    (1) the formulation and simplification of the issues, including the elimination of frivolous claims or defenses;

The parties believe this issue cannot be effectively addressed until after the completion of discovery.

    (2) the necessity or desirability of amendments to the pleadings;

Defendant states that the time for amendment of pleadings has expired as set forth in the parties' Report of the Parties' Planning Meeting (filed in April 2003). Plaintiff seeks to reserve the right to request leave to amend his pleadings until after his discovery is completed.

    (3) the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence;

The parties believe this issue cannot be effectively addressed until after the completion of discovery.

(4) the avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence;

The parties believe this issue cannot be effectively addressed until after the completion of discovery.

(5) the appropriateness and timing of summary adjudication under Rule 56;

The parties have both submitted requests for pre-filing conferences for potential Rule 56 motions.

(6) the control and scheduling of discovery, including orders affecting disclosures and discovery pursuant to rule 26 and rules 29 through 37;

Plaintiff has filed a motion to compel discovery and for related relief, resolution of which potentially affects all further proceedings in the case. Defendant's time to oppose the motion has not yet expired.

(7) the identification of witnesses and documents, the need and schedule for filing and exchanging pre-trial briefs, and the date or dates for further conferences and for trial;

The parties believe this issue cannot be effectively addressed until after the completion of discovery and determination of any Rule 56 motions.

(8) the advisability of referring matters to a magistrate judge or master;

The parties believe this issue cannot be effectively addressed until after the completion of discovery.

(9) settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule;

The parties believe this issue would be more effectively addressed after the completion of discovery and resolution of any Rule 56 motions.

(10) the form and substance of the pretrial order;

The parties believe this issue would be more effectively addressed after the completion of discovery and disposition of any Rule 56 motions.

(11) the disposition of pending motions;

Disposition of Plaintiff's motion to compel and for related relief is necessary for completion of discovery and for any Rule 56 proceedings after the Court's receipt of Defendant's opposition to Plaintiff's motion.

(12) the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions or unusual proof problems;

N/A.

(13) an order for a separate trial pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or with respect to any particular issue in the case;

N/A.

(14) an order directing a party or parties to present evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment or partial findings under Rule 52(c);

The parties believe this issue would be more effectively addressed after the completion of discovery and disposition of any Rule 56 motions.

(15) an order establishing a reasonable limit on the time allowed for presenting evidence; and

The parties believe this issue would be more effectively addressed after the completion of discovery and disposition of any Rule 56 motions.

(16) such other matters as may facilitate the just, speedy, and inexpensive deposition of the action.

The parties are unaware of any at this time.

**FOR PLAINTIFF**

*/s/ Loraine M. Cortese-Costa*
Loraine M. Cortese-Costa
Durant, Nichols, Houston, Hodgson
& Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT 066504
ct03984

**FOR DEFENDANT**

*/s/ Gregory B. Reilly*
Gregory B. Reilly
Brown Raysman Millstein Felder &
Steiner
185 Asylum Street
Hartford, CT 06103
ct07101

- 4 -

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 29th day of August, 2003, to all counsel and *pro se* parties as follows:

Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson
& Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT 06604

Kristi Mackin, Esq.

- 5 -