UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------ X
MARVIN KEY,                                                  :
                                                             :   CIVIL ACTION NO.:
                              Plaintiff,                     :   3:03CV144(RNC)
                                                             :
              v.                                             :
                                                             :
WAL-MART, INC. AND DR. ANTHONY                               :
GORDON,                                                      :
                                                             :
                              Defendants.                    :   DECEMBER 15, 2003
------------------------------------------------------------ X
```

## DEFENDANT WAL-MART STORES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendant Wal-Mart Stores, Inc., incorrectly sued as Defendant Wal-Mart, Inc. ("Wal-Mart" or the "Company") submits this memorandum in opposition to Plaintiff's Motion For Sanctions. Plaintiff's motion should be denied and costs and attorneys' fees awarded to Wal-Mart for having to oppose Plaintiff's frivolous motion.

**Preliminary Statement**

Wal-Mart Vision Center Manager Jerome Ellis ("Ellis") took notes in his personal Day Planner concerning, *inter alia*, Plaintiff's performance problems. After Plaintiff filed an administrative complaint of discrimination – but before this lawsuit – Wal-Mart asked Ellis to provide it with any notes he had concerning Plaintiff's performance to Wal-Mart. Rather than giving Wal-Mart his Day Planner, Ellis transcribed notes from his Day Planner onto a separate document which he provided Wal-Mart, and the Company later produced Ellis's transcription to Plaintiff as part of discovery in this lawsuit. Wal-Mart and its counsel did not learn about the Day Planner until just before Ellis's deposition. Wal-Mart and its counsel (like Plaintiff) did not obtain a copy of Ellis's Day Planner until after Ellis's deposition.

After Wal-Mart and its counsel obtained the Day Planner it was voluntarily and promptly produced to Plaintiff's counsel. Although not relevant to Plaintiff's alleged entitlement to sanctions, the entries Ellis transcribed concerning Plaintiff were generally consistent with the entries in his personal Day Planner. However, if Plaintiff believed he needed further discovery concerning the Day Planner then he could have (and should have) pursued it before the December 31, 2003 discovery deadline.[1] Plaintiff chose not to take this course, but decided once again to engage in motion practice.

Indeed, in the last few months Plaintiff has, in addition to his motion for partial summary judgment, filed four other motions in this case. There have been two motions to compel (one of which sought preclusion of evidence); a motion to strike Defendants' motion for summary judgment and this motion for sanctions. While there is, of course, nothing inherently wrong with the filing of motions, the Plaintiff's motions are notable for their gratuitous and vitriolic attacks of Defendants that cry of great outrage and offense at Defendants' alleged litigation tactics.

The reality is much different. This case is a fairly run of the mill employment-related litigation involving facts that are not complicated. Defendants believe that the Court will ultimately find no merit to Plaintiff's claims in this case, and Defendants' conduct does not warrant the heated motion practice nor level or type of discourse we have seen thus far. As described below, Plaintiff's Motion for Sanctions is entirely lacking in merit and should not only be denied, but attorneys' fees and costs should be awarded to Defendant Wal-Mart for having to oppose Plaintiff's frivolous motion.

---

[1] Plaintiff filed his motion for sanctions on November 21, 2003. By that date Plaintiff had long been in possession of both the Day Planner (served on October 29th) and the Court's November 3, 2003 Order extending discovery until December 31, 2003. Regardless, Plaintiff chose not to seek further discovery concerning the Day Planner, but to instead file the instant motion for sanctions.

**Plaintiff's Motion for Sanctions Should Be Denied**

Plaintiff's motion seeks to preclude Wal-Mart "from using [as evidence at trial] twenty-five pages of typewritten notes by Plaintiff's supervisor, Jerome Ellis ("Ellis"), and Ellis's Day Planner," which was the source of the typewritten transcription.  Pl. Mem. at 1.  As we show, Plaintiff's motion should be denied because:  (1) Wal-Mart acted appropriately with regard to the Day Planner; (2) the accuracy of Ellis's transcription is a red herring since neither Ellis's transcription nor the Day Planner were created for purposes of this litigation; and (3) Plaintiff has not shown and cannot show prejudice, particularly since discovery still remains open in this case[2], and he could obtain further information concerning the transcription and Day Planner entries if he is so inclined.

**Background Concerning the Alleged "Dispute"**

Vision Center Manager Ellis made notes in his Day Planner related to his work at Wal-Mart, including notes related to performance problems of employees under his supervision.  Ellis Dec., ¶2.[3]  Many of Ellis's notes during Plaintiff's tenure memorialized problems Ellis had with Plaintiff's performance.  Ellis Dec., ¶4.  After Plaintiff filed his administrative complaint of discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), Ellis was asked by Wal-Mart to provide documentation concerning Plaintiff's performance.  Ellis Dec., ¶5; Ellis Dep. at 117-18.  Rather than provide Wal-Mart with his Day Planner (or a copy of it), Ellis transcribed into a new document those entries in his Day Planner relating to Plaintiff's performance problems.  Ellis Dec., ¶5; Ellis Dep. at 117-19.  He did this

---

[2]   Indeed, more than a month of discovery remained at the time Plaintiff filed his motion for sanctions because Magistrate Judge Martinez's November 3, 2003 Order extended discovery to December 31, 2003.  *See* Reilly Aff., Ex. A.  Wal-Mart has attached the accompanying December 12, 2003 Affidavit of Gregory Reilly ("Reilly Aff.") and December 12, 2003 Declaration of Jerome Ellis ("Ellis Dec.") in opposition to Plaintiff's motion.

[3]   *See also* October 14, 2003 Deposition of Jerome Ellis ("Ellis Dep.") at 37-38, excerpts of which are attached as Exhibit B to the accompanying Reilly Aff.

because: (1) he was asked by Wal-Mart at the time to provide writings relating to Plaintiff (and his Day Planner notes concerned other subjects and other employees); (2) he felt his handwriting could be difficult for others to read; and (3) he was still using his Day Planner on a day-to-day basis because it contained his personal record of upcoming appointments and notes. Ellis Dec., ¶6. In creating his transcription, Ellis attempted to be as accurate as possible. Ellis Dec., ¶7. However (over the course of dozens of notes relating to Plaintiff), as he acknowledges, he may have made a few mistakes. Ellis Dec., ¶7.

A copy of Ellis's transcription (rather than the Day Planner) was provided to Plaintiff's counsel prior to Plaintiff's and Ellis's depositions. Reilly Aff., ¶2. At the time it was provided, Wal-Mart's counsel was unaware that it was a transcription from Ellis's Day Planner because Ellis simply had advised Wal-Mart that the transcription was his notes concerning Plaintiff's performance. Ellis Dec., ¶5; Reilly Aff., ¶2.

**Plaintiff's Initial Motion for Sanctions**

In September 2003 Plaintiff filed a motion, *inter alia*, for sanctions against Wal-Mart requesting preclusion of Ellis's transcription as evidence at trial and attorneys' fees and costs. At the time Plaintiff made his motion, Wal-Mart's counsel was not aware that the notes were a transcription of his Day Planner. Reilly Aff., ¶3. The basis for Plaintiff's motion was his claim that Wal-Mart had failed to timely provide the transcription to Plaintiff in discovery. After briefing and argument the Court denied Plaintiff's motion for sanctions relating to the Ellis's transcription. Reilly Aff., Ex. A.

Prior to the Court's ruling, Plaintiff took Ellis's deposition. Reilly Aff., ¶5. During Ellis's deposition he disclosed that the document earlier produced to Plaintiff during the course

of discovery was a transcription of the Day Planner, which Wal-Mart's counsel had only become aware of (but did not see) just before Ellis' deposition. Reilly Aff., ¶6, Ex. B; Ellis Dec., ¶9.

Although Plaintiff's counsel learned of the Day Planner during Ellis's deposition, she did not make a discovery demand for the Day Planner either orally or in writing at the deposition or at anytime thereafter. Reilly Aff., ¶7. Regardless, Wal-Mart's counsel voluntarily produced Ellis's Day Planner promptly. Reilly Aff., ¶8. Rather than producing merely those pages of the Day Planner that corresponded to Ellis's transcription, Wal-Mart produced the entire document so that Plaintiff's counsel could see the entirety of Ellis's notes relating to Plaintiff, and the fact that Ellis had not singled out Plaintiff since there were notes concerning other employees as well. Reilly Aff., ¶8; Ellis Dep. at 37-38. There were many blank pages produced or pages relating to subjects or persons other than Plaintiff. Reilly Aff., ¶8.

Wal-Mart voluntarily produced a copy of Ellis's Day-Planner on October 29th (fifteen days after Ellis's deposition).[4]

**Plaintiff's Pending Motion for Sanctions**

Plaintiff's pending motion for sanctions argues that the transcription does not entirely match the original and cites examples, which he contends are material to his case. Plaintiff argues that as a consequence, he has been prejudiced since he only received a copy of the Day Planner after Ellis's deposition. Plaintiff asks the Court for relief in the form of precluding Wal-Mart "from using the untimely disclosed documents to its own advantage" at trial. Pl. Mem. at 6.

---

[4]  It took Ellis a while to get a copy of the Day Planner to Wal-Mart's counsel because of the nature of the document. The Day Planner's double-sided loose leaf pages are not standard size, and it had expense receipts stapled to the pages. Ellis Dec., ¶9. The entire document as produced constituted 849 pages. Reilly Aff., ¶9. It took Wal-Mart's counsel a few days to review the document and have it Bate stamped for production. Reilly Aff., ¶9.

5

**Plaintiff's Motion for Sanctions Should be Denied In Its Entirety**

      1. <u>Wal-Mart Acted Appropriately So Sanctions Are Not Warranted</u>

Plaintiff's motion for sanctions should be denied in its entirety. Wal-Mart acted appropriately. The sanction of preclusion is a "harsh sanction[] that should be reserved for extreme cases." *Almonte v. Coca-Cola Bottling Co.,* 169 F.R.D. 246, 248 (D. Conn. 1996) *citing, Cine Forty-Second St. Theatre v. Allied Artists,* 602 F.2d 1062, 1066 (2nd Cir. 1979); *Accord: Update Art, Inc. v. Modiin Pub., Ltd.,* 843 F.2d 67, 71 (2nd Cir.1988) ("[t]he harshest sanctions available are the preclusion of evidence and dismissal of the action"); *Outley v. City of New York,* 837 F.2d 587, 590 (2nd Cir.1988) (preclusion of testimony is "an extreme sanction in any case ...") (citation omitted); *McNerney v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 587 (W.D.N.Y.1995) ("[p]recluding testimony ... is a drastic remedy and should only be applied in cases where the parties conduct represents flagrant bad faith and callous disregard of the federal rules") (citation omitted).

This is not an "extreme" case warranting sanctions. Instead, the case at bar presents no case for sanctions at all. Wal-Mart's conduct was above board and appropriate. Almost as soon as Wal-Mart learned of the Day Planner it endeavored to get a copy of it to opposing counsel and voluntarily did so without Plaintiff's asking. Although Plaintiff complains that he was prejudiced because he did not have the Day Planner prior to Ellis's and Noll's depositions, the fact is that Wal-Mart's counsel did not have it either. And neither did Wal-Mart. Ellis had it. This is not a sanctions type situation where someone was hiding a document to avoid its production or to create an unfair advantage.

Indeed, it is not even clear that Wal-Mart was obliged to turn over Ellis's Day Planner in the first place. The Day Planner was personally purchased by and maintained by Ellis; he never

gave it to others during his employment;[5] it was never in Wal-Mart's possession or control until after Wal-Mart's counsel asked Ellis to produce a copy; and the Day Planner could have been discarded at will in Ellis's sole discretion at any time. Ellis Dec., ¶2. *See Kalmin v. Department of the Navy,* 605 F. Supp. 1492, 1493-95 (D.C. Col. 1985) (employer not obliged to produce personal notes of Plaintiff's supervisory co-workers where the notes, *inter alia*, were in the co-workers' control, never circulated, never under employer's control and could have been discarded at the will of the writers).[6] As stated, Ellis truthfully advised Plaintiff's counsel of the Day Planner during the course of his deposition. Rather than investigating the facts, Plaintiff has filed a caustic and factually unsubstantied motion falsely accusing Wal-Mart and its counsel of wrong-doing. Plaintiff's motion should be denied in its entirety.

  2. <u>The Accuracy/Inaccuracy of the Ellis's Transcription is a Red-Herring</u>

Plaintiff's motion also should be denied because the accuracy of Ellis's transcription is not an issue that relates to whether Plaintiff is entitled to sanctions. The transcription was not created for purposes of this litigation (since it was created before the litigation during the pendancy of Plaintiff's CHRO complaint). Ellis Dec., ¶5. Wal-Mart did not tell Ellis to transcribe his Day Planner notes, to transcribe them inaccurately or not, to omit certain portions or not. Ellis Dec., ¶8. Indeed, Wal-Mart provided no suggestions for change or revision to either

---

[5]  Ellis may have shown Co-Manager Edgar Morales the Day Planner, but this appears to be the extent that anyone at Wal-Mart, other than Ellis, was aware of the Day Planner's existence. Ellis Dec., ¶2; Ellis Dep. at 130-31.

[6]  Plaintiff's counsel seeks to besmirch Wal-Mart's counsel's conduct by citing Magistrate Judge Martinez's order in which she wrote that the Court "does not condone the defendant's untimely disclosure." Pl. Mem. at 2. The Court also wrote, however, that the "instant record is insufficient for the court to grant plaintiff's request" for sanctions. Reilly Aff., Ex. A. The Day Planner was not the subject of the motion to compel heard by Magistrate Judge Martinez and, therefore, the subject was only briefly touched on. However, now that Plaintiff's motion for sanctions has brought the issue to the fore, it is very clear that Wal-Mart's conduct should not be subject to sanctions.

his Day Planner or the twenty-five page transcription. Ellis Dec., ¶8.[7] Whether Ellis did a good job in transcription is something that Wal-Mart had no control over or involvement in. Although Plaintiff takes exception to Ellis's transcription skills, the entries he transcribed were (with limited exceptions that the Plaintiff takes delight in citing) generally consistent with the original.[8]

3.     Plaintiff's Motion for Sanctions Fails Because Plaintiff Has Not Shown Prejudice

Plaintiff cannot show prejudice and, therefore, his motion fails for this reason as well. *See* Fed.R.Civ.P. 37(c)(1) (requiring showing of harm before discovery sanction can be imposed). *See also Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (preclusion is a harsh sanction reserved for exceptional cases where a party's failure to provide the requested discovery results in prejudice to the requesting party); *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 1990 WL 164859 *5-6 (S.D.N.Y. 1990) (absence of prejudice caused by requested party's delayed responses militates against preclusion); *Land Ocean Logistics, Inc. v. Aqua Gulf Corporation*, 181 F.R.D. 229 (W.D.N.Y. 1998) (same).

Plaintiff cannot show prejudice because under Magistrate Judge Martinez's November 3, 2003 Order discovery did not expire until December 31, 2003. Reilly Aff., Ex. A. Plaintiff could have followed-up by deposition (or some other discovery device) on any new issues raised by Ellis's transcription or Day Planner notes. Rather than taking further discovery, Plaintiff

---

[7] When Ellis was asked in his deposition whether he had any assistance in preparing the transcription from his Day Planner, Ellis testified: "No. It's all mine…" Ellis Dep. at 122.

[8] Ellis transcribed 47 entries from the 849 pages of his personal Day Planner and nearly all of which transcriptions are generally consistent with the original notations he made in his Day Planner. Reilly Aff., ¶11. In some instances Ellis reworded or elaborated on an entry, but in many cases he typed the Day Planner entry relating to Plaintiff verbatim from the original. For ease of reference, Wal-Mart has attached a true and correct copy of Ellis's transcription as Exhibit C and the corresponding entries from Ellis's Day Planner as Exhibit D.

chose to file a motion for sanctions with little factual substantiation and no citations of any case law.  Plaintiff offers no explanation as to why he has failed to take further discovery.

Rather than being prejudiced, Plaintiff seeks to use Wal-Mart's voluntary production of Ellis's Day Planner to obtain an advantage to which he would not otherwise be entitled.  Specifically, rather than seeking to preclude from evidence the entirety of the transcription and Day Planner notes, Plaintiff seeks to preclude only Wal-Mart from using this evidence at trial.  In essence, in the unlikely event that this case ever goes to trial, Plaintiff himself would like to cherry pick excerpts from the Ellis's transcription and Day Planner documents to his own advantage, while precluding Wal-Mart from pointing out those multiple portions (which Plaintiff's motion never claims are inaccurate or false) showing that Plaintiff was a problem employee whose employment was appropriately terminated.  The Court should not countenance such conduct, should deny Plaintiff's motion for sanctions in its entirety and should award Wal-Mart its attorneys' fees and costs for having to oppose Plaintiff's ill-considered motion.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's motion for sanctions in its entirety, award Defendant Wal-Mart its reasonable costs and attorneys' fees for opposing Plaintiff's motion, and provide Defendant such other and further relief as the Court deems appropriate.

Dated: December 15, 2003

                                      Brown Raysman Millstein Felder
                                         & Steiner LLP
                                      900 Third Avenue
                                      New York, New York 10022
                                      (212) 895-2000

                              By:_____
                                      Gregory B. Reilly (ct07101)

                                      Cityplace II
                                      185 Asylum Street
                                      Hartford, CT 06103
                                      (860) 275-6400

                                      Attorneys for Defendant
                                      Wal-Mart Stores, Inc.

**CERTIFICATION**

This is to certify that a copy of the foregoing Opposition to Plaintiff's Motion for Sanctions, the Declaration of Jerome Ellis and the supporting affidavit of Gregory Reilly (with exhibits) has been sent by e-mail and U.S. Mail this 15th day of December, 2003 to:

Loraine M. Cortese-Costa
Durant Nichols
1057 Broad Street
Bridgeport, CT 06604

Attorney for Plaintiff
Marvin Key

Dated: December 15, 2003

_____
Gregory B. Reilly
(Federal Bar No.: ct07101)