UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                       :
MARVIN KEY,                                            :
                                                       :     CIVIL ACTION NO.:
                       Plaintiff,                      :     3:03CV144(RNC)
                                                       :
           v.                                          :
                                                       :     DECEMBER 12, 2003
WAL-MART, INC. and DR. ANTHONY                         :
GORDON,                                                :
                                                       :
                       Defendants.                     :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

### AFFIDAVIT OF GREGORY REILLY

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK     )

GREGORY B. REILLY, being duly sworn deposes and says:

1.     I am counsel to the law firm of Brown Raysman Millstein Felder & Steiner, LLP,

attorneys for Defendants Wal-Mart, Inc. ("Wal-Mart") and Dr. Anthony Gordon in the above-

captioned matter.  Unless otherwise stated, I am fully familiar with the facts set forth herein.

2.     A copy of Ellis' transcription (rather than his personal Day Planner) was provided

to Plaintiff's counsel prior to Plaintiff's and Ellis's depositions.  At the time it was provided,

Wal-Mart's counsel, myself included, was unaware that it was a transcription from Ellis's Day

Planner because Ellis simply had advised Wal-Mart that the transcription was his notes concerning Plaintiff's performance.

3.    In September 2003 Plaintiff filed a motion for sanctions, *inter alia,* against Wal-Mart requesting preclusion of Ellis's transcription as evidence at trial and attorneys' fees and costs.  At the time Plaintiff's made his motion, Wal-Mart's counsel, including myself, was not aware that the notes were a transcription of his Day Planner.

4.    After briefing and argument the Court denied Plaintiff's motion for sanctions relating to the Ellis' transcription.  A true and correct copy of the Court's November 3, 2003 Order is attached hereto as Exhibit A.

5.    Prior to the Court's ruling, Plaintiff took Ellis's deposition.  During Ellis's deposition he disclosed that the document earlier produced to Plaintiff during the course of discovery was a transcription of his personal Day Planner.  True and correct copies of excerpts from Ellis's deposition are appended hereto as Exhibit B.

6.    I only learned about (but did not see) the Day Planner when I was speaking with Ellis before his deposition.

7.    Although Plaintiff's counsel learned of the Day Planner during Ellis's deposition, she did not make a discovery demand for the Day Planner either orally or in writing at the deposition or at anytime thereafter.

8.    Regardless, I voluntarily produced Ellis' Day Planner promptly.  Rather than producing merely those pages of the Day Planner that corresponded to Ellis's transcription, Wal-Mart produced the entire document so that Plaintiff's counsel could see the entirety of Ellis's

notes relating to Plaintiff and the fact that Ellis had not singled out Plaintiff's performance problems for criticism since there were notes concerning other employees as well. *See* Ellis Dep. at 37-38 (attached as Exhibit B). There were many blank pages produced or pages relating to subjects or persons other than Plaintiff.

9.  For the reasons explained in Mr. Ellis's accompanying declaration (¶9), it took Ellis some time to get a copy of the Day Planner to me. Thereafter, it took me a few days to review the document and have it Bate stamped for production to Plaintiff. Wal-Mart voluntarily produced a copy of Ellis' Day-Planner on October 29, 2003. This was fifteen days after Ellis's deposition. The entire document as produced consisted of 849 pages.

10.  Although Plaintiff takes exception to Ellis's transcription skills, his transcription was generally consistent with the original.

11.  I have compared Ellis's notes against his Day Planner. Thus, Ellis transcribed 47 entries from his Day Planner, nearly all of which are generally consistent with the original notations he made in his Day Planner. In some instances he reworded or elaborated on an entry, but in many cases he typed the Day Planner entry verbatim from the original. For ease of reference, I have attached a true and correct copy of Ellis's transcription as Exhibit C and the corresponding entries from Ellis's Day Planner as Exhibit D.

12.    For the reasons set forth herein and in Wal-Mart's accompanying memorandum of law in Opposition to Plaintiff's Motion for Sanctions and supporting papers, I respectfully request that the Court deny Plaintiff's motion for sanctions and award Wal-Mart its reasonable attorneys' fees and costs.

_____
Gregory B. Reilly

Sworn to before me this
12 day of December, 2003

_____
Notary Public

Patricia Legoff
Notary Public, State of New York
No. 02LE6002697
Qualified in Queens County
Commission Expires May 1, 200_

4