UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------- x
:
MARVIN KEY,                          :
                                     :   CIVIL ACTION NO.:
            Plaintiff,               :   3:03CV144(RNC)
                                     :
      v.                             :
                                     :
WAL-MART, INC. and DR. ANTHONY       :   DECEMBER 12, 2003
GORDON,                              :
                                     :
            Defendants.              :
                                     :
------------------------------------- x

## DECLARATION OF JEROME ELLIS

I, Jerome Ellis, deposes and says:

1. I am the Vision Center Manager at Defendant Wal-Mart, Inc.'s ("Wal-Mart") Springfield, Massachusetts store. Prior to my transfer to the Springfield store, I was the Vision Center manager at Wal-Mart's North Windham store (the "Store"), and I supervised the Plaintiff Marvin Key ("Plaintiff") during almost the entire period of his employment at the Store up to his termination. Unless otherwise stated, I am fully familiar with the facts set forth herein.

2. During the period of Plaintiff's employment with Wal-Mart, for those employees that I managed, I took notes in my Day Planner related their job performance. I personally purchased the Day Planner with my own money. I personally used and maintained it, and I never gave it to anyone at Wal-Mart during my employment at the North Windham store (although I may have shown it to Co-Manager Edgar Morales). The Day Planner was mine – not Wal-Mart's – I was not told by Wal-Mart to use it, and I could have disposed of it at any time, although I did not do so.

3.  My Day Planner was never in Wal-Mart's possession or control at any time until after Wal-Mart's counsel, Gregory Reilly ("Mr. Reilly") asked me to give him a copy, which I provided him after my deposition in this lawsuit.

4.  Many of my Day Planner notes during Plaintiff's tenure memorialized problems I had with Plaintiff's performance.

5.  Sometime after Plaintiff filed his administrative complaint of discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO") in August 2001, I was asked by Wal-Mart to provide any documents I had concerning Plaintiff's performance. Rather than provide Wal-Mart with my Day Planner (or a copy of it), I typed those entries in my Day-Planner relating to Plaintiff's performance problems into a new document. At the time I provided Wal-Mart with my transcription I told Wal-Mart that the transcription constituted my notes concerning Plaintiff's performance, which indeed it was. The transcription was not created for purposes of this lawsuit, which was not yet in existence.

6.  I typed up my Day Planner notes because I was only asked by Wal-Mart at the time to provide performance related documents relating to Plaintiff (and my Day Planner had notes concerning other subjects and other employees). I also was concerned that my handwriting could be difficult for others to read. Finally, as a practical matter, I was still using my Day Planner, which contained my personal record of upcoming appointments and notes.

7.  In creating the transcription, I attempted to be as accurate as possible. However, (over the course of dozens of notes relating to Plaintiff), I may have made a few mistakes.

8.  Wal-Mart did not tell me to keep a Day Planner, transcribe my Day Planner notes, or how to transcribe them. Wal-Mart provided no suggestions for change or revision to either my Day Planner or the twenty-five page transcription I created from my Day Planner.

9. I advised Wal-Mart's counsel, Mr. Reilly, of the fact and existence of the Day Planner shortly prior to my deposition when he was talking with me about my deposition. Thereafter, he asked me to have my Day Planner copied. It took me about one week to get a copy to Wal-Mart's counsel. This is because the Day Planner's double-sided loose leaf pages are not standard size, and it had expense receipts stapled to the pages.

10. To my knowledge Plaintiff's counsel in this case never demanded that I turn over the Day Planner, and I was never subpoenaed to produce the Day Planner. I understand that Wal-Mart voluntarily produced my Day Planner during the course of discovery in this litigation.

## VERIFICATION PURSUANT TO 28 U.S.C §1746

I declare on this 12th day of December, 2003, under the penalty of perjury that the foregoing is true and correct.

_____
Jerome Ellis