UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 29  A 10: 26

U.S. DISTRICT COURT
HARTFORD, CT.

------------------------------------------------X
MARVIN KEY,                     :
                                :   CIVIL ACTION NO.
            Plaintiff,          :   3:03CV144(RNC)
                                :
    v.                          :
                                :
WAL-MART, INC. AND DR. ANTHONY  :
GORDON,                         :
                                :
            Defendants.         :   DECEMBER 26, 2003
------------------------------------------------X

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Wal-Mart Stores, Inc. (incorrectly sued as Defendant Wal-Mart, Inc.) and Dr. Anthony Gordon ("Defendants") submit this memorandum in opposition to Plaintiff's Motion Pursuant to Federal and Local Rules 16(f) to Strike Defendants' Motion for Summary Judgment as untimely. As shown below, Plaintiff is wrong and his motion is misguided and it should be denied.

**Plaintiff's Motion to Strike Should Be Denied**

In a nutshell, Plaintiff's argument for why Defendant's motion is "untimely" is because the parties' April 10, 2003 Rule 16 Report of Parties' Planning Meeting ("RPPM") listed October 30, 2003 as the date by which the parties were to file motions for summary judgment and Defendants' motion was filed on December 8, 2003.[1]

However, Plaintiff's motion should be denied. The parties' April 10, 2003 RPPM does not and never did control the issue of when the parties had to file dispositive motions. Instead, as the Court knows, it is the Court's later May 30, 2003 Order Regarding Case Management Plan

---

[1] For reference, a true and correct copy of the parties' RPPM is attached hereto as Exhibit A to the December 26, 2003 Affidavit of Gregory Reilly ("Reilly Aff.").

(the "Order") that controls, and that Order did not adopt the parties' proposed October 30, 2003 date for filing motions for summary judgment. Reilly Aff., Ex. B.

Local Rule 16 makes clear that the parties' RPPM is a document merely for the Court's consideration and, not surprisingly, the Court's orders control scheduling in any given case. *See* Local Rule 16(b) ("Within 90 days after the appearance of any defendant, the Court, after *considering* the parties' proposed case management plan under Fed.R.Civ.P. 26(f), shall enter a scheduling order") (emphasis supplied). The Court's later and controlling May 30, 2003 Scheduling Order in this case states clearly that "[b]ased on the parties' report [doc #30], *the following dates are hereby adopted* as reasonable and appropriate to serve the purposes of Fed.R.Civ.P. 1." Reilly Aff., Ex. B (emphasis supplied). Thus, in the Court's May 30, 2003 Order, the Court adopted some parts of the parties' RPPM, rejected or ignored other parts of the RPPM, and added new requirements not contained in the RPPM. *Compare* Reilly Aff., Ex. A with Ex. B. The Court's May 30, 2003 Order *did not adopt* the parties' proposed October 30, 2003 RPPM deadline for filing dispositive motions, and the Court *did not adopt* a date certain for when motions for summary judgment had to be filed.[2] For this reason Plaintiff's motion should be denied.

Although not in the parties' RPPM, the Court addressed summary judgment in its May 30, 2003 Order by requiring any party seeking summary judgment to first request a pre-filing conference on or before August 15, 2003. Reilly Aff., Ex. B. The Defendants (and Plaintiff) requested a pre-filing conferences and, thereafter, the Court issued August 28, 2003 Orders granting both parties permission to file motions for summary judgment without the necessity of a

---

[2] In this respect, Plaintiff inaccurately describes the Court's May 30, 2003 Order by stating that "on May 30, 2003 the Honorable Robert N. Chatigny, entered the Order Regarding Case Management Plan . . . adopting the agreed upon [RPPM] deadlines . . . ." Pl. Mem. at 2. A simple reading of the Court's May 30, 2003 Order shows that there is no October 30, 2003 deadline for filing motions for summary judgment set forth in the Court's Order. Reilly Aff., Ex. B.

2

pre-filing conference.[3] Reilly Aff., Ex. C. The Court's Orders of August 28, 2003, *did not set a date* for when the motions for summary judgment were to be filed. *Id.*

Finally, Plaintiff's motion should be denied because, as set forth in detail in the accompanying affidavit of Defendants' counsel, Gregory Reilly, Defendants' understanding that there was no Court-ordered date for filing of summary judgment motions was confirmed in person with Judge Chatigny's Courtroom Deputy on the afternoon of October 31, 2003. Reilly Aff., ¶¶2, 10 and 11. The Courtroom Deputy advised Mr. Reilly that Judge Chatigny does not set dates for filing summary judgment motions and that such motions are considered as long as they are not filed on the eve of trial. Reilly Aff., ¶11.

\* \* \*

Plaintiff's Motion to Strike should be denied because Defendants' Motion for Summary Judgment was timely filed and, moreover, it was filed before even the close of discovery[4] so Plaintiff cannot claim that he has been prejudiced in any way as a result of when Defendants filed their motion.[5]

---

[3] Although Plaintiff claims his own motion for partial summary judgment was "timely" filed (Pl. Mem. at 5) the RPPM stated that motions for summary judgment were to be filed on October 30, 2003. Therefore, Plaintiff's motion for partial summary judgment is one day "late" because the Court's docket shows Plaintiff filed his motion for summary judgment on October 31, 2003. Reilly Aff., Ex. D.

[4] Magistrate Judge Martinez extended the discovery deadline in this case to December 31, 2003 by her Order dated November 3, 2003. Reilly Aff., Ex. E.

[5] Indeed, Plaintiff made minor amendments to his complaint just days before Defendants' filing of their motion for summary judgment so it is hardly possible that Plaintiff is prejudiced by Defendants' timely filed motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to strike in its entirety and provide Defendants such other and further relief as the Court deems appropriate.

Dated: December 26, 2003

                                 Brown Raysman Millstein Felder
                                         & Steiner LLP
                                 900 Third Avenue
                                 New York, New York 10022
                                 (212) 895-2000

                        By: _____
                              Gregory B. Reilly (ct07101)

                                 Cityplace II
                                 185 Asylum Street
                                 Hartford, CT 06103
                                 (860) 275-6400

                                 900 Third Avenue
                                 New York, New York 10022
                                 (212) 895-2000


                                 Attorneys for Defendant
                                 Wal-Mart Stores, Inc.

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum in Opposition to Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment has been sent by Federal Express this 26th day of December, 2003 to:

> Loraine M. Cortese-Costa
> Durant Nichols
> 1057 Broad Street
> Bridgeport, CT 06604
>
> Attorney for Plaintiff
> Marvin Key

Dated: December 26, 2003

_____
Gregory B. Reilly
(Federal Bar No.: ct07101)