UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------- x
:
MARVIN KEY,                           :
                                      :   CIVIL ACTION NO.:
                Plaintiff,            :   3:03CV144(RNC)
                                      :
        v.                            :
                                      :   DECEMBER 26, 2003
WAL-MART, INC. and DR. ANTHONY        :
GORDON,                               :
                                      :
                Defendants.           :
                                      :
------------------------------------- x

FILED
2003 DEC 29 A 10: 25
U.S. DISTRICT COURT
HARTFORD, CT.

## AFFIDAVIT OF GREGORY REILLY

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

GREGORY B. REILLY, being duly sworn deposes and says:

1.  I am counsel to the law firm of Brown Raysman Millstein Felder & Steiner, LLP, attorneys for Defendants Wal-Mart, Inc. ("Wal-Mart") and Dr. Anthony Gordon in the above-captioned matter. Unless otherwise stated, I am fully familiar with the facts set forth herein.

2.  Defendants' understanding that Judge Chatigny did not set a date for the filing of summary judgment motions in this case was confirmed to me in a discussion with Judge Chatigny's Courtroom Deputy on October 31, 2003. The circumstances of this discussion are set forth in the paragraphs below and stand out vividly in my mind and recollection.

3.  I was in the courthouse of the U.S. District Court for Connecticut in Hartford, Connecticut on October 31, 2003 for purposes of oral argument before Magistrate Judge Martinez on Plaintiff's first motion to compel in this case.

4.  Prior to entering the courthouse, Plaintiff's counsel served me by hand with Plaintiff's Motion for Partial Summary Judgment and supporting papers. Upon service

Plaintiff's counsel, Loraine Cortese-Costa, commented that October 30, 2003 was the last day to file motions for summary judgment.

5. I was extremely surprised by Ms. Cortese-Costa's comment because I understood that there was no such deadline. I was concerned by her statement because Defendants had a meritorious motion for summary judgment, which I believe can (and should) dispose of the entirety of Plaintiff's case.

6. In response to Ms. Cortese-Costa's comment, I told her it was my understanding that there was no deadline for filing motions for summary judgment. Nonetheless, in the (unlikely) event that I was wrong, I asked whether Plaintiff would be amenable to consenting to an extension of time to file their motion if necessary.

7. Plaintiff's counsel responded that she did not think Plaintiff would agree to any extension.

8. Thereafter, immediately upon completion of the oral argument before Magistrate Judge Martinez, and since I was already in the courthouse, I went to the clerk's office and spoke with one of the law clerks in an attempt to confirm my understanding that there was no summary judgment deadline.

9. The clerk I was spoke with was in the process of responding when she introduced me to Judge Chatigny's Courtroom Deputy who coincidentally was walking into the clerk's office. The clerk stated that Judge Chatigny's Courtroom Deputy would know the answer.

10. I explained to the Courtroom Deputy (whose name I since learned is Linda Kunofsky) that it was my understanding that Judge Chatigny had not ordered a date for filing of motions for summary judgment, but that I needed to confirm that was the case.

11. The Deputy Clerk advised me that Judge Chatigny does not set deadlines for filing summary judgment motions and that such motions are considered as long as they are not filed on the eve of trial.

12. In light of my understanding of the Court's May 30, 2003 Scheduling Order, as well as my confirming discussion with the Courtroom Deputy, Defendants filed their motion for summary judgment on December 8, 2003.

13. Attached hereto as Exhibit A is a true and correct copy of the parties' April 10, 2003 Report of Parties' Planning Meeting.

14. Attached hereto as Exhibit B is a true and correct copy of the Court's May 30, 2003 Order Regarding Case Management Plan.

15. Attached hereto as Exhibit C are true and correct copies of the Court's August 28, 2003 Orders granting the parties' permission to file motions for summary judgment without necessity of a pre-hearing conference.

16. Attached hereto as Exhibit D is a true and correct copy of the Court's docket from this case showing that Plaintiff's Motion for Partial Summary Judgment was filed on October 31, 2003.

17. Attached hereto as Exhibit E is a true and correct copy of Magistrate Judge Martinez's November 3, 2003 Order extending discovery in this case to and including December 31, 2003.

_____
Gregory B. Reilly

Sworn to before me this
26 day of December, 2003

_____
Notary Public

Barbara Chickory
Notary Public, State of New York
No. 01CH4988183
Qualified in Queens County
Commission Expires Nov. 4, 20 05

3