

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARVIN KEY,                                           :

    Plaintiffs,                                  :      CIVIL ACTION NO.
                                                 :      3:03CV144 (RNC)

v.                                                    :

                                                 :
WAL-MART, INC. and DR. ANTHONY                        :
GORDON,                                               :

                                                 :
    Defendants.                                  :      APRIL 10, 2003

## REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:                    January 22, 2003
Date of Defendants' Appearance:
    Dr. Gordon:                          February 11, 2003
    Wal-Mart, Inc.                       February 11, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, conferences were held by mail and phone concluding on March 20, 2003. The participants were: Loraine M. Cortese-Costa, Esq. for Plaintiff, Marvin Key; Catherine Moreton, Esq. for Defendant Wal-Mart, Inc. ("Wal-Mart") and Defendant Dr. Anthony Gordon ("Gordon").

I.      **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    Jurisdiction

A.    Subject Matter Jurisdiction:

Plaintiff alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

B.    Venue

Plaintiff alleges that venue is proper pursuant to 28 U.S.C. § 1391 in that the acts and claims Plaintiff alleges arose in the District and Defendants conduct business in the District.

C.    Personal Jurisdiction

All parties reside and/or do business in the District.

## III.    Brief Description of Case

A.    Claims of Plaintiff(s):

Mr. Key alleges that Wal-Mart engages in a practice of inducing customers to submit to vision screenings including glaucoma testing by unlicensed personnel in an effort to increase its business and undermine its competitors and that his termination of employment as a licensed optician with Wal-Mart was terminated, in part, due to his failure to effectively aid that practice in violation of the public policy expressed in the applicable Connecticut licensing statutes and the Connecticut Unfair Trade Practices Act.  Mr. Key also alleges that his termination for this reason breached an implied contract of employment consistent with licensing requirements and that Wal-Mart representatives who hired him failed to disclose that he would be required to perform

2

duties inconsistent with those requirements, causing him to give up secure employment in reliance thereon. Mr. Key also claims that he was terminated, in part, because he is Black and in retaliation for complaining of discriminatory remarks made by Defendant Gordon.

The Complaint consists of six counts. The following five claims are made against Defendant Wal-Mart only: discharge in violation of public policy; breach of an implied contract of employment; negligent misrepresentation; violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); and violation of the Connecticut Fair Employment Practices Act ("CFEPA"). The remaining claim for aiding and abetting discrimination in violation of the CFEPA is made against Defendant Gordon only.

B.    Defenses and Claims of Defendants:

Wal-Mart, Inc.

Defendant Wal-Mart denies the material allegations of the Complaint, including, but not limited to, all of the factual allegations set forth in Plaintiff's description of his claims, as well as Plaintiff's claims of: (1) wrongful discharge in violation of public policy; (2) breach of implied contract; (3) negligent misrepresentation; (4) race discrimination and retaliation in violation of Conn. Gen. Stat. § 46a-60, et seq.; and (4) race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. As to each cause of action, Plaintiff cannot withstand his burden to prove the

requisite elements.  In addition, Plaintiff has failed to state a claim upon which relief may be granted.

<u>Dr. Anthony Gordon</u>

Defendant Gordon denies the material allegations of the Complaint, including, but not limited to, all of the factual allegations set forth in Plaintiff's description of his claims, as well as Plaintiff's claim that he aided and abetted Wal-Mart in discriminating against Plaintiff on the basis of his race in violation of Conn. Gen. Stat. § 46a-60, et seq. As to each cause of action, Plaintiff cannot withstand his burden to prove the requisite elements.  In addition, Plaintiff has failed to state a claim upon which relief may be granted.

      C.      Defenses and Claims of Third Party Defendant(s):

           N/A

**IV.     Statement of Undisputed Facts**

1.      Defendant Wal-Mart is a retail Company incorporated under the laws of the State of Delaware doing business in Connecticut.

2.      Defendant Wal-Mart owns and/or operates optical stores in several locations in Connecticut, including one in North Windham, Connecticut.

3.      Defendant, Dr. Anthony Gordon, is an independent, licensed Optometrist who provided optometry services at Defendant Wal-Mart's store located in North Windham, Connecticut.

4.      Plaintiff is an Optician licensed by the State of Connecticut.

4

V.      **Case Management Plan**

A.      **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

B.      **Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.      **Early Settlement Conference**

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely.

2.      The parties do not request an early settlement conference.

3.      The parties prefer a settlement conference with the presiding judge or a magistrate judge.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.      **Joinder of Parties and Amendment of Pleadings**

1.      Plaintiff should be allowed until March 21, 2003 to file motions to join additional parties and until March 21, 2003 to file motions to amend the pleadings.

2.    Defendants should be allowed until April 15, 2003 to file motions to join additional parties and until April 15, 2003 to serve a responsive motion or pleading to any amended Complaint.

**E.    Pre-Discovery Disclosures**

The parties will exchange by April 23, 2003 the information required by Fed. R. Civ. P. 26(a)(1).

**F.    Discovery**

1.    The parties anticipate that discovery will be needed on the following subjects:

a.    Plaintiff's claim of wrongful discharge in violation of public policy;

b.    Plaintiff's claim of breach of an implied contract of employment between Wal-Mart and Plaintiff;

c.    Plaintiff's claim of negligent misrepresentation;

d.    Plaintiff's claim that his employment was terminated on account of his race;

e.    Plaintiff's claim that Wal-Mart retaliated against him because he allegedly complained about race discrimination;

f.    Plaintiff's claim that Defendant Gordon aided and abetted Defendant Wal-Mart in discriminating against Plaintiff;

g.      Defendant Wal-Mart's defenses to Plaintiff's claim of wrongful discharge in violation of public policy;

h.      Defendant Wal-Mart's defenses to Plaintiff's claim of breach of implied contract;

i.      Defendant Wal-Mart's defenses to Plaintiff's claim of negligent misrepresentation;

j.      Defendant Wal-Mart's defenses to Plaintiff's claims of discrimination on the basis of race and retaliation;

k.      Defendant Gordon's defenses to Plaintiff's claims that he allegedly aided and abetted Wal-Mart in discriminating against Plaintiff;

l.      Plaintiff's employment with Wal-Mart, including the facts and circumstances surrounding Plaintiff's hiring, the terms and conditions of Plaintiff's employment with Wal-Mart, Plaintiff's performance of his duties at Wal-Mart, Plaintiff's interactions with Dr. Gordon, and the termination of Plaintiff's employment with Wal-Mart;

m.      The business relationship that existed between Defendant Gordon and Defendant Wal-Mart;

n.      The nature and extent of Plaintiff's alleged damages, including his claims for economic, compensatory and punitive damages;

o.      Plaintiff's claims for attorneys' fees and costs;

p.      Plaintiff's efforts to mitigate his damages; and

7

q.    To the extent they exist, Defendant Wal-Mart's policies related to employee discipline, performance evaluations, customer complaints, equal employment opportunity, and discrimination.

2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be commenced on or after April 23, 2003 and completed, not propounded, by September 30, 2003.

3.    Discovery will not be completed in phases.

4.    The parties anticipate that Plaintiff will require a total of 8 depositions of fact witnesses, that Defendant Wal-Mart will require up to a total of 10 depositions of fact witnesses and Defendant Gordon will require up to a total of 10 depositions of fact witnesses.  The depositions will be completed by September 30, 2003.

5.    Plaintiff will request permission to serve more than twenty-five (25) interrogatories.  Although Defendants Wal-Mart and Gordon do not know at this time how many interrogatories will be required, they reserve the right to request permission to serve more than twenty-five (25) interrogatories.

6.    Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 2, 2003. Depositions of any such expert will be completed by September 30, 2003.

7.    Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 31, 2003.  Depositions of such experts will be completed by September 30, 2003.

8

8.    A damages analysis will be provided by any party who has a claim or counterclaim by June 2, 2003.

**G.    Dispositive Motions**

Dispositive Motions will be filed on or before October 30, 2003.

**H.    Joint Trial Memorandum**

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed one month after October 30, 2003 or the decision on any dispositive motions, whichever is later.

**VI.    Trial Readiness**

The case will be ready for trial one month after the filing of the parties' Joint Trial Memoranda.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF

*Loraine M. Cortese-Costa* (signature)

Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson
& Cortese-Costa, PC
1057 Broad Street
Bridgeport, CT  06604
203-366-3438
Federal Bar No. ct03984

DEFENDANTS WAL-MART, INC.
AND DR. ANTHONY GORDON

*Catherine L. Moreton* (signature)

Catherine L. Moreton, Esq.
Brown Raysman Millstein
Felder & Steiner, LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT  06103
860-275-6400
Federal Bar No. ct18706

## CERTIFICATION OF SERVICE

This is to certify that I have caused to be served this ~~14th~~ 18th day of April, 2003, the

above and foregoing Report of Parties Planning Meeting via U. S. Mail, Certified Mail,

Return Receipt Requested, to the following counsel :

Loraine M. Cortese-Costa
Durant, Nichols, Houston,
Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT  06804

*Catherine L. Moreton* (signature)

Catherine L. Moreton

P:\lit\LCC\523818\001\00033124.DOC

10