

C

# BROWN RAYSMAN

BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP

RECEIVED
AUG 19  3 27 PM '03

CHAMBERS
ROBERT N. CHATIGNY
U.S. DISTRICT JUDGE

Gregory Reilly
Counsel
(212) 895-2326
greilly@brownraysman.com

August 18, 2003

**VIA FEDERAL EXPRESS**

The Honorable Robert N. Chatigny
United States District Court Judge
District of Connecticut
450 Main Street
Hartford, CT 06103

      Re:    *Marvin Key v. Wal-Mart, Inc. and Dr. Anthony Gordon*
            303 CV 144 (RNC)

Dear Judge Chatigny:

      We represent defendants Wal-Mart, Inc. ("Wal-Mart") and Dr. Anthony Gordon ("Gordon") in this action and write to request a pre-motion conference in anticipation of filing a motion for summary judgment to dismiss all claims in this case. With the permission of Your Honor's Judicial Assistant, Lucia Macare, we are submitting this letter today (rather than Friday, August 14th) because of the power blackout.

      We have conferred in good faith with opposing counsel pursuant to the requirements of Your Honor's Case Management Plan. Unfortunately, Plaintiff refuses to voluntarily withdraw any of his claims.

      The Complaint of Plaintiff Marvin Key ("Plaintiff") asserts five counts against Wal-Mart: (1) discharge in violation of public policy; (2) breach of contract; (3) negligent misrepresentation; (4) violation of Title VII of the Civil Rights Act of 1964; and (5) violation of the Connecticut Fair Employment Practices Act ("CFEPA"). Plaintiff also filed a sixth count solely against Defendant Gordon for allegedly aiding and abetting Wal-Mart in its discharge of Plaintiff on the basis of race/color in violation of the CFEPA, Conn. Gen. Stat. § 46a-60(a)(5). We note that Defendant Wal-Mart initially moved pursuant to Rule 12(b)(6) to dismiss the first three counts of the Complaint. The Court denied Wal-Mart's motion without prejudice to refile a motion for summary judgment after conducting discovery.

BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP  900 THIRD AVENUE  NEW YORK NY 10022  T 212-895-2000  F 212-895-2900  brownraysman.com

---

*Marginal handwritten endorsement (left margin, rotated):*

Robert N. Chatigny, U.S.D.J.

Record to counsel of this endorsement to counsel of record. So ordered. The Clerk will docket this letter and send copies of the proposed motion without a prefiling conference. Counsel may file the proposed motion without a prefiling conference.

August 28, 2003.

*Handwritten notation (right):* Complied

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

M. Cortese-Costa**
V. Di Natale**
y Durant*
rasso Egan
opher M. Hodgson
d F. Houston
J. Kelly**
a J. Coyne

mitted in Virginia*
mitted in New York**

ATTORNEYS AT LAW

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438    Fax (203) 384-0311
www.durantnic.com

RECEIVED Aug 18  2 28 PM '03
CHAMBERS
ROBERT N. CHATIGNY
U.S. DISTRICT JUDGE

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

August 15, 2003

*[handwritten margin note:] Complies. Has spoken with Counsel. Not able to review issues.*

The Honorable Robert N. Chatigny
United States District Court Judge
District of Connecticut
450 Main Street
Hartford, CT 06103

    Re:    Marvin Key v. Wal-Mart and Dr. Anthony Gordon
           Docket No.: 303CV144(RNC)

Dear Judge Chatigny:

    Pursuant to your Honor's Order on Pretrial Deadlines, paragraph (b), this letter is a request for a prefiling conference in anticipation of Mr. Key's filing a motion for summary judgment in the above-referenced matter. Unfortunately, attempts to contact counsel for the defendants, Attorney Gregory Reilly, who works out of the New York office of Brown Raysman Millstein Felder & Steiner LLP on August 14 and 15, were unsuccessful due to the massive power outage on August 14, 2003.

    At this time, based on the limited responses to Mr. Key's discovery requests that have been received from Defendants, Mr. Key anticipates moving for summary judgment on Count One -- Discharge in Violation of Public Policy and Count Two -- Breach of Implied Contract. Wal-Mart claims it terminated Plaintiff's employment based upon a customer complaint. The customer "complaint," a copy of which was not provided to Mr. Key until August 11, 2003, several weeks after his deposition commenced, one month after Wal-Mart's discovery responses were due, and more than two years after his discharge and provision to him of a copy of his personnel file (mandated through the Connecticut Department of Labor), is actually a report by a customer that questioned Mr. Key's qualification to perform a vision screening. Mr. Key's allegations in support of his wrongful discharge count, which survived Defendant's motion to dismiss, claim that his discharge implicates the public policies set forth in the Connecticut Unfair Trade Practices Act and the Connecticut licensing statutes for eye care professionals because he was terminated for failing to assist Wal-Mart in its deceitful practices which led

*[handwritten left margin, rotated:] August 28, 2003. The Clerk will docket this letter and send copies of this endorsement to counsel of record. Counsel may file the proposed motion without a prefiling conference. So ordered.*