UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------- x
:
MARVIN KEY,                                             :    CIVIL ACTION NO.:
            Plaintiff,                                  :    3:03CV144(RNC)
                                                        :
    v.                                                  :
                                                        :
WAL-MART, INC. AND DR. ANTHONY                          :
GORDON,                                                 :    JANUARY 5, 2004
            Defendants.                                 :
                                                        :
                                                        :
------------------------------------------------------- x

### DEFENDANT WAL-MART STORES, INC.'S
### ANSWER TO AMENDED COMPLAINT

Defendant Wal-Mart, Stores, Inc., incorrectly sued as Wal-Mart, Inc. ("Defendant" or "Wal-Mart"), by its attorneys, Brown Raysman Millstein Felder & Steiner LLP, for its Answer to the Amended Complaint (the "Complaint"), respectfully responds as follows:

#### The Parties

1.  Admits the allegations set forth in Paragraph 1 of the Complaint.

2.  Denies each and every allegation set forth in Paragraph 2 of the Complaint, except admits that Defendant Dr. Anthony Gordon is a licensed Optometrist who practiced at Wal-Mart's store in North Windham, Connecticut (the "Store").

3.  Denies each and every allegation set forth in Paragraph 3 of the Complaint, except lacks sufficient knowledge or information upon which to either admit or deny the allegation of Plaintiff Marvin Key ("Plaintiff") that he is a resident of Norwich, Connecticut and therefore denies same, except admits that Plaintiff is black and worked in Wal-Mart's

North Windham, Connecticut store from on or about February 9, 2000 through on or about April 30, 2001.

## Jurisdiction

4. Denies each and every allegation set forth in Paragraph 4 of the Complaint, except admits that the Court has federal question jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

## Background

5. Denies each and every allegation set forth in Paragraph 5 of the Complaint, except states that Plaintiff's allegation that "[i]n Connecticut, an optical store may not be opened without the employment of a licensed Optician at the store" calls for a legal conclusion for which no response is required, except admits Wal-Mart has optical departments at some of its Connecticut stores and that it hired Plaintiff to work in its optical department in the Store.

6. Denies each and every allegation set forth in Paragraph 6 of the Complaint, except lacks sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations that he "gave up a position providing a good salary, benefits and job security which he had held for close to two years with another company" and that "[h]e did so based upon Wal-Mart's offer to hire him as a licensed Optician in its North Windham store with commensurate salary and benefits," and therefore denies same, except admits that "no one indicated to Mr. Key that he would be expected or required to perform visions screenings and testing for eye health" and that part of Plaintiff's job duties was to perform vision screenings and pre-tests.

7. Denies each and every allegation set forth in Paragraph 7 of the Complaint, except admits Plaintiff received an annual performance review in January 2001 and the

contents of that document speak for itself and that Wal-Mart required the Store's optical department employees to conduct prescreenings and pre-testing of the Optometrist's patients.

8. Denies each and every allegation set forth in Paragraph 8 of the Complaint, except admits that on or about Friday, April 27, 2001 Plaintiff conducted pre-testing for Dr. Gordon's minor patient whose mother complained about Plaintiff's services; that Mr. Ellis contacted another Wal-Mart manager who obtained a written complaint from the patient's mother the contents of which speak for itself; that on the following Monday, Wal-Mart terminated Plaintiff's employment; that Plaintiff filed a complaint of discrimination with the Connecticut Commission on Human Rights ("CHRO"); and that Wal-Mart did not provide a copy of the customer's complaint to the CHRO.

9. Denies each and every allegation set forth in Paragraph 9 of the Complaint.

**COUNT ONE - "DISCHARGE IN VIOLATION OF PUBLIC POLICY"**

10. Denies each and every allegation set forth in Paragraph 10 of Count One of the Complaint.

11. Denies each and every allegation set forth in Paragraph 11 of Count One of the Complaint.

**COUNT TWO – "BREACH OF CONTRACT"**

12. Denies each and every allegation set forth in Paragraph 12 of Count Two of the Complaint.

13. Denies each and every allegation set forth in Paragraph 13 of Count Two of the Complaint.

14. Denies each and every allegation set forth in Paragraph 14 of Count Two of the Complaint.

## COUNT THREE – "NEGLIGENT MISREPRESENTATION"

15. Denies each and every allegation set forth in Paragraph 15 of Count Three of the Complaint.

16. Denies each and every allegation set forth in Paragraph 16 of Count Three of the Complaint.

17. Denies each and every allegation set forth in Paragraph 17 of Count Three of the Complaint.

18. Denies each and every allegation set forth in Paragraph 18 of Count Four of the Complaint.

## COUNT FOUR – "TITLE VII"

19. Denies each and every allegation set forth in Paragraph 19 of Count Four of the Complaint.

20. Admits the allegations set forth in Paragraph 20 of the of Count Four of the Complaint.

## COUNT FIVE – "CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT" ("CFEPA")

21. Denies each and every allegation set forth in Paragraph 21 of Count Five of the Complaint.

22. Admits the allegations set forth in Paragraph 22 of the of Count Five of the Complaint.

## COUNT SIX – "CFEPA"

23. Denies each and every allegation set forth in Paragraph 23 of Count Six of the Complaint.

24. Admits the allegations set forth in Paragraph 24 of Count Six of the Complaint.

## DEFENSES TO THE COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

25. Denies that Plaintiff is entitled to the relief set forth in the WHEREFORE clauses of his Complaint.

### SECOND AFFIRMATIVE DEFENSE

26. The Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

27. All actions taken by Defendant with respect to Plaintiff were based on legitimate business reasons and were made in good faith compliance with all applicable laws.

### FOURTH AFFIRMATIVE DEFENSE

28. Upon information and belief, Plaintiff has sustained no damages and/or has failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

29. Plaintiff's Complaint fails to comply with Rule 10(b) of the Federal Rules of Civil Procedure.

### SIXTH AFFIRMATIVE DEFENSE

30. The Complaint fails to state facts sufficient to support a claim for punitive damages against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

31. Defendant did not unlawfully discriminate against, harass or otherwise act in any unlawful manner with respect to Plaintiff. Defendant states that assuming, *arguendo*, Plaintiff's race was a factor for any employment practice, Defendant would have taken the same action in the absence of Plaintiff's race and/or his alleged complaint of discrimination.

### EIGHTH AFFIRMATIVE DEFENSE

32. Plaintiff did not suffer any damages attributable to any action of Defendant.

### NINTH AFFIRMATIVE DEFENSE

33. Plaintiff was an employee at will and, therefore, cannot prevail on his breach of contract claim.

### TENTH AFFIRMATIVE DEFENSE

32. Plaintiff's claim for termination in violation of public policy fails because Wal-Mart violated no public policy, and the reasons for Plaintiff's termination are unrelated to any alleged violation of public policy.

### ELEVENTH AFFIRMATIVE DEFENSE

33. The Complaint fails to state a claim for negligent misrepresentation because the Complaint does not assert any alleged misrepresentation upon which Plaintiff reasonably relied upon to his detriment.

### TWELVTH AFFIRMATIVE DEFENSE

34. Defendant reserves its right to assert further defenses should such further defenses become known to it during the litigation of this action.

WHEREFORE, Defendant Wal-Mart Stores, Inc. respectfully requests that the relief sought by Plaintiff against Defendant be denied and that his claims against Defendant in the Amended Complaint be dismissed with prejudice, together with costs, disbursements and reasonable attorneys' fees.

Dated: January 5, 2004

        Respectfully submitted,

        BROWN RAYSMAN MILLSTEIN FELDER &
          STEINER LLP

    By: /s/ Gregory B. Reilly/pew
        Gregory B. Reilly (CT 07101)
        Cityplace II
        185 Asylum Street – 10th Floor
        Hartford, Connecticut 06103
        (860) 275-6400

        900 Third Avenue
        New York, New York 10022
        (212) 895-2000

        Attorneys for Defendant
        Wal-Mart Stores, Inc.

## CERTIFICATE OF SERVICE

This is to certify that on January 5, 2004, a true copy of the foregoing DEFENDANT WAL-MART STORES, INC.'S ANSWER TO AMENDED COMPLAINT was sent via overnight courier (Federal Express) to:

Loraine M. Cortese-Costa
Durant, Nichols, Houston,
  Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT  06804

*Pamela E. Woodside*
Pamela E. Woodside

HARTFORD 81752v1