UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN -5 P 3: 2

U.S. DISTRICT COURT
HARTFORD, CT.

------------------------------------------------------- x
MARVIN KEY,                                             :
                                                        :   CIVIL ACTION NO.:
            Plaintiff,                                  :   3:03CV144(RNC)
                                                        :
     v.                                                 :
                                                        :
WAL-MART, INC. AND DR. ANTHONY                          :
GORDON,                                                 :
                                                        :
            Defendants.                                 :   JANUARY 5, 2004
------------------------------------------------------- x

### DR. ANTHONY GORDON'S ANSWER TO AMENDED COMPLAINT

Defendant Dr. Anthony Gordon ("Defendant"), by his attorneys, Brown Raysman Millstein Felder & Steiner LLP, for his Answer to the Amended Complaint (the "Complaint"), respectfully responds as follows:

The Parties

1.  Denies knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 1 of the Complaint and therefore denies same, except admits Wal-Mart operates optical stores within several of its retail establishments in Connecticut, including one in North Windham, Connecticut (the "Store").

2.  Admits the allegations set forth in Paragraph 2 of the Complaint.

3.  Denies each and every allegation set forth in Paragraph 3 of the Complaint, except lacks sufficient knowledge or information upon which to either admit or deny the allegations in Paragraph 3 that Plaintiff Marvin Key ("Plaintiff") is a resident of Norwich, Connecticut and a licensed optician and therefore denies same, except admits that Plaintiff is

black and worked in Wal-Mart's North Windham, Connecticut store in the year 2000 to on or about April 30, 2001.

### Jurisdiction

4. Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 4 of the Complaint and therefore denies same.

### Background

5. Denies each and every allegation set forth in Paragraph 5 of the Complaint, except lacks sufficient knowledge or information upon which to either admit or deny the allegations in Paragraph 5 that Wal-Mart hired Plaintiff so it could open the optical department at the Store and Plaintiff could recruit and hire other licensed opticians, all of whom were White and therefore denies same, except states that Plaintiff's allegation that "[i]n Connecticut, an optical store may not be opened without the employment of a licensed Optician at the store" calls for a legal conclusion for which no response is required, and admits Wal-Mart has optical departments at some of its Connecticut stores and that it hired Plaintiff to work in its optical department in the Store.

6. Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 6 of the Complaint and therefore denies same, except admits that Plaintiff performed vision screenings and pre-tests during his employment by Wal-Mart.

7. Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 7 of the Complaint and therefore denies same, except admits that Plaintiff performed vision screenings and pre-tests during his employment by Wal-Mart.

8.      Denies each and every allegation set forth in Paragraph 8 of the Complaint, except denies sufficient knowledge or information to either admit or deny the allegations in Paragraph 8 of the Complaint that Wal-Mart directed its optical employees to question Defendant if they were unsure about how to perform pre-testing; that Wal-Mart informed Plaintiff that he was being discharged due to a customer complaint which he was told was in writing although it was never shown to him; and that Wal-Mart failed to provide such complaint to the Connecticut Commission on Human Rights ("CHRO") and therefore denies same, and admits that on or about Friday, April 27, 2001 Plaintiff conducted pre-testing for Defendant's minor patient whose mother complained about Plaintiff's services; that Mr. Ellis contacted another Wal-Mart manager who received a written complaint from the patient's mother the contents of which complaint speaks for itself; that on the following Monday, Wal-Mart terminated Plaintiff's employment; and that Plaintiff filed a complaint of discrimination with the CHRO.

9.      Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 9 of the Complaint and therefore denies same.

**COUNT ONE - "DISCHARGE IN VIOLATION OF PUBLIC POLICY"**

10.     Denies each and every allegation set forth in Paragraph 10 of the Complaint.

11.     Denies each and every allegation set forth in Paragraph 11 of the Complaint.

**COUNT TWO – "BREACH OF CONTRACT"**

12.     Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 12 of the Complaint and therefore denies same.

13.     Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 13 of the Complaint and therefore denies same.

14. Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 14 of the Complaint and therefore denies same.

**COUNT THREE – "NEGLIGENT MISREPRESENTATION"**

15. Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 15 of the Complaint and therefore denies same.

16. Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 16 of the Complaint and therefore denies same.

17. Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 17 of the Complaint and therefore denies same.

18. Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 18 of the Complaint and therefore denies same.

**COUNT FOUR – "TITLE VII"**

19. Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 19 of the Complaint and therefore denies same.

20. Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 20 of the Complaint and therefore denies same.

**COUNT FIVE – "CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT" ("CFEPA")**

21. Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 21 of the Complaint and therefore denies same.

22. Denies sufficient knowledge or information upon which to either admit or deny Plaintiff's allegations in Paragraph 22 of the Complaint and therefore denies same.

**COUNT SIX – "CFEPA"**

23. Denies each and every allegation set forth in Paragraph 23 of the Complaint.

24. Admits the allegations set forth in Paragraph 24 of the Complaint.

## DEFENSES TO THE COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

25. Denies that Plaintiff is entitled to the relief set forth in the WHEREFORE clauses of his Complaint.

### SECOND AFFIRMATIVE DEFENSE

26. The Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

27. All actions taken by Defendant with respect to Plaintiff were based on legitimate business reasons and were made in good faith compliance with all applicable laws.

### FOURTH AFFIRMATIVE DEFENSE

28. Upon information and belief, Plaintiff has sustained no damages and/or has failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

29. Plaintiff's Complaint fails to comply with Rule 10(b) of the Federal Rules of Civil Procedure.

### SIXTH AFFIRMATIVE DEFENSE

30. The Complaint fails to state facts sufficient to support a claim for punitive damages against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

31. Defendant did not aid or abet discrimination or engage in unlawful discrimination against, harass or otherwise act in any unlawful manner with respect to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

32. Plaintiff did not suffer any damages attributable to any action of Defendant.

### NINTH AFFIRMATIVE DEFENSE

34. Defendant cannot be held liable because he was not Plaintiff's employer, and he had no control over the terms and conditions of Plaintiff's employment, including the decision to terminate Plaintiff's employment.

### TENTH AFFIRMATIVE DEFENSE

35. Defendant reserves his right to assert further defenses should such further defenses become known to him during the litigation of this action.

WHEREFORE, Defendant Dr. Anthony Gordon respectfully requests that the relief sought by Plaintiff against him be denied and that Plaintiff's claims against him in the Amended Complaint be dismissed with prejudice, together with costs, disbursements and reasonable attorneys' fees.

Dated: January 5, 2004

                         Respectfully submitted,

                         BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP

By: *Gregory B. Reilly /psw*
Gregory B. Reilly (CT 07101)
Cityplace II
185 Asylum Street – 10th Floor
Hartford, Connecticut 06103
(860) 275-6400

900 Third Avenue
New York, New York 10022
(212) 895-2000

ATTORNEYS FOR DEFENDANT DR. ANTHONY GORDON

## CERTIFICATE OF SERVICE

This is to certify that on January 5, 2004, a true copy of the foregoing DEFENDANT DR. ANTHONY GORDON'S ANSWER TO AMENDED COMPLAINT was sent via overnight courier (Federal Express) to:

Loraine M. Cortese-Costa
Durant, Nichols, Houston,
  Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT  06804

*Pamela E. Woodside* (signature)
_____
Pamela E. Woodside

HARTFORD 81756v1