UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| MARVIN KEY, | : |
| Plaintiff, | : CIVIL ACTION NO. 2003 DEC 31  P |
| | : 3:03CV144 (RNC) |
| v. | : |
| WAL-MART, INC. and | : |
| DR. ANTHONY GORDON, | : |
| Defendants. | : DECEMBER 31, 2003 |

### PARTIES' JOINT STATUS MEMORANDUM

As per Judge Chatigny's Order Regarding Case Management Plan dated May 30, 2003, the parties hereby submit their joint status memorandum with reference to the matters set forth in Rule 16(c) of the Federal Rules of Civil Procedure:

(1) the formulation and simplification of the issues, including the elimination of frivolous claims or defenses;

The parties believe this issue cannot be effectively addressed until after the completion of discovery.

(2) the necessity or desirability of amendments to the pleadings;

Defendants' answer to Plaintiff's amended complaint is to be filed on or before January 5, 2004. Otherwise, the parties have no intention of amending their pleadings.

(3) the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence;

The parties believe this issue cannot be effectively addressed until after the completion of discovery.

(4) the avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence;

The parties believe this issue cannot be effectively addressed until after the completion of discovery.

(5)   the appropriateness and timing of summary adjudication under Rule 56;

Both parties have submitted motions for summary judgment. Plaintiff also has submitted a motion to strike Defendants' summary judgment papers.

(6)   the control and scheduling of discovery, including orders affecting disclosures and discovery pursuant to rule 26 and rules 29 through 37;

Plaintiff has filed a motion for sanctions seeking to preclude Defendant Wal-Mart from using certain documents as evidence at trial. Defendant Wal-Mart has opposed Plaintiff's motion. Magistrate Judge Martinez has scheduled oral argument on Plaintiff's motion for January 8, 2004.

In response to Plaintiff's first Motion to Compel, Magistrate Judge Martinez extended the close of discovery to December 31, 2003, and Plaintiff noticed two (2) additional depositions prior to that date. Defendant Wal-Mart requested postponement of the depositions to accommodate the deponents' schedules and intends to request additional time from the Court. Plaintiff consents to an extension of time for this limited purpose.

(7)   the identification of witnesses and documents, the need and schedule for filing and exchanging pre-trial briefs, and the date or dates for further conferences and for trial;

The parties believe this issue cannot be effectively addressed until after the completion of discovery and determination of any Rule 56 motions.

(8)   the advisability of referring matters to a magistrate judge or master;

The parties believe this issue cannot be effectively addressed until after the completion of discovery.

(9)   settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule;

The parties believe this issue would be more effectively addressed after the completion of discovery and resolution of any Rule 56 motions.

(10)   the form and substance of the pretrial order;

The parties believe this issue would be more effectively addressed after the completion of discovery and disposition of any Rule 56 motions.

(11)   the disposition of pending motions;

There is currently pending (and undecided) before the Court: Plaintiff's motion for partial summary judgment; Defendants' motion for summary judgment; Plaintiff's motion to strike Defendants' motion for summary judgment; Plaintiff's motions for additional time to file a reply to Defendants' opposition to Plaintiff's motion for partial summary judgment and to file an opposition to Defendants' motion for summary judgment; and Plaintiff's motion for sanctions.

(12)   the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions or unusual proof problems;

N/A.

(13)   an order for a separate trial pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or with respect to any particular issue in the case;

N/A.

(14)   an order directing a party or parties to present evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment or partial findings under Rule 52(c);

The parties believe this issue would be more effectively addressed after the completion of discovery and disposition of any Rule 56 motions.

(15)   an order establishing a reasonable limit on the time allowed for presenting evidence; and

The parties believe this issue would be more effectively addressed after the completion of discovery and disposition of any Rule 56 motions.

(16)   such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.

The parties are unaware of any at this time.

| FOR PLAINTIFF | FOR DEFENDANT |
|---|---|
| *Pamela J. Coyne* (signature) | *Gregory B. Reilly* (signature) |
| Pamela J. Coyne | Gregory B. Reilly (GR-6189) |
| Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. | Brown Raysman Millstein Felder & Steiner LLP |
| 1057 Broad Street | 900 Third Avenue |
| Bridgeport, CT 066504 | New York, NY 10022 |
| ct22941 | ct07101 |