# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MARVIN KEY,                             :
                                        :        CIVIL ACTION NO.
     Plaintiff,                        :        3:03CV144 (RNC)
                                        :
v.                                      :
                                        :
WAL-MART AND DR. GORDON,                :
                                        :
     Defendants.                       :        MARCH 29, 2004

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTON FOR PROTECTIVE ORDER

Plaintiff hereby submits this Memorandum of Law in Opposition to Wal-Mart, Inc.'s ("Defendant's") Motion for Protective Order and requests this Court to compel Defendant to comply with the subpoena issued February 27, 2004 in its entirety by producing the agreed-upon portions of Dale Ceneviva's personnel file. Defendant's claims that the subpoena did not provide adequate time for compliance and that Ms. Ceneviva is not a comparator to Plaintiff are entirely without merit.

## I.    BACKGROUND

Plaintiff filed his Third Set of Interrogatories and Third Request for Production of Documents Directed to Wal-Mart Stores, Inc. on December 17, 2003.[1]  Based on information

---

[1] Plaintiff was forced to wait until this late date because of Wal-Mart's continued delays in responding to Plaintiff's first and second sets of discovery requests, despite an this Court's Order dated November 3, 2003. Wal-Mart did not fully comply until late-December, after Plaintiff filed his third set of discovery requests.

acquired by Plaintiff through discovery and independent investigation, Plaintiff requested the personnel files of: (a) Dale Ceneviva; (b) Jerry Ellis; (c) Jeffrey Krol; (d) Phyllis Parmenter; (e) Dave Peterson; and (f) Jenilu Zboray. (*See* Affidavit of Pamela J. Coyne,[2] ¶ 3, attached hereto as Exhibit 1.) Thereafter, on January 29, 2004, Plaintiff received Wal-Mart's responses, and its objection to Request for Production No. 2. Plaintiff informally requested reconsideration of this objection with Wal-Mart's former counsel, Gregory M. Reilly, by telephone and in person. (*Id.*, ¶ 4.) Attorney Reilly left the firm of Brown Raysman Millstein Felder & Steiner LLP in mid-February, 2004. (*Id.*, ¶ 5.) Following his departure, Plaintiff formally requested reconsideration of Wal-Mart's objection to Request for Production No. 2 by letter to Joel Finger. (*Id.*, ¶ 6.) Plaintiff also narrowed his request for comparative data from the Wal-Mart employees' personnel files. (*Id.*)

On February 25, 2004, Wal-Mart's attorney, Kristi E. Mackin responded to the letter to Attorney Finger by telephone. (*Id.*, ¶ 7.) At that time, Attorney Mackin advised Plaintiff's counsel that she had first learned of Plaintiff's request "yesterday," despite having had Plaintiff's discovery requests for approximately ten (10) weeks and having filed objections at least three (3) weeks earlier. (*Id.*, ¶¶ 4, 7.) Throughout the conversation, Plaintiff's counsel requested a written commitment from Wal-Mart outlining the steps it was willing to take to resolve the dispute to avoid the necessity of filing motion to compel, but Attorney Mackin refused to commit to any

---

[2] Hereinafter "Coyne Aff."

steps by Wal-Mart. (*Id.*, ¶ 7.) Attorney Mackin requested Plaintiff's counsel to issue a subpoena for the personnel files pursuant to Conn. Gen. Stat. § 31-128f(2) to "protect" Wal-Mart.[3]  (*Id.*, ¶ 8.) Attorney Mackin also suggested that Plaintiff request an extension of time in with to file a motion to compel, and agreed that Wal-Mart would consent to such a motion. (*Id.*)  Following that conversation, pursuant to Wal-Mart's attorney's request, Plaintiff issued a subpoena for the personnel files and moved for an extension of time for a motion to compel. (*Id.*, ¶ 9.)

On March 3, 2004, Plaintiff's counsel reached agreement with Attorney Mackin regarding production of documents from four (4) of the six (6) employees' files, and Attorney Mackin, claiming that Dale Ceneviva and Jerry Ellis were not "true comparators" continued to object to production of any portion of their files. (*Id.*, ¶ 10.) At that time, Attorney Mackin stated that "a large chunk" of Jerry Ellis' file was "missing." (*Id.*)  On March 4, 2004, Attorney Mackin maintained her objection to producing any part of Ms. Ceneviva's or Mr. Ellis' files, and then stated that Ms. Ceneviva' file was "missing a lot," and that the "recordkeeping was sparse." (*Id.*, ¶ 11.) Attorney Mackin stated that she would file a motion to quash for Ms. Ceneviva's file and possibly for Mr. Ellis' file. (*Id.*, ¶ 11.)

---

[3]  Wal-Mart's claimed "surprise" at being served with a subpoena is simply incredulous, as Plaintiff issued the subpoena at Wal-Mart's request and advised Attorney Mackin by letter that he intended to do so.

On March 5, 2004, Plaintiff received documents for everyone[4] except Ms. Ceneviva, and on March 8, 2004, Wal-Mart filed the instant motion for protective order. (*Id.*, ¶ 12.)

## II.   ARGUMENT

### A.   Plaintiff's Subpoena Allowed Sufficient Time For Compliance

Contrary to Wal-Mart's claims, the federal rules do not provide a time limit for the issuance of a subpoena. *See* Fed. R. Civ. P. 45. Based on the facts herein, the time allowed for compliance was more than reasonable. Wal-Mart has known of Plaintiff's request since December 17, 2003, and Plaintiff's counsel had informally requested that Wal-Mart reconsider its objections by telephone, and then in person on February 10, 2004. Finally, in order to meet his deadline for filing a motion to compel, Plaintiff formally requested reconsideration in writing to Attorney Finger on February 24, 2004.

Further, Wal-Mart's substantial compliance with the subpoena and the motion for protective order are proof that it had more than sufficient time to respond to the subpoena.[5]

---

[4] The documents submitted for Jerry Ellis consisted of a few print-outs, as follows: (1) a 10/20/2001 personnel change; (2) a 3/24/2001 pay rate change; (3) a 3/23/2002 pay rate change; and (4) a 2/27/03 performance review. None of the produced document were from the period of Plaintiff's employment with Wal-Mart. (Coyne Aff., ¶ 12.) Despite the representation that Mr. Ellis' file is "missing," this production was supplemented on March 24, 2004 with a "Coaching for Improvement Form" dated March 18, 2003. (*Id.*)

[5] It should be noted that Wal-Mart did not request an extension of time for compliance, despite the fact that it has done so for practically every other deadline throughout the pendency of this matter. Plaintiff will agree to a reasonable extension of time for compliance with his subpoena if Wal-Mart requests it.

**B.**     **Dale Ceneviva's Personnel File Is Clearly Relevant To Plaintiff's Claims**

Wal-Mart's claims that Dale Ceneviva's personnel file is irrelevant to Plaintiff's claim,

and that she is not a true comparator, are entirely without merit, as Wal-Mart is simply ignoring

the facts of this case and the rules of civil procedure.

**1.**     **Plaintiff's Discovery Requests Are Well Within The Scope Of Discovery Contemplated By The Federal Rules Of Civil Procedure**

The general scope of discovery is defined by Federal Rule of Civil Procedure 26(b),

which states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which
> is relevant to the claim or defense of any party, including the existence,
> description, nature, custody, condition and location of any books,
> documents, or other tangible things, and the identity and location of
> persons having knowledge of any discoverable matter.

Rule 34(a), which defines the scope of requests for production, states that a party may request the

production of any documents "within the scope of Rule 26(b)." It is well established that the

Federal Rules of Civil Procedure concerning discovery must be broadly and liberally construed

in favor of disclosure. *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 357, 392 (1947); *Herbert*

*v. Lando*, 441 U.S. 153, 177 (1979); *Stonybrook Tenants Association v. Albert*, 29 F.R.D. 165,

168 (D.Conn. 1961); *Novack v. Goodwill*, 28 F.R.D. 394, 395 (D.Conn. 1961). If documents

requested in discovery are relevant, they should be produced. *U.S. v. Nysco*, 26 F.R.D. 159, 161-

162 (E.D.N.Y. 1960). The test of relevance is not limited to the admissibility of evidence at trial.

Rather, information is discoverable if it is relevant to the subject matters of the action. *Chemical*

*Bank v. Dana*, 149 F.R.D. 11, 13 (D.Conn. 1993). Evidence which itself would be inadmissible may be sought if it may reasonably be expected to lead to the discovery of admissible evidence. *Langlois v. Allen*, 30 F.R.D. 67, 67-68 (D.Conn. 1962).

Despite Defendant's arguments on the merits of Plaintiff's claims in its Memorandum of Law, that is not the purpose of discovery, and Plaintiff requests the Court to reject Defendant's contentions, which were already rejected on its Motion to Dismiss. The purpose of discovery is to enable the parties to seek evidence which may have some bearing on the case. "[T]he scope of discovery is very broad, 'encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is ***or that may be*** in the case." *Maraesco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (emphasis added), *quoting, Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978). Plaintiff's request for information from Ms. Ceneviva's personnel file clearly satisfies this standard and disclosure should be compelled.

### 2.    The Information Requested From Ms. Ceneviva's Personnel File Is Relevant To Plaintiff's Public Policy And Discrimination Claims

The following facts support Plaintiff's request for Ms. Ceneviva's personnel file (or the agreed-upon portions) as relevant:

- Ms. Ceneviva is a Licensed Optician in the State of Connecticut, who was the Manager of the Vision Center in the Bristol Wal-Mart store from October 26, 2000 through October 18, 2003. Ms. Ceneviva consistently received good

performance evaluations, and in 2002 was named "Manager of the Year." (Affidavit of Dale Ceneviva,[6] ¶¶ 2-6, attached hereto as Exhibit 2.)

- During the period of time she was working as Manager of the Vision Center in Bristol, she raised the issue of Opticians performing pre-testing for the resident Optometrist and performing vision screenings as improper under state law on two (2) separate occasions. She first raised the issue with the resident Optometrist, who told her that her agreement with Wal-Mart provides for a payment of ten percent (10%) of her revenues to Wal-Mart in exchange for these services by Wal-Mart staff. She later discussed her objection with the Vision Center District Manager. Both the Optometrist and the District Manager told Ms. Ceneviva that Wal-Mart requires Opticians to perform the pre-testing and the vision screenings. (Coyne Aff., ¶¶ 13-14; Ceneviva Aff., ¶¶ 7-11.)

- Ms. Ceneviva's employment was terminated on or about February 6, 2004. (Coyne Aff., ¶ 15. *See also* Defendant's Memorandum of Law in Support of Protective Order,[7] p. 2 n. 2.)

- Jeffey Krol, an Optician who also objected to performing these same pre-tests and screenings was also terminated. (*See* Declaration of Christopher Adkins,[8] ¶ 5, attached as Exhibit 6 to Def. Mem.; Wal-Mart doc. no. 1800, attached hereto as Exhibit 3.)

- Each and every Vision Center employee in the State of Connecticut, who raised the issue of the legality of these pre-tests and screenings, or who Wal-Mart suspected might raise the issue, was eventually terminated.

- All Wal-Mart Vision Centers in the State of Connecticut fall under the supervision and control of the same regional and district managers. The District Manager at the time Plaintiff was terminated was Christopher Adkins. (Adkins Dec., ¶ 1.)

- Three (3) weeks prior to the incident for which Plaintiff was allegedly terminated, his immediate supervisor sought permission from the regional and

---

[6] Hereinafter "Ceneviva Aff."
[7] Hereinafter "Def. Mem."
[8] Hereinafter "Adkins Dec."

district managers to terminate his employment. (Wal-Mart doc. no. 1084, attached hereto as Exhibit 4.) In fact, Mr. Ellis was told "we need to make sure all CT stores are at state standards for when Marvin gets terminated he doesn't cause any trouble." (Wal-Mart doc. nos. 1088-89, attached hereto as Exhibit 5.)

Clearly, Wal-Mart's Vision Centers operate on a state-wide basis, subject to the same regional and district management and "state standards," and the fact that an Optician works at Bristol or Southington, as opposed to North Windham, is irrelevant -- they are required to perform the same duties for the same managers, and each and every Optician who has objected to performing pre-tests and vision screenings has been terminated. Ms. Ceneviva is a true comparator for purposes of Plaintiff's public policy and discrimination claims, and Plaintiff is clearly entitled to the information he requested.

Plaintiff respectfully requests this Court to deny Defendant's Motion for Protective Order and compel Defendant to produce the requested documents without further delay.

Done at Bridgeport, Connecticut, this 29th day of March, 2004.

Pamela J. Coyne
Federal Bar No. ct22941
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203) 366-3438
ATTORNEYS FOR PLAINTIFF

## CERTIFICATION

I hereby certify that I have caused to be served this 29th day of March, 2004, the above and foregoing by United States mail, postage paid, return receipt requested, on the following counsel and pro se parties of record:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
10th Floor
185 Asylum Street
Hartford, CT 06103

Pamela J. Coyne

P:\lit\pjc\523818\001\00039081.DOC

9

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MARVIN KEY,** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:03CV144 (RNC)** |
| | : | |
| **v.** | : | |
| | : | |
| **WAL-MART, INC. and** | : | |
| **DR. ANTHONY GORDON,** | : | |
| | : | |
| **Defendants.** | : | **MARCH 29, 2004** |

<u>**AFFIDAVIT OF PAMELA J. COYNE**</u>

Pamela J. Coyne, being duly sworn, deposes and says:

1.    I am over the age of eighteen, and I understand and believe in the obligation of an oath.

2.    I am an attorney with the law firm of Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., which represents Plaintiff in the above-captioned matter.

3.    I served Plaintiff's Third Set of Interrogatories and Third Request for Production of Documents on Wal-Mart on December 17, 2003. (*See* Exhibit A.)

4.    Following receipt of Wal-Mart's response to Plaintiff's third set of discovery requests on January 29, 2004, I discussed Wal-Mart's objections, notably its objection to Plaintiff's request for certain personnel files, on more than one occasion with Attorney Gregory

Reilly.  One such discussion was in person on February 10, 2004.   (Wal-Mart's responses and objections are attached hereto as Exhibit B.)

5.      Attorney Reilly left the firm of Brown Raysman Millstein Felder & Steiner, LLP in mid-February, 2004.  Thereafter, Attorney Joel Finger from the firm's New York office moved for admission pro hac vice, which was granted on February 20, 2004, and Attorneys Kristi E. Mackin and Mitchell L. Fishberg of the firm's Hartford office entered Appearances on February 18, 2004.

6.      On February 24, 2004, I wrote to Attorney Finger requesting resolution of the dispute regarding disclosure of personnel files without court intervention and narrowed Plaintiff's request.

7.      On February 25, 2004, Attorney Mackin called me to discuss the letter and expressed an interest in resolving the matter.  Attorney Mackin stated that she had first learned of Plaintiff's request the day before, despite the fact that the discovery requests were served on December 17, 2003 and I had already discussed Wal-Mart's objection on more than one occasion with Wal-Mart's counsel.  I agreed to hold off on filing a motion to compel upon receipt of a satisfactory written commitment from Wal-Mart outlining the steps it was willing to take to resolve the dispute.  Attorney Mackin refused my request.  (*See* Letter from Pamela J. Coyne to Kristi E. Mackin, dated February 26, 2004 summarizing the telephone conversation, attached hereto as Exhibit C.)

2

8.    Thereafter, during telephone conversations with Attorney Mackin, Wal-Mart requested that Plaintiff issue a subpoena for the personnel files and moved for an extension of time in which to file his motion to compel. Attorney Mackin represented that Wal-Mart would agree to an extension of time. (*See id.*)

9.    Pursuant to Wal-Mart's request, I filed a motion for extension of time in which to file a motion to compel, and on February 27, 2004 issued a subpoena for the personnel files. (*See* Exhibit D.)

10.    On March 3, 2004, Attorney Mackin and I reached agreement regarding production of documents from four (4) of the six (6) employees' files. Attorney Mackin, claiming that Dale Ceneviva and Jerry Ellis were not "true comparators" continued to object to production of any portion of their files. Attorney Mackin advised me that "a large chunk" of Jerry Ellis' file was missing.

11.    On March 4, 2004, Attorney Mackin maintained her objection to producing any part of Ms. Ceneviva's or Mr. Ellis' files, and then advised me that Ms. Ceneviva's file was "missing a lot," and that the "recordkeeping was sparse." Attorney Mackin advised me that she would file a motion to quash for Ms. Ceneviva's file and possibly Mr. Ellis' file.

12.    On March 5, 2004, Wal-Mart responded by submitting some responsive materials for everyone except Ms. Ceneviva. The documents submitted for Jerry Ellis consisted of a few print-outs, as follows: (1) a 10/20/2001 personnel change; (2) a 3/24/2001 pay rate change; (3) a 3/23/2002 pay rate change; and (4) a 2/27/03 performance review. None of the produced

document were from the period of Plaintiff's employment with Wal-Mart. Despite the representation that Mr. Ellis' file is "missing," this production was supplemented on March 24, 2004 with a "Coaching for Improvement Form" dated March 18, 2003.

13.     On or about November 26, 2003, Dale Ceneviva, a then-current employee of the Vision Center in the Southington Wal-Mart store, and former manager of the Vision Center in the Bristol Wal-Mart store, advised me that she had objected to performing vision screenings and pre-testing the resident Optometrist's patients.

14.     Ms. Ceneviva further advised me that she had voiced her objection to the Optometrist and to the Vision Center District Manager.

15.     On or about February 9, 2004, Ms. Ceneviva told me that her employment with Wal-Mart had been terminated despite the fact that she had always received good performance evaluations, had no disciplinary record of any kind and had been named "Manager of the Year" in 2002.

16.     On March 4, 2004, while discussing Plaintiff's request for production of Ms. Ceneviva's personnel file with Attorney Mackin and why Ms. Ceneviva is a comparator, I stated that she was one of the only known three (3) Wal-Mart employees to have objected to performing vision screenings and pre-testing for the Optometrist, all three (3) of whom were eventually terminated.

17.     On March 8, 2004, Ms. Ceneviva advised me that she received a call from the home office on Saturday, March 6, 2004 advising her that she was being reinstated effective

immediately with full back pay -- two (2) days after I advised Wal-Mart's attorney of the reason

Plaintiff believes Ms. Ceneviva to be a comparator.

_Pamela J. Coyne_
Pamela J. Coyne

Sworn to and subscribed before me
this 29th day of March, 2004.

Notary Public/
Commissioner of Superior Court

P:\lit\pjc\523818\001\00039091.DOC

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARVIN KEY,                                         :         CIVIL ACTION NO.
                                                   :         3:03CV144 (RNC)
    Plaintiff,                                     :
                                                   :
v.                                                 :
                                                   :
WAL-MART, INC. AND                                 :
DR. ANTHONY GORDON,                                :
                                                   :
    Defendants.                                    :         DECEMBER 17, 2003

### PLAINTIFF'S THIRD SET OF INTERROGATORIES AND THIRD REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO WAL-MART STORES, INC.

Plaintiff, Marvin Key, by and through undersigned counsel and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, *et seq.*, hereby requests that Defendant, Wal-Mart, Inc., answer the following interrogatories under oath and produce legible copies of all requested documents in the Defendant's possession, custody, or control for inspection and/or copying at the office of the undersigned counsel, or at such other time and place as may be mutually agreed upon by counsel for the purposes of inspection and copying by the Plaintiff.

### DEFINITIONS AND INSTRUCTIONS

A.    Sufficient blank space for inserting a typed response has been provided following each Interrogatory and Production Request. If the space provided should prove insufficient for your entire answer, please retype the Interrogatory or Production Request and provide the entire answer on a separate sheet of paper.

B.    With respect to each Interrogatory and Production Request, in addition to supplying the information requested by identifying the specific document referred to, please identify all documents which you consulted or to which you referred in preparation of your answer.

C.    In lieu of identifying any document in the manner hereinafter prescribed, you may attach the document and all non-identical copies thereof to your answers, and make them available for inspection and copying at the time and place to be agreed upon among counsel for the parties. If this procedure is followed, however, each Interrogatory and Production Request or portion thereof to which the document is intended to respond should be specified in the case of each such document.

D.    Unless otherwise indicated, each Interrogatory and Production Request is not restricted to a particular time period. If the answer to any Interrogatory or Production Request is different for different time periods, please so indicate and answer separately for each such time period.

E.    If any document identified in an answer to an Interrogatory or Production Request was in your possession or subject to your custody or control, but is no longer, or it was known by you to exist, but is no longer in existence, please state what disposition was made of it and its present location, if known.

F.    For the purpose of these Interrogatories, the following definitions shall apply:

1.    "Defendant" means Wal-Mart Stores, Inc. and all persons acting or purporting to act on its behalf whether collectively or individually.

2.    The terms "documents," "record" and the like mean any kind of written, printed, typed, recorded or graphic material however produced or reproduced of any kind or description, including originals, all copies, and all drafts. These terms include, by way of illustration, but are not limited to, the following items, whether printed, recorded, stored or reproduced by any electronic or mechanical process, or written or produced by hand: Agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, studies, notices, reports, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans, drawings, sketches, maps, books, pamphlets, newspaper and periodical articles and clippings, accounting records, invoices, canceled checks, receipts, forms, minutes, computer printouts, microfilm, microfiche, tape recordings, summaries of records or meetings or conferences, summaries or reports of consultants, photographs, motion picture films, brochures, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing in any document and other pertinent

- 2 -

information stored in any information storage or retrieval system, whether mechanical, magnetic, electronic, or otherwise, and all other writings.

3. "Identify," when used with respect to a document, means:

   a. To specify the nature of the document (e.g., letter, memorandum, etc.);

   b. to state the date appearing on the document or, if no date appears, the date on which the document was prepared;

   c. to state the date on which the document was transmitted to each recipient;

   d. to state the number of pages of the document;

   e. to give a brief description of the contents of a document;

   f. to identify each person who wrote, signed, dictated, submitted, reviewed, approved, or otherwise participated in the preparation of the document;

   g. to identify each person who received the document or was an addressee thereof and each person who received a copy of a document;

   h. if the document now exists, to give its location and to identify each person who has custody of it;

   i. if the document does not now exist to state the disposition that was made of it including the date, time, place and method of such disposition, and to identify the person who disposed of it;

   j. to identify separately each attachment to the document in the manner provided in this instruction.

4. "Identify," when used with respect to a person, means to state the person's name, home and business address, home and business telephone numbers, title and dates of employment or contractual relationship with Wal-Mart.

5. The singular shall include the plural and the plural shall include the singular.

6. A masculine, feminine or neuter pronoun shall not exclude the others.

## INTERROGATORIES

1.    Identify each individual who assisted with Defendant's response to these Interrogatories and Requests for Production, by name, title, address and telephone number, indicating which Interrogatories and/or Requests for Production each individual assisted with.

ANSWER:

2.    Describe the investigations, if any, conducted by Wal-Mart into allegations of poor customer service and/or misconduct, including violations of Wal-Mart's rules, policies and/or procedures, as well as any and all disciplinary action taken against, the following employees:

    a.    Dale Ceneviva;

    b.    Jerry Ellis;

    c.    Jeffrey Kroll;

    d.    Phyllis Parmenter;

    e.    Dave Peterson; and

    f.    Jenilu Zboray.

ANSWER:

3.      Identify any and all Wal-Mart Connecticut vision center employees who expressed concern, inquired or complained about performing vision screenings and/or pre-testing and the date(s) upon which they did so.  Please describe any and all subsequent disciplinary action taken against the employee, including discharge and state the reason for such disciplinary action.

ANSWER:

4.      Identify any and all resident optometrists and/or independent contractors performing services in Wal-Mart's Connecticut vision center stores who expressed concern, inquired or complained about Wal-Mart employees performing vision screenings and/or pre-testing.

ANSWER:

5.      Identify and describe any and all steps taken by Wal-Mart to ensure that its use of Connecticut vision center employees to perform vision screenings and pre-testing complied with state law in Connecticut, including state licensing requirements.

ANSWER:

6.      Identify and explain when Chris Adkins and Mike Zimmerman first learned  of any consideration being given to the discharge of Plaintiff, the reason(s) given to Mr. Adkins and Mr. Zimmerman for such consideration, how they were notified and by whom, and their responses.

ANSWER:

7.      State when Chris Adkins and Mike Zimmerman first learned of Plaintiff's discharge, how they were notified and by whom, and the reason(s) given at that time.

ANSWER:

## REQUESTS FOR PRODUCTION

1.      Any and all documents referred to in responding to Defendant's Third Set of Interrogatories.

2.    The personnel files, as well as any and all records of investigations and discipline  that are not included in the personnel files, for the following employees:

      a.     Dale Ceneviva;

      b.     Jerry Ellis;

      c.     Jeffrey Kroll;

      d.     Phyllis Parmenter;

      e.     Dave Peterson; and

      f.     Jenilu Zboray.

3.    Any and all documents, which constitute, refer or relate to Wal-Mart vision  center employees who expressed concern, inquired or complained about performing vision screenings and/or pre-testing identified and/or referred to in response to Interrogatory No. 3, *supra*.

4.    Any and all documents, which constitute, refer or relate to steps taken by Wal-Mart to ensure that its vision centers complied, and comply, with state law in Connecticut, including state licensing requirements.

5.    Any and all documents, which constitute, refer or relate to Defendant's response to Interrogatory No. 6.

Done at Bridgeport, Connecticut this 17th day of December, 2003.

Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATION**

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified

mail, return receipt requested, this 17th day of December, 2003 to all counsel and *pro se* parties

as follows:

> Gregory Reilly, Esq.
> Brown Raysman Millstein Felder & Steiner
> 900 Third Avenue
> New York, NY  10022

Pamela J. Coyne

P:\lit\pjc\523818\001\00037427.DOC

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------------------------------- X
MARVIN KEY,                                    :
                                               :       CIVIL ACTION NO.:
                              Plaintiff,       :       3:03CV144(RNC)
                                               :
              v.                               :
                                               :
WAL-MART, INC. AND DR. ANTHONY                 :
GORDON,                                        :
                                               :
                              Defendants.      :       January 29, 2003
------------------------------------------------------- X
```

### DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD SET
### OF INTERROGATORIES AND THIRD REQUEST FOR
### <u>PRODUCTION OF DOCUMENTS DIRECTED TO WAL-MART STORES, INC.</u>

Pursuant to Fed. R. Civ. P. 34, the defendant, WAL-MART STORES INC. ("Wal-Mart"), by and through its attorneys, hereby provides objections and responses to Plaintiff's Third Set Of Interrogatories And Third Request For Production Of Documents Directed to Wal-Mart Stores, Inc. ("Requests").

## <u>GENERAL INSTRUCTIONS AND CONDITIONS FOR RESPONSES</u>

1.      In responding hereto, Wal-Mart does not waive any objections based on relevance, materiality, competence, privilege, immunity from disclosure, admissibility, and/or any other grounds.

2.      In responding hereto, Wal-Mart does not waive its right to object to the use of any of these responses, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action.

3.     Wal-Mart will answer the Requests specified more particularly below and will make said answers available to Plaintiff, Marvin Key ("Key"), and his attorneys for the purposes of this lawsuit and for no other purpose.

4.     Wal-Mart's responses are limited to those four (4) Wal-Mart stores in Connecticut that had optical departments during the period of Plaintiff's employment with Wal-Mart.

5.     Wal-Mart's responses are limited to the period of Plaintiff's employment with Wal-Mart.

6.     Wal-Mart has exercised due and reasonable diligence in responding to the instant Requests. Wal-Mart reserves the right to supplement and/or amend its responses when and if additional requested information becomes known to it. Wal-Mart further reserves the right to assert any applicable objections to the disclosure of any such additional information.

## GENERAL OBJECTIONS

The following General Objections apply to the Requests as a whole, and each of the responses is made subject to the General Objections.

1.     Wal-Mart objects to the Requests to the extent they are so vague and ambiguous that they do not properly advise Wal-Mart as to the information requested, thereby requiring Wal-Mart to speculate as to the information sought.

2.     Wal-Mart objects to the Requests to the extent they are overly broad and any attempt to respond would be unduly burdensome, unduly expensive, harassing and/or oppressive.

3.     Wal-Mart objects to the Requests to the extent they seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible or relevant evidence.

2

4.    Wal-Mart objects to the Requests to the extent they seek information and/or documents protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege recognized by law.   To the extent privileged information and/or documents are provided by Wal-Mart, in whole or in part, such action by Wal-Mart is without prejudice to and is not a waiver of any subsequent assertion of privilege by Wal-Mart as to the information provided or documents produced or identified.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.    Identify each individual who assisted with Defendant's response to these Interrogatories and Requests for Production, by name, title, address and telephone number, indicating which Interrogatories and/or Requests for Production each individual assisted with.

Objection and Response:

Chris Adkins -    All interrogatories and Document Requests 1, 3 and 5.

Mike Zimmerman -    All interrogatories and Document Requests 1, 3 and 5.

2.    Describe the investigations, if any, conducted by Wal-Mart into allegations of poor customer service and/or misconduct, including violations of Wal-Mart's rules, policies and/or procedures, as well as any and all disciplinary action taken against, the following employees:

a.    Dale Ceneviva;

b.    Jerry Ellis;

c.    Jeffrey Kroll;

d.    Phyllis Parmenter;

e.    Dave Peterson; and

f.    Jenilu Zboray.

Objection and Response: Wal-Mart objects to Interrogatory No. 2 on the grounds set forth in its General Objections 2 and 3. Specifically, the interrogatory is overly broad in that it seeks information concerning any misconduct by the listed employees concerning any alleged violations of Wal-Mart's rules, policies and/or procedures. Without waiving its objections, Wal-Mart states that there were no "investigations" concerning alleged misconduct by the listed individuals, except for an "investigation" relating to theft at Wal-Mart's Bristol, CT store which related to Jeffrey Kroll. There was, however, insufficient evidence suggesting Mr. Kroll had done anything wrong and, therefore, no disciplinary action was taken.

3.    Identify any and all Wal-Mart Connecticut vision center employees who expressed concern, inquired or complained about performing vision screenings and/or pre-testing and the date(s) upon which they did so. Please describe any and all subsequent disciplinary action taken against the employee, including discharge and state the reason for such disciplinary action.

Objection and Response: Wal-Mart objects to Interrogatory No. 3 on the grounds set forth in General Objection No. 2. Specifically, the interrogatory is overly broad and burdensome because Wal-Mart cannot be responsible for providing information about employee inquiries, expressions of concern or complaints if such communications were made among co-workers or third parties, but not conveyed to Wal-Mart's management. Without waiving its objections, Wal-Mart states that during the period of Plaintiff's employment Optician Jeff Kroll ("Kroll") had raised the issue of whether opticians could conduct pre-tests and vision screenings with Christopher Adkins, Wal-Mart's District Manager for Optical. Kroll had raised the issue sometime in early 2001 (date unknown) prior to Plaintiff's termination. Kroll was subsequently disciplined and discharged in November 2001 for harassment. Other than Kroll, Wal-Mart is

4

unaware of any other store employees "who expressed concern, inquired or complained" about vision screenings and/or pre-testing during the period of Plaintiff's employment with Wal-Mart.

4.    Identify any and all resident optometrists and/or independent contractors performing services in Wal-Mart's Connecticut vision center stores who expressed concern, inquired or complained about Wal-Mart employees performing vision screenings and/or pre-testing.

Objection and Response:  Wal-Mart objects to Interrogatory No. 4 on the grounds set forth in General Objection No. 2.  Specifically, the interrogatory is overly broad and burdensome because Wal-Mart cannot be responsible for providing information about employee inquiries, expressions of concern or complaints if such communications were made among third parties, but not conveyed to Wal-Mart's management.  Without waiving its objections, Wal-Mart states that during the period of Plaintiff's employment it is unaware of any resident optician and/or independent contractor who expressed concern, inquired or complained about Wal-Mart's vision screening and pre-testing practices.

5.    Identify and describe any and all steps taken by Wal-Mart to ensure that its use of Connecticut vision center employees to perform vision screenings and pre-testing complied with state law in Connecticut, including state licensing requirements.

Objection and Response:  Wal-Mart objects to Interrogatory No. 5 on the grounds set forth in its General Objections 1, 2, 3 and 4.  Among other grounds for its objections, Wal-Mart states that the issue of what steps Wal-Mart took to ensure its practices were in conformity with Connecticut law is irrelevant to whether its practices actually violated the public policies of the State of Connecticut and providing such information will not reasonably lead to the discovery of admissible evidence at trial.  Without waiving its objections, Wal-Mart states that it complied with Connecticut law by ensuring among other things that its vision center personnel had the proper licenses and

registrations to perform their various job functions. Moreover, Wal-Mart states that after optician Kroll inquired about who could perform vision screenings and pre-testing (see response to Interrogatory No. 3) Chris Adkins discussed the issue with a representative of the Connecticut Department of Health ("CTDOH") who advised him that Wal-Mart could have its opticians (and optician trainees) perform both pre-tests and vision screenings.

6.    Identify and explain when Chris Adkins and Mike Zimmerman first learned of any consideration being given to the discharge of Plaintiff, the reason(s) given to Mr. Adkins and Mr. Zimmerman for such consideration, how they were notified and by whom, and their responses.

Objection and Response:

Subject to its General Objections, Wal-Mart states that Chris Adkins and Mike Zimmerman considered the possible discharge of Plaintiff in early April 2001 after being notified of continuing problems with Plaintiff's job performance by Jerome Ellis. Both Adkins and Zimmerman approved the termination of Plaintiff in early April 2001.

7.    State when Chris Adkins and Mike Zimmerman first learned of Plaintiff's discharge, how they were notified and by whom, and the reason(s) given at that time.

Objection and Response:

Subject to its General Objections, Wal-Mart states that Adkins became aware of Plaintiff's termination for continued performance problems, including customer complaints, in late April 2001 after discussions with Jerome Ellis and Roger Noll. Adkins soon thereafter informed Zimmerman.

## REQUESTS FOR PRODUCTION

1.    Any and all documents referred to in responding to Defendant's Third Set of Interrogatories.

<u>Objection and Response:</u>

No documents were referred to.

2.      The personnel files, as well as any and all records of investigations and discipline
that are not included in the personnel files, for the following employees:

    a.      Dale Ceneviva;

    b.      Jerry Ellis;

    c.      Jeffrey Kroll;

    d.      Phyllis Parmenter;

    e.      Dave Peterson; and

    f.      Jenilu Zboray.

<u>Objection and Response:</u>

Wal-Mart objects to this Request No. 2 on the grounds that:  (1) producing such
documents without the individual employee's consent would be in violation of CT ST 31-128f;
(2) the personnel files of the aforementioned individuals are irrelevant to this litigation because these
individuals are not similarly situated to Plaintiff because they did not have multiple customer
complaints against them and consistent and repeated performance-related problems and coachings;
and (3) Dale Ceneviva's personnel file is irrelevant to this litigation and will not reasonably lead to
the discovery of admissible evidence at trial because Ceneviva was not managed or supervised by
Roger Noll, the person who terminated Plaintiff's employment, and in any event, she was not an
employee at the North Windham, CT store where Plaintiff was employed.

3.      Any and all documents, which constitute, refer or relate to Wal-Mart vision center
employees who expressed concern, inquired or complained about performing vision screenings
and/or pre-testing identified and/or referred to in response to Interrogatory No. 3, *supra.*

<u>Objection and Response:</u>

Wal-Mart objects to this Request No. 3 on the grounds set forth in General Objections Nos. 1 and 2. Without waiving these objections, Wal-Mart states that it has no documentation concerning employees expressing concern, making inquiries or complaining about vision screenings and/or pre-testing during Plaintiff's tenure as a Wal-Mart employee.

4.    Any and all documents, which constitute, refer or relate to steps taken by Wal-Mart to ensure that its vision centers complied, and comply, with state law in Connecticut, including state licensing requirements.

<u>Objection and Response:</u>

*See* response to Interrogatory No. 5.

5.    Any and all documents, which constitute, refer or relate to Defendant's response to Interrogatory No. 6.

<u>Objection and Response:</u>

Subject to its objections, Wal-Mart refers Plaintiff to documents previously produced by Wal-Mart (D001084).

Dated:  New York, New York
        January 29, 2004

Brown Raysman Millstein Felder & Steiner, LLP
Attorneys for Defendant
900 Third Avenue
New York, New York 10022
(212) 895-2000

By: _____
    Gregory B. Reilly (Federal Bar No.: ct07101)

8

## DECLARATION OF SERVICE

The undersigned, being duly sworn, hereby states that he caused a true and correct copy of the annexed Defendant's Responses and Objections to Plaintiff's Second Set of Interrogatories Directed to Wal-Mart Stores, Inc. to be served by telefax and U.S. Mail to Pamela Coyne of Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., 1057 Broad Street, Bridgeport, CT 06604, attorneys for Plaintiff, on this 29th day of January, 2004.

Dated: New York, New York
      January 29, 2004

 

GREGORY B. REILLY
(Federal Bar. No.: ct07101)

# EXHIBIT C

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

**ATTORNEYS AT LAW**

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438      Fax (203) 384-0317
www.durantnic.com

Of Counsel
George N. Nichols

Paralegals
Clara Curneo Koczi
Megan L. Krom

Also admitted in Virginia*
Also admitted in New York**

February 26, 2004

VIA:    *Facsimile 860-275-6410*
*& U. S. Mail*

Kristi E. Mackin, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
185 Asylum Street, 10th Floor
Hartford, CT  06103

Re:    Key v. Wal-Mart, Inc., et al.
       Civil Action No.:  3:03CV144(RNC)

Dear Kristi:

This letter will confirm our telephone conversation yesterday regarding Wal-Mart's objection to Plaintiff's Request for Production No. 2 in his Third Set of Interrogatories and Third Request for Production of Documents. As a preliminary matter, please be advised that despite your claim that you first learned of Plaintiff's request yesterday, the discovery requests were served on December 17, 2003, and Wal-Mart's responses were served on January 29, 2003 (after agreeing to a request for extension by Attorney Reilly). Thereafter, I informally discussed Wal-Mart's objection to Request for Production No. 2 with Attorney Reilly during telephone conversations and in person on February 10, 2004. Accordingly, Wal-Mart has known of Plaintiff's discovery request for approximately ten (10) weeks, and has known of his disagreement with its objection for at least three (3) weeks and still no commitment has been made as to whether or not the documents will be provided.

Although you expressed a willingness to cooperate in an effort to resolve the instant discovery dispute, you stated that Wal-Mart interprets the exception to the consent requirement for disclosure of personnel files for defending "personnel-related complaints against the employer" to be inapplicable. You also opined that Wal-Mart may further object to disclosing information regarding Jerome Ellis, Dale Ceneviva and Jenilu Zboray on the basis that they are not "comparators" to Plaintiff. I suggest you re-read the Magistrate's ruling on Plaintiff's previous motion to compel which addressed and rejected parallel arguments made by Wal-Mart in connection with several other discovery requests.

Kristi Mackin, Esq.                    -2-                    February 26, 2004

You then suggested that Plaintiff issue a subpoena for the personnel files pursuant to Conn. Gen. Stat. § 31-128f(2), to "protect" Wal-Mart should an employee complain about its disclosure of his/her personnel file. I interpret your request for a subpoena as your consent to acceptance of service on behalf of Wal-Mart. Plaintiff will honor your request and will issue a subpoena.

Throughout the conversation, you continued to express your intention to cooperate and suggested that we request an extension of time in which to file a motion to compel. You agreed that Wal-Mart would consent to such a motion. Throughout the conversation, I requested written confirmation from you regarding Wal-Mart's commitment to resolving this dispute and the steps it is willing to take with a specific time limit of March 5 or 8, 2004 for final resolution. You repeatedly denied my request although you did agree that you would get back to me with a firm position one way or the other. Obviously, I will need you to do so in a timely manner, to allow time for me to prepare a motion to compel, if necessary, within the requested extension period.

In conclusion, please be advised that I am issuing a subpoena for the personnel files of Dale Ceneviva, Jerry Ellis, Jeffrey Kroll, Phyllis Parmenter, Dave Peterson and Jenilu Zboray. Further, I am filing a motion on consent for an extension of time in which to file a motion to compel. In the meantime, please keep me apprised of your progress working with Wal-Mart toward resolution of this dispute without court intervention. Thank you for your anticipated cooperation.

Sincerely,

Pamela J. Coyne

Pamela J. Coyne

cc:     Loraine M. Cortese-Costa
P:\general\CTC\523818\001\00038613.DOC

# EXHIBIT D

Issued by the

# UNITED STATES DISTRICT COURT

—————— DISTRICT OF ____ Connecticut ——————

Marvin Key,

   Plaintiff,

          **V.**

Wal-Mart, Inc.,& Dr. Anthony Gordon,

Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:03CV144(RNC)

TO:  Kristi Mackin, Esq.
Brown Raysman, et al
CityPlace II, 10th Floor, 185 Asylum Street
Hartford, CT  06103

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The personnel files, as well as any and all records of investigations and discipline that are not included in the personnel files, for the following employees, Dale Ceneviva, Jerry Ellis, Phyllis Parmenter, Dave Peterson and Jenilu Zboray, and Jeffrey Kroll.

| PLACE | DATE AND TIME |
|---|---|
| Durant, Nichols, Houston, Hodgson & Cortese-Costa, PC 1057 Broad Street, Bridgeport, CT  06604 | March 5, 2004 11:00 a.m. |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Pamela Coyne*   Attorneys for Plaintiff | 2/27/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Pamela J. Coyne, Esq., Durant, Nichols, Houston, Hodgson & Cortese-Costa, PC,
1057 Broad Street, Bridgeport, CT  06604  203-366-3438

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARVIN KEY,** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:03CV144 (RNC)** |
| | : | |
| **v.** | : | |
| | : | |
| **WAL-MART AND DR. GORDON** | : | |
| | : | |
| **Defendants.** | : | **MARCH ___, 2004** |

## <u>AFFIDAVIT OF DALE CENEVIVA</u>

Dale Ceneviva, being duly sworn, says:

1.      I am over the age of eighteen, and I understand and believe in the obligation of an oath.

2.      I am a licensed Optician in the State of Connecticut.

3.      I have been employed by Wal-Mart, Inc. since October 26, 2000.

4.      I was the Manager of the Vision Center in the Bristol Wal-Mart store from October 26, 2000 through October 18, 2003.

5.      I have consistently received good performance evaluations.

6.      In 2002, I was named Manager of the Year.

7.      During my tenure as manager of the Vision Center in the Bristol Wal-Mart, I raised the issue of Opticians performing pre-testing for the resident Optometrist and performing vision screenings as improper under state law on two (2) separate occasions.

8.    I first raised this issue with the resident Optometrist, who told me his/her agreement with Wal-Mart provides for a payment of ten percent (10%) of his/her revenues to Wal-Mart in exchange for these "para-optometric services."

9.    I later discussed my objection to performing pre-testing and vision screenings with the Optometrist and the Vision Center District Manager, Michelle Sullivan.

10.    The Optometrist and Ms. Sullivan told me that Wal-Mart requires Opticians to perform the pre-testing and the vision screenings.

11.    I have known Marvin Key in my professional capacity for approximately 7 years.

12.    I supervised Mr. Key at EyeX for approximately six months.

13.    As a manager, I always found Mr. Key to be a good employee, who is reliable and has very good technical skills.

14.    I am not aware of customer complaints against Mr. Key.

15.    Mr. Key has never given me reason to discipline him, and I have never disciplined him or recommended that Mr. Key be disciplined.

_Dale Ceneviva_
Dale Ceneviva

Subscribed and sworn to before me
this  15  day of March, 2004

_Marilyn Rivera_
Notary Public                    MARILYN RIVERA
My commission expires:_____  NOTARY PUBLIC
                          MY COMMISSION EXPIRES DEC. 31 2007

2

# EXHIBIT 3

| ID | Date | Last | First | Address | City/State | Zip | Phone | Race | Sex | Job Code | Title | Code2 | Title2 | Code3 | End ID | End Date | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2897 | 4/3/2000 | HURLEY | MARYBETH | 887 Marion Rd. | CHESHIRE, CT | 8410 | 203-272-8625 | White | F | | | | Vision Center Mgr | 48200 | | 2897 | ? |
| 2719 | 7/21/2000 | KROL | JEFFREY | P.O. BOX 4141 | OLD LYME, CT | 8371 | 860-345-2124 | W | M | 852 | Licensed Optician | | | | 2719 | 11/27/2001 | GROSS MISCOND-OTHER |
| 2022 | 7/21/2000 | KROL | JEFFREY | P.O. BOX 4141 | OLD LYME, CT | 8371 | 860-345-2125 | W | M | 852 | Licensed Optician | | | | 2719 | 11/27/2001 | GROSS MISCOND-OTHER |
| 2719 | 7/21/2000 | KROL | JEFFREY | P.O. BOX 4141 | OLD LYME, CT | 8371 | 860-345-2126 | W | M | 852 | Licensed Optician | | | | 2719 | 11/27/2001 | GROSS MISCOND-OTHER |
| 2897 | 10/26/2000 | CENEVIVA | DALE | 58 LAKEVIEW ST | MERIDEN, CT | 6451 | 203-634-8007 | W | F | 0 | | | | | 2897 | ? | |
| 2897 | 10/26/2000 | CENEVIVA | DALE | 58 LAKEVIEW ST | MERIDEN, CT | 6451 | 203-634-8008 | W | F | 853 | Lab Technician | | | | 2897 | ? | |
| 2897 | 10/26/2000 | CENEVIVA | DALE | 58 LAKEVIEW ST | MERIDEN, CT | 6451 | 203-634-8009 | W | F | 856 | Licensed Optician | | | | 2897 | ? | |
| 2897 | 10/26/2000 | CENEVIVA | DALE | 58 LAKEVIEW ST | MERIDEN, CT | 6451 | 203-634-8010 | W | F | 856 | Licensed Optician | | | | 2897 | ? | |
| 2719 | 10/21/2000 | CENEVIVA | DALE | 58 Lakeview St. | Meriden | 6451 | 203-634-8011 | White | F | | | | Vision Center Mgr | 48200 | | 2719 | ? |
| 2719 | 3/13/2001 | TOLMACHOV | TAMARA | 1-B TALCOTT FOREST ROAD | FARMINGTON, CT | 6032 | 860-678-0329 | W | F | 853 | Lab Technician | | | | 2719 | ? | |
| 2896 | 9/26/2000 | TURRO JR | JOSEPH | 55 MOUNTAIN ST | DERBY, CT | 6418 | 860-735-1943 | W | M | 852 | Optical Trainee | | | | 2896 | ? | |
| 2896 | 9/26/2000 | TURRO JR | JOSEPH | 55 MOUNTAIN ST | DERBY, CT | 6418 | 860-735-1944 | W | M | 853 | Lab Technician | | | | 2896 | ? | |
| 2896 | 9/26/2000 | TURRO JR | JOSEPH | 55 MOUNTAIN ST | DERBY, CT | 6418 | 860-735-1945 | W | M | 866 | ? | | | | 2896 | ? | |
| 2022 | 6/25/2000 | FLANNERY | JANNA | 23 KENDALL ST APT 1-R | WORCESTER, MA | 1655 | unknown | W | F | 853 | Lab Technician | | | | 2022 | ? | |
| 2897 | 4/20/2000 | HYATT | VICTORIA | 7 RODGERS DR | MERIDEN, CT | 6450 | 860-630-1842 | W | F | 852 | Optical Trainee | | | | 1970 | 7/10/2002 | DISSAT-WALKED OFF JB |
| 2897 | 4/20/2000 | HYATT | VICTORIA | 7 RODGERS DR | MERIDEN, CT | 6450 | 860-630-1843 | W | F | 853 | Lab Technician | | | | 2897 | 1/20/2001 | ATTEND SCHOOL |
| 2897 | 1/4/2000 | BLANCHARD | MARK | 2 CHERRY HILL COURT | FARMINGTON, CT | 6032 | | W | M | 854 | Optical Trainee | | | | 2897 | 1/20/2001 | ATTEND SCHOOL |
| 2719 | 4/17/1991 | KELLY | PAUL | HC62 BOX 463 | HONESDALE, PA | 18431 | unknown | W | M | 856 | Licensed Optician | | | | 2719 | 3/21/2001 | INABILITY TO PERFORM |
| 2896 | 7/21/2000 | ARMSTRONG | ELWOOD | 667 JEWETT AVE | BRIDGEPORT, CT | 6606 | 860-876-8855 | W | M | 856 | Licensed Optician | | | | 2490 | ? | |
| 2022 | 12/28/1993 | ZBORAY | JENILU | 208 ROANOKE AVE | WILLIMANTIC, CT | 6226 | 860-428-5263 | W | F | 813 | | | | | 2896 | 11/8/2001 | GROSS MISCOND-OTHER |
| 2022 | 12/28/1993 | ZBORAY | JENILU | 208 ROANOKE AVE | WILLIMANTIC, CT | 6226 | 860-428-5264 | W | F | 854 | Optical Trainee | | | | 2022 | ? | |
| 2022 | 12/28/1993 | ZBORAY | JENILU | 208 ROANOKE AVE | WILLIMANTIC, CT | 6226 | 860-428-5265 | W | F | 866 | ? | | | | 2022 | ? | |
| 2896 | 5/31/1991 | ADKINS | CHRISTOPHER | 4629 A Hardy Dr. | Suffolk | 23435 | 757-686-0340 | White | M | | | 833073 | District Manager, Spec Group | | | 2896 | ? |
| 2896 | 5/31/1991 | ADKINS | CHRISTOPHER | 4629 A Hardy Dr. | Suffolk | 23435 | 757-686-0341 | White | M | | | 833073 | District Manager, Spec Group | | | | |
| 2897 | 2/13/2000 | ORTIZ | JENNIFER | 92 NICHOLAS DRIVE | BRISTOL, CT | 6010 | 860-284-8821 | HIS | F | 854 | Optical Trainee | | | | 2897 | 3/1/2001 | LACK OF WORK |

D001900

# EXHIBIT 4

# 4

**Wednesday**
**April 2001**

|  | S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|---|
|  | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|  | 8 | 9 | 10 | 11 | 12 | 13 | 14 |
|  | 15 | 16 | 17 | 18 | 19 | 20 | 21 |
|  | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|  | 29 | 30 |  |  |  |  |  |

✓ Task Completed
→ Planned Forward
✗ Task Deleted
◇✓ Delegated To
○ In Process

March 2001    May 2001

## ↓ ABC Prioritized Daily Task List

## Appointment Schedule

8  Phyllis Cote
   12:15 PM

9

10

11

12

1

2  Chris Atkins & Mike
   Zimmerman visited the
3  store.

4  spoke to Drew about
   letting Martin go. for
5  customer issues, they said yes.

6  left

7

8

## Daily Expenses

© 1998 Franklin Covey Co.    www.franklincovey.com    Original-Classic

**D 001084**

# EXHIBIT 5

# 6

**Friday**
**April 2001**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | | | | | |

**March 2001**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

**May 2001**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 | | |

✓ Task Completed
→ Planned Forward
✗ Task Deleted
○ Delegated Task
● In Process

## ↓ ABC Prioritized Daily Task List

Doctor Away

2 PM VOICE
CONFERENCE

**Appointment Schedule**

8

9

10

11

12

1

2 called to Chris Atkins
Concerning release of
3 prisoner, he said he
needed to call Roger and
4 would get back to me

5 then called back and
said I need to sit
down with Roger
8 right when I go
over the situation

## Daily Expenses

© 1999 Franklin Covey Co.        www.franklincovey.com        Original-Classic

D 001088



Monthly Focus: Values—
Are the things you value
most governing your
decisions?

*A person reveals his character by nothing
so clearly as the joke he resents.*
— G. C. Lichtenberg

**6**
Friday
April 2001

## Daily Record of Events

96th Day  269 Left  Week 14

New store 2184 Seekonk  Heather

Review all Coachings and decide if it is
possible to terminate.

Saw Roger, he said he'd sit down with
me Sat. and during the week to discuss
Marvin.

→ We need to make sure all CT stores are at
state standards for when Marvin gets terminated
he doesn't cause any trouble.

© 1998 Franklin Covey Co.          www.franklincovey.com          Original-Classic

**D 001089**