UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------- X
MARVIN KEY,                                                :
                                                           :   CIVIL ACTION NO.:
                    Plaintiff,                             :   3:03CV144(RNC)
                                                           :
           v.                                              :
                                                           :
WAL-MART, INC. AND DR. ANTHONY                             :
GORDON,                                                    :
                                                           :
                    Defendants.                            :   MARCH 31, 2004
---------------------------------------------------------- X

## MOTION FOR EXTENSION OF TIME

Defendants Wal-Mart Stores, Inc. ("Wal-Mart") and Dr. Anthony Gordon, respectfully request an extension of time up to and including two weeks after the Court's resolution of the issues set forth in the Defendants' Motion to Preclude and/or to Strike (filed simultaneously with this Motion) to file its Reply to the Plaintiff's Motion in Opposition to Defendants' Motion for Summary Judgment and in Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment (the "Opposition"). The defendants' Reply is currently due on April 5, 2004. As set forth more fully in defendants' Motion to Preclude and/or to Strike, plaintiff's Opposition presents a host of evidentiary and discovery issues that must, in fairness, be resolved before the defendants can properly craft a reply.

Plaintiff's Opposition contains an affidavit from David Fabricant, Esq., a "fact witness" who formerly served as plaintiff's counsel in the underlying administrative charge filed with

1

the Connecticut Commission on Human Rights and Opportunities. Attorney Fabricant was only disclosed to the defendants by way of a supplemental "initial disclosure" on March 9, 2004 – over two months <u>after</u> the close of discovery and a mere six days before plaintiff's due date to file his Opposition. The "initial disclosure" also presents a page of notes from a meeting Attorney Fabricant had with Jeff Krol, a former Wal-Mart employee who had worked with plaintiff. These notes, upon which plaintiff heavily relies to support his race discrimination claims, are comprised entirely of hearsay. Moreover, plaintiff's own counsel in this matter has submitted an affidavit in support of her client's Opposition that contains substantive testimony. In addition to the fact that plaintiff's counsel is not a fact-witness, this affidavit is troubling because it is laden with hearsay and, perhaps more disturbingly, contains little more than unsupported conclusions made by counsel designed to prejudice the defendants.

It would be extremely unfair to leave the defendants in a position where they must respond to these egregiously untimely, speculative hearsay statements by April 5, 2004. First, the defendants have requested that plaintiff forward remaining information regarding the matters it is just disclosed. Only after a review of these documents will the defendants be able to determine whether additional discovery will be required in order to thoroughly address plaintiff's new assertions. At the time of this filing, plaintiff has not agreed to forward such information, so it is possible that the defendants will need to seek the intervention of the court to resolve this issue as well. Second, it is unfair that the defendants will have to rebut documents in the Opposition that are more than likely to be stricken. Third, the defendants have had to use significant amounts of the time the Court provided for the defendants to craft

2

their reply to instead address the tactics of plaintiff's counsel. Fourth, plaintiff should not benefit from failing to comply with the rules of discovery, especially since he has been so critical of the defendants' every move and has on numerous occasions accused Wal-Mart of abusing discovery. Defendants' counsel has attempted to discuss these issues with plaintiff's counsel in a telephone conference and letter, but plaintiff has not responded to these attempts.

While these issues, discussed in detail in defendants' Motion to Preclude and/or Strike, are reason enough to grant an extension of time, there are additional reasons why defendants' counsel may need additional time. Both of Defendants' counsel working on this matter must attend to personal matters between now and April 5, 2004, and each expects to be out of the office for a day or more.

Plaintiff's counsel has not replied to our attempts to ascertain their position on this extension. This is the first request for an extension with regard to the filing of the reply.

DEFENDANTS WAL-MART STORES, INC. and
DR. ANTHONY GORDON


By: _____
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
Brown Raysman Millstein Felder & Steiner LLP
185 Asylum Street, 10th Floor
Hartford, CT 06103
(860) 275-6400

Joel L. Finger(ct06114)
Brown Raysman Millstein Felder & Steiner LLP
900 3rd Avenue
New York, NY 10022

## CERTIFICATE OF SERVICE

This is to certify that on this 31st day of March, a true copy of the foregoing was sent via facsimile and first-class mail, postage prepaid, to:

Loraine M. Cortese-Costa, Esq.
Pamela Coyne, Esq.
Durant, Nichols, Houston,
  Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT  06804

_/s/ Kristi E. Mackin_
Kristi E. Mackin