# EXHIBIT A

# B R **O** W N R A Y S M A N

**BROWN RAYSMAN MILLSTEIN FELDER & STEINER**ᴸᴸᴾ

Kristi E. Mackin
860-275-6417
kmackin@brownraysman.com

March 29, 2004

<u>VIA FACSIMILE AND</u>
<u>FIRST CLASS MAIL</u>
Lorraine Cortese-Costa, Esq.
Pamela J. Coyne, Esq.
Durant, Nichols, Houston,
 Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT 06604-4319

        Re:    Key v. Wal-Mart Stores, Inc.
               <u>CV No. 3:03CV144(RNC)</u>

Dear Attorneys Cortese-Costa and Coyne:

        Your client's recent disclosure of David Fabricant's notes regarding his meeting with Jeff Krol in February 2002, and submission of other inadmissible evidence in support of his papers in opposition to Wal-Mart's motion for summary judgment raises serious issues. I spoke about most of these issues with Pam Coyne on March 19, 2004, at which time she indicated she would consider them and get back to me. I did not receive a response. On March 24, in a conversation regarding another matter, Attorney Coyne seemed unclear as to all of the issues, and, since there are a number of them, I offered to send a letter to follow up with our concerns in writing.

        Wal-Mart has sustained serious prejudice due to the combination of the late disclosure of David Fabricant and his notes and the inclusion of inadmissible "evidence" in Mr. Key's opposition papers. In light of the significance of these issues, they must be resolved prior to Wal-Mart's filing of its brief in reply to Mr. Key's opposition papers. Accordingly, Wal-Mart will be moving to extend the time we have to file a reply to two weeks after the full resolution of the matters set forth below. Please let us know if you will object to this motion by no later than 3:00 p.m. on Tuesday, March 30, 2004.

        Turning to the substantive matters at hand, the late disclosure of David Fabricant and his meeting notes with Jeffrey Krol - sent six days before plaintiff filed the Opposition papers and

Lorriane Cortese-Costa, Esq.
Pamela Coyne, Esq.
March 29, 2004
Page 2 of 3

two months after the close of discovery - reeks of the discovery-by-ambush tactics that the
Federal Rules are designed to prevent. Attorney Coyne's attempt to defend this late disclosure
on the basis that she provided David Fabricant's name and notes as "soon as she got it" is absurd.
Attorney Fabricant represented your client in the initial stages of his proceedings in this matter.
His involvement was no secret to you or your client. If you do not willingly remove the affidavit
and notes from the Opposition, we will be forced to act to preclude it, and to request sanctions.

As if the lateness of the disclosure of Fabricant's notes in and of itself is not enough to
warrant their preclusion from this case, they must be excluded for another reason as well. The
notes are entirely comprised of hearsay and thus cannot be used as evidence in support of Mr.
Key's opposition to summary judgment.

Your firm's disclosure (and use of them in your client's opposition papers) of Attorney
Fabricant's notes raises other serious concerns as well. Mr. Fabricant admits in his affidavit that
he took the notes in the course of Jeff Krol's solicitation of legal advice. Thus, it appears that by
disclosing the substance of his meeting with Mr. Krol and his notes of that meeting, he (and your
firm) may have violated the attorney-client privilege. If Mr. Krol knowingly waived the
attorney-client privilege before his death, please provide us with evidence of the waiver. If there
was no such waiver, you have placed my firm and me in the uncomfortable position of
determining whether your and Attorney Fabricant's disclosure of attorney-client protected
material is an ethical violation that must be reported to the ethics committee. See, e.g.,
Connecticut Rules of Professional Conduct, Rules 1.6 and 8.3. Regardless of whether the
disclosure was proper, the notes have, in fact, been disclosed. Courts in this Circuit adhere to the
long-standing rule that testimony as to part of a privileged communication in fairness requires
production of the remainder of the communication. Thus, we are now entitled to Attorney
Fabricant's entire file on this matter. We expect that you will immediately forward any and all
documents, statements, recordings, bills, correspondences, or other materials, regarding his
meeting(s) with Jeff Krol, and/or any other remaining documents that you have not yet disclosed.

Similarly, immediately forward to us any and all documents relating to any and all of
Attorney Coyne's discussion(s) with Dale Ceneviva, including but not limited to notes, affidavit
drafts, e-mails, correspondences, memoranda, and/or any other materials referring to, related to,
or regarding the conversation(s). These conversations are not privileged. Even if they had been,
by filing an affidavit testifying about her conversation with Ms. Ceneviva, Attorney Coyne
waived any protection provided by the work-product doctrine or other privileges and has clearly
made her discussions a subject of disclosure. Pursuant to the "fairness doctrine," courts maintain
a vested interest in preventing selectively disclosed and potentially misleading evidence from
coming into play. Once we review the production, we will determine whether we will seek leave
of the Court to depose Attorney Coyne regarding the portions of her conversation with Ms.
Ceneviva that were not disclosed in her affidavit, or conduct other additional discovery.

As with Attorney Fabricant's affidavit and notes, Attorney Coyne's affidavit is troubling
for more than one reason. It is improper for an attorney to cross the line of advocacy and render

HARTFORD 84145v1

Lorriane Cortese-Costa, Esq.
Pamela Coyne, Esq.
March 29, 2004
Page 3 of 3

fact testimony in a matter in which he or she is representing a party.  See, e.g., the ABA Model Code of Ethics, Rule 3.7; Connecticut Rules of Professional Conduct, Rule 3.7.  Please clarify whether Attorney Coyne intends on continuing to serve as a fact witness.  If so, we reserve all rights to seek the removal of your firm as counsel in this case.  Otherwise, we expect that she will withdraw her affidavit.

I would be remiss if I did not address inappropriate nature of Attorney Coyne's conclusory and unsupported implications that Wal-Mart re-hired Ms. Ceneviva in some type of conspiracy against your client (see Plaintiff's Opposition Brief, fn 17; Affidavit of Pamela Coyne, ¶¶ 12-13).  Not only does Attorney Coyne present this argument to the Court without evidence or support, it is completely based upon Attorney Coyne's speculation and is simply wrong.  To create this fiction, it is evident that Attorney Coyne handpicked certain tidbits of a conversation she and I had to the convenient exclusion of others.  As I told Attorney Coyne during the same conversation she partially describes in her affidavit, Ms. Ceneviva had already grieved her termination through Wal-Mart's Open Door policy and, at that time, was being considered for reinstatement.  Thus, her re-hire was in the works before Attorney Coyne ever addressed the matter with me.

In order to avoid substantial motions seeking sanctions against you and your client, plaintiff must immediately agree to submit new papers without Attorney Fabricant's notes and affidavit as well as the Affidavit of Attorney Coyne.  In addition, we will expect immediate production of Attorney Fabricant's meeting(s) with Jeff Krol and Attorney's Coyne's conversation(s) and/or meeting(s) with Dale Ceneviva, including without limitation, all notes, memoranda, recordings, messages, facsimiles and/or e-mails.

Very truly yours,

Kristi E. Mackin

cc:    Mitchell L. Fishberg, Esq.
       Pamela Coyne, Esq.

# EXHIBIT B

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

**ATTORNEYS AT LAW**

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438      Fax (203) 384-0317
www.durantnic.com

Of Counsel
George N. Nichols

Paralegals
Clara Curneo Koczi
Megan L. Krom

Also admitted in Virginia*
Also admitted in New York**

March 31, 2004

*Via Facsimile (860) 275-6410*
*& U.S. Mail*

Kristi E. Mackin, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
185 Asylum Street, 10th Floor
Hartford, CT  06103

Re:   Key v. Wal-Mart, Inc., et al.
      Civil Action No.:  3:03CV144(RNC)

Dear Ms. Mackin:

We are in receipt of your letter dated March 29, 2004 in which you threaten to report us and Attorney David Fabricant to the Statewide Grievance Committee in connection with a demand that we withdraw a substantial part of Plaintiff's opposition to Defendant's motion for summary judgment in the above-captioned matter. Although the adage about desperate times and desperate measures seems most applicable here, we will refrain from commenting upon the counterproductive character assassination and attempts at scare tactics that appear to have become the final resort for a crumbling defense.

First, to address your statements regarding your recent telephone communications with Attorney Coyne: On March 19, 2004, you raised two issues: (1) Attorney Fabricant's affidavit and a variety of objections to it as well as a request to take his deposition; and (2) an extension of time in which to respond to Plaintiff's opposition to Wal-Mart's motion for summary judgment. Attorney Coyne replied that Plaintiff would not agree to anything, but would take your points under consideration. On March 24, when you asked whether Attorney Coyne had anything to add with respect to either of the issues you raised previously, Attorney Coyne asked specifically which point you were inquiring into, and you offered to put your request for consideration in writing. She agreed that a written request was acceptable, but that Plaintiff was

Kristi E. Mackin, Esq.
March 31, 2004
Page 2

not agreeable to any extension of time. As to your representation that you advised Attorney Coyne that Ms. Ceneviva had already grieved her termination through the Open Door Policy when the two of you discussed her as a comparator to Plaintiff, that is simply false. You never discussed Ms. Ceneviva's grievance or request for reinstatement in any way at any time with Attorney Coyne.

Second, with respect to your statements regarding the late disclosure of Attorney Fabricant as a witness, we would remind you that Attorney Fabricant was identified in no less than seven documents forwarded in Plaintiff's Initial Disclosures as well as Plaintiff's Memorandum of Law In Support of his first motion to compel discovery dated August 22, 2003. In light of Wal-Mart's consistently late and incomplete disclosures that have been well-documented in this case, your accusations of "discovery-by-ambush tactics" against us are frankly incongruous.

Third, with respect to your threats and allegations regarding "attorney impropriety," those will never cause us to take any act detrimental to our client's interests at your behest. The communications of Mr. Krol that were disclosed are not attorney-client privileged and do not fall within Rule 1.6 because Attorney Fabricant was (as is quite apparent from his notes) also interviewing Mr. Krol as a potential witness in Mr. Key's case against Wal-Mart. Mr. Krol had no reason or desire to have any of those statements kept confidential and the attorney-client privilege is not one which can be invoked by Wal-Mart in furtherance of its desire to prevent evidence from reaching the factfinder in this case. As to Ms. Coyne's interview of Ms. Ceneviva as a potential witness and her affidavit which merely points to the existence of evidence in opposition to Wal-Mart's motion for summary judgment, your analysis is so flawed that it prohibits response. Obviously, the witness is Ms. Ceneviva not Attorney Coyne.

Finally, with respect to your various demands for additional discovery, withdrawal of pleadings, etc., without waiving Plaintiff's right to object or seek appropriate remedies and sanctions, we suggest that you follow the rules and make those requests to Judge Chatigny. As Attorney Coyne has indicted to you several times, Plaintiff consents to no extensions of time.

Very truly yours,

Loraine M. Cortese-Costa

LMC-C/jvd
P:\general\LCC\523818\001\00039159.DOC

# EXHIBIT C

# WAL ★ MART®

**Date:** 1/31/02    **No. of Pages:**

**To:** David Fabricant

**Department:** Rotella & Fabricant.

**Phone Number:** 442-0321.

**Fax Number:** ~~5~~ 1-860- 442.3286

**From:** Walmart - N. Windham.

**Department:** Personnel Dept.

**Phone Number:** 860:456-4399

**Fax Number:**

**Subject and Comments:**

Marvin Keys Personnel file.

000010

# WAL★MART®

**Date:** 1/31/02    **No. of Pages:**

**To:** David Fabricant

**Department:** Rotella & Fabricant.

**Phone Number:** 442-0321.

**Fax Number:** ~~860-442-3286~~ 1-860- 442.3286

**From:** Walmart - N. Windham.

**Department:** Personnel Dept.

**Phone Number:** 860: 456-4399

**Fax Number:**

**Subject and Comments:**

Marvin Keys Personnel file.

000029

# LAW OFFICES
## ROTELLA & FABRICANT
199 BROAD STREET
P. O. BOX 1349
NEW LONDON, CONNECTICUT 06320

TELEPHONE (860) 442-0321
TELEPHONE (860) 447-0001
FAX (860) 442-3286

PETER W. ROTELLA
DAVID M. FABRICANT

EILEEN L. FARGO, PARALEGAL
DEBORAH A. RIVARD, PARALEGAL

**VIA FAX**  501-277-5991
January 28, 2002

Cara Rose, Paralegal
Legal Team - Walmart Corp.
702 S.W. 8th Street
Bentonville, Arkansas  72716

Re:  Our Client - Marvin Key

Dear Ms. Rose:

Enclosed is a copy of our correspondence to Walmart dated 6/19/01 with an authorization to obtain my client's personnel file.  Kindly forward Mr. Key's employment file upon receipt of this letter.

Very truly yours,

David M. Fabricant

DMF:ef
Enclosures
Hard Copy U.S. Mail

**000034**

LAW OFFICES

## ROTELLA & FABRICANT
199 BROAD STREET
P. O. BOX 1349
NEW LONDON, CONNECTICUT 06320

TELEPHONE (860) 442-0321
TELEPHONE (860) 447-0001
FAX (860) 442-3286

PETER W. ROTELLA
DAVID M. FABRICANT

EILEEN L. FARGO, PARALEGAL

October 1, 2001

Dept. of Labor
State of Connecticut
WAGE AND WORKPLACE
STANDARDS DIVISION
200 Folly Brook Blvd.
Wethersfield, CT 06109

Re: Our Client - Marvin Key

Dear Sir/Madame:

I represent Mr. Marvin Key. Since June 19, 2001, when I first wrote to Walmart, North Windham, CT, I have been attempting to obtain Mr. Key's Personnel File pursuant to C.G.S. Section 31-128a. On August 8, 2001, I sent a letter by certified mail, return receipt requested. It was signed for on August 18, 2001. I still have not received compliance with my request. Copies of both requests are enclosed.

I hereby file a complaint on behalf of my client against Walmart and ask for your intervention.

Very truly yours,



000035

LAW OFFICES
# ROTELLA & FABRICANT
199 BROAD STREET
P. O. BOX 1349
NEW LONDON, CONNECTICUT 06320

TELEPHONE (860) 442-0321
TELEPHONE (860) 447-0001
FAX (860) 442-3286

PETER W. ROTELLA
DAVID M. FABRICANT

EILEEN L. FARGO, PARALEGAL

August 8, 2001

CERTIFIED MAIL.
RETURN RECEIPT REQUESTED.
7099 3400 0009 0346 0062

Walmart Supercenter
Store 2022
474 Boston Post Road
North Windham, CT   06256

## ATTENTION: PERSONNEL DEPT.

Re:   Our Client:  Marvin Key

Gentlemen:

Enclosed is a copy of my earlier request for Mr. Key's personnel file.  Please abide by State Law and provide these documents to me in a timely fashion.

Very truly

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly)   B. Date of Delivery<br>8-18-0<br>C. Signature<br>x Cindy Colá   □ Agent  □ Addressee<br>D. Is delivery address different from item 1?  □ Yes<br>If YES, enter delivery address below:  □ No |
| 1. Article Addressed to:<br>Walmart Supercenter<br>Store 2022<br>474 Boston Post Road<br>North Windham, CT 06256 | 3. Service Type<br>XX Certified Mail   □ Express Mail<br>□ Registered   □ Return Receipt for Merchandise<br>□ Insured Mail   □ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   □ Yes |
| 2. Article Number (Copy from service label)   7099 3400 0009 0346 0062 | |
| PS Form 3811, July 1999   Domestic Return Receipt | 102595-99-M-1789 |

**000036**

LAW OFFICES

# ROTELLA & FABRICANT

199 BROAD STREET
P. O. BOX 1349
NEW LONDON, CONNECTICUT 06320

TELEPHONE (860) 442-0321
TELEPHONE (860) 447-0001
FAX (860) 442-3286

PETER W. ROTELLA
DAVID M. FABRICANT
ERIC P. SANTORO

June 19, 2001

Walmart Supercenter
Store 2022
474 Boston Post Road
North Windham, CT 06256

**ATTENTION:  PERSONNEL DEPT.**

Re:  Our Client - Marvin Key

Dear Sir/Madame:

This office represents your former employee, Marvin Key.   Please send me Mr. Key's Personnel File as defined by and pursuant to Connecticut General Statutes 31-128a.  A release is enclosed authorizing you to provide me with this information.

Very truly yours,

David M. Fabricant

DMF:ef
Enclosure

**000037**

TO: WALMART SUPERCENTER STORE 2022

474 Boston Post Road

No. Windham, CT   06256

Re: Marvin Key
NAME OF EMPLOYEE

96B River Avenue
ADDRESS

NOrwich, CT   06360

S.S.# 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

*You are hereby requested and authorized to furnish to my Attorney* David M. Fabricant

Mail to: { *whose address is* ROTELLA & FABRICANT, 199 Broad Street, P.O. Box 1349, New London, CT 06:

*or to my attorney's representative, any information you may have regarding my past or present employment. Please provide copies of any records along with any other requested information. I would appreciate your full cooperation.*

*Employee*

**Additional Remarks:**

I hereby authorize you to release to Attorney Fabricant, a complete copy

of my employment personnel file.

MARVIN KEY

**000038**

# EXHIBIT D

FILED

2003 AUG 25 P 12:

US DISTRICT COURT
HARTFORD CT

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MARVIN KEY,                          :

     Plaintiff,                     :          **CIVIL ACTION NO.**
                        :          **3:03CV144 (RNC)**
                        :

v.                                   :

WAL-MART, INC. and                   :
DR. ANTHONY GORDON,                  :

     Defendants.                    :          **AUGUST 22, 2003**

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO COMPEL DISCOVERY
## AND FOR RELATED RELIEF

     Plaintiff, by and through his undersigned counsel, submits this memorandum of law in support of his motion to compel discovery and for related relief.

**Nature of Action**

     Plaintiff was employed by Wal-Mart as a Licensed Optician in its North Windham, Connecticut store until he was discharged in or about May of 2001. Wal-Mart claims he was discharged due to a customer complaint. Plaintiff claims he was discharged, in part, for failing to assist Wal-Mart in its deceit of customers who were encouraged to obtain "vision screenings" and who were provided with eye health detection testing by personnel such as Plaintiff licensed as Opticians but not licensed to perform the tests Wal-Mart was having them perform. Discharge for this reason, he claims, was improper based upon Connecticut's public policy as set forth in

the Connecticut Unfair Trade Practices Act and its licensing statutes and actionable as a wrongful discharge as well as a violation of an implied contract of employment and for negligent misrepresentation.   Plaintiff also claims that he was discharged because of his race and for complaining about racial remarks made by the resident Optometrist in the North Windham vision center where Plaintiff worked just a few days prior to his discharge.

## **Background**

On May 6, 2003, Plaintiff served his First Set of Interrogatories and Requests for Production of Documents (Exhibit A to Affidavit of Counsel served herewith[1]) upon Defendant, Wal-Mart, in the captioned matter.  (Aff. of Counsel, ¶ 2).

After requesting and receiving two extensions of time through July 11, 2003 to respond, Plaintiff, on July 16, 2003, sixty-six days after serving his requests, received a response to one (1) of his twenty (20) interrogatories and (5) of sixteen (16) Requests for Production.   The documents supplied consisted of three versions of Wal-Mart's employee handbook, five versions of a job description for an Optician, various training materials and corporate EEO policies with no direct relation to any of Plaintiff's claims.  (Aff. of Counsel, ¶3 and Exhibit B thereto).

On July 23, 2003, the day prior to Plaintiff's deposition at 2:00 p.m., counsel for Wal-Mart faxed twenty-five pages (Exhibit C to Aff. of Counsel) to Plaintiff's counsel which purported to be a compilation of notes written by Plaintiff's supervisor about him during his

---

[1]   Hereinafter "Aff. of Counsel".

employment with Wal-Mart. Wal-Mart's counsel asked Plaintiff a series of questions at his deposition relating to those notes. The notes had not been provided to Plaintiff in the documents received from Wal-Mart on July 16 despite Plaintiff's request (Exhibit A to Aff. of Counsel, RFP 16) for "any and all documents which refer or relate to Plaintiff which were not contained in the personnel file forwarded to Plaintiff's counsel, David Fabricant." Plaintiff had initially requested a copy of his personnel file from Wal-Mart through his then counsel David Fabricant on June 19, 2001. After intervention of the Connecticut Department of Labor, it was finally sent to Mr. Fabricant on January 31, 2002 (Exhibit D to Aff. of Counsel); it did not include copies of the purported supervisory notes. The documents were not listed in Wal-Mart's Initial Disclosure. (Aff. of Counsel, ¶4).

By letter dated July 28, 2003 to Wal-Mart's counsel, Plaintiff's counsel reiterated Plaintiff's need for the information requested, the reasons why and concluded with a request for quick resolution "as the lack of any directly relevant information makes it impossible for Plaintiff's counsel to formulate appropriate follow up or to make informed decisions about depositions in a timely manner." (Aff. of Counsel, ¶5 and Exhibit E thereto).

On August 7, 2003, Plaintiff's counsel had a telephone conference with Wal-Mart's counsel regarding the discovery disputes. Wal-Mart's counsel agreed to provide the information requested in Interrogatories 15, 18, 19 (limited to management employees) and 20 and in response to Requests for Production 5, 6, 7, 10, 11, 13 and 14 (the latter for management employees only). He agreed to provide that information requested in Interrogatory 16 and

# EXHIBIT E

LAW OFFICES

# ROTELLA & FABRICANT

199 BROAD STREET
P.O. BOX 1349
NEW LONDON, CONNECTICUT 06320

------------------------

TELEPHONE (860) 442-0321
TELEPHONE (860) 447-0001
FAX (860) 442-3286

PETER W. ROTELLA, ESQ.
DAVID M. FABRICANT, ESQ.

EILEEN L. FARGO
PARALEGAL

February 9, 2004

Attorney Loraine M. Cortese-Costa
Durant, Nichols, Houston,
Hodgson & Cortese-Costa
1057 Broad Street
Bridgeport, CT 06604-4219

Re: Marvin Key
Vs: Wal-Mart, Inc, et al

Dear Loraine:

    I noticed that the subject of Jeffrey Krol (now deceased) has come up. I do have some specific information concerning his dealings with Wal-Mart. Please call if you would to discuss this.

Very truly yours,

David M. Fabricant

DMF:ef
Copy Via Fax 203-384-0317