UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
| | : CIVIL ACTION NO. |
| Plaintiff, | : 3:03CV144 (RNC) |
| | : |
| v. | : |
| | : |
| WAL-MART, INC. and | : |
| DR. ANTHONY GORDON, | : |
| | : |
| Defendants. | : April _19_, 2004 |

### PARTIES' JOINT STATUS MEMORANDUM

As per Judge Chatigny's Order Regarding Case Management Plan dated May 30, 2003, the parties hereby submit their joint status memorandum with reference to the matters set forth in Rule 16(c) of the Federal Rules of Civil Procedure:

(1) the formulation and simplification of the issues, including the elimination of frivolous claims or defenses;

The parties expect that issues will be narrowed after a decision on their motions for summary judgment.

(2) the necessity or desirability of amendments to the pleadings;

Neither party intends to amend the pleadings at this time.

(3) the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence;

This can be more efficiently addressed after the Court's decisions on the pending motions for summary judgment.

(4)     the avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence;

This can be more efficiently addressed after the Court's decisions on the pending motions for summary judgment.

(5)     the appropriateness and timing of summary adjudication under Rule 56;

Both parties have submitted motions for summary judgment. Defendants' reply to Plaintiff's opposition to Defendant's motion for summary judgment is due on May 7, 2004.

(6)     the control and scheduling of discovery, including orders affecting disclosures and discovery pursuant to rule 26 and rules 29 through 37;

Discovery is now closed.

(7)     the identification of witnesses and documents, the need and schedule for filing and exchanging pre-trial briefs, and the date or dates for further conferences and for trial;

The parties believe this issue cannot be effectively addressed until after a decision on their motions for summary judgment.

(8)     the advisability of referring matters to a magistrate judge or master;

The parties have consented to referrals to a magistrate judge or master for purposes of resolving discovery disputes and settlement but do not agree to trial before a magistrate judge.

(9)     settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule;

There does not appear to be any reasonable possibility of settlement at this time.

(10)   the form and substance of the pretrial order;

The parties believe this issue would be more effectively addressed after a decision on their motions for summary judgment.

(11)   the disposition of pending motions;

There is currently pending (and undecided) before the Court:

    (a)   Plaintiff's motion for summary judgment;

    (b)   Defendants' motion for summary judgment;

    (c)   Defendants' motion for protective order;

    (d)   Defendants' motion to strike and/or preclude.

(12)   the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions or unusual proof problems;

N/A.

(13)   an order for a separate trial pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or with respect to any particular issue in the case;

N/A.

(14)   an order directing a party or parties to present evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment or partial findings under Rule 52(c);

The parties believe this issue would be more effectively addressed after a decision on their motions for summary judgment.

     (15)   an order establishing a reasonable limit on the time allowed for presenting evidence; and

The parties believe this issue would be more effectively addressed after a decision on their motions for summary judgment.

     (16)   such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.

The parties are unaware of any at this time.

| FOR PLAINTIFF | FOR DEFENDANTS |
|---|---|
| *Pamela Coyne* (signature) | *Kristi Mackin* (signature) |
| Pamela J. Coyne | KRISTI E. MACKIN |
| Federal Bar No. ct22941 | Federal Bar No. ct 23394 |
| Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. | Brown Raysman Millstein Felder & Steiner LLP |
| 1057 Broad Street | City Place II, 10th Floor |
| Bridgeport, CT 06604 | 185 Asylum Street |
|  | Hartford, CT 06103 |

## CERTIFICATION

I hereby certify that I have caused to be served this 19th day of April, 2004, the above and foregoing by United States mail, postage paid, return receipt requested, on the following counsel and pro se parties of record:

Pamela J. Coyne
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT 06604

*Kristi E. Mackin*
KRISTI E. MACKIN

39346