# EXHIBIT A

```
               UNITED STATES DISTRICT COURT        FILED
                  DISTRICT OF CONNECTICUT

MARVIN KEY,                      :              2004 JUN -1  A 10: 38
       Plaintiff,                :
                                                U.S. DISTRICT COURT
       v.                        :                HARTFORD, CT.
                                     CASE NO.   3:03CV144(RNC)
WAL-MART, INC. AND DR.           :
ANTHONY GORDON,                  :
                                 :
       Defendants.               :
```

### RULING ON DEFENDANTS' MOTION TO PRECLUDE AND/OR STRIKE

The plaintiff, Marvin Key, commenced this action against the defendants, Wal-Mart, Inc. ("Wal-Mart") and Dr. Anthony Gordon alleging, <u>inter alia</u>, employment discrimination. Pending before the court is the defendants' motion to preclude and/or strike affidavits filed in opposition to the defendants' motion for summary judgment. (Doc. #114.) The defendants also seek the costs and attorneys' fees associated with the filing of this motion. For the reasons that follow, the defendants' motion to preclude and/or strike is GRANTED in part and DENIED in part; the defendants' request for attorneys' fees is DENIED.

I.   <u>Factual Background</u>

In February 2000, the plaintiff began employment as an optician at the Vision Center located in Wal-Mart's North Windham, Connecticut store. The plaintiff's supervisor was Jerry Ellis. On April 30, 2001, the plaintiff was terminated. The plaintiff alleges that Wal-Mart: discharged him in violation of Connecticut

public policy (count 1); breached its implied contract with the plaintiff (count 2); made negligent misrepresentations (count 3); violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (count 4); and violated the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-60 (count 5). The plaintiff also alleges that defendant Gordon aided and abetted Wal-Mart's discharge of the plaintiff on the basis of race in violation of CFEPA. (Count 6.) On October 31, 2003, the plaintiff moved for summary judgment on his claims alleging discharge in violation of public policy (count 1) and negligent misrepresentation (count 3). (Doc. #48.) On December 8, 2003, the defendants moved for summary judgment as to all of the plaintiff's claims. (Doc. #73.) On March 16, 2004, the plaintiff filed a "memorandum of law in opposition to defendants' motion for summary judgment and in reply to defendants' opposition to plaintiff's motion for summary judgment" ("opposition"). (Doc. ##107-108.)

II. Discussion

In opposition to the defendants' motion for summary judgment the plaintiff submitted two exhibits that are at issue here: an affidavit and accompanying notes of Attorney David Fabricant, the plaintiff's former counsel[1] (exhibit 9) and an affidavit of plaintiff's current counsel, Attorney Pamela Coyne (exhibit 1).

---

[1] Attorney Fabricant represented the plaintiff in the discrimination charge filed with the Connecticut Commission on Human Rights and Opportunities.

A.   Attorney Fabricant

The affidavit of Attorney Fabricant was filed with an accompanying page of notes taken by Fabricant during a February 8, 2002 meeting with Jeff Krol ("Krol").[2] Krol, now deceased, was employed at the same Wal-Mart vision center as the plaintiff.[3] Fabricant's notes of his meeting with Krol state that Jerry Ellis, the plaintiff's supervisor, told Krol that he wanted to fire the plaintiff because of the plaintiff's race. (Doc. ##107-108, ex. 9.) The plaintiff relies on the racist remark in opposing the defendants' motion for summary judgment as to the plaintiff's discrimination claims. (Doc. #119 at 4; Doc. ##107-108 at 28.) The defendants move to strike Fabricant's affidavit[4] and notes as

---

[2] The plaintiff disclosed Fabricant as a witness two months after discovery closed and within days of the due date for the plaintiff's opposition to the defendants' motion for summary judgment.

[3] Wal-Mart terminated Krol's employment on November 8, 2001.

[4] Fabricant's affidavit is submitted only to authenticate his attached notes of the Krol meeting. The affidavit states in pertinent part:
  2. I am an attorney licensed to practice law in the State of Connecticut.
  3. I am with the Law Offices of Rotella & Fabricant, at 199 Broad Street, New London, CT 06320.
  4. Following termination from employment with Wal-Mart Jeffrey Krol (now deceased) sought my services and assistance. On February 8, 2002, Mr. Krol came to my offices to discuss his employment and termination from employment with Wal-Mart, Inc.
  5. The attached document is an accurate transcription of my notes taken during that meeting on February 8, 2002.

3

inadmissible hearsay.

Fed. R. Civ. P. 56(e) provides that affidavits in support of and against summary judgment "shall set forth such facts as would be admissible in evidence . . . ." Upon a showing that materials supporting or opposing a Rule 56 motion are inadmissible or based on hearsay, the inadmissible or hearsay evidence may be stricken. "A motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion." Newport Electronics, Inc. v. Newport Corp., 157 F. Supp.2d 202, 208 (D. Conn. 2001). "A motion to strike is appropriate if affidavits contain inadmissible hearsay or are not made on the basis of personal knowledge . . . ." 11 James Wm. Moore et al., Moore's Federal Practice § 56.14[4][a] (3d ed. 2000). See Hollander v. American Cyanamid Co., 999 F. Supp. 252, 255 (D. Conn. 1998) (district court struck portions of affidavit in opposition to summary judgment consisting of hearsay and information not made on affiant's personal knowledge), aff'd, 172 F.3d 192 (2d Cir. 1999).

Fed. R. Evid. 801 defines hearsay as a "statement, other than made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." "[H]earsay is inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804 or 807. See Fed. R. Evid. 802." Orr v. Bank of Am., NT & SA, 285 F.3d 764, 778 (9th Cir. 2002).

4

Out-of-court statements are excluded because they "lack the conventional indicia of reliability; they are usually not made under oath or other circumstances that impress the speaker with the solemnity of his statements; the declarant's word is not subject to cross-examination; and he is not available in order that his demeanor and credibility may be assessed by the jury." Chambers v. Mississippi, 410 U.S. 284, 298 (1973). "The burden of establishing admissibility, of course, is with the proponent of the evidence. See, e.g., United States v. Robbins, 197 F.3d 829, 838 (7th Cir. 1999) (proponent of out-of-court statement bears burden of proving it fits into hearsay exception)." Evans v. Port Authority of New York and New Jersey, 192 F. Supp.2d 247, 263 (S.D.N.Y. 2002).

The plaintiff argues that Fabricant's notes are admissible. The plaintiff first contends that Ellis's discriminatory remark to Krol, as repeated to Fabricant, is a party admission pursuant to Fed. R. Evid. 801(d)(2)[5] because Ellis is a Vision Center Manager and he made the statement as a Wal-Mart manager acting within the scope of his duties. The plaintiff is incorrect. Even assuming Ellis's statement to Krol is a party admission, the statement

---

[5]Rule 801(d)(2) provides:
(d) Statements which are not hearsay. A statement is not hearsay if--
(2) Admission by party-opponent. The statement is offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . .

5

becomes hearsay when it is offered through another witness, Attorney Fabricant.

The plaintiff next argues that Attorney Fabricant's notes are admissible under Fed. R. Evid. 807, the residual exception to the hearsay rule.[6] Under Rule 807, hearsay statements not covered by any specific hearsay exception may be admitted only if accompanied by "equivalent circumstantial guarantees of trustworthiness." The residual exception to the hearsay rule is used "very rarely, and only in exceptional circumstances." Parsons v. Honeywell, Inc., 929 F.2d 901, 907 (2d Cir. 1991). In support of his claim that Fabricant's notes fall within this rule, the plaintiff, in conclusory fashion, asserts that

> they bear the required 'guarantees of trustworthiness,' and are clearly offered as evidence of a material fact, i.e., Wal-Mart's discriminatory motive for terminating Plaintiff's employment. Further, because Krol is

---

[6]Rule 807 provides:
A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

6

> deceased, this is the only source available to Plaintiff and the nature of the statements speaks for itself -- the interests of justice will be served by admitting the statement.

(Doc. #119 at 5; Doc. ##107-08 at 28 fn. 33.) The court disagrees. The plaintiff has not met his burden of establishing that the notes satisfy the "circumstantial guarantees of trustworthiness" as a predicate to their admissibility pursuant to Fed. R. Evid. 807.

Fabricant's notes are hearsay. The plaintiff has not shown that the notes are admissible under any exception to the hearsay rule. Therefore, the defendants' motion to strike the notes (exhibit 9) from the plaintiff's opposition is granted.

B. <u>Attorney Coyne</u>

In opposition to the defendants' motion for summary judgment on the plaintiff's claim that he was discharged in violation of public policy (count 1), the plaintiff also submitted an affidavit of his current counsel, Attorney Coyne. (Doc. ##107-08, ex. 1.) Attorney Coyne avers in her affidavit that Dale Ceneviva ("Ceneviva"), an employee at another Wal-Mart Vision Center, told Attorney Coyne that Ceneviva (like the plaintiff) had complained about opticians performing vision screenings and subsequently was fired. (Doc. ##107-08, ex. 1, Coyne Aff. ¶¶9, 10.) Attorney Coyne repeated the information to defense counsel. (Doc. ##107-08, ex. 1, Coyne Aff. ¶12.) According to Coyne's affidavit, a few days after the conversation with defense counsel, Ceneviva told Coyne that she had received a call from Wal-Mart advising her that she was reinstated immediately. (Doc. ##107-08 at 10 fn. 17; ex. 1,

7

Coyne Aff. ¶13.) The plaintiff states that the purpose of Attorney Coyne's affidavit is to demonstrate that Ceneviva is a "comparator" on his claim that he was terminated in violation of public policy. (Doc. #119 at 6.) It is noteworthy that the plaintiff also submitted an affidavit from Ceneviva herself, but Ceneviva's affidavit does not contain all the statements contained in counsel's affidavit.[7]

The defendants move to strike portions of Attorney Coyne's affidavit on the grounds that her repetition of the things Ceneviva said are inadmissible hearsay.[8] The plaintiff does not

---

[7] Ceneviva avers that she discussed her objection to opticians performing vision screenings with a manager and optometrist. (Doc. ##107-08, ex. 10, Ceneviva Aff. ¶9.) Although Coyne's affidavit says that Ceneviva told Coyne that she, Ceneviva, was terminated and reinstated, Ceneviva's affidavit does not contain those statements.

[8] Specifically, the defendants move to strike the following statements in Attorney Coyne's affidavit as inadmissible hearsay:
¶9.  On or about November 26, 2003, Dale Ceneviva, a then current employee of the Vision Center in the Southington Wal-Mart store and former manager of the Vision Center in the Bristol Wal-Mart store, advised me that she had objected to performing vision screening and pretesting the resident Optometrist's patients.
¶10. Ms. Ceneviva further advised me that she had voiced her objection to the Optometrist and to the Vision Center District Manager, Michelle Sullivan.
¶11. On or about February 9, 2004, Ms. Ceneviva told me that her employment with Wal-Mart had been terminated despite the fact that she had always received good performance evaluations, had no disciplinary record of any kind and had been named "Manager of the Year" in 2002. . . .
¶13. On March 8, 2004, Ms. Ceneviva advised me that she received a call from the home office on Saturday, March 6, 2004 advising her that she was being reinstated effective immediately with full back pay

8

dispute that the statements are hearsay. Rather, the plaintiff contends that "the party opposing a motion for summary judgment is not required to produce evidence admissible at trial, and any evidence of a material fact in dispute is sufficient at this stage." (Doc. #119 at 7.) He states that "there is no reason to doubt that the underlying facts, i.e., Ms. Ceneviva's objection to pretesting and vision screening, her subsequent termination and reinstatement, will be admissible at trial."[9] (Doc. #119 at 7.) The plaintiff does not explain, however, how these facts will be admissible at trial.

The Second Circuit has held that although Rule 56 "does not prevent a party from relying on affidavits that would themselves constitute hearsay, it does require an indication that the party will be able to present those facts in a form that is admissible at trial." Clarke v. Sweeney, --- F. Supp.2d ----, 2004 WL 728029, at

---

-- two (2) days after I advised Wal-Mart's attorney of the reason Plaintiff believes Ms. Ceneviva to be a comparator.

[9]During oral argument, the plaintiff cited Fed. R. Civ. P. 56(f) in support of his argument that the defendants' motion for summary judgment should be denied. The plaintiff's reliance on Rule 56(f) is misplaced. Rule 56(f) permits an opponent to obtain more time for discovery by submitting an affidavit stating why it "cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Pursuant to Rule 56(f), "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." "[R]ule 56(f) provides a means to obtain time for further discovery." 11 James Wm. Moore et al., Moore's Federal Practice § 56.10[8][a] (3d ed. 2000). The plaintiff has not submitted an affidavit requesting additional discovery as required by the rule.

\*3 (D. Conn. Mar. 30, 2004). See Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001) ("Affidavits submitted to defeat summary judgment must be admissible themselves or must contain evidence that will be presented in an admissible form at trial."); Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 924 (2d Cir. 1985) (a party "cannot rely on inadmissible hearsay in opposing a motion for summary judgment . . . absent a showing that admissible evidence will be available at trial"). Attorney Coyne's affidavit contains out of court statements made to prove the matters asserted therein. The plaintiff has not shown that he will be able to present those facts in a form that is admissible at trial. Because paragraphs 9-11 and 13 of Coyne's affidavit contain inadmissible hearsay, the defendants' motion to strike them is granted. See Zavatsky v. Anderson, 3:00CV844, 2004 WL 936170, at \*5 (D. Conn. Mar. 9, 2004) (where plaintiff's opposition to motion to strike stated that challenged statements are "clearly of a type which can be presented in admissible form at trial," but failed to articulate how the statements would be admissible, the court held that, absent a showing that the statements will be admissible at trial, the motion to strike should be granted).

In paragraph 12 of Coyne's affidavit, the plaintiff offers a statement from Coyne herself, as opposed to a statement which Coyne

attributes to Ceneviva. See doc. ##107-08, ex. 1, Coyne Aff. ¶12.[10] Attorney Coyne avers that she told opposing counsel that Ceneviva, like the plaintiff, objected to performing vision screenings and later was terminated. The plaintiff offers the statement in his opposition to the motion for summary judgment to suggest a relationship between Attorney Coyne's conversation with opposing counsel and Ceneviva's subsequent reinstatement by Wal-Mart.[11]

The defendants move to strike Attorney Coyne's statement on the grounds that Coyne is not a fact witness and as the plaintiff's counsel, "must be barred from providing substantive testimony." (Doc. #115 at 15.)

"The use of affidavits by counsel is in certain carefully confined situations undoubtedly appropriate, but it is a tactic fraught with peril . . . ." Friedel v. City of Madison, 832 F.2d

---

[10] The statement at issue is:
¶12. On March 4, 2004, while discussing Plaintiff's request for production of Ms. Ceneviva's personnel file with [defense counsel Attorney Mackin] and why Ms. Ceneviva is a comparator, I stated that she was one of the only known three (3) Wal-Mart employees to have objected to performing vision screenings and pre-testing for the Optometrist, all three (3) of whom were eventually terminated.

[11] In opposition to the motion for summary judgment as to his public policy claim, the plaintiff states that "[i]t is also interesting to note that on Saturday, March 6, 2004, Ms. Ceneviva received a telephone call from Wal-Mart's home office advising her that she was to be reinstated effectively immediately with full back pay -- just two (2) days after Attorney Coyne argued to Attorney Mackin that Ms. Ceneviva was a comparator to Plaintiff because of her prior objection to performing para-optometric services and termination." (Doc. ##107-08 at 10 fn. 17 citing to Coyne Aff. ¶¶12-13.)

11

965, 969 (7th Cir. 1987).[12] Notwithstanding, "[a]ttorneys' affidavits are governed by the same rules that apply to other affidavits under Rule 56. Thus, an attorney's affidavit is admissible only to prove facts that are within the attorney's personal knowledge and as to which the attorney is competent to testify." 10B Charles Alan Wright et al., Federal Practice and Procedure § 2738 at 358 (3d. ed. 1998).

The defendants' motion to strike paragraph 12 of Coyne's affidavit is denied. Coyne's statement regarding her conversation with defense counsel is admissible for a limited purpose. Although paragraph 12 is not admissible as substantive evidence to show that Ceneviva complained about vision screenings or was fired, it may be offered to show notice to the defendants. Stated another way, Coyne's affidavit is admissible to show that Coyne had a conversation with defense counsel during which Coyne told defense counsel that the plaintiff believed that Ceneviva was treated similarly to the plaintiff, i.e., that she complained and was terminated.[13]

---

[12]For instance, an attorney making affidavit testimony could be subject to deposition, 11 James Wm. Moore et al., Moore's Federal Practice § 56.14[1][c] (3d ed. 2000), and might raise issues of disqualification. See Rule 3.7 of the Connecticut Rules of Professional Conduct; D.Conn.L.Civ.R. 83.13.

[13]This is not to say that the content of Coyne's affidavit is undisputed. The defendants appear to take umbrage with the affidavit. The present ruling is limited, however, to the question

12

III. Conclusion

For these reasons, the defendants' motion to preclude and/or to strike (doc. #114) is GRANTED in part and DENIED in part. The defendants' request for fees and costs is DENIED.

SO ORDERED this 28th day of May, 2004 at Hartford, Connecticut.

Donna F. Martinez
United States Magistrate Judge

---

of whether the affidavit is inadmissible and should be stricken from the record. The question of whether the affidavit contains disputed material facts is for the court to decide on summary judgment.

13