# EXHIBIT E

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARVIN KEY,

                      **Plaintiff,**

           **v.**

WAL-MART, INC. and DR. ANTHONY
GORDON,

                 **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CIVIL ACTION NO.:**
**3:03CV144(RNC)**

**NOVEMBER 20, 2003**

## DECLARATION OF ROGER NOLL

I, Roger Noll, deposes and says:

1.      I am the Store Manager at Defendant Wal-Mart, Inc.'s ("Wal-Mart") North Windham, Connecticut store. I have been the North Windham store's manager since its opening in year 2000. As the North Windham store's manager I am responsible for managing the entire store, including its employees. I alone made the decision to terminate the employment of Plaintiff Marvin Key ("Plaintiff"). Defendant Dr. Gordon played no role in this process, and I did not consult with him concerning my decision. I am fully familiar with the facts set forth herein.

2.      I understand that Plaintiff asserts in this case that he is the victim of race discrimination because he is an African-American. During the time that Plaintiff worked at my store, there were no other legal complaints or administrative charges filed by any African-American employees alleging race discrimination.

3.    Likewise, I understand that Plaintiff claims he complained of an alleged abusive remark by Defendant Dr. Gordon shortly before his termination. Plaintiff never raised this issue with me prior to his termination, or during his exit interview. Likewise, I was not made aware of Dr. Gordon's alleged abusive remark (or Plaintiff's complaint about it) from any other source before I made the decision to termination Plaintiff's employment.

4.    I also understand that Plaintiff asserts that he was terminated in violation of public policy because Wal-Mart required him to perform duties that he alleges were beyond the scope of his Connecticut optician license. To my knowledge, Plaintiff never raised this issue prior to his termination, and he never refused to perform his job duties on this basis.

5.    Wal-Mart has a progressive discipline policy which it uses to handle employee discipline and performance issues. When necessary, Wal-Mart progressively disciplines its employees first through a verbal warning, followed by a written warning, followed by a "decision making day," followed by termination. The decision-making day is a day off with pay in which employees are asked to consider their commitment to Wal-Mart employment, and to prepare a plan of action for correcting their employment problems. If, after the decision-making day, an employee's problems persist, then the next and last step in the process is termination of employment.

6.    Plaintiff went through each of the above steps in the progressive disciplinary process prior to his termination. By the time Plaintiff reached the decision-making day, I was concerned enough about Plaintiff's conduct, including customer service problems, that I provided Plaintiff with a book to read on how to improve his customer relations.

7.    I understand Plaintiff lodged a complaint with the Connecticut Department of Health ("CTDOH") concerning opticians at the store being required to allegedly perform duties

outside the scope of their optician license. To my knowledge, the CTDOH has taken no action against Wal-Mart.

## VERIFICATION PURSUANT TO 28 U.S.C §1746

I declare on this 20th day of November, 2003, under the penalty of perjury that the foregoing is true and correct.

Roger Noll