# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | |
| Plaintiff, | CIVIL ACTION NO.:<br>3:03CV144(RNC) |
| v. | |
| WAL-MART, INC. AND DR. ANTHONY GORDON, | |
| Defendants. | JUNE 15, 2004 |

### AFFIDAVIT OF JEROME ELLIS

I, Jerome Ellis, deposes and says:

1. I am over the age of 18 and I understand and believe in the obligations of an oath. I am the Vision Center Manager at Defendant Wal-Mart, Inc.'s ("Wal-Mart") Springfield, Massachusetts store. Unless otherwise stated, I am fully familiar with the facts set forth herein. Prior to my transfer to the Springfield store, I was the Vision Center manager at Wal-Mart's North Windham store, and I supervised the Plaintiff Marvin Key ("Plaintiff") during almost the entire period of his employment at the Store up to his termination.

2. During the period of Plaintiff's employment with Wal-Mart, I repeatedly coached Plaintiff for various instances relating to customer service. I received numerous complaints from customers regarding Plaintiff's manner.

3. While other Vision Center employees may have had difficulties from time to time, Plaintiff was frequently and deliberately rude to customers, and had repeated instances of poor customer service.

4. During his employment with Wal-Mart, Plaintiff never complained or commented to me about the legality of opticians performing Vision Screenings or other pre-tests. To my

knowledge, he never made any such complaints to management. Likewise, he never opposed performing the Vision Screenings because they were allegedly improper (although he did complain about performing them and other tasks because he did not like dealing with the customers).

5. I never formed a belief that Plaintiff was "catching on" to an alleged impropriety in the Vision Center relating to Vision Screenings (or any other aspect of our practice) and never feared that Plaintiff would make a report relating to the Department of Health Regarding Vision Screenings. In fact, I would not have formed such a concern over Plaintiff making a report regarding Vision Screenings because I did not believe the practice was improper. Thus, it would not have mattered to me if it had been reported.

6. I understand that Plaintiff has cited a notation in my day planner in his Opposition. This notation refers to Christopher Adkins reminder to me to make sure that Wal-Mart complied with Connecticut's laws and general standards regarding operating a Vision Center. It was very important to Wal-Mart that we comply with all applicable legal standards. I understood Adkins to be mostly concerned about making sure we had an optician on duty when the Vision Center was open. This notation does not refer to Vision Screenings, Plaintiff opposing Vision Screenings, or any alleged fear about Plaintiff (or others) reporting Vision Screenings. The notation certainly had nothing to do with why Plaintiff was terminated, which was for his history of poor customer service.

7. I do not believe that Key was terminated because of his race, but rather his record of poor customer service. Two other Vision Center Associates, Jeff Krol and David Peterson, were terminated for unprofessional behavior towards employees and customers as well. These employees are both Caucasian.

2

## VERIFICATION

I declare on this 5th day of June 2003, under the penalty of perjury that the foregoing is true and correct.

_____
Jerome Ellis

3