# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARVIN KEY,** | : | **CIVIL ACTION NO.** |
| | : | **3:03CV144 (RNC)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WAL-MART, INC. AND** | : | |
| **DR. ANTHONY GORDON,** | : | |
| | : | |
| **Defendants.** | : | **DECEMBER 17, 2003** |

## PLAINTIFF'S THIRD SET OF INTERROGATORIES
## AND THIRD REQUEST FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO WAL-MART STORES, INC.

Plaintiff, Marvin Key, by and through undersigned counsel and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, *et seq.*, hereby requests that Defendant, Wal-Mart, Inc., answer the following interrogatories under oath and produce legible copies of all requested documents in the Defendant's possession, custody, or control for inspection and/or copying at the office of the undersigned counsel, or at such other time and place as may be mutually agreed upon by counsel for the purposes of inspection and copying by the Plaintiff.

## DEFINITIONS AND INSTRUCTIONS

A.       Sufficient blank space for inserting a typed response has been provided following each Interrogatory and Production Request. If the space provided should prove insufficient for your entire answer, please retype the Interrogatory or Production Request and provide the entire answer on a separate sheet of paper.

B.       With respect to each Interrogatory and Production Request, in addition to supplying the information requested by identifying the specific document referred to, please identify all documents which you consulted or to which you referred in preparation of your answer.

C.     In lieu of identifying any document in the manner hereinafter prescribed, you may attach the document and all non-identical copies thereof to your answers, and make them available for inspection and copying at the time and place to be agreed upon among counsel for the parties. If this procedure is followed, however, each Interrogatory and Production Request or portion thereof to which the document is intended to respond should be specified in the case of each such document.

D.     Unless otherwise indicated, each Interrogatory and Production Request is not restricted to a particular time period. If the answer to any Interrogatory or Production Request is different for different time periods, please so indicate and answer separately for each such time period.

E.     If any document identified in an answer to an Interrogatory or Production Request was in your possession or subject to your custody or control, but is no longer, or it was known by you to exist, but is no longer in existence, please state what disposition was made of it and its present location, if known.

F.     For the purpose of these Interrogatories, the following definitions shall apply:

1.     "Defendant" means Wal-Mart Stores, Inc. and all persons acting or purporting to act on its behalf whether collectively or individually.

2.     The terms "documents," "record" and the like mean any kind of written, printed, typed, recorded or graphic material however produced or reproduced of any kind or description, including originals, all copies, and all drafts. These terms include, by way of illustration, but are not limited to, the following items, whether printed, recorded, stored or reproduced by any electronic or mechanical process, or written or produced by hand: Agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, studies, notices, reports, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans, drawings, sketches, maps, books, pamphlets, newspaper and periodical articles and clippings, accounting records, invoices, canceled checks, receipts, forms, minutes, computer printouts, microfilm, microfiche, tape recordings, summaries of records or meetings or conferences, summaries or reports of consultants, photographs, motion picture films, brochures, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing in any document and   other pertinent

- 2 -

information stored in any information storage or retrieval system, whether mechanical, magnetic, electronic, or otherwise, and all other writings.

3.    "Identify," when used with respect to a document, means:

a.    To specify the nature of the document (e.g., letter, memorandum, etc.);

b.    to state the date appearing on the document or, if no date appears, the date on which the document was prepared;

c.    to state the date on which the document was transmitted to each recipient;

d.    to state the number of pages of the document;

e.    to give a brief description of the contents of a document;

f.    to identify each person who wrote, signed, dictated, submitted, reviewed, approved, or otherwise participated in the preparation of the document;

g.    to identify each person who received the document or was an addressee thereof and each person who received a copy of a document;

h.    if the document now exists, to give its location and to identify each person who has custody of it;

i.    if the document does not now exist to state the disposition that was made of it including the date, time, place and method of such disposition, and to identify the person who disposed of it;

j.    to identify separately each attachment to the document in the manner provided in this instruction.

4.    "Identify," when used with respect to a person, means to state the person's name, home and business address, home and business telephone numbers, title and dates of employment or contractual relationship with Wal-Mart.

5.    The singular shall include the plural and the plural shall include the singular.

6.    A masculine, feminine or neuter pronoun shall not exclude the others.

- 3 -

## INTERROGATORIES

1.    Identify each individual who assisted with Defendant's response to these Interrogatories and Requests for Production, by name, title, address and telephone number, indicating which Interrogatories and/or Requests for Production each individual assisted with.

ANSWER:

2.    Describe the investigations, if any, conducted by Wal-Mart into allegations of poor customer service and/or misconduct, including violations of Wal-Mart's rules, policies and/or procedures, as well as any and all disciplinary action taken against, the following employees:

     a.    Dale Ceneviva;

     b.    Jerry Ellis;

     c.    Jeffrey Kroll;

     d.    Phyllis Parmenter;

     e.    Dave Peterson; and

     f.    Jenilu Zboray.

ANSWER:

3.      Identify any and all Wal-Mart Connecticut vision center employees who expressed concern, inquired or complained about performing vision screenings and/or pre-testing and the date(s) upon which they did so.  Please describe any and all subsequent disciplinary action taken against the employee, including discharge and state the reason for such disciplinary action.

ANSWER:

4.      Identify any and all resident optometrists and/or independent contractors performing services in Wal-Mart's Connecticut vision center stores who expressed concern, inquired or complained about Wal-Mart employees performing vision screenings and/or pre-testing.

ANSWER:

5.      Identify and describe any and all steps taken by Wal-Mart to ensure that its use of Connecticut vision center employees to perform vision screenings and pre-testing complied with state law in Connecticut, including state licensing requirements.

ANSWER:

6.    Identify and explain when Chris Adkins and Mike Zimmerman first learned of any consideration being given to the discharge of Plaintiff, the reason(s) given to Mr. Adkins and Mr. Zimmerman for such consideration, how they were notified and by whom, and their responses.

ANSWER:

7.    State when Chris Adkins and Mike Zimmerman first learned of Plaintiff's discharge, how they were notified and by whom, and the reason(s) given at that time.

ANSWER:

## REQUESTS FOR PRODUCTION

1.    Any and all documents referred to in responding to Defendant's Third Set of Interrogatories.

2.    The personnel files, as well as any and all records of investigations and discipline that are not included in the personnel files, for the following employees:

     a.    Dale Ceneviva;

     b.    Jerry Ellis;

     c.    Jeffrey Kroll;

     d.    Phyllis Parmenter;

     e.    Dave Peterson; and

     f.    Jenilu Zboray.

3.    Any and all documents, which constitute, refer or relate to Wal-Mart vision center employees who expressed concern, inquired or complained about performing vision screenings and/or pre-testing identified and/or referred to in response to Interrogatory No. 3, *supra*.

4.    Any and all documents, which constitute, refer or relate to steps taken by Wal-Mart to ensure that its vision centers complied, and comply, with state law in Connecticut, including state licensing requirements.

5.     Any and all documents, which constitute, refer or relate to Defendant's response to Interrogatory No. 6.



        Done at Bridgeport, Connecticut this 17th day of December, 2003.


                                    _____
                                    Pamela J. Coyne
                                    DURANT, NICHOLS, HOUSTON,
                                    HODGSON & CORTESE-COSTA, P.C.
                                    1057 Broad Street
                                    Bridgeport, CT  06604
                                    (203)366-3438
                                    Federal Bar No. ct22941
                                    ATTORNEYS FOR PLAINTIFF

- 8 -

## <u>CERTIFICATION</u>

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified

mail, return receipt requested, this 17th day of December, 2003 to all counsel and *pro se* parties

as follows:

Gregory Reilly, Esq.
Brown Raysman Millstein Felder & Steiner
900 Third Avenue
New York, NY  10022

Pamela J. Coyne

P:\lit\pjc\523818\001\00037427.DOC

# DURANT, NICHOLS, HOUSTON,
# HODGSON & CORTESE-COSTA, P.C.

**ATTORNEYS AT LAW**

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

Also admitted in Virginia*
Also admitted in New York**

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438    Fax (203) 384-0317
www.durantnic.com

December 17, 2003

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

VIA:  Facsimile (212) 895-2900 and U.S. Mail

Gregory Reilly, Esq.
Brown Raysman Millstein Felder & Steiner LLP
900 Third Avenue
New York, NY 10022

Re:    Key v. Wal-Mart, Inc., et al.
       Civil Action No.:  3:03CV144(RNC)

Dear Greg:

Please be advised that Wal-Mart's responses to Plaintiff's second set of discovery requests as set forth in your letter dated December 5, 2003 appear to be sufficient. However, Mr. Key requires a verified response as required by the rules.

Further, please note that Wal-Mart's compliance with Judge Martinez's Order is incomplete, as follows:

1)    Interrogatory No. 5:  In response to Interrogatory No. 3, Wal-Mart identified several job titles, but then in response to Interrogatory No. 5 failed to describe job duties, or attach job descriptions, for (1) District Manager, Spec. Group, (b) Lab Technician, and (c) Optical Trainee. Please provide the requested information by explanation or by providing responsive documents.

2)    Interrogatory No. 6:  The list of terminated employees does not include Mr. Key, and Wal-Mart has not yet identified the individual responsible for the decision to terminate his employment by verified response. Mr. Key requires a verified response to his request identifying the decision-maker in his case.

3)    Interrogatory No. 12A:  Wal-Mart responded to this interrogatory by attaching a list of "hotline complaints" and stating that it has not located any documents relating to discipline of those employees who were the subjects of the complaints. However, this interrogatory asked for the information, not the documents. Accordingly, Wal-Mart is obligated to determine whether

any of these employees were disciplined, describe the disciplinary action and the reason; and if no disciplinary action was taken, explain why not.

Finally, please note that Wal-Mart's responses are not verified, and Mr. Key requires a verified response to these requests as well.

Please provide the complete verified supplemental responses as ordered by Judge Martinez on or before December 19, 2003 to avoid the necessity for further intervention by the Court. Thank you for your anticipated cooperation.

Very truly yours,

Pamela J. Coyne

P:\general\pjc\523818\001\00037428.DOC

bcc: M. Key
     D. Fabricant

# EXHIBIT 2

  

# WAL*MART
## *Vision Centers Personnel*

Teri Johannesen RPM Div A
702 SW 8th Street
Bentonville, AR 72716
(479) 273-6255 PH
(479) 277-0918 FX
E-Mail: tmjohan@walmart.com

To: Whom It May Concern:

Subject: Reinstatement of Dale Ceneviva

I have recently reviewed a termination, which resulted in an open door opportunity. After investigating the issues, I have overturned the termination and would like to request this associate's reinstatement. We would like to have her start on March 06, 2004.

The associate is Dale Ceneviva from store 2897 on 2/6/04 she was terminated for walking off the job. She had no previous coaching on file. Upon detailed investigation, the decision has been made by the Regional Manager, Tina Frank and Divisional Manager, Matt Herlevic, to turn over her termination. Therefore, we should reinstate her with her original benefits, vacation and tenure, and pay her back pay from 2/6/04 to present. She will be placed in store 2896 Derby Ct.

Thank you for your immediate attention in this matter.

Teri Johannesen

Teri Johannesen

D001923

# EXIT INTERVIEW

WMP-20 Revised 6491

An Exit Interview is to be conducted for all Associates leaving the employment of Wal★Mart Stores, Inc. DATE OF TERMINATION MUST BE THE LAST DAY WORKED, EXCEPT IN CASES OF A LEAVE OF ABSENCE, SUSPENSION, OR 3 DAYS UNREPORTED ABSENCE.

Associate Name: Dale Conenna          Social Security No. 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

Associate ID No. 902    Facility/Dept./Store # 2897    ☑ Hourly   ☐ Management

Actual Last Day Worked    2/6/04          Vacation Avail (Mgmt. Only) 80 hrs Rg ot Aca

Updated Address and Phone Number: 5K Lukawien St Meriden, Ct. 06451-203-634-8057

Detailed Statement of Termination. This Section Needs To Be Completed By The Associate for Voluntary Termination or By The Manager/Supervisor for Involuntary Termination. (Please be specific.)

Dale sched from 12-8th. She walked out of the Dept. at 1141 pm.

| VOLUNTARY TERMINATION (Eligible to re-apply) | | INVOLUNTARY TERMINATION (Eligible to re-apply) | |
|---|---|---|---|
| 03 | Not Available For Work (NVL) | 37 | Misconduct w/Coachings (CON) |
| 04 | Failure to Return From L.O.A. (NRL) | 47 | Excessive Absences and/or Tardies (EAT) |
| 05 | Refused Offer of Work (ROW) | 53 | Insubordination (INS) |
| 06 | Job Abandonment/Three Days Unreported Absence (DUA) | 55 | Inability to Perform Job (IPJ) |
| | | 66 | 1ˢᵗ Violation of Fraternization Policy (FVP) |
| 10 | To Leave the Area (LTA) | 72 | Unintentional Violation of Corporate HIPAA* Privacy Policy (UVH) *Health Insurance Portability and Accountability Act |
| 16 | Child Care/Dependent Care Issues (CHI) | | |
| 17 | Due to Health (DTH) | 75 | Deceased (Call Profit Sharing & Life Ins.) (DEA) |
| 20 | Work Hours (HRS) | 92 | Lack of Work (Job Eliminated, Location Closed, Reduction in Force) (LOW) |
| 21 | Salary (PAY) | | |
| 22 | Working Conditions (WOR) | 97 | End of Temporary Assignment (ASC) |

| VOLUNTARY TERMINATION | | INVOLUNTARY TERMINATION (Mandatory No Rehire) | |
|---|---|---|---|
| 24 | Benefits (BEN) | | |
| 25 | Career Opportunities (PRM) | | |
| 28 | Supervisor (SUP) | 77 | Intentional Violation of Corporate HIPAA* Privacy Policy (IVH) *Health Insurance Portability and Accountability Act |
| 29 X | Walked Off Job (WOJ) | | |
| 30 | Stay at Home (SAH) | 78 | Gross Misconduct – Integrity Issue (Theft, Violent Act, Dishonesty, Misappropriation of Company Assets) (GMI) |
| 31 | Attend School (EDU) | | |
| 85 | Retirement (RTD) | 79 | Gross Misconduct – Other (GMO) |
| 106 | Failure to Produce Employment Documents in a Timely Manner (FTP) | 99 | 2ⁿᵈ Violation of Fraternization Policy (FRA) |
| | | 107 | Falsification of Employment Documents (FED) |

Re-Hire Recommended ☐ Yes ☑ No (Explain-General Comments) _____

The following Wal★Mart property must be collected at the time of Exit Interview: (Please check all that apply)
( ✓ ) Badge        ( ✓ ) Discount Card (s)       ( ) Weight Belt      ( ) Other _____
( ✓ ) Smock        ( ) Company Credit Cards/Phone card   ( ) Box Cutter

NOTE:   To be considered for re-employment, you must re-apply. Your previous work record with Wal-Mart will be reviewed. The Company assumes no obligation to contact you for possible re-employment. Where state law allows, a Neutral Reference will be provided to external employers seeking information regarding your employment with Wal-Mart Stores, Inc. Dates of employment and last position held is the only information that will be released.

refused to sign

ASSOCIATE _____    DATE _____    SALARIED MEMBER OF MANAGEMENT Linda Stillson    DATE 2/15/04

HOURLY SUPERVISOR _____ 2/6/04    FACILITY MANAGER _____    DATE

D001925

# Termination Checklist

**Associate's Name** _Deb Cenewa_  **Hire Date** _10/25/00_

**Associate's UserID** _922_  **Termination Date** _2/6/04_

| | |
|---|---|
| Ensure Accounting Office Associate has processed terminated Associate's cash till, if applicable. | N/A |
| Ensure Exit Interview form is complete, including the appropriate signatures. If an Associate does not return to work, a signature is not necessary. | Term. Assoc. Personnel Fi |
| Ensure all Wal-Mart property is collected including name badge, discount card, smock, etc. | N/A |
| Print and attach the terminated Associate's CBL scores to the Exit Interview. | Term. Assoc. Personnel Fi |
| Attach terminated Associate's separation notice to Exit Interview, if applicable. | Term. Assoc. Personnel Fi |
| Enter the remaining vacation or accrued vacation into Edit Timekeeping, if applicable. | Term. Assoc. Personnel Fi |
| Depending on state-specific guidelines, located on the Payroll Homepage under "Payouts," complete and attach Payout Worksheet to Exit Interview, if applicable. California stores should use the California Payout Worksheet. | Term. Assoc. Personnel Fi |
| Provide a copy of the Payout Worksheet to the terminating Associate and Accounting Office Associate, if applicable. | Accounting Office, attach to daily CFT Log. |
| Enter the information contained on terminated Associate's Exit Interview into the SMART System. | N/A |
| Retrieve and attach terminated Associate's *Attendance Tracking Report* to the Exit Interview, reprint if necessary. | Term. Assoc. Personnel F |
| Pull any Verbal Coachings and/or any inactive Coachings completed prior to April 21, 2003 from separate binder/file(s). Since coachings completed after April 21, 2003 are maintained electronically in the Online Coaching System, do not print a copy to place in terminated Associate's personnel file. | Term. Assoc. Personnel F |
| Pull terminated Associate's job specific Training Plan, completed prior to June 19, 2003 from separate binder/file, if applicable. | Term. Assoc. Personnel F |
| Pull the terminated Associate's Orion Worksheet from Active Orion binder/file. | Inactive Orion binder/fil |
| Pull the terminated Associate's Employment Eligibility From (I-9). Complete and attach the bottom section of this checklist to the I-9. | Inactive I-9 binder/file, ur the appropriate month fo destruction. |
| Place the Termination Checklist in the personnel file and place personnel file in appropriate retention drawer/box. | Terminated File drawer/b |
| Pull the terminated Associate's medical information file. | Terminated File drawer/b separate from personnel f |
| Remove the terminated Associate's name from the locker log. | N/A |
| Draw a line through the terminated Associate's name on the *Associate Due a Review Report*, if applicable. | N/A |
| Remove the terminated Associate's name from the vacation calendar, if applicable. | N/A |
| Draw a line through the terminated Associate's name on the posted *Associate Schedules*. | N/A |

D001926