**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MARVIN KEY,** Plaintiff, | | **CIVIL ACTION NO.: 3:03CV144(RNC)** |
| v. | | |
| **WAL-MART, INC. AND DR. ANTHONY GORDON,** Defendants. | | **JULY 6, 2004** |

**DEFENDANTS' OBJECTION AND REPLY TO PLAINTIFF'S "SUPPLEMENT TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN REPLY TO DEFENDANT'S [SIC] OPPOSITION"**

Defendants Wal-Mart Stores, Inc. ("Wal-Mart") and Dr. Anthony Gordon hereby: (1) object to the filing of plaintiff's excessive, burdensome and prejudicial "Supplement" and seek that it be struck on the grounds that it is not provided for in the Federal Rules; and (2) to the extent that this Court considers plaintiff's "Supplement," request that the Court accept this Reply, which addresses plaintiff's contentions made therein.

As the Court is aware, and as a mere glance at the file in this matter reveals, the issues on Summary Judgment have been heavily briefed by both parties. The plaintiff has had ample opportunity to set forth his claims both in his own Motion for Summary Judgment filed on October 31, 2003, and in his Opposition to Defendants' Motion for Summary Judgment, filed on December 5, 2003. Now, however, plaintiff seeks to file yet another brief, which he calls a "Supplement."[1] Such a "Supplement" is not provided for by the Federal Rules of Civil Procedure and should be stricken. Even if the Court should consider plaintiff's proffered

[1] Despite the title of the proffered submission, plaintiff's brief is not a "Supplement" but rather an entirely new submission in which plaintiff argues against points raised in defendants' reply brief.

Supplement, it will find that it consists of nothing more than a rehashing of issues plaintiff has already argued before this Court in its Opposition. As such, it should be stricken on this ground as well. Plaintiff must stop filing pleadings and allow the Court to decide the claims which plaintiff has placed before it.

Accordingly, the defendants request that this Court deny plaintiff the right to file this additional Supplement, which is not provided for by the Federal Rules of Civil Procedure. In the alternative, should this Court consider the "Supplement," defendants request that it consider this reply to Plaintiff's assertions as the last of the parties' dispositive pleadings.

## I. RELEVANT PROCEDURAL BACKGROUND

Despite plaintiff's attempts to unnecessarily complicate this matter, this is a relatively straight-forward employment discrimination case. Plaintiff claims his employment as an Optician with Wal-Mart's North Windham Vision Center was terminated because of his race (African American), or in the alternative because Wal-Mart feared plaintiff was going to discover an allegedly improper practice performed by Wal-Mart's Vision Center and report it.

Defendants moved for Summary Judgment, based on the lack of evidence supporting either one of plaintiff's theories, and the abundance of evidence proving plaintiff was terminated because of his undisputed record of poor customer service. A few weeks after the Motion was filed, on December 17, 2003, plaintiff issued his Third Set of Interrogatories and Requests for Production, requesting, inter alia, the personnel files and employment information of six current or former Vision Center employees that plaintiff knew during his employment with Wal-Mart. Plaintiff did not seek the files earlier in the litigation, although he was familiar with these individuals and their employment with Wal-Mart. On January 29, 2003, Wal-Mart filed a timely objection based on relevancy and on Connecticut's Personnel File Privacy Act, Conn. Gen. Stat.

§§ 31-128a-g. Plaintiff waited until February 24, 2004 to attempt resolution of the objections without leave of the Court. Soon after plaintiff's attempt to resolve the matter, plaintiff agreed to narrow the broad scope of the request, and defendants agreed to provide five of the six files requested. However, with regard to the sixth file, that of Dale Ceneviva, plaintiff did not provide defendants with a satisfactory explanation as to why it was relevant, as Ceneviva worked at a different store for different decision makers.[2] Thus, Wal-Mart filed a Motion for Protective Order. Plaintiff did not request leave of the court to delay the filing of his Opposition while this Motion was pending. The Court compelled Ceneviva's file as limited by plaintiff, and defendants provided the file soon after.[3]

On or about March 16, 2004, plaintiff filed his Opposition to Defendants' Motion for Summary Judgment. As part of this Opposition, plaintiff theorized that Ceneviva had been recently terminated for complaining about the legality of performing Vision Screenings in Wal-Mart's Connecticut Vision Centers, and, although she was re-hired by Wal-Mart after successfully grieving her termination, that this re-hire is merely a cover up for discrimination. The Opposition provides no deposition testimony, documentation, witness statements, or other evidence to support this theory. In fact, despite the fact that plaintiff relied upon an affidavit from Ceneviva in his Opposition in support of his claim, it should be noted that Ceneviva does not testify that the termination of her employment was connected to any complaint she may have made concerning opticians performing vision pretests nor did she testify that her re-hire was the result of a cover-up or had anything to do with plaintiff's case against Wal-Mart. Faced with

---

[2] As discussed below, plaintiff switched his position as to why Ceneviva's file was relevant. Also, we note that plaintiff was apparently in close contact with Ms. Ceneviva, but could not produce a release for her personnel records.
[3] Plaintiff would have the Court believe that defendants provided incomplete file information. This is not true. Plaintiff agreed to limit the overly broad request for information. Defendants produced the agreed upon material. Certain portions of Ceneviva's file were missing, but the relevant portions of the file were located before production was required and the file was provided to plaintiff. It is telling that plaintiff has neither sought material that he now claims was not provided or otherwise has moved to compel such material.

Ceneviva's failure to link either her termination or re-hire to a wrongful or discriminatory motive on Wal-Mart's part, plaintiff attempted to give credence to his theory regarding Ceneviva's termination and re-hire through the submission of factual testimony of his counsel regarding statements his counsel claims Ceneviva made to her.[4] The Court recognized counsel's testimony to be hearsay and struck those statements from the affidavit. See Court's Order on Defendants' Motion to Strike and/or Preclude.

## II. RESPONSE TO PLAINTIFF'S "SUPPLEMENT"

### A. There Is No Provision Allowing A "Supplement" to a Summary Judgment Reply

Plaintiff's attempt to re-brief this matter is not allowed by the Federal Rules, and the Supplement should be stricken. There has been too much superfluous pleading and motion practice in this case already. A party seeking to avoid summary judgment cannot simply keep filing pleadings hoping that eventually he will stumble upon an issue of fact. Moreover, there is nothing in the Supplement that warrants additional consideration. Thus, this Court should strike plaintiff's Supplement in its entirety.

### B. Plaintiff's Supplement Is Prejudicial, Misleading, and Unsupported.

Should the Court consider the plaintiff's Supplement, the defendants respectfully request that the Court also consider the following:

1. Plaintiff cannot demonstrate as a matter of law that the reasons for his own termination are either false or pretextual. Plaintiff had a long and well-documented history of poor customer service and customer complaints. Despite taking yet another bite at the proverbial

---

[4] Plaintiff believes that Ceneviva's termination and subsequent re-hire lends credence to plaintiff's claim that that he was terminated because Wal-Mart "feared" that he was about to learn about the same or a similar violation and terminated him as some sort of apparent preemptive strike. Plaintiff clings to this theory despite the fact that Ceneviva, as discussed in more detail below, was terminated by completely different decision makers than those involved in Key's termination and for completely different reasons than plaintiff alleged.

apple by way of his Supplement, plaintiff *still does not and cannot raise an issue of material fact as to his record of poor customer service.*

2. As noted above, plaintiff has failed in his burden of showing that his termination was for improper or pretextual reasons. In recognition of this inability to create a material issue of fact as to the reasons for his termination, plaintiff tries to distract the Court by claiming that other employees were improperly terminated. These terminations are collateral at best. To successfully fend off a properly supported Motion for Summary Judgment, plaintiff must create an issue of fact as to the reasons for his *own* termination. Speculation or conjecture regarding the reasons for others' terminations is of no significance.

3. Not only are plaintiff's attempts to collaterally litigate the employment terminations of other Wal-Mart employees irrelevant, plaintiff's claim is based only upon his own assumptions and speculation. Plaintiff neither provides any direct or circumstantial evidence that the employment terminations of either Dale Ceneviva or Jeff Krol, the employees that plaintiff claims were improperly terminated, were based on improper motives. Rather, the undisputed evidence shows that Krol was terminated only after numerous employees complained, in writing, about Krol's unprofessional and demeaning behavior towards them and Wal-Mart customers. Defendants' Reply, p. 10, fn 16, Exhibit I. The undisputed evidence shows that Ceneviva's employment was terminated by decision-makers unrelated from Key's termination for walking off of the job, and that she was reinstated after she produced evidence that her walking off of the job was related to a medical condition. Id.[5]

[5] A review of the employees terminated from the North Windham Vision Center reveals no pattern or practice of discrimination based on either one of plaintiff's claims. Dave Peterson, who did not complain about Wal-Mart's internal Vision Screenings, was also terminated for unprofessional conduct. Ceneviva, Krol, and Peterson are all Caucasian. See Affidavit of Jerry Ellis, ¶ 7, attached to Defendants' Reply as Exhibit F.

4.  Plaintiff's shifting positions regarding to the relevancy of Ceneviva's and Krol's employment underscores the shaky foundation on which his claims are based. Plaintiff previously claimed that Ceneviva and Krol were poor performers, and questioned why they were *not* terminated when Key was. (See, e.g., Defendants' Motion for Protective Order, p. 4). In a 180 degree swing from his prior position, plaintiff now claims that the employment of these individuals should not have been terminated, and that the terminations, therefore, must have been based upon discriminatory motives. Such unexplained and unreasoned vacillation demonstrates the unsoundness of his position.

5.  Plaintiff uses his proffered Supplement to champion his assertion that he objected to performing pretests prior to the termination of his employment with Wal-Mart. That plaintiff continues to make this claim is mystifying in light of his own testimony that he never objected to performing pretests prior to his termination. (See Defendants' Motion for Summary Judgment, pp. 11-12 and Defendants' Reply, pp. 4-6).

6.  Plaintiff's interjection of prejudicial commentary regarding discovery should be rejected. As a preliminary matter, plaintiff's claims must be determined on their merits, not on whether counsel for the parties disagree with each others' conduct. Moreover, despite plaintiff's attempt to color the defendants with allegations of discovery improprieties, it is noteworthy that plaintiff could have prevented the delay he attributes to Wal-Mart. As noted above, plaintiff issued Production Requests requesting a broad range of personnel file and related employment material of six Wal-Mart employees on December 17, 2003. There is no discernable reason why plaintiff did not issue the requests earlier. He did not seek to resolve Wal-Mart's good faith and timely objections until February 24, 2004. When plaintiff did so, defendants acted in good faith to attempt a resolution.

7. Plaintiff appears to criticize Wal-Mart for moving to strike the affidavit of plaintiff's counsel, Pamela Coyne. Defendants moved to strike certain portions of Ms. Coyne's affidavit based on the fact that Ms. Coyne was attempting to testify on behalf of a fact witness through hearsay statements. The Court struck the hearsay statements. See Court's Order on Defendants' Motion to Strike and/or Preclude. Plaintiff now attempts to circumvent this Order by reintroducing stricken portions of the Coyne Affidavit through this "Supplement." He should not be permitted to do so.

## III. CONCLUSION

Because there is (1) no provision in the Federal Rules allowing plaintiff to submit additional argument and (2) plaintiff's "Supplement" is riddled with incorrect and rebuttal facts that plaintiff has already argued, this Court should reject the plaintiff's "Supplement" in its entirety. Should the Court consider the plaintiff's submission, the defendants' request it consider the above in reply to plaintiff's assertions.

DEFENDANTS WAL-MART STORES INC. and
DR. ANTHONY GORDON

By: ______________________
Joel L. Finger (ct06114)
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
Brown Raysman Millstein Felder & Steiner LLP
185 Asylum Street, 10th Floor
Hartford, CT 06103
(860) 275-6400

**CERTIFICATE OF SERVICE**

This is to certify that on this 6th day of July 2004, a true copy of the foregoing was sent via facsimile and first-class mail, postage prepaid, to:

Loraine M. Cortese-Costa, Esq.
Pamela Coyne, Esq.
Durant, Nichols, Houston,
Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT 06804

Kristi E. Mackin