UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------- X
MARVIN KEY,                             :
                                        :      CIVIL ACTION NO.:
            Plaintiff,                  :      3:03CV144(RNC)
                                        :
    v.                                  :
                                        :
WAL-MART, INC. AND DR. ANTHONY          :
GORDON,                                 :
                                        :
            Defendants.                 :      NOVEMBER 12, 2004
---------------------------------------------------------- X

### DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or the "Defendant"), hereby objects to Plaintiff Marvin Key's (the "Plaintiff") Motion for Reconsideration (the "Motion") of this Court's grant of summary judgment in Wal-Mart's favor with respect to Count One (wrongful termination) and Count Three (negligent misrepresentation) of his Complaint.

**I.      Preliminary Statement**

In order to sustain a motion to reconsider pursuant to Local Rule of Civil Procedure 7(c), plaintiff must establish at least one of the following: (1) an intervening change in law; (2) the existence of recently discovered facts that were not available at the time he submitted his Opposition to Defendants' Motion for Summary Judgment, and/or (3) in dismissing Counts One and Three this Court made a clear error of law which justice mandates stand corrected.  For the reasons set forth below, plaintiff has failed to establish any of the three bases required for this Court to sustain a request for reconsideration and, therefore, his Motion must fail.

**II.     Legal Standard**

"The standard for granting a motion for reconsideration is 'strict.' A motion for reconsideration 'is not simply a second opportunity for the movant to advance arguments already rejected.'" Conn. State Dep't of Social Services, et al. v. Thompson, 242 F. Supp. 2d 127, 129 (D.Conn. 2003), citing Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). In order to prevail on motion for reconsideration, the movant must show that the court overlooked matters or controlling decisions that might reasonably have altered the court's result. United States of America v. Mills, 3:03CR00032(DJS), 2004 U.S. Dist. LEXIS 291, *2 (Jan. 8, 2004) (motions for reconsiderations under Local Rule 7(c) are, as a practical matter, the same thing as motions for amendment of a judgment under Fed. R. Civ. P. 59(e) and are governed by the same standards). There are three possible grounds for any motion for reconsideration: (1) an intervening change in law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." Id. citing Gold v. Dalkon Shield Claimant's Trust, No. 5:82-CV-383 (EBB), 1998 U.S. Dist. LEXIS 22414, *2 (D.Conn. 1998).

In his motion, plaintiff asserts several theories or reasons why the Court reached the wrong decision in dismissing Count I and Count III. Not one, however, meets the standard for reconsideration set forth by this Court. In fact, nowhere in the motion does plaintiff even set forth the applicable standard let alone analyze any of the three grounds this Court requires for reconsideration. Accordingly, this Court need not even entertain any of plaintiff's assertions.

Even if plaintiff had made an attempt in his motion to establish any of three recognized grounds for reconsideration, he would have failed. There has been no intervening

law that would have altered the Court's decision.  No new evidence not previously known or available to either plaintiff or this Court has been discovered or made available. The Court has made no clear error of law nor is there any chance that a "manifest injustice" would go without remedy if the Court's did not change or later its ruling.  In fact, plaintiff's motion is not in actuality a motion for reconsideration but rather his attempt to obtain a second bite at the apple.  He wants an opportunity to supplement his opposition to the motion for summary judgment with record citations that he failed to do so and to re-hash legal arguments this Court has already heard and rejected.  His time to make these arguments has come and gone a long time ago.  For the reasons discussed in detail herein, plaintiff fails to meet his strict burden of showing that reconsideration of the Court's ruling is warranted.  Accordingly, his Motion for Reconsideration must fail.

### III.   Legal Discussion

#### A.   The Court Properly Analyzed Plaintiff's Wrongful Discharge Claim

Plaintiff propounds two theories as to why this Court should reconsider its ruling granting summary judgment to Wal-Mart on his wrongful termination claim.  Both reasons demonstrate both a misunderstanding of the Court's ruling and the applicable principles of law governing wrongful termination claims in Connecticut.  First, plaintiff claims that the Court erred in holding that neither the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 110b, nor Connecticut's optometrists licensing statutes, specifically Conn. Gen. Stat. § 20-138a, constitute a "clearly established" as opposed to a "clearly articulated" public policy on which to base a wrongful termination claim.  Second, plaintiff claims that Connecticut's whistleblower statute, Conn. Gen. Stat. § 31-51m, does not preempt his common law claim because had he made a claim under that statute it would have failed.

Neither of plaintiff's theories provide any reason for this Court to reconsider its ruling.

> 1. **The Public Policies On Which Plaintiff Basis His Claims Are Neither "Clearly Established" Nor "Clearly Articulated," And His Claims Fail As A Matter Of Law.**

In an attempt to revive his wrongful termination claim, plaintiff asserts that the Court's use of the term "clearly established" as opposed to "clearly articulated" constitutes an error of law. The fact that plaintiff advances this argument as the main basis for reconsideration of the dismissal of his wrongful termination claim demonstrates his failure to grasp the real point underlying the Court's ruling. The exact language used by the Court (i.e., "clearly established" versus "clearly articulated") does not affect or define its ultimate finding. The fundamental point underlying the Court's ruling is that plaintiff failed to set forth a sufficiently clear mandate of public policy.

In his motion, plaintiff does not dispute the governing standard for a wrongful termination claim. More specifically, he does not dispute that Connecticut law requires that the public policy on which a plaintiff rests his or her claim must be sufficiently clear and important so as to justify a carve out to the default status of employment at will. See, e.g., Thibodeau v. Design Group One Architects, LLC, 260 Conn. 691, 701 (2002); Iosa v. Gentiva Health Services, Inc., 299 F. Supp. 2d 29, 34 (D. Conn. 2004). Indeed, as plaintiff points out in his motion, the policy must "embody a public policy of sufficient clarity or consequence to justify a claim for wrongful discharge ... ." (Plaintiff's Motion, p. 3).[1] It is clear that regardless of what specific words are used to describe the standard, the importance and clarity of the public policy on which a plaintiff basis his claim are the key factors.

---

[1] The cases cited by plaintiff in his motion all involve public policies of sufficient clarity as to put the employer on notice of the "public policies" on which the plaintiffs based their wrongful termination claims. Thus, they are readily distinguishable from this case.

4

It is clear from its ruling that the Court not found not only did plaintiff base his wrongful termination claim on "public policies" that fail to "embody a public policy of sufficient clarity or consequence to justify a claim for wrongful discharge," but that these alleged "public policies" do not even exist. As the Court noted in its ruling, there is no support for plaintiff's interpretation of the statutes on which he bases his claims. (Ruling, pp. 3-4). Conn. Gen. Stat. § 20-138a does not say, as plaintiff claims, that an optician cannot conduct a vision screening under a supervising optometrists who is an independent contractor as opposed to an employee. With respect to plaintiff's proffered interpretation, the meaning of the statute is at best ambiguous. Accordingly, the Court rightly determined that the statute lacks the "sufficient clarity" required by Connecticut law to justify a claim for wrongful discharge.

The same analysis applies to CUTPA. While plaintiff correctly points out that CUTPA itself is well established, no precedent exists indicating or suggesting that the vision pre-testing process at issue herein violates CUTPA or in any way constitutes an unfair trade practice as defined by Connecticut law. Thus, the "public policies" on which plaintiff relies have never been articulated by statute, regulation or case law, and cannot form a basis of a wrongful termination claim. The phrasing that the Court uses to describe the lack of a sufficient clear and important public policy does not matter. It is the substance behind the phrasing that matters. Therefore, regardless of whether the "public policies" plaintiff relies upon in support of his claim for wrongful termination are not "clearly articulated" or not

"clearly established," the point is that they are not of sufficient clarity or importance required by Connecticut law for purposes of creating a carve out to at-will employment.[2]

### 2. Plaintiff's Common Law Claims Are Preempted By The Connecticut Whistleblower Statute

Even assuming that plaintiff could articulate a sufficiently clear public policy on which to base his wrongful termination claim, plaintiff's motion must still fail because his claim would be preempted by Connecticut's Whistleblower statute, Conn. Gen. Stat. § 31-51m. With respect to the preemption issue, in arguing for reconsideration plaintiff provides no new facts or intervening law, but merely restates his prior arguments and expresses mere dissatisfaction with the Court's interpretation of the applicable case law. This is insufficient to obtain reconsideration of a ruling. See, e.g., Conn. State Dep't of Social Services, supra, 242 F. Supp. 2d at 129.

Plaintiff's basis for reconsideration demonstrates his misunderstanding of the law. In its ruling, the Court held, in line with other courts that had previously addressed this issue, that an employee's complaint that his employer improperly terminated him because he reported or was about to report an alleged violation of a statute (a so-called "whistleblower claim") is preempted by the Connecticut Whistleblower statute. See Burnham v. Karl &

---

[2] Courts have articulated this standard in more than one way. While many courts have embraced the "clearly articulated" language used by the court in Thibodeau, others have described the same element somewhat differently. See, e.g., Russo v. City of Hartford, 3-97-cv-2380 (JCH), 2004 U.S. Dist. LEXIS 21093, *93 (D. Conn., Sept. 30, 2004) ("Wrongful discharge in violation of public policy is a common law tort that requires a plaintiff to prove that his employment was actually terminated and that such termination violates *a clear mandate of public policy*"). Lewis v. Nationwide Mut. Ins. Co., Case No. 3:02CV512 (RNC); 2003 U.S. Dist. LEXIS 5126, *3 (D. Conn., March 18, 2003) (using "*clear public policy mandate*" language); see also Iosa 299 F. Supp. at 33 ("Plaintiff asserts in count three that her termination was contrary to *clearly established* public policy") (emphasis in all added).

6

Gelb, P.C., 252 Conn. 153, 158-59 (2000) (employee's common law wrongful termination claim precluded by Conn. Gen. Stat. § 31-51m).

While plaintiff correctly points out that he could not have sustained a claim under this statute because "this statute by its terms protects only those employees who are disciplined or discharged after having actually reported an employer's violation, or suspected violation[,] to a public body," (Plaintiff's Motion, p. 5), he provides no reason why this fact serves as a basis for reconsideration. Plaintiff contends that because he could not sustain a claim under the Connecticut Whistleblower statute, he should be able to pursue a common law whistleblower claim. This precise argument has already been rejected.[3] As set forth in Wal-Mart's Reply to Plaintiff's Objection to Defendants' Motion for Summary Judgment, pp. 2-3, Connecticut's courts have squarely rejected the proposition that a plaintiff may rely on a common law wrongful discharge claim merely because his claim under the whistleblower statute fails. See Burnham, 252 Conn. at 158-59 (employee's common law wrongful termination claim precluded by § 31-51m); Campbell v. Town of Plymouth, 79 Conn. App. 67, 75-76 (2003) (court precluded wrongful discharge claim brought by town employee who alleged he was fired for refusing to submit a fraudulent report because C.G.S. § 31-51m provided exclusive remedy); Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648 (1985) (plaintiff can bring wrongful discharge claim only when he or she is "otherwise without remedy" (internal quotations omitted)).

---

[3] Indeed, the fact that a statutory whistleblower claim would have been as frivolous as a common law whistleblower claim underscores the impossibility of plaintiff succeeding on his wrongful termination claims.

The Court's interpretation of the applicable case law is correct. Plaintiff's is not. More importantly, plaintiff fails to provide any new case law sufficient to demonstrate a clear error of law that mandates correction in order to avoid manifest injustice.[4]

> **B.  There Are No Grounds To Reconsider The Granting Of Summary Judgment In Wal-Mart's Favor On Plaintiff's Negligent Misrepresentation Claim.**

Plaintiff maintains that Wal-Mart negligently told him that he should direct inquiries about his work to Dr. Gordon, but then terminated him in part because he asked Dr. Gordon questions.[5] The Court rejected this claim, stating in its ruling that "in response to Defendants' Motion [for summary judgment on this claim], Plaintiff provides no citation to evidence in the record showing that such representations were made." Ruling, p. 6. In his motion for reconsideration plaintiff does not dispute the Court's observation. However, in conceding that he failed to cite to evidence that Wal-Mart made such representations to him, plaintiff blames such failure to set forth evidence of his claims on Wal-Mart's "combining its opposition to [Key's] motion for summary judgment with its own motion for summary judgment." (Plaintiff's Motion, p. 6). This claim is ridiculous. The fact that Wal-Mart combined its summary judgment with its Opposition to Plaintiff's Motion for Summary

---

[4] Even if plaintiff had succeeded in providing an error of law, he grossly overstates his case. Plaintiff claims that the Court, "apparently recognizing the plaintiff has pointed to sufficient evidence of a claim that he was discharged due to Wal-Mart's fear that he would make a report to the Connecticut Department of Health … further states that plaintiff could have pursued that claim under the whistleblower statute … " (Plaintiff's Motion, p. 4). His assumption is grossly exaggerated and incorrect. Nowhere in the Court's ruling is there any indication that the Court found evidence that Wal-Mart feared plaintiff would make a complaint to the Department of Health. No such evidence exists. See Defendants' Motion for Summary Judgment, pp. 17-18, 34-36 and Defendants' Reply to Plaintiff's Opposition, pp. 4-6.

[5] Plaintiff has also claimed that Wal-Mart is liable for negligent misrepresentation because it failed to inform plaintiff at the time it hired him that he would be expected to perform vision screenings and tests for eye health. The Court rejected this basis for a negligent misrepresentation claim, and dismissed it on these grounds. Ruling, p. 5. Key did not move to reconsider this portion of the ruling and it is therefore not at issue here.

Judgment in no way prohibited plaintiff from setting forth or accurately citing to his evidence. A party's failure to include or cite to alleged evidence does not provide grounds sufficient to support a motion for reconsideration. This purpose of a motion for reconsideration is not to allow a party to supplement or rewrite the record. Plaintiff cites to no *new* facts or law of which he or the Court were not previously aware, and, therefore, he has failed to meet his burden of showing reconsideration is proper.

Even if this Court allowed plaintiff a second bite at litigating his claim, his negligent misrepresentation theory still fails as a matter of law. He has provided no evidence that Wal-Mart terminated his employment because he asked Dr. Gordon questions. In fact, plaintiff has argued the opposite – that he was not terminated because of the Nyugen complaint and its contents, but because he is African American or, in the alternative, because Wal-Mart feared that he was about to complain to the Department of Health. Thus, plaintiff's claim that he was terminated because he asked Dr. Gordon questions is completely disingenuous since he himself has argued that he was not, in fact, fired for this reason.

## IV. Conclusion

For all the reasons set forth above, Wal-Mart respectfully requests that this Court deny Plaintiff's Motion for Reconsideration in its entirety, or, in the alternative, uphold its previous ruling granting summary judgment in Wal-Mart's favor on Counts One and Three of the Complaint.

DEFENDANT
WAL-MART STORES, INC.

By: _____
Joel L. Finger (ct06114)
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
Brown Raysman Millstein Felder & Steiner LLP
185 Asylum Street, 10th Floor
Hartford, CT 06103
(860) 275-6400

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of November 2004, a true copy of the foregoing was sent via facsimile and first-class mail, postage prepaid, to:

Loraine M. Cortese-Costa, Esq.
Pamela Coyne, Esq.
Durant, Nichols, Houston,
  Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT  06804

_____
Mitchell L. Fishberg

HARTFORD 91227v3