UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
| | :     CIVIL ACTION NO. |
|     Plaintiff, | :     3:03CV144 (RNC) |
| | : |
| v. | : |
| | : |
| WAL-MART, INC. and | : |
| DR. ANTHONY GORDON, | : |
| | : |
|     Defendants. | :     April 14, 2005 |

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO QUASH

Plaintiff, Marvin Key, by and through undersigned counsel, submits this memorandum of law in support of his Motion to Quash Defendant's subpoena duces tecum served upon his current and former employers, including: (1) Lenscrafters; (2) National Vision; (3) Joshua's Limousine; and (4) Macy's. The subpoenas seek production from non-parties of Mr. Key's employment records, including his personnel files. At this time, Mr. Key is not aware of other subpoenas issued by Wal-Mart to non-parties.

I.     BACKGROUND

After a delay occasioned by Wal-Mart, Inc.'s refusal to comply with its discovery obligations, which resulted in Mr. Key's filing two separate Motions to Compel, the discovery deadline in this matter was extended until December 31, 2003. After that date, the parties filed three separate Status Reports dated April 19, 2004, August 19, 2004 and January 25, 2005.

Paragraph No. 6 in each such report stated: "Discovery is now closed." Prior to the close of discovery, Wal-Mart, Inc. requested production by Mr. Key of certain employment-related records, which Mr. Key produced in a timely manner. At this time, Mr. Key is checking his records to determine whether his prior response needs to be supplemented.

Following this Court's decision on Mr. Key's Request for Reconsideration, Wal-Mart requested two extensions of time in which to file the Joint Trial Memorandum. The Memorandum was originally due on March 21, 2005. The first request was made because of counsel's pre-planned vacation and unavailability from March 9 through 18, 2005. The second request was made because of counsel's vacation to New Zealand and unavailability from March 30 through April 21, 2005. Both requests were granted, and the Memorandum is now due on May 1, 2005. Despite having had ample opportunity to review its file and begin preparing the Memorandum, it was not until the week of April 4, 2005 that Defendant's counsel asked Plaintiff's counsel to copy its entire discovery file, at Defendant's counsel's expense. On April 13, 2005, Plaintiff's counsel provided Defendant's counsel with the requested copies.

Then on April 14, 2005, Mr. Key's current employer, Lenscrafters, was served with a subpoena duces tecum issued by Wal-Mart's counsel, requesting Mr. Key's employment records, which are privileged under state law. Mr. Key understands that the subpoena directs Lenscrafters to submit the requested documents directly to Defendant's counsel. Defendant's counsel did not advise Plaintiff's counsel of the issuance of the subpoena. Nor did Defendant's counsel provide Plaintiff's counsel with a copy of the subpoena. Had Mr. Key not been working

at the time the subpoena was served, neither he nor his counsel would know of Defendant's demands. In addition to service of a subpoena on Lenscrafters, the process server informed Mr. Key that he was also serving National Vision, Joshua's Limousine and Macy's, all former employers of Mr. Key.

## II.     LAW AND ARGUMENT

### A.     Discovery Closed On December 31, 2003

Discovery in this matter closed on December 31, 2003. The fact that Wal-Mart, Inc. did not review its records to determine whether additional requests of non-parties were necessary until this week does not require deviation from the rules, and the subpoenas issued to Mr. Key's current and former employers should be quashed, and sanctions should be imposed.

### B.     Wal-Mart Did Not Provide Mr. Key With Prior Notice Of The Subpoenas As Required By Fed. R. Civ. P. 45(b)(1)

Fed. R. Civ. P. 45(b)(1) requires prior notice of a subpoena duces tecum. "The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment.

Wal-Mart, Inc. did not provide Mr. Key or his counsel with a copy of the subpoenas, before or after service. Wal-Mart's continuing failure to comply with the rules, and to try this case by ambush, warrants not only quashing the subpoenas, but the imposition of sanctions.

### C. Mr. Key's Personnel Files Are Privileged Under State Law

Personnel files are privileged and may not be disclosed to a third party unless disclosed pursuant to the employee's consent or a "lawfully issued administrative summons or judicial order, including a search warrant or subpoena, or in response to a government audit or the investigation or defense of personnel-related complaints against the employer." Conn. Gen. Stat. § 31-128f. Neither requirement for lawful disclosure is satisfied herein. Mr. Key did not consent, and the subpoena duces tecum does not satisfy the requirements of the statute.

Our courts have guarded this privilege carefully and have viewed litigants' abuse of the subpoena power as "reprehensible," and subject to sanctions, including "preclusion of the improperly obtained documents, monetary sanctions and disqualification of the offending attorney." *See Carroll v. Carroll*, No. FA99009067S, 2003 WL 21403892, at * 2 (Conn. Super. June 10, 2003) (copy attached). Wal-Mart's attempt to get privileged documents, to which it is not entitled by virtue of state law or the federal rules, should be sanctioned by this Court, by way of quashing the subpoenas, ordering Wal-Mart to reimburse Plaintiff for the costs and fees associated with this motion, precluding any and all documents obtained from non-parties, and disqualifying defense counsel.

### III. CONCLUSION

For the foregoing reasons, Mr. Key seeks that all subpoenas issued by Wal-Mart to non-parties be quashed. Mr. Key also requests that Wal-Mart be ordered to disclose each and every subpoena issued to non-parties during the pendency of this matter and produce any and all

documents received in response to such subpoenas. Mr. Key further requests that Wal-Mart be ordered to pay all costs and fees associated with this motion, be precluded from using any documents or evidence produced by non-parties pursuant to its subpoenas, and enjoined from issuing additional subpoenas to non-parties.

Done at Bridgeport, Connecticut this 14th day of April, 2005.

*Pamela J. Coyne* (signature)
Pamela J. Coyne
Federal Bar No. ct22941
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203) 366-3438
ATTORNEYS FOR PLAINTIFF

## CERTIFICATION

I hereby certify that I have caused to be served this 14th day of April, 2005, the above and foregoing by United States mail, postage paid, return receipt requested, on the following counsel and pro se parties of record:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
10th Floor
185 Asylum Street
Hartford, CT 06103

_____
Pamela J. Coyne

P:\lit\pjc\523818\001\00046031.DOC