# CASE APPENDIX

Westlaw.

Not Reported in A.2d                                                                    Page 1
2003 WL 21403892 (Conn.Super.), 35 Conn. L. Rptr. 10
**(Cite as: 2003 WL 21403892 (Conn.Super.))**

C
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of Middlesex.
Matthew CARROLL,
v.
Christine CARROL (Rugar).
**No. FA990090676S.**

June 10, 2003.

Stephen Barber, Cromwell, CT, for Matthew Carroll.

Lloyd Frauenglass, Frauenglass & Eisenberg, Glastonbury, CT, Faccadio Lisa A. PC, Middletown, CT, and Baio & Associates Law Office PC, Rocky Hill, CT, for Christine Carroll.

AURIGEMMA, J.

*1 The defendant, Christine Rugar, has moved to quash the subpoena directed at her husband's former employer and has moved to prevent the plaintiff from using those records which he illegally obtained.

*Factual and Procedural Background*
A motion to modify custody, primary residence, child support and visitation of the parties' minor child, Harley Carroll, was sought by the plaintiff. Prior to a hearing scheduled in this court on March 24, 2003, a subpoena duces tecum was served by the plaintiff's counsel on Ducci Electrical Contractors, a former employer of the defendant's current husband, Glen Rugar. A representative of the former employer, Thomas B. Carew, presented the employment records to plaintiff's counsel, in the hallway at the courthouse, prior to the hearing. After reviewing the records, plaintiff's counsel informed defendant's counsel that she intended to use the records at the hearing. Defendant then moved to have the records sealed by the court. The motion to seal was granted and the parties were requested to submit briefs on the plaintiff's attorneys alleged abuse of subpoena power to improperly obtain employment records of a non-party.

*Discussion of Law and Ruling*
Connecticut General Statute § 31-128f provides in relevant part:
No individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to any person or entity not employed by or affiliated with the employer without the written authorization of such employee except where the information is limited to the verification of dates of employment and the employee's title or position and wage or salary or where the disclosure is made: (1) To a third party that maintains or prepares employment records or performs other employment-related services for the employer; (2) pursuant to a lawfully issued administrative summons or judicial order, including a search warrant or subpoena, or in response to a government audit or the investigation or defense of personnel-related complaints against the employer; (3) pursuant to a request by a law enforcement agency for an employee's home address and dates of his attendance at work; (4) in response to an apparent

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                    Page 2
2003 WL 21403892 (Conn.Super.), 35 Conn. L. Rptr. 10
(Cite as: 2003 WL 21403892 (Conn.Super.))

medical emergency or to apprise the employee's physician of a medical condition of which the employee may not be aware; (5) to comply with federal, state or local laws or regulations; or (6) where the information is disseminated pursuant to the terms of a collective bargaining agreement.

Mr. Rugar, not a party to this action, did not consent to disclosure of his employment records. Therefore, they should not have been disclosed by his former employer. While his former employer was apparently unaware of § 31-128f, the plaintiff's attorney should have been aware of the existence of that statute and, therefore, should have realized that it was improper for her to look at Mr. Rugar's employment records. She also should have been aware that the power she enjoys as an officer of the Superior Court to subpoena records to a court proceeding is abused if she obtains those records on an *ex parte* basis rather than instructing the party to whom she has directed the subpoena to bring those records into court so that the judge can prevent any obvious violations, such as the one which occurred in this case.

*2 The familiar process by which the production of documents in the hands of third persons is secured is the subpoena duces tecum. One upon whom such process is served is bound to produce the required document. *The production thus compelled does not, however, signify a delivery of the papers into the hands of the party calling for their production or of his counsel, or a submission of them to his examination; neither does such a consequence necessarily follow.* The production which the possessor of the papers is required to make consists of bringing them into court and putting them into its control. *Having by this act complied with the order of production, the producer may ask the court to pass upon any claim of privilege, or to make a personal inspection of the document or documents to determine their relevancy or their relevant parts before their submission to counsel; and to make any proper order for the protection, in such submission, of the interests of the producer, as, for example, by withholding from the view of counsel any irrelevant matter which he ought not to be permitted to examine.*
Banks v. Connecticut Ry & Lighting Co., 79 Conn. 116, 118-19, 64 A. 14 (1906) (emphasis added).

Even if Mr. Rugar's employment records had not been protected from disclosure by § 31-128f the plaintiff's counsel should not have accepted these records from the non-party witness unless she was in court in the presence of the judge and opposing counsel. The power to issue a subpoena duces tecum is not the equivalent of an attorney's license to obtain "discovery" from a non-party. Where the subpoena power has been abused in this fashion, courts have imposed sanctions, including preclusion of the improperly obtained documents, monetary sanctions, and disqualification of the offending attorney.

In *Martini v. Shelter Rock Realty,* 1996 Ct.Sup. 459, 15 Conn. L. Rptr. 610, No. 113425, Superior Court, Judicial District of Waterbury, Judge Pellegrino ruled that where an attorney served a subpoena duces tecum on a physician in connection with a deposition, and the deposition did not take place, but the physician sent the subpoenaed records to the attorney, that it was improper for the attorney to copy the records. He stopped short of granting the plaintiff's motion to disqualify the offending attorney because the attorney averred that he had sealed the records without inspecting them. However, Judge Pellegrino did entertain the plaintiff's motion for monetary sanctions.

In *Dawid v. Alves,* Superior Court, Judicial District of Fairfield at Bridgeport, No. 0333683 (May 19, 1997), Judge Rush held that it was not appropriate for counsel to excuse a plaintiff's doctor in return for forwarding medical records. In *McLaughlin v. McNeil,* Superior Court, Judicial District of Fairfield at Bridgeport, No. 0328787 (July 23, 1998), Judge Ford granted a motion to disqualify defense

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                Page 3
2003 WL 21403892 (Conn.Super.), 35 Conn. L. Rptr. 10
(Cite as: 2003 WL 21403892 (Conn.Super.))

counsel, a motion for protective order and a motion for sanctions when counsel cancelled a deposition after receipt of subpoenaed records.

*3 In *Smith v. Douglass,* Superior Court, Judicial District of Fairfield at Bridgeport, No. 0336713 (February 6, 1999), Judge Melville disqualified defense counsel for improperly obtaining records *ex parte* by means of a subpoena duces tecum, stating that the practice was "reprehensible and not in our rules of practice. And for that reason I think it is important that the message get out to all people so that his situation does not occur again."

It is particularly disturbing to the court that the plaintiff's counsel apparently still does not understand the magnitude of her violation. She has not addressed her abuse of her subpoena power, or the privilege created by § 31-128f. Instead, even after having been alerted to the problem, and having been afforded time to write a memorandum, plaintiff's counsel addresses only the issue of the relevance of the improperly obtained records. She has completely missed the point. Information can be extremely relevant but cannot be used in a court proceeding if it is protected by a privilege.

In *Falco v. Institute of Living,* 254 Conn. 321, 757 A.2d 571 (2000), the plaintiff brought a bill of discovery seeking to compel the defendant psychiatric hospital to disclose the name, last known address and social security number of a patient who allegedly had attacked him during a group meeting at the hospital. The plaintiff had sought the identifying information from the defendant in order to bring a civil action against the patient before the expiration of the statute of limitations. The trial court granted the bill of discovery and the Appellate Court affirmed that order. The Supreme Court reversed, holding that although the information sought was certainly relevant even crucial, to the plaintiff's potential case, the privilege established by Connecticut General Statutes § 52-146d did not permit disclosure of the information.

In *Olson v. Accessory Controls & Equipment Corp.,* 254 Conn. 145, 757 A.2d 14 (2000), the plaintiff sued his former employer, claiming that his employment had been terminated in retaliation for information he had provided concerning the waste disposal practices of his employer. The information at issue pertained to a report by an environmental engineering company which had been authored at the request of the defendant's attorney. Even though the disclosure and use of the report was crucial to the plaintiff's case, the Connecticut Supreme Court held the report was protected by the attorney-client privilege, and, therefore could not be used by the plaintiff Consequently, the plaintiff's case was dismissed.

The defendant has moved to quash the subpoena for the employment records of Glen Rugar. That motion is granted. Unfortunately, the improper conduct by the plaintiff's attorney has rendered the motion to quash an ineffective remedy in this case. The defendant has also filed a motion in limine to prevent the use of any information contained in the subject employment records and to preclude any testimony concerning the information contained in the records at any hearing to modify custody, primary residence, child support or visitation. The court also grants this motion and orders that the plaintiff may not use any information contained in the employment records and may not offer any testimony concerning information contained in those records, which remain under seal in the file. The defendant also moved for monetary sanctions. The court will hold a hearing to determine the amount of attorneys fees that the defendant has incurred in connection with the improper use of the subpoena power.

*4 The defendant has also moved to disqualify the plaintiff's attorney.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                Page 4
2003 WL 21403892 (Conn.Super.), 35 Conn. L. Rptr. 10
**(Cite as: 2003 WL 21403892 (Conn.Super.))**

Disqualification of counsel is a remedy that is sometimes used to guard against the danger of inadvertent use of confidential information. *American Heritage Agency, Inc. v. Gelinas,* 62 Conn .App. 711, 725, 774 A.2d 220 (2001), citing *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corporation,* 518 F.2d 751, 754 (2d Cir.1975).

> In disqualification matters, however, we must be "solicitous of a client's right freely to choose his counsel"; *Government of India v. Cook Industries, Inc.,* 569 F.2d 737, 739 (2d Cir.1978); mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and "may lose the benefit of its longtime counsel's specialized knowledge of its operations." *Id.* The competing interests at stake in the motion to disqualify, therefore, are: (1) the [plaintiff's] interest in protecting confidential information; (2) the [defendant's] interest in freely selecting counsel of [her] choice; and (3) the public's interest in the scrupulous administration of justice. *Goldenberg v. Corporate Air, Inc.,* 189 Conn. 504, 507, 457 A.2d 296 (1983), overruled in part, *Burger & Burger, Inc. v. Murren,* 202 Conn. 660, 522 A.2d 812 (1987).
> *American Heritage Agency Inc. v. Gelinas, supra.*

The court's ruling precluding the use of the information in Mr. Rugar's employment file should sufficiently sanction the plaintiff without the need to impose the drastic remedy of disqualification of his counsel. One factor in ordering disqualification of counsel is counsel's refusal to acknowledge the wrongful nature of her conduct. *Briggs v. Mcweeny,* 260 Conn. 296, 334, 796 A.2d 516 (2002). Counsel's further attempted use of the information in Mr. Rugar's employment file may be deemed to evidence a refusal to acknowledge the wrongful nature of counsel's conduct and may result in the court granting a future motion to disqualify the plaintiff's counsel.

2003 WL 21403892 (Conn.Super.), 35 Conn. L. Rptr. 10

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.