UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
|     Plaintiff, | :   CIVIL ACTION NO.<br>:   3:03CV144 (RNC) |
| v. | : |
| WAL-MART, INC. and<br>DR. ANTHONY GORDON, | : |
|     Defendants. | :   MAY 2, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY**

Plaintiff, Marvin Key, hereby submits this Memorandum of Law in Support of his Motion in Limine. Mr. Key seeks to preclude all testimony by Phyllis Parmenter, and testimony by Dr. Anthony Gordon and by Jenilu Zboray, except as it may pertain to the incident with Dr. Gordon that Ms. Zboray witnessed on April 27, 2001. Mr. Key further seeks to preclude testimony by Wal-Mart employees from Bentonville, Arkansas, Tina Frank and Terri Johannassen. Finally, Mr. Key seeks to preclude testimony by purported Wal-Mart customers, Wilma Pelletier, Temple Dasitra, Tim Angell and Dylan Lesnewski.

**I.    PHYLLIS PARMENTER SHOULD BE PRECLUDED FROM TESTIFYING AT TRIAL**

Defendant, Wal-Mart, in Section 10 of the Joint Trial Memorandum identified Phyllis Parmenter as a potential witness at trial. Wal-Mart indicated that Ms. Parmenter would testify "regarding her experiences as an optician in the Vision Center and as Plaintiff's co-worker," and

"other aspects of her experiences with Plaintiff and other individuals in the North Windham Wal-Mart and Plaintiff's claims." (*See* Joint Trial Memorandum, Section 10, ¶ 8.)

At all relevant times, Phyllis Parmenter was an Optician at Wal-Mart's Vision Center in the North Windham store. During the relevant time period, Wal-Mart had two licensed Opticians on staff and required an Optician to be on duty in order to open the Vision Center for business. Mr. Key was the other Opticians. Thus, Ms. Parmenter and Mr. Key worked together infrequently, and she has little or no first-hand knowledge of Mr. Key's performance. Further, as his co-worker and equal, she was not in a position to evaluate Mr. Key, or to discipline or recommend discipline. Nor was she privy to the personnel files disciplinary records of other workers at the Vision Center. Neither her experiences with Mr. Key, nor her opinion of Mr. Key, bear any relationship to Wal-Mart's decision to terminate his employment. *See Johnson v. City of Fort Wayne*, 91 F.3d 922, 936 (7th Cir. 1996) (stating that co-workers' opinions have no bearing on decisionmakers' opinions).

Accordingly, any testimony offered by Ms. Parmenter would be based on her own speculation and/or opinion of her co-workers' personalities and performance. Further, her testimony would largely consist of inadmissible hearsay and/or would be irrelevant to the issues in dispute. Ms. Parmenter's should not be allowed to testify at trial.

Finally, the proffered evidence may easily confuse and/or mislead the jury and would be a waste of time. *See* Fed. R. Evid. 403 (stating that even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

presentation of evidence"). Due to the nature of the dispute between the parties herein, which is specific to Mr. Key's claims of discrimination, retaliation and negligent misrepresentation and Wal-Mart's purported reason for its actions and the disciplinary record created by his supervisor Jerry Ellis against him, the value of Ms. Parmenter's testimony adds little at best, but certainly has the potential of confusing or misleading the jury, and would be a waste of this Court's time.

Ms. Parmenter simply did not play a role in this matter, and delving into her experiences with Mr. Key and her personal motivation and biases would unnecessarily delay the proceedings. Ms. Parmenter should not be allowed to testify at trial for any reason.

## II. DR. GORDON AND MS. ZBORAY SHOULD BE LIMITED TO TESTIMONY REGARDING THE APRIL 27, 2001 INCIDENT

Wal-Mart also identified Jenilu Zboray and Dr. Anthony Gordon as potential witnesses at trial. (*See* Joint Trial Memorandum, Section 10, ¶¶ 1 and 9.) Wal-Mart indicated that Ms. Zboray would testify "regarding her experiences as an optician in the Vision Center and as Plaintiff's co-worker," and "other aspects of her experiences with Plaintiff and other individuals in the North Windham Wal-Mart and Plaintiff's claims." (*See id.*, ¶ 9.) Wal-Mart indicated that Dr. Gordon would testify regarding his independent contractor status, the incident on April 27, 2001 which he was party to, as well as "Plaintiff's general work performance. . . . his work at Wal-Mart's Vision Center and other aspects of his experiences with Plaintiff and other individuals in the North Windham Wal-Mart." (*See id.*, ¶ 1.)

Similar to the foregoing argument regarding Ms. Parmenter, neither Dr. Gordon nor Ms. Zboray, are qualified to offer their opinions regarding Mr. Key's work performance. Neither was

- 3 -

in a position to evaluate his performance, or discipline him or recommend discipline. Neither was privy to employee personnel file or employee disciplinary records. Accordingly, testimony by either regarding Mr. Key's general work performance would be in the form of an unqualified opinion, inadmissible hearsay and/or irrelevant to the issues in dispute. *See Johnson*, 91 F.3d at 936.

Dr. Gordon testified under oath that he had no responsibility or control over the Wal-Mart employees, including Mr. Key. (Gordon dep., pp. 33-34).[1] Dr. Gordon had no idea who supervised the Opticians or Optician Apprentices, who pre-tested his patients. (*Id.*, pp. 51-52). Dr. Gordon had no idea what the Wal-Mart employees' job responsibilities entailed. (*Id.*, pp. 55-56). Dr. Gordon had no idea what licenses the Wal-Mart employees had or what they were, or were not, qualified to do. (*Id.*, p. 58-59). Dr. Gordon testified:

> Q: Okay. During the time that you've provided services at the North Windham store, have you provided any of the Wal-Mart employees with training on any of these machines?
> A: That's not my duty to do that.
> Q: Have you taken any steps to see whether the testing on these machines is being done properly by the Wal-Mart employees?
> A: It's not my responsibility to do that. (*Id.*, p. 42).

\* \* \*

> Q: Are you ever involved in that pretesting in any way?
> A: No. Not that I recall.
> Q: Is there anyone who oversees the Wal-Mart employees in performing that pretesting, if you know?
> A: That's Wal-Mart's responsibility.

---

[1] Deposition trans. of Dr. Gordon (hereinafter "Gordon Dep."), cited pages attached as Exhibit 12.

- 4 -

> Q: Well, based on your experience working there, have you observed anyone who oversees their work in that regard?
> A: Again, that would be Wal-Mart's responsibility.
> Q: Okay, but I'm asking about your own observation of what goes on in the Vision Center.
> A: I don't know who supervises who. In the sense that who trained who, and there's a supervisor there who is a manger. (*Id.*, pp. 51-52).

Clearly, Dr. Gordon has absolutely no knowledge of Mr. Key's (or any other employee's) "general work performance." *See* Fed. R. Evid. 602. Any testimony offered by Dr. Gordon in this regard would necessarily be based on speculation, inadmissible hearsay, or be in the form of an opinion by a lay witness -- in any event, it is inadmissible. *See* Fed. R. Evid. 402, 602, 701, 802.

Ms. Zboray was an Optician Apprentice during Mr. Key's employment with Wal-Mart. As such, she was subordinate to Mr. Key and the other licensed Optician at the Vision Center. She was not in a position to assess Mr. Key's skills or general work performance. Nor was she privy to any employee personnel files or employee disciplinary records. Accordingly, any testimony offered by Ms. Zboray would be inadmissible as speculation and her opinion of her co-workers' personalities and performance. *See* Fed. R. Evid. 701. Further, her testimony would largely consist of inadmissible hearsay and/or would be irrelevant to the issues in dispute. *See* Fed. R. Evid. 402, 602, 701, 802.

Because neither Dr. Gordon nor Ms. Zboray are able to offer admissible evidence regarding Mr. Key's work performance, and neither is privy to his discipline records or the actual reasons behind the disciplinary record, their testimony on these issues clearly has great potential

- 5 -

to confuse or mislead the jury, and would be nothing more than a waste of this Court's time. Accordingly, it should not be allowed for any reason.

Notwithstanding the foregoing, Dr. Gordon was a party to the incident on April 27, 2001, and Ms. Zboray was a witness. Wal-Mart claims that Mr. Key was discharged because of the incident on April 27, 2001, and therefore, their testimony regarding that one incident would be relevant to the issues in dispute and should be allowed by this Court.

### III. WAL-MART REGIONAL MANAGERS FROM BENTONVILLE, ARKANSAS SHOULD BE PRECLUDED FROM TESTIFYING AT TRIAL

In its Joint Trial Memorandum, Wal-Mart identified two individuals from Bentonville, Arkansas to testify at trial -- Tina Frank, Vision Center Regional Manager, and Terri Johannassen, Vision Center Regional Personnel Manager. (*See* Joint Trial Memorandum, Section 10, ¶¶ 7-8.) Wal-Mart never identified either Ms. Frank or Ms. Johannassen as individuals "likely to have discoverable information" pursuant to Fed. R. Civ. P. 26. Despite this, Wal-Mart now claims that these two individuals from Arkansas will offer testify "to Wal-Mart's policies and procedures and other matters relating to Plaintiff's claims."

Neither Ms. Frank nor Ms. Johannassen were Regional Managers during Plaintiff's employment with Wal-Mart. Neither played a role in Plaintiff's employment or termination of employment with Wal-Mart. Any testimony to be offered by either one of these individuals is not only irrelevant to Plaintiff's period of employment, but is necessarily based on hearsay. See Fed. R. Evid. 402, 602, 701, 802. Finally, as to controlling Wal-Mart policies, whatever arguably relevant policies they may be knowledgeable about, their testimony would be

cumulative and a waste of this Court's time. *See* Fed. R. Evid. 403. Neither Ms. Frank nor Ms. Johannassen should be allowed to testify at trial.

### IV. PURPORTED CUSTOMERS, HARRISON NGUYEN, KIM NGUYEN, WILMA PELLETIER, TEMPLE DASITRA, TIM ANGELL AND DYLAN LESNEWSKI SHOULD BE PRECLUDED FROM TESTIFYING AT TRIAL

Of the nine purported former customers identified by Wal-Mart as witnesses at trial, only three can possibly offer admissible and/or relevant testimony. Plaintiff acknowledges that Lorraine King and Maria Ortiz were specifically identified in the Coaching for Improvement Form dated November 4, 2000, which Wal-Mart claims was the last step before discharge. Plaintiff further acknowledges that Wal-Mart claims that he was discharged due to a report written by Huong Nguyen, even though he didn't see the report until August 13, 2003 -- more than two years after his discharge. Therefore, subject to an appropriate foundation and the rules of evidence, Plaintiff agrees to the introduction of Ms. King, Ms. Ortiz and Ms. Nguyen as witnesses.

The remaining purported customers -- Harrison Nguyen, Kim Nguyen, Wilma Pelletier, Temple Dasitra, Tim Angell and Dylan Lesnewski -- should not be allowed to testify, as none were disclosed at any time by Wal-Mart as individuals "likely to have discoverable information" pursuant to Fed. R. Civ. P. 26. Further, to Plaintiff's knowledge none was ever identified to Plaintiff as having had "experiences" with him. Accordingly, not one of the remaining customers would be in a position to offer relevant first-hand testimony regarding Plaintiff. *See* Fed. R. Evid. 402, 602, 701, 802. None of these customers were a factor in Wal-Mart's discipline and/or discharge of Mr. Key, and exploring their experiences at Wal-Mart and their

personal biases for and against certain individuals and/or groups would unnecessarily delay the proceedings herein.

Further, to the extent that the Wal-Mart managers will testify to Plaintiff's work performance, further testimony by these undisclosed purported customers would be cumulative and a waste of this Court's time. *See* Fed. R. Evid. 403. Each one should be precluded from testifying.

## V. **CONCLUSION**

For the foregoing reasons, Mr. Key respectfully requests this Court to enter an order precluding Wal-Mart from introducing Phyllis Parmenter, Tina Frank, Terri Johannassen, Harrison Nguyen, Kim Nguyen, Wilma Pelletier, Temple Dasitra, Tim Angell and Dylan Lesnewski, as witnesses as trial; and limiting testimony by Dr. Anthony Gordon and Jenilu Zboray to the facts related to the incident on April 27, 2001, which Dr. Gordon was party to, and Ms. Zboray was a witness.

Done at Bridgeport, Connecticut this 2nd day of May, 2005.

Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATION**

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 2nd day of May, 2005 to all counsel and pro se parties as follows:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
10th Floor
185 Asylum Street
Hartford, CT 06103

/s/ Pamela J. Coyne
Pamela J. Coyne

P:\lit\pjc\523818\001\00046281.DOC