UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
|     Plaintiff, | :   CIVIL ACTION NO.<br>:   3:03CV144 (RNC) |
| v. | : |
| WAL-MART, INC. and<br>DR. ANTHONY GORDON, | : |
|     Defendants. | :   MAY 2, 2005 |

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION *IN LIMINE*
TO PRECLUDE CERTAIN EXHIBITS

Plaintiff, Marvin Key, hereby submits this Memorandum of Law in Support of his Motion in Limine seeking to preclude the following exhibits identified by Defendant, Wal-Mart, as irrelevant, inadmissible hearsay, and as cumulative or a waste of this Court's time:

70. Coaching for Improvement Form issued to Jenilu Zboray dated 1/30/01
71. Associate Commendation Form issued to Jenilu Zboray dated 6/29/05
73. Performance Appraisal, Optical Lab Technician (Jenilu Zboray)
75. Performance Appraisal, Department Manager, dated 11/28/99 issued to Jenilu Zboray
76. Performance Appraisal, Optician dated 9/15/00 issued to David Peterson
77. January 8, 2002 Performance Appraisal, Optician (Phyllis Parmenter)
78. January 15, 2001 Performance Appraisal, Optician (Phyllis Parmenter)
79. November 2, 2001 Handwritten Complaint about Jeff Kroll
80. November 7, 2001 Handwritten Complaint about Jeff Krol from
81. November 7, 2001 Handwritten Complaint about Jeff Kroll
82. Notice of Trespass issued to Jeffrey Kroll
83. Exit Interview form of Jeffrey Krol dated November 7, 2001 for Gross Misconduct
84. Coaching for improvement form issued to Jeffrey Krol dated "10-16"
85. Jeffrey Krol performance appraisal dated March 13, 2001

(*See* Joint Trial Memorandum, Section 11.)

Mr. Key further seeks to preclude the following exhibits for the same reasons, and because they were never disclosed or produced by Wal-Mart:

6. CBL Scores for Marvin Key
72. Associate Evaluation dated 12/28/93 issued to Jenilu Zboray
74. Performance Appraisal, Department Manager (Jenilu Zboray)
86. Typewritten note, "Meeting 6/15/00," "The Manager" signed by Parmenter, Zboray, Key and Peterson
87. Typewritten note, "Service Issues" signed by Parmenter, Zboray, Key and Peterson
88. Typewritten note, "Meeting 6/15/00," "The Customer" signed by Parmenter, Zboray, Key and Peterson
89. Typewritten note, "The Doctor" signed by Parmenter, Zboray, Key and Peterson

(*See id.*)

I. **ALL PERFORMANCE APPRAISALS AND/OR DISCIPLINE RECORDS ISSUED TO OTHER EMPLOYEES ARE IRRELEVANT AND/OR INADMISSIBLE HEARSAY TO THE ISSUES HEREIN AND SHOULD BE PRECLUDED**

Defendant, Wal-Mart, in Section 11 of the Joint Trial Memorandum identified several performance appraisals and disciplinary notices issued to Wal-Mart employees other than Plaintiff, specifically Jenilu Zboray, Phyllis Parmenter, David Peterson and Jeffrey Krol. (*See* Wal-Mart's Exhibits 70-85.) Of the eighteen exhibits, only three -- Exhibits 73, 76 and 78 -- are from the period of Plaintiff's employment and created by the same decisionmaker. Accordingly, only these three may arguably be offered by Wal-Mart at trial as relevant to the issues herein. *See* Fed. R. Evid. 402, 802. *See also Graham v. Long Island Rail Road*, 230 F.3d 34, 40 (2d Cir. 2000).

Not one performance evaluation or disciplinary record can be offered as an accurate comparison to Plaintiff's situation, and an attempt to create a disciplinary record or compare employees' performance evaluations outside the relevant time period and/or by different decisionmakers would require a mini trial into each specific incidence, and the specific relationships and/or biases of everyone involved -- clearly a waste of this Court's time given the differences in time periods and decisionmakers.

To the extent Wal-Mart offers testimony regarding discipline, or the lack thereof, taken against other employees during Plaintiff's period of employment, the identified exhibits are nothing more than negative proof -- in that no disciplinary action was taken against any other Vision Center employees during that time period. Accordingly, this documentary evidence may not only be a waste of time, causing undue delay, but may confuse the jury. *See* Fed. R. Evid. 403. Each and every one of these exhibits should be excluded.

## II. WAL-MART'S FAILURE TO DISCLOSE OR PRODUCE DOCUMENTS PRECLUDES IT FROM INTRODUCING THEM INTO EVIDENCE AT TRIAL

In addition to the foregoing, Wal-Mart entirely failed to disclose or produce several of the Exhibits identified in its portion of the Joint Trial Memorandum. Specifically, Wal-Mart never disclosed or produced Exhibits 6, 72, 74, 86-89. (*See supra*, and Joint Trial Memorandum, Section 11, and Plaintiff's responses thereto.) Accordingly, Wal-Mart is now precluded from using these documents at trial for any purpose. *See* Fed. R. Civ. P. 26.

### III. CONCLUSION

For the foregoing reasons, Mr. Key respectfully requests this Court to enter an order precluding Wal-Mart from introducing the above-referenced exhibits into evidence a trial.

Done at Bridgeport, Connecticut this 2nd day of May, 2005.

*Pamela J. Coyne*
Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR DEFENDANT

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 2nd day of May, 2005 to all counsel and pro se parties as follows:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
10th Floor
185 Asylum Street
Hartford, CT 06103

_____
Pamela J. Coyne

P:\lit\pjc\523818\001\00046348.DOC