the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

26    7/24/01    Letter from CHRO to Marvin Key
Re:  Complaint Affidavit (w/attachments)

DEFENDANT'S OBJECTION:    This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

27    8/1/01    Letter from CHRO to Marvin Key
Re: Amended Complaint Affidavits (w/attachments)

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

28    9/14/01    Answer of Respondent Anthony Gordon to
Complaint Affidavit

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

29   9/25/01   Letter from James M. Flynn, Eastern Region Manager, CHRO
               To Wal-Mart Stores, Inc., Bentonville Arkansas
               Re:  Wal-Mart's Failure to Respond to Complaint Affidavit and
               Schedule A

               DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
               to the issues before the jury and therefore inadmissible pursuant to
               Fed. R. Evid. 402. Even if of some marginal relevance, the
               proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
               on the grounds that any potential probative value is substantially
               outweighed by the danger of unfair prejudice, confusion of the
               issues, misleading the jury, or by considerations of undue delay
               and waste of time.

30   10/5/01   Rebuttal of Marvin Key to CHRO


               DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
               to the issues before the jury and therefore inadmissible pursuant to
               Fed. R. Evid. 402. Even if of some marginal relevance, the
               proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
               on the grounds that any potential probative value is substantially
               outweighed by the danger of unfair prejudice, confusion of the
               issues, misleading the jury, or by considerations of undue delay
               and waste of time.


31   10/8/02   Letter from Wal-Mart Stores, Inc. Legal Team,
               Bentonville, Arkansas to CHRO
               Re:  Wal-Mart's Response to Complaint Affidavit

               DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
               to the issues before the jury and therefore inadmissible pursuant to
               Fed. R. Evid. 402. Even if of some marginal relevance, the
               proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
               on the grounds that any potential probative value is substantially
               outweighed by the danger of unfair prejudice, confusion of the
               issues, misleading the jury, or by considerations of undue delay
               and waste of time.

32   10/11/01   Notice from Donald Newton, Chief of Field Operations, CHRO

Re: Request for Default Order and Notice of Hearing on
Damages Against Wal-Mart

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
to the issues before the jury and therefore inadmissible pursuant to
Fed. R. Evid. 402. Even if of some marginal relevance, the
proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
on the grounds that any potential probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the
issues, misleading the jury, or by considerations of undue delay
and waste of time.

| 33 | 10/17/01 | Letter from Wal-Mart Stores, Inc. Legal Team, |

Bentonville, Arkansas to CHRO
Re: Wal-Mart's Response to Complaint Affidavit

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
to the issues before the jury and therefore inadmissible pursuant to
Fed. R. Evid. 402. Even if of some marginal relevance, the
proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
on the grounds that any potential probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the
issues, misleading the jury, or by considerations of undue delay
and waste of time. The proposed exhibit also contains hearsay
statements that are inadmissible pursuant to Fed. R. Evid. 802.

| 34 | 10/28/02 | CHRO Releases of Jurisdiction |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
to the issues before the jury and therefore inadmissible pursuant to
Fed. R. Evid. 402. Even if of some marginal relevance, the
proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
on the grounds that any potential probative value is substantially
outweighed by the danger of confusion of the issues, misleading
the jury, or by considerations of undue delay and waste of time.

| 35 | 1/23/03 | EEOC Notice of Right to Sue |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
to the issues before the jury and therefore inadmissible pursuant to
Fed. R. Evid. 402. Even if of some marginal relevance, the
proposed exhibit should be excluded pursuant to Fed. R. Evid. 403

- 27 -

on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| 36 | 5/9/03 | Lenscrafters: Performance Evaluation Re: Marvin Key (Key Doc. Nos. 000350-353) |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time. The proposed exhibit also contains hearsay statements that are inadmissible pursuant to Fed. R. Evid. 802.

| 37 | 5/03 | Actuarial Report and Analysis by Sheldon Wishnick Re: Marvin Key's Lost Earnings Income and Benefits And Curriculum Vitae (Key Doc. Nos. 000094-105) |

DEFENDANT'S OBJECTION: This proposed exhibit contains hearsay statements that are inadmissible pursuant to Fed. R. Evid. 802. This exhibit is also objectionable based on the best evidence rule.

| 38 | 4/05 | Actuarial Report and Analysis by Sheldon Wishnick Re: Marvin Key's Lost Earnings Income and Benefits And Curriculum Vitae |

DEFENDANT'S OBJECTION: This proposed exhibit contains hearsay statements that are inadmissible pursuant to Fed. R. Evid. 802. This exhibit is also objectionable based on the best evidence rule.

| 39 | 2002 | W-2 Statements Re: Marvin Key from Joshua's Limousine Service, Lenscrafters and Macy's |

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

| 40 | 2003 | Marvin Key's Form 1040A |
|---|---|---|

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

| 41 | 2003 | W-2 Statement from Lenscrafters and Form UC-1099G Re:  Marvin Key |
|---|---|---|

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

| 42 | 2004 | Marvin Key's Form 1040A Worksheet |
|---|---|---|

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

| 43 | 2004 | W-2 Statement from Lenscrafters Re:  Marvin Key |
|---|---|---|

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

| 44 | 2005 | Luxotttica (Lenscrafters) Earnings Statement |
|---|---|---|

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

| 45 | 8/18/03 | Appraisal of Economic Loss by Gary M. Crakes Re:  Marvin Key |
|---|---|---|

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

| 46 | 4/29/03 | Notice of Deposition from Wal-Mart to Marvin Key for a June 9, 2003 deposition |
|---|---|---|

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402.

47   1/29/03   Defendant's Response to Plaintiff's Third Set of
                Interrogatories and Third Request for Production of
                Documents Directed to Wal-Mart Stores, Inc.

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
to the issues before the jury and therefore inadmissible pursuant to
Fed. R. Evid. 402. Even if of some marginal relevance, the
proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
on the grounds that any potential probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the
issues, misleading the jury, or by considerations of undue delay
and waste of time.

48   9/19/03   Defendant Wal-Mart Stores, Inc.'s Supplemental
                Objections and Responses to Plaintiff's First Set of
                Interrogatories and First Request for Production of
                Documents Directed to Wal-Mart Stores, Inc.

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
to the issues before the jury and therefore inadmissible pursuant to
Fed. R. Evid. 402. Even if of some marginal relevance, the
proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
on the grounds that any potential probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the
issues, misleading the jury, or by considerations of undue delay
and waste of time.

49   12/5/03   Letter from Wal-Mart's counsel to Mr. Key's counsel
                Re: Supplemental Discovery in Response to Plaintiff's
                Second Motion to Compel

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
to the issues before the jury and therefore inadmissible pursuant to
Fed. R. Evid. 402. Even if of some marginal relevance, the
proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
on the grounds that any potential probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the
issues, misleading the jury, or by considerations of undue delay
and waste of time.

50   11/3/03   Order by U.S. Magistrate Judge Donna F. Martinez
                Re: Plaintiff's Motion to Compel

- 30 -

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

51   1/8/04   Order by U.S. Magistrate Judge Donna F. Martinez
Re:  Plaintiff's Motion for Sanctions and Motion to Strike

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

52.   Mr. Key reserves the right to introduce any exhibit identified by Wal-Mart in this Joint Trial Memorandum, and/or introduce additional exhibits with respect to the cross-examination of Defendant's witnesses and in any rebuttal or impeachment.

DEFENDANT'S RESPONSE:   Wal-Mart reserves its right to object to any additional exhibits on any appropriate grounds.

## DEFENDANT'S EXHIBITS

No.   Description

1.   Exit Interview Form dated April 30, 2001

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

2.   January 20, 2000 Note from Plaintiff to Roger Noll regarding customer service book

- 31 -

PLAINTIFF'S RESPONSE:  Plaintiff does not have a copy of this note in his files and reserves objection to this exhibit until Defendant produces a copy.

3.      Coaching for Improvement Form dated July 13, 2000

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

4.      Coaching for Improvement Form dated November 4, 2000

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

5.      Note dated April 30, 2001, "Given to Marvin"

PLAINTIFF'S RESPONSE:  Plaintiff does not have a copy of this note in his files and reserves objection to this exhibit until Defendant produces a copy.

6.      CBL Scores for Marvin Key

PLAINTIFF'S RESPONSE:  Objection.  This document was never disclosed or produced by Wal-Mart.  Further, upon and information and belief it is irrelevant to the issues herein.

7.      Performance Appraisal dated February 7, 2001

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

8.      Handbook with acknowledgment dated February 7, 2000

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

9.      April 27, 2001 Complaint from Huong Nguyen

PLAINTIFF'S RESPONSE:  Objection, incomplete.  This document must include the fax cover sheet, indicating the date and time it was provided to Plaintiff for the first time. Subject to appropriate foundation and the rules of evidence, Plaintiff agrees to the complete document.

10.     February 9, 2001 Complaint regarding customer service in Vision Center.

PLAINTIFF'S RESPONSE:  Objection, incomplete.  This document must include the entire fax, including cover sheet, indicating the date and time it was provided to Plaintiff for the first time and including complaints about other associates and the Vision Center Manager, Jerome Ellis.  Subject to appropriate foundation and the rules of evidence, Plaintiff agrees to the complete document.

11.     Job Description: Certified Vision Center Associate

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

12.     Optician/Licensed Optician Job Description, Training Plans

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

13.     Customer Service 1 doc  D263

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

14.     Customer Service 2, CBL D 264-360

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

15.     The Doctor Is In – Eye Exam advertisement

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

16.     Wal-Mart Academy of Vision Manual

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

17.     June 9, 2003 letter to Plaintiff from Doctor's Vision Works Optometrists
        regarding career opportunities

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

- 33 -

18.    Facsimile Cover sheet and attached handwritten resume to "Jim Kent/ District
Manager, Navy sub-base"

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence,
agreed.

19.    June 18, 2002 Correspondence to Plaintiff from Target Optician regarding career
opportunities

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence,
agreed.

20.    Certified Vision Center Associate Job Description

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence,
agreed.

21.    List of Vision Center Employees

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence,
agreed.

22.    Licensed Optician Training Plan

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence,
agreed.

23.    Open Door Communications, revised 11/9/98

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence,
agreed.

24.    Coaching for Improvement Policy, PD-30

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence,
agreed.

25.    Harassment/Inappropriate Conduct Policy, PD-19, Revised 2/01/00

PLAINTIFF'S RESPONSE: Objection, irrelevant.

26.    Computer Based Learning Module, 3 Basic Beliefs

PLAINTIFF'S RESPONSE: Objection, irrelevant.

- 34 -

27.     Advertisement from Careerbuilder.com - Optician- Kennedy & Perkins, New Haven, CT, posted: 9/7/03

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

28.     Advertisement from CareerSite - Optician; Optician for Greenwich, F/T lab & sales, posted 2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

29.     Advertisement from Monster.com – Lenscrafters Store/Retail Manager, Lab Manager, Optician, Optical Lab Tech, and Sales, Bristol/Farmington, CT, printed 9/29/03

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

30.     Advertisement from Monster.com – Lenscrafters Store/Retail Manager, Lab Manager, Optician, Optical Lab Tech, and Sales, Danbury, CT

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

31.     Advertisement from Monster.com – Opticare Health Systems, Optical Retail Sales/Optician, First Shift (Day), F/T, Madison/Norwalk, CT, Printed 9/29/03

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

32.     Advertisement from New Haven Register, AdQuest 3D – Optical Sales/Optician, F/T, Waterbury, CT, posted 09/29/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

33.     Advertisement from Job Bank – Optician or Lab Technician, Pearle Vision, Waterford, CT, posted 09/22/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

34.    Advertisement from Job Bank – Optician, Different Frames of Mind, Franklin, MA, posted 09/03/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

35.    Advertisement from Careerbuilder.com – Optician, Kennedy and Perkins F/T, New Haven, CT, posted 09/07/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

36.    Advertisement from Opticians Association of America, www.oaa.org – Optician, Different Frames of Mind F/T or P/T, Franklin, MA, posted 09/02/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

37.    Advertisement from Opticians Association of America, www.oaa.org – Optician, Wal-Mart Optical, Newington, CT, posted 05/30/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

38.    Advertisement from Opticians Association of America, www.oaa.org – Optician, Pearle Vision, Waterford, CT, posted 04/31/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

39.    Advertisement from The Hartford Courant – Optician-Apprentice, F/T Avon Optical Provider, Avon, CT, posted 04/28/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

40.    Advertisements from The Hartford Courant – Optician, 3 ½ Days per week, CT/ Optometrist, Hartford, CT, posted 04/21/2002/ Optometrist, F/T or P/T, CT, posted 04/21/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

41.   Advertisement from The Hartford Courant – Medical/Optical Patient Care
      Coordinator, CT, posted 02/17/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence,
agreed.

42.   Advertisement from The Hartford Courant – Optical Sales, F/T, Meriden, CT,
      posted 01/25/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence,
agreed.

43.   Advertisement from The Hartford Courant – Optical Sales, F/T, Meriden, CT,
      posted 01/27/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence,
agreed.

44.   Advertisement from The Hartford Courant – Optical Sales, F/T, Meriden, CT,
      posted 01/26/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence,
agreed.

45.   Advertisement from The Hartford Courant – Optician/Manager, Sam's Club,
      Manchester, CT, posted 06/23/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence,
agreed.

46.   Advertisement from The Hartford Courant – Optometrist, CT, posted 06/23/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence,
agreed.

47.   Advertisement from The Hartford Courant – Optical Tech, New England Prsnl,
      CT/ Optician, Licensed, CT/ Optometric Assistant, F/T, Enfield, CT/ "Op Tech,
      New England," Optician/ Optometric Assistant, posted 12/02/01

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence,
agreed.

48.   Advertisement from The Hartford Courant – Optician, posted October 11, 2001

- 37 -

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

49.    Advertisement from The Hartford Courant – Optical Office, posted September 16, 2001

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

50.    2002 W-2 Wage and Tax Statement from Federated Corporate Services

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

51.    2002 W-2 Wage and Tax Statement, Joshua's Limousine Service

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

52.    UC-1099 Statement of Unemployment Compensation Payments for Tax year 2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

53.    1040A U.S. Individual Income Tax Return 2001

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

54.    2001 W-2 Wage and Tax Statement, Federal Corporate Services

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

55.    2001 W-2 Wal-Mart Associates, Inc.

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

56.    1040A U.S. Individual Income Tax Return 2000

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

57.   1040A U.S. Individual Income Tax Return 2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

58.   2000 W-2 Wage and Tax Statement, Wal-Mart Associates, Inc./ 2000 W-2 Wage and Tax Statement, Vista Eyecare

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

59.   Internal Revenue Service Tax Return Listing, Tax Period December 31, 2000

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

60.   Page No 0001, Form 1040 Requested Tax Payer Identification Number

PLAINTIFF'S RESPONSE:  Objection, irrelevant.

61.   Luxottica Group Retirement Plans, Retirement Savings Statement

PLAINTIFF'S RESPONSE:  Objection, irrelevant.

62.   Luxottica Retail, Pay Date 6/13/2003 Statement of Earnings

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

63.   Luxottica Retail, Statement of Earnings with hand written notes "Start Pay" and "90 day raise"

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

64.   Luxottica Memorandum, to: Eligible Associates From Benefits Department re: 401(k) Savings Plan/Pension Plan Information

PLAINTIFF'S RESPONSE:  Objection, irrelevant.

65.   Vista Eyecare, Inc., Statement of Earnings

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

66.    9/11/2002 Macy's Statement of Earnings

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

67.    12/28/01 Macy's Statement of Earnings

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

68.    May 16, 2003 Correspondence to "Atty. Cortese-Costa" from Internal Revenue Service, Subject: Your Requests for Transcripts

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

69.    Jerry Ellis' Day Planner

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

70.    Coaching for Improvement Form issued to Jenilu Zboray dated 1/30/01

PLAINTIFF'S RESPONSE:  Objection, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

71.    Associate Commendation Form issued to Jenilu Zboray dated 6/29/05

PLAINTIFF'S RESPONSE:  Objection, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

72.    Associate Evaluation dated 12/28/98 issued to Jenilu Zboray

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

73.    Performance Appraisal, Optical Lab Technician (Jenilu Zboray)

PLAINTIFF'S RESPONSE:  Objection, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2

74.    Performance Appraisal, Department Manager (Jenilu Zboray)

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

75.    Performance Appraisal, Department Manager, dated 11/28/99 issued to Jenilu Zboray

PLAINTIFF'S RESPONSE:  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

76.    Performance Appraisal, Optician dated 9/15/00 issued to David Peterson

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

[Pam, by the way it was produced]
77.    January 8, 2002 Performance Appraisal, Optician (Phyllis Parmenter)

PLAINTIFF'S RESPONSE:  Objection, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

78.    January 15, 2001 Performance Appraisal, Optician (Phyllis Parmenter)

PLAINTIFF'S RESPONSE:  Objection, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

79.    November 2, 2001 Handwritten Complaint  about Jeff Kroll

PLAINTIFF'S RESPONSE:  Objection, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

80.    November 7, 2001 Handwritten Complaint about Jeff Krol from

PLAINTIFF'S RESPONSE:  Objection, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

81.    November 7, 2001 Handwritten Complaint about Jeff Kroll

PLAINTIFF'S RESPONSE:  Objection, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

82.    Notice of Trespass issued to Jeffrey Kroll

- 41 -

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

83.    Exit Interview form of Jeffrey Krol dated November 7, 2001 for Gross Misconduct

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

84.    Coaching for improvement form issued to Jeffrey Krol dated "10-16"

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

85.    Jeffrey Krol performance appraisal dated March 13, 2001

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

86.    Typewritten note, "Meeting 6/15/00," "The Manager" signed by Parmenter, Zboray, Key and Peterson

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

87.    Typewritten note, "Service Issues" signed by Parmenter, Zboray, Key and Peterson

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

88.    Typewritten note, "Meeting 6/15/00," "The Customer" signed by Parmenter, Zboray, Key and Peterson

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

89.    Typewritten note, "The Doctor" signed by Parmenter, Zboray, Key and Peterson

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

90.    Expert Report of Gary Crakes, Phd.[6]

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.


91.    Federal Tax Summary dated February 3, 2004

PLAINTIFF'S RESPONSE:

92.    Form W-2 2003 from Lenscrafters, Inc./ Statement of Unemployment Compensation Payments for Tax Year 2003

PLAINTIFF'S RESPONSE:

93.    No 1 Discount Tax Return Service LLC, Tax Year 2004

PLAINTIFF'S RESPONSE:

94.    Form W-2 2004 from Lenscrafters, Inc.

PLAINTIFF'S RESPONSE:

95.    Luxottica Retail, Paystub dated 4/15/2005

PLAINTIFF'S RESPONSE:

96.    March 29, 2004 correspondence to Plaintiff's Counsel regarding Plaintiff's improper disclosure of documents two months after the close of discovery, Plaintiff's violation of ethical rules, and Plaintiff's improper attempts to rely on counsel as a fact witness[7]

PLAINTIFF'S RESPONSE:

97.    Ruling by Magistrate Donna F. Martinez regarding Defendant's Motion to Strike and/or Preclude[8]

98.    Documents pertaining to subsequent employers of Plaintiff, which Plaintiff has not produced.[9]

---

[6] Wal-Mart only intends to submit the expert report of Gary Crakes if Plaintiff's expert report is admitted into evidence.
[7] See footnote 3 above.
[8] See footnote 3 above.

99.     Wal-Mart reserves the right to introduce any exhibit identified by Plaintiff in this Joint Trial Memorandum, and/or introduce additional exhibits with respect to the cross-examination of Plaintiff's witnesses and in any rebuttal or impeachment.

## 12.   DEPOSITION TESTIMONY

Upon information and belief, Edgar Morales a Wal-Mart manager during the relevant time period, is currently residing and working out-of-state.  Should Mr. Key be unable to procure his attendance at trial, it may be necessary to offer his deposition testimony in this matter.  Wal-Mart reserves its right to utilize Plaintiff's deposition testimony pursuant to the Federal Rules.  Wal-Mart also reserves the right to submit the deposition testimony of Huong Nyguen, if she is unavailable, and the deposition testimony of any other witness who Wal-Mart later discovers is unavailable or becomes unavailable prior to trial  Defendant's designations for Plaintiff Marvin Key and Huong Nyguen are attached as Exhibit C.

## 13.   REQUESTS FOR JURY INSTRUCTIONS

Wal-Mart's proposed Jury Instructions are attached as Exhibit D along with the required disc.

## 14.   ANTICIPATED EVIDENTIARY PROBLEMS

Wal-Mart's Motion in Limine (attached as Exhibit B) include the following:

1.      Motion in Limine to Exclude Documents or Testimony Concerning Discovery Disputes, Prior Proceedings, or Personal Opinion's or Beliefs Regarding Same;

2.      Motion in Limine to Exclude Evidence Concerning Plaintiff's Performance for Other Employers;

---

[9] Plaintiff did not produce updated W-2 and damage information until the end of April 2005.  These newly produced documents raise issues relating to Plaintiff's subsequent employment, which may have significant bearing on

3.    Motion in Limine to Exclude Evidence Concerning Other Lawsuits Filed Against Wal-Mart;

4.    Motion in Limine to Exclude Evidence Concerning Plaintiff's Allegations that Wal-Mart's Vision Center Practices are/were Improper; and

5.    Motion in Limine to Exclude Evidence Concerning Plaintiff Being the First African American Optician Licensed in the State of Connecticut.[10]

**15.    VERDICT FORM**

Wal-Mart's proposed verdict form is attached as Exhibit E.

**16.    TRIAL TIME**

Counsel estimates that seven days will be needed to complete the trial.

**17.    FURTHER PROCEEDINGS**

The parties will file timely responses to each other's Motions in Limine.

**18.    ELECTION FOR TRIAL BY MAGISTRATE**

The parties do not agree to have the case tried by U.S. Magistrate Judge Martinez.

---

Plaintiff's substantive claims and/or his claims for damages. Wal-Mart reserves the right to submit documents and/or testimony relating to these issues if Wal-Mart's investigation finds that they are relevant to the case.
[10] Wal-Mart reserves its right to bring additional motions as necessary and appropriate.

Respectfully Submitted,
DEFENDANT WAL-MART STORES, INC.


Mitchell L. Fishberg
Kristi E. Mackin
Brown, Raysman, Millstein, Felder &
Steiner, LLP
185 Asylum Street
CityPlace II, 10th Floor
Hartford, CT  06103
860-275-6400


## CERTIFICATION

I hereby certify that I have caused to be served this 2nd day of May 2005, the above and

foregoing by United States mail, postage paid, return receipt requested, on the following counsel

and pro se parties of record:

Pamela J. Coyne
Federal Bar No. ct22941
Durant, Nichols, Houston, Hodgson &
Cortese-Costa, PC
1057 Broad Street
Bridgeport, CT  06604
203-366-3438

Kristi E. Mackin

- 46 -