**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARVIN KEY,                                         :
                                                    :    3:03CV144(RNC)
                          Plaintiff,                :
                                                    :
          v.                                        :
                                                    :
WAL-MART STORES, INC.                               :    MAY 2, 2005
                                                    :
                          Defendant.                :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
                                                    x

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION IN LIMINE TO EXCLUDE DOCUMENTS OR TESTIMONY CONCERNING
## DISCOVERY DISPUTES OR COUNSEL'S PERSONAL OPINIONS OR BELEIFS
## REGARDING THE SAME

---

BROWN RAYSMAN MILLSTEIN
FELDER & STEINER LLP
Joel L. Finger (ct06114)
900 Third Avenue
New York, New York
(212) 895-2340

Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
City Place II, 185 Asylum Street
Hartford, CT 06103
(860) 275-6400

Attorneys for Wal-Mart

## PRELIMINARY STATEMENT

Wal-Mart Stores, Inc. ("Wal-Mart") respectfully submits this Memorandum of Law in support of its motion *in limine* to exclude from trial all documents, testimony, argument or commentary that in any way concerns the discovery conducted by either party in this case, including, without limitation, any and all disputes, motions or other issues relating to Plaintiff's efforts to obtain from Wal-Mart a copy of his personnel file, the personnel files of other current or former Wal-Mart employees or any other related document or information, whether prior to or during this litigation.

Wal-Mart is compelled to file this Motion because Plaintiff's witness and exhibit lists indicate that he will seek to introduce evidence at trial regarding Wal-Mart's purported refusal to comply with its discovery obligations through his current counsel, Pan Coyne, Esq. and his former counsel, David Fabricant, Esq. According to Plaintiff's pre-trial submission, this testimony would include introducing evidence from these witnesses regarding correspondence from and between counsel regarding discovery issues and discovery motions that have been filed and adjudicated by this Court long ago.[1] The absurdity of Plaintiff's intention to litigate these stale discovery issues yet again is merely underscored by the fact that Plaintiff has had the documents about which he continues to complain for a very long time. The jury's job is to determine whether Wal-Mart unlawfully discriminated against Plaintiff in terminating his employment not whether Wal-Mart conducted discovery in a proper manner. These issues were raised during discovery and adjudicated by the Court at that time. Moreover, given that

---

[1] By way of example, Plaintiff seeks to introduce as an exhibit a letter from Wal-Mart's counsel to Plaintiff's counsel re: Supplement Discovery in Response to Plaintiff's Second Motion to Compel dated December 5, 2003. Plaintiff also included on her exhibit list correspondence from Attorney Fabricant and his current counsel relating to discovery matters. During a recent telephone call between counsel to discuss the parties' Joint Pretrial Memorandum, Plaintiff's counsel, Pam Coyne, indicated that her client intended to rely on these and other documents as well as her own testimony and that of Attorney Fabricant to support his proposed jury instruction requesting that the jury make a negative inference against Wal-Mart's for its alleged discovery abuses.

testimony regarding these adjudicated discovery matters will in no way assist the jury in determining the relevant issue in this case (i.e., whether Plaintiff was the victim of unlawful employment discrimination), the only reason Plaintiff seeks to introduce such evidence is to unfairly prejudice the jury against Wal-Mart.  Wal-Mart submits that this tactic is improper and skirts the edges of ethical practice.

## STATEMENT OF FACTS

Plaintiff, a former optician at the North Windham Wal-Mart Vision Center (the "Vision Center") claims that Wal-Mart terminated his employment on the basis of his race (African American) and color (Black), and in retaliation for alleging reporting a statement made to him by Dr. Anthony Gordon, an independent contractor ophthalmologist who practiced in the Vision Center.  Plaintiff also claims that Wal-Mart negligently represented to Plaintiff at the time of his hire that he could ask the doctor questions relating to his vision screening duties, but terminated his employment over a year later for asking questions.

Not unlike many cases, the parties have had their share of discovery disputes.  For its part, Plaintiff filed motions to compel discovery on August 25, 2003 and on October 23, 2003.  In both motions, Plaintiff sought attorney's fees and sanctions. The motions were referred to the Honorable Magistrate Judge Donna F. Martinez, who issued rulings on both motions. Plaintiff did not appeal either ruling or otherwise seek reconsideration of the Magistrate's findings.  For its part, Wal-Mart filed a motion to preclude and/or strike certain documents Plaintiff attempted to introduce in his response to Wal-Mart's motion for summary judgment on the basis that such documents were disclosed late and included inadmissible hearsay the large majority of which was granted.  Wal-Mart also sought attorney's fees and sanctions.  Magistrate Martinez did not ward sanctions or attorney's fees to ether side with respect to any of the three motions.

3

In his Joint Trial Memorandum, Plaintiff's lists as a witness, David Fabricant,

Plaintiff's counsel prior to the filing of this litigation, to testify as to "Wal-Mart's failure to

provide Mr. Key with a copy of his personnel file pursuant to state law."[2]    Plaintiff's counsel

estimates that it will take Attorney Fabricant an entire hour to testify about his request to secure a

copy of Plaintiff's personnel file following the termination of his employment.    In addition,

Plaintiff's trial counsel, Pamela Coyne, lists *herself* as a fact witness[3] to testify as to "Wal-Mart's

refusal to comply with its discovery obligations during the pendency of this action, forcing Mr.

Key to file two motions to compel."    Plaintiff's counsel believes her own testimony will take

*two* hours.[4]

## ARGUMENT

### THE COURT SHOULD PRECLUDE THE INTRODUCTION OF ANY TESTIMONY OR DOCUMENTS RELATING TO DISCOVERY

The testimony of Plaintiff's current and former counsel and the documents he

seeks to admit through their testimony relating to the discovery conducted in this litigation has

---

[2] Plaintiff does not allege that he did not receive a copy of his personnel file.  Indeed, he received a copy of his personnel file years ago.

[3] This is the second time Attorney Coyne has attempted to testify as a fact witness on her client's behalf.  In Plaintiff's Opposition to Wal-Mart's Motion for Summary Judgment, Plaintiff introduced an affidavit from Coyne, wherein she purported to "fill in the gaps" of an affidavit of a third-party that was submitted with Plaintiff's opposition papers.  Attorney Coyne's hearsay-laden affidavit was in large part stricken from the record by Magistrate Martinez. If Plaintiff's counsel is so insistent on becoming a fact witness in this case, she should immediately withdraw as counsel.

[4] Prior to its filing of its Motion to Preclude and/or to Strike, in which Attorney Coyne's hearsay-laden affidavit was substantially stricken, Wal-Mart requested that Coyne refrain from offering factual testimony in this matter or to otherwise withdraw as counsel.  At that time, Wal-Mart reserved the right to seek to preclude Attorney Coyne as counsel were she to continue to insist on testifying on behalf of her own client.   By putting herself on the stand as a fact witness, Plaintiff's counsel will be subject to vigorous cross examination as to her obvious bias with respect to this case, her "initial disclosure" of a witness and new documents two months after the close of discovery, filing an affidavit filled with rank speculation and inadmissible statements, her role in disclosing attorney-client privileged information without the permission of the client, misstatements of case law in her briefs, and other areas of cross examination that will undoubtedly take more than two hours.  In addition, to the extent that Plaintiff's counsel is allowed to testify regarding discovery matters, Wal-Mart reserves the right to call witnesses relating to Plaintiff's counsel's conduct in this and other litigations relating to discovery and other matters, including, but not limited to, Wal-Mart's former counsel Gregory Reilly.

4

no relevance to this case.[5]  Only evidence that is relevant is admissible at trial.  *See* Fed. R. Civ.

P. 401.   Not only have these matters been resolved a long time ago (by Plaintiff obtaining his

personnel file years ago) or been previously adjudicated (Magistrate Martinez has already ruled

on the issues set forth therein), they are completely irrelevant to the issues that the jury will be

charged with deciding -- whether Wal-Mart terminated Plaintiff's employment based on

discriminatory reasons.

Even if the discovery disputes arguably had some slight relevance to Plaintiff's

race discrimination and relation claims, which they do not, and even if these issues had not been

ruled upon and decided by Magistrate Martinez, which they have, the proposed evidence,

especially the testimony of Plaintiff's counsel, should be excluded under Fed. R. Evid. 403 on

the grounds that its relevance is substantially outweighed by the danger of unfair prejudice,

confusion of issues, and undue trial delay.

Rule 403 provides:

> Although relevant probative value is substantially outweighed by
> the danger of unfair prejudice, confusion of the issues, or
> misleading of the jury ... .

Here, because the discovery disputes and efforts of Attorney Fabricant to secure

Plaintiff's personnel file from Wal-Mart before this litigation even commenced is not relevant to

whether Wal-Mart discriminated against Plaintiff, the only purpose for introducing such

evidence would be to attempt to prejudice the jury into thinking that Wal-Mart must have

discriminated against Plaintiff because his attorney had to request his personnel file more than

once.   This tactic is improper and Plaintiff should not be allowed to taint the jury with this

evidence.

---

[5]  Plaintiff's counsel's personal opinion that Wal-Mart did not give Plaintiff everything he requested during discovery is just that – her personal opinion.

The same reasoning applies to Attorney Coyne's purported testimony. The only purpose of introducing this type of evidence would be too unfairly prejudice the jury. There can be no argument that this trial involves issues that occurred during Plaintiff's employment with Wal-Mart. Events that have occurred as part of this litigation bear no relevance to what did or did not happen to Plaintiff as an employee of Wal-Mart. Moreover, Plaintiff has already sought relief from this Court regarding these discovery issues. This Court has ruled on Plaintiff's motions and granted remedies it deemed appropriate. Plaintiff could have utilized the procedures set forth in Fed. R. Civ. P. 72(a)[6] to seek reconsideration of the Court's rulings or brought additional motions if he thought there was additional discovery he was entitled to. He did not. Plaintiff should not get a second bite of the apple, especially at this juncture and in front of the jury nor is he entitled to the negative inference jury instruction he seeks. Such an instruction is grossly inappropriate in this case and would only serve to unfairly prejudice the jury.[7]

In conclusion, although Plaintiff's counsel would like to introduce any type of evidence possible in an effort to take the focus off of the lack of evidence underlying Plaintiff's substantive claims and simply try to make Wal-Mart look bad, Plaintiff's attempt to introduce evidence regarding discovery disputes instead of evidence of discrimination should be

---

[6] Subsection (a) of Rule 72, entitled "Magistrate Judges; Pretrial Orders," states that "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

[7] An adverse inference instruction is generally only appropriate if the party seeking the inference does not actually have the evidence sought at the time of trial. *See, e.g., Residential Funding Corp v. DeGeorge Fin Corp.,* 306 F. 3d 99, 101 (2d Cir. 2002). Such a party must show "(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* Plaintiff cites to two cases, *Residential Funding Corp.* and *Zimmerman v. Associates First Capital Corp.,* 251 F. 3d 376, 383-384 (2d Cir 2001) in support of his request for such an instruction. In *Zimmerman,* the defendant failed to produce records. In *Residential Funding Corp,* the plaintiff failed to produce e-mails in time for trial. This case is readily distinguishable from both *Residential Funding* and *Zimmerman* in that Plaintiff seeks a negative inference instruction based on the fact that he

precluded.[8] *See, e.g., In re: Worldcom, Inc. Securities Litigation*, 02Civ. 3288 (DLC), 2005 U.S. Dist. LEXIS 3144, *3 (S.D.N.Y. March 3, 2005) (granting motion to preclude reference by any party to any prior ruling by the Court on a pretrial or discovery issue).[9]

## CONCLUSION

For the foregoing reasons, Wal-Mart respectfully requests that the Court issue an order granting Wal-Mart's motion *in limine* in its entirety and precluding Plaintiff from introducing the testimony and evidence set forth herein.

WAL-MART STORES, INC.,

By: _____
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
Brown Raysman Millstein Felder & Steiner LLP
185 Asylum Street, 10th Floor
Hartford, CT 06103
(860) 275-6400

Joel L. Finger (ct06114)
Brown Raysman Millstein Felder & Steiner LLP
900 3rd Avenue
New York, NY 10022
(212) 895-2000

---

had to file motions to compel during discovery to get certain documents not that there are any documents or other discovery that he does not have in his possession or that he has not had for a considerable amount of time.

[8] There exists an old adage in the law: if you have the law, pound the law; if you have the facts, pound the facts; and if you have neither, pound your adversary. Throughout this litigation, Plaintiff has opted for the third choice - - pounding his adversary.

[9] To the extent that Plaintiff's Counsel is able to submit information and/or testimony relating to purported discovery abuses, Wal-Mart reserves the right to submit evidence and testimony relating to Plaintiff's submission of inappropriate and ultimately stricken affidavit testimony, and delay tactics which served only increase the cost of litigating this matter and delay the disposition of the parties' summary judgments by several months.

## CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of May 2005, a true copy of the foregoing

Memorandum of Law in Support of Defendant's Motion in Limine was sent via facsimile and

first-class mail, postage prepaid, to:

Loraine M. Cortese-Costa, Esq.
Pamela Coyne, Esq.
Durant, Nichols, Houston,
Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT 06804

_____
Mitchell L. Fishberg

8