# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

--------------------------------------------------------- X

|  |  |
|---|---|
| MARVIN KEY, | : |
| | : **CIVIL ACTION NO.:** |
| Plaintiff, | : **3:03CV144(RNC)** |
| | : |
| v. | : **JOINT JURY INSTRUCTIONS** |
| | : |
| WAL-MART STORE, INC. | : |
| | : |
| | : |
| Defendant. | : **MAY 2, 2005** |

--------------------------------------------------------- X

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") requests that the jury assigned to hear this action be charged in accordance with the following instructions. Wal-Mart respectfully reserves the right to seek leave either jointly or individually to submit other or further instructions to the jury for the Court's consideration as may be appropriate. Wal-Mart submits this Request to Charge without waiving any right to challenge the admissibility of the other Party's evidence at trial.

Dated: May 2, 2005

Hartford, Connecticut

1

A.          **REQUESTS WITH RESPECT TO GENERAL INSTRUCTIONS**

**CHARGE NO. A-1: GENERAL INTRODUCTION, PROVINCE OF THE COURT AND JURY**

Now that you have heard the evidence and the closing arguments of both parties, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are, of course, to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts – that is your job.

You must perform your duties as jurors without bias or prejudice as to any party. The parties are equal in the eyes of the law. The law does not permit you to be governed by sympathy, prejudice, media reports or public opinion. Both parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict regardless of the consequences.

Authority: 3 Edward J. Devitt, *et al.*, *Federal Jury Practice and Instructions, Civil* (4th ed. 1987) ("FJPI"), § 71.01.

2

**CHARGE NO. A-2:  IMPARTIALITY OF THE COURT**

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings that I have made during the trial are not any indication of any views of what your decision should be as to whether or not Plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  Authority:  4 Sand, *et al.*, *Modern Federal Jury Instructions* (1994) ("MFJI"), Instruction 71-3 (as modified).

**CHARGE NO. A-3: EVIDENTIARY RULINGS**

Even though from time to time during the trial the Court has been called upon to rule on the admissibility of certain testimony and documents into evidence, you should not concern yourselves with the reasons for any such rulings, and you are not to draw any inferences from them. Whether evidence that is offered is admissible is purely a question of law for the Court. Unless expressly stated by me, my rulings on the admissibility of evidence do not indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

You must dismiss from your mind completely any documents or testimony you may have heard which was offered but not admitted by the Court as evidence. Such evidence has been ruled out of the case by the Court, and may not be considered by you in deciding any factual issue or reaching your verdict. In addition, you must refrain from speculation or conjecture or guesswork about the nature or effect of any discussions or conferences between the Court and counsel held out of your hearing or sight.

Authority:   MFJI, Instruction 71-5 (as modified).

## CHARGE NO. A-4:  CONDUCT OF COUNSEL

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask me to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the Court.

You must not show any prejudice against an attorney or his or her clients because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.  The lawyer is merely trying to protect his client's legal rights.  Ruling on those rights is my job, not yours, and you should not concern yourself with them.

Authority:   MFJI, Instruction 71-6 (as modified).

5

## CHARGE NO. A-5: CORPORATIONS

This case must be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. This is the case even though one party is a corporation, and the other is an individual. A corporation is made up of people and is entitled to the same fair trial as a private individual. Your verdict must not be based on the fact that Marvin Key is an individual and Wal-Mart Stores, Inc. is a corporation. You must put aside any personal opinion you may have about corporations or their managers or executives in general, just as you must put aside any personal opinions you may have about Plaintiff, and decide this case solely on the evidence and the law.

Authority:   3 FJPI, § 71.05 (as modified); MFJI, Instruction 72-1 (as modified); *In re Murchison*, 349 U.S. 133 (1955).

6

**CHARGE NO. A-6:  PREPONDERANCE OF THE EVIDENCE**

Plaintiff has the burden of proving every disputed element of his claims by a preponderance of the evidence.  If you conclude that Plaintiff has failed to establish any disputed element of his claims by a preponderance of the evidence, you must decide against him.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of which Party may have called them, and all the relevant exhibits received into evidence, regardless of who may have produced them.

If you find that the credible evidence is evenly divided between the parties - that it is equally probable that one side is right as it is that the other side is right - then you must decide against Plaintiff and for Defendant.  That is because Plaintiff must prove more than simple equality of evidence - he must prove his case by a preponderance of the evidence.

Authority:  MFJI, Instruction 73-2 (as modified).

7

**CHARGE NO. A-7:**          **"IF YOU FIND" OR "IF YOU DECIDE"**

When I say in these instructions that Plaintiff has the burden of proof on any proposition or claim, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition or claim is more probably true than not true.

Authority:      FJPI § 72.02.

## CHARGE NO. A-8:  WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

If a lawyer asks a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact.  The question of a lawyer, including any assertion of fact, is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is not other evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose -- such as for the purpose of assessing a witness's credibility -- you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening and concluding statements is intended to help you understand the evidence to reach your verdict.  However, if your recollection or opinion of the evidence differs from the lawyers' statements, it is your recollection or opinion that controls.

To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence.  Nor are materials brought forth only to refresh a witness's recollection.

Authority:   MFJI, Instruction 74-1 (as modified).

9

**CHARGE NO. A-9:  DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence that you may properly use in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses -- something he or she has personally seen, felt, touched, or heard first hand.

A second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  Here is a simple example of circumstantial evidence.

Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day.  Assume further that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

Authority:   MFJI, Instruction 74-2 (as modified); *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330 (1960).

**CHARGE NO. A-10:  DEPOSITIONS**

Some of the testimony before you is in the form of deposition testimony that has been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Authority:      MFJI, Instruction 74-14 (as modified).

**CHARGE NO. A-11:  ALL AVAILABLE EVIDENCE NEED NOT BE
PRODUCED**

The law does not require any party to call as witnesses all persons who may have been
present at any time or place involved in the case, or who may appear to have some
knowledge of the matters in issue at this trial.  Nor does the law require any party to
produce as exhibits all papers and things mentioned in the evidence in the case.

Authority:     FJPI § 73.11.

## CHARGE NO. A-12: WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear? What was his or her behavior, manner and appearance while testifying? Often it is not what a person says, but how they say it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against a party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Authority:    MFJI, Instruction 76-1; *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620 (1944).

12

**CHARGE NO. A-13:  DISCREPANCIES IN TESTIMONY**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself or herself.  It is also a fact that two people witnessing an event may see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance, but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony.  You should, as always, use common sense and your own good judgment.

Authority:     MFJI, Instruction 76-4 (as modified).

**CHARGE NO. A-14:  IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

You have heard evidence that at some earlier time a witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much weight, if any, to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Authority:      MFJI, Instruction 76-5 (as modified).

14

**CHARGE NO. A-15: EXPERT WITNESS**

You have heard testimony from two experts. An expert is allowed to express his opinion on those matters about which he has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness' testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense in determining the facts, as the determination of the facts in this case rests solely with you.

Authority: *United States v. Simon*, 425 F.2d 796 (2d Cir. 1969); *DukeLaboratories, Inc. v. United States*, 222 F.Supp. 400, 415 (D. Conn. 1963).

**B.    REQUESTS TO CHARGE WITH RESPECT TO LIABILITY INSTRUCTIONS**

**CHARGE NO. B-1:  RACE DISCRIMINATION**

**NATURE OF THE CLAIM**

Federal and state laws make it unlawful for an employer to intentionally discriminate against an employee with respect to the terms, conditions, or privileges of employment because of such employee's race.  In the case, the Plaintiff, Marvin Key, has asserted a claim of race discrimination against Wal-Mart under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Connecticut Fair Employment Practices Act ("CFEPA").

16

**CHARGE NO. B-2:  ELEMENTS OF PLAINTIFF'S *PRIMA FACIE* CASE**
RACE DISCRIMINATION

Plaintiff, who is African-American, was an optician working in Wal-Mart's Vision Center.  He contends he was terminated because of his race.  Defendant contends that Plaintiff was terminated for legitimate business reasons, not his race.  You have heard the testimony of the parties about Plaintiff's claim of race discrimination.

To prevail on a claim of race discrimination, Plaintiff must prove by a preponderance of the evidence that:

1.      he is a member of a protected class;

2.      he was qualified in all ways for his position;

3.      he suffered an adverse employment action; and

4.      his termination occurred under circumstances giving rise to an inference of discrimination.

There is no dispute that Plaintiff has established the first and third elements of his *prima facie* case, as the Parties agree that Mr. Key is African American and that his employment was terminated.  However, as I will discuss in a moment, Wal-Mart disputes that Plaintiff was qualified for the position. Wal-Mart also disputes that the termination of Plaintiff's employment occurred under circumstances giving rise to an inference of race discrimination.

I will explain the second and fourth elements more fully below.

Authority:      42 U.S.C. § 12112; *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973)

17

**CHARGE NO. B-3: QUALIFIED FOR THE OPTICIAN POSITION**

In order to establish the second element of his *prima facie* case of race discrimination, Plaintiff must establish by a preponderance of the evidence that his work and conduct were sufficient to meet Wal-Mart's legitimate expectations.

Plaintiff contends that he was qualified to work as an optician in Wal-Mart's vision center. Wal-Mart disputes that Plaintiff was qualified for the position due to his poor customer service skills and failure to adhere to Wal-Mart's store policies

If you find that Plaintiff was not qualified for the optician position, then you must find against Plaintiff and for Defendant. If you find that Plaintiff has established by a preponderance of the evidence that he was qualified for the optician position, then you must decide whether Plaintiff has established the fourth element of his prima facie case for race discrimination.

Authority: *Underkofler v. Cmty. Health Care Plan, Inc.*, 2000 U.S. LEXIS 19040 (2d Cir., Aug. 4, 2000).

18

**CHARGE NO. B-4:  INFERENCE OF DISCRIMINATION**

In order to establish the fourth element of his *prima facie* case of race discrimination, Plaintiff must establish by a preponderance of the evidence that, because of his race, he was treated less favorably than other opticians who engaged in the same type, severity, and quantity of misconduct.

To be deemed similarly situated, individuals with whom Plaintiff seeks to compare his treatment must be approximately equal in position and action.  For example, they must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.

Authority:  *Shumway v. United Parcel Service, Inc*, 118 F.3d 60, 64 (2d Cir. 1997); *Ponticello v. Zurich American Ins., Group.*, 16 F. Supp.2d 414, 427 (S.D.N.Y. 1998); *Johnson v. Kroger Co.*, 319 F.3d 858, 867 (6th Cir. 2003); *Sorrentino v. All Seasons Services, Inc.*, 245 Conn. 756, 767, 717 A.2d 150, 155-56 (1998).

19

**CHARGE NO. B-5:  LEGITIMATE NON-DISCRIMINATORY REASONS AND PRETEXT"**

If you find that Plaintiff has established the elements of his *prima facie* case of race discrimination by a preponderance of the evidence, then you must determine whether Defendant has articulated a legitimate, non-discriminatory reason or explanation for its decision to terminate Plaintiff's employment.  Defendant does not have to prove the non-discriminatory reason.

Here, it is undisputed that Defendant has expressed a non-discriminatory reason for Plaintiff's termination.  Defendant says it terminated Plaintiff's employment because he demonstrated poor customer service and committed violations of employee policies.

Now that Defendant has articulated non-discriminatory reasons for the decision to terminate Plaintiff's employment, Plaintiff must prove by a preponderance of the evidence that Defendant's reasons are false reasons or a pretext for race discrimination.

In considering the legitimate, nondiscriminatory reasons stated by Defendant for its decision to terminate Plaintiff's employment, you are not to second guess that decision or substitute your judgment for that of Defendant.  Defendant is entitled to make any business judgment it chooses so long as the decision was not based on Plaintiff's race.  Even if you find the decision unwise, unfair or overly insensitive, it is not your job to re-examine, question or evaluate Defendant's decision absent evidence of race discrimination.

In sum, in order to find for Plaintiff, you must find that Plaintiff produced sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by Defendant for terminating Plaintiff's employment were false, and more likely than not that racial discrimination was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

Authority:  FJPI, Civil §§ 104.01, 104.03 (1997 Supp.) (as modified); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) (citation omitted), *cert. denied*, 540 U.S. 811 (2003); *Chapkines v. New York University, et al.*, 2005 WL 167603 (Jan. 25, 2005 S.D.N.Y.); *Danzer v. Norden Systems, Inc.*, 151 F.3d 50, 56 (2d Cir. 1998).

## CHARGE NO. B-6:  PLAINTIFF'S CLAIM OF RETALIATION

In addition to his claim that Defendant terminated his employment because he is African-American, Plaintiff also claims that Defendant terminated his employment in retaliation for Plaintiff complaining about Dr. Gordon's remark.  Both Title VII and CFEPA prohibit employers from taking retaliatory personnel actions against employees who have previously engaged in activity protected by Title VII and CFEPA, such as complaining about employment discrimination.

To establish a prima facie case of retaliation, Plaintiff must establish by a preponderance of the evidence that:

1.         he participated in a "protected activity" that was known to the decision makers at the time of this decision;

2.         he suffered an employment decision or action that disadvantaged him; and

3.         that there was a causal connection between the protected activity and the adverse decision of which Plaintiff now complains.

Although Defendant does not contest the second prong of this analysis (i.e., that Plaintiff suffered an adverse employment decision), it does dispute that Plaintiff can establish the first and third elements of the *prima facie* case.  In particular, Defendant disputes that Plaintiff participated in any protected activity and that even if he did, Defendant did not know that he had. Plaintiff admits that he does not remember to whom he allegedly complained and Defendant asserts that Roger Noll, the decision maker, was not aware of Plaintiff's complaint.

Defendant also disputes that there is any link between any alleged protected activity and Plaintiff's termination because the decision to terminate Plaintiff's employment was based on Plaintiff's performance and customer service record.

If Plaintiff cannot establish all three elements of his *prima facie* case by a preponderance of the evidence, then you must find for Defendant on Plaintiff's claim of retaliatory termination of employment.  I will explain in more detail each of the elements.

Authority: *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2d Cir. 1996).

## CHARGE NO. B-7:  WHAT CONSTITUTES PROTECTED ACTIVITY

Protected activity is any activity that opposes the unlawful employment practices of Title
VII or the state statute under which Plaintiff brings his claims.  These statutes prohibit,
among other things, adverse treatment on the basis of race, sex, religion, national origin,
and other protected classes.  For example, a complaint about a supervisor sexually
harassing a co-worker could be protected activity.  Activity is protected when it is based
on a good faith belief that discrimination or retaliation in violation of the law is
occurring, even if that belief is mistaken.   It does not matter whether Defendant's
actions constituted discrimination, as long as Plaintiff believed in good faith that the
actions were discriminatory.  However, mere complaints do not constitute protected
activity.  The complaint must be about a practice that is believed to be discriminatory, not
just unfair or abusive.  The complainer must reasonably believe that the conduct
occurring was in violation of the laws.

In this case, Plaintiff contends that Dr. Gordon stated words to the effect that "he is tired
of black people messing up" and that he informed a manager named "Len" about this
comment.  Based on the testimony and exhibits that have been presented to you, you
must determine whether Plaintiff actually made the complaint and, if you find that he did,
whether it was reasonable to believe that this comment by Dr. Gordon constituted
complaint about a discriminatory employment practice or whether he was complaining
about something just unfair, abusive or offensive.

If you determine that Plaintiff did not make a complaint to "Len" or any other
management employee of Defendant or that the comment alleged to have been made by
Dr. Gordon does not reasonably constitute a discriminatory employment practice, then
Plaintiff has not engaged in a protected activity and you must find for Defendant on
Plaintiff's retaliation claim.  If you determine that Plaintiff did, in fact, make the
statement to "Len" and that there is a reasonable basis to believe that Dr. Gordon's
statement constituted a discriminatory employment practice, then you must determine
whether there was a causal connection between the termination of Plaintiff's employment
and the protected activity.

Authority: 42 U.S.C § 2000e-3(a); *Clark County School District v. Breedan*, 532 U.S.
268 (2001); *Jackson v. Health Res. of Rockville, Inc.*, 2005 U.S. Dist. LEXIS 2847 (D.
Conn. Feb. 22, 2005); *Jeffries v. State of Kansas*, 147 F.3d 1220, 1231 (10th Cir. 1998).

22

**CHARGE NO. B-8:  CAUSATION – Retaliatory Discharge**

If you find that Plaintiff did, in fact, make a complaint about Dr. Gordon's comment and
that Plaintiff reasonably believed that the comment was illegal discrimination, Plaintiff
must also establish, by a preponderance of the evidence, that Defendant terminated his
employment because he made this complaint and not the other reasons that Defendant
claims motivated the termination.  At a minimum, there must be competent evidence that
Mr. Noll, the manager who made the decision to terminate Plaintiff's employment, knew
of Plaintiff's protected activity and that Mr. Noll intended to retaliate against Plaintiff by
terminating his employment.  I will explain the necessary element of intent below.

Authority: *Griffin v. Ambika Corp.*, 103 F. Supp. 2d 297, 312 (S.D.N.Y., 2000)
(temporal proximity alone is insufficient to establish a causal connection); *Jackson v.
State of Maryland*, 171 F. Supp.2d 532, 545 (D. Md. 2001) (temporal proximity between
an adverse action and protected activity is insufficient to establish a causal connection
when there has been no showing that defendant knew that plaintiff had engaged in
protected activity).

## CHARGE NO. B-9:  RETALIATION-PROOF OF INTENT

Plaintiff must establish that Defendant intentionally retaliated against him.  Retaliation is intentional if it is done voluntarily, deliberately and willfully.  Retaliatory intent may be proven either by direct evidence, such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you as the jury can infer a person's intent.  Thus, in making a determination as to whether there was intentional retaliation in this case, you may consider any statement made or act done or omitted by the decision maker(s) whose intent is at issue as well as all other facts and circumstances that indicate his state of mind.  You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Authority: Federal Employment Jury Instructions Section 3:375, Todd McNamara and J. Alfred Southerland.

24

**CHARGE NO. B-10: "LEGITIMATE NON-DISCRIMINATORY REASONS** AND PRETEXT"

The same concepts I gave you regarding Plaintiff's race discrimination claim apply here.

Specifically, if you find that Plaintiff has established the elements of his *prima facie* case of retaliation by a preponderance of the evidence, then you must determine whether the legitimate, non-discriminatory reasons Defendant has offered for the decision to terminate Plaintiff's employment were false, and that more likely than not retaliation was a motivating factor in the decision to terminate Plaintiff's employment.

Authority: FJPI, Civil §§ 104.01, 104.03 (1997 Supp.) (as modified); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) (citation omitted), *cert. denied*, 540 U.S. 811 (2003); *Danzer v. Norden Systems, Inc.*, 151 F.3d 50, 56 (2d Cir. 1998); *Chapkines v. New York University, et al.*, 2005 WL 167603 (Jan. 25, 2005 S.D.N.Y.).

25

**CHARGE NO. B-11:  JURY NEED NOT AGREE WITH BUSINESS DECISION**

Please bear in mind that an employer such as Defendant has the right to make business decisions for any reason, whether good or bad, so long as those decisions are not motivated by a factor that the law makes illegal, such as race discrimination or retaliation. It is not your function to second guess the decision Defendant made in this case, but solely to determine whether, in making that decision, Defendant broke the law by permitting Plaintiff's race or retaliation for Plaintiff participating in protected activity to be a motivating factor in its decision to terminate Plaintiff's employment. Thus, even if you personally disagree with that decision or think it harsh or unfair, you may not permit that feeling to influence in any way your determination of whether or not Defendant discriminated or retaliated against Plaintiff in terminating Plaintiff's employment.

AUTHORITY:  Model Jury Instructions (Civil) Eighth Circuit §5.94 (2001), Standing Orders, Jury Instructions for Discrimination & Retaliation Under Title VII, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia. *Kelley v. Airborne Freight Corp.*, 124 F.3d 64, 69-70 (1st Cir. 1997) (*citing Loeb v. Textron*, 600 F.2d 1003, 1019 ((1st Cir. 1979)); *Stemmons v. Missouri Dep't of Corrections*, 82 F.3d 817, 819 (8th Cir. 1996).

## CHARGE NO. B-12:  PLAINTIFF'S STATE LAW CLAIM FOR NEGLIGENT MISREPRESENTATION

Negligence is the violation of a legal duty which one person owes to another.  A Negligent misrepresentation occurs when:

> (1) an individual or entity, in the course of his business, profession or employment;

> (2) failed to exercise reasonable care in ascertaining the truth of a statement;

> (3) and supplied information to another that the supplier knew or should have known was misleading at the time the statement was made;

> (4) to an individual who justifiably and reasonably relied on the misleading information;

> (5) to the individual's detriment; and

> (6) and such detriment was foreseeable.

You must decide whether Plaintiff has proved, by a preponderance of the evidence, that Wal-Mart failed to exercise reasonable care at the time of Plaintiff's hire in communicating information to Plaintiff regarding Plaintiff's ability to ask the doctor questions about his work duties.  In other words, Plaintiff must show that, at the time the statement was made, Wal-Mart knew or had reason to know that it was a making a misleading statement to Plaintiff about his ability to ask the doctor questions later in his employment.  You will also need to decide whether Plaintiff relied on this statement at the time of the incident with the customer, Ms. Nguyen, and whether his reliance was reasonable and caused him detriment.

AUTHORITY: *Presley v. Pepperidge Farm, Inc.*, 356 F. Supp. 2d 109, 136 (D. Conn., 2005); *Williams Ford, Inc. v. Hartford Courant Co.*, 232 Conn. 559, 575, 657 A.2d 212 (1995) (*quoting* Restatement (Second) of Torts (1977)); *Barry v. Posi-Seal Intern., Inc.*, 36 Conn. App. 1, 20, 647 A.2d 1031 (1994);  *see also Connecticut Civil Jury Instructions*, available on-line at http://www.jud.state.ct.us/civiljury/#2; *Sharkey v. Skilton*, 83 Conn. 503, 508 (1910)

**B-13: NEGLIGENT MISREPRESENTATION - REASONABLE CARE**


As you have heard just now, you will need to decide whether Plaintiff has proved by a preponderance of the evidence that Wal-Mart failed to exercise reasonable care when it told Plaintiff at the time that he was hired that he should be able to ask questions of the doctor. Reasonable care is defined as the care that a reasonably prudent person would use in the same circumstances. In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances that were known or should have been known to Wal-Mart at the time of the conduct in question. Whether care is reasonable depends upon all the circumstances at the time of the statement was made.


AUTHORITY

*Galligan v. Blais*, 170 Conn. 73, 77 (1976); Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co., 116 Conn. 496, 503 (1933); *Geoghegan v. G. Fox & Co.,* 104 Conn. 129, 134 (1926); *see also Connecticut Civil Jury Instructions*, available on-line at http://www.jud.state.ct.us/civiljury/#2

## B-14: NEGLIGENT MISREPRESENTATION – FALSITY AT THE TIME STATEMENT WAS MADE.

In order for a statement to be a negligent misrepresentation, the Wal-Mart must have been able to reasonably ascertain the falsity of the statement at the time the statement was made. It does not matter that the statement may become potentially misleading at a future point in time, if Wal-Mart did not believe or had no reason to believe that the statement could be misleading to Plaintiff at the time it was made to him.

AUTHORITY: *Presley v. Pepperidge Farm, Inc.*, 356 F. Supp. 2d 109, 136 (D. Conn., 2005); *Williams Ford, Inc. v. Hartford Courant Co.*, 232 Conn. 559, 575, 657 A.2d 212 (1995) (*quoting* Restatement (Second) of Torts (1977)); *Barry v. Posi-Seal Intern., Inc.*, 36 Conn. App. 1, 20, 647 A.2d 1031 (1994); *see also Connecticut Civil Jury Instructions*, available on-line at http://www.jud.state.ct.us/civiljury/#2; *Sharkey v. Skilton*, 83 Conn. 503, 508 (1910)

29

## B-15: NEGLIGENT MISREPRESENTATION – DUTY AND FORESEEABILITY

 A duty to use care exists when a reasonable person, knowing what the defendant here either knew or should have known at the time of the challenged conduct, would foresee that harm of the same general nature as that which occurred was likely to result from that conduct.  If harm of the same general nature as that which occurred here was foreseeable, it does not matter if the manner in which the harm that actually occurred was unusual, bizarre or unforeseeable.  You must decide whether Plaintiff has proved by a preponderance of the evidence that it was foreseeable to Wal-Mart that Plaintiff would still need to ask the doctor questions about his duties so far into his employment.


AUTHORITY

*Coburn v. Lenox Homes, Inc.*, 186 Conn. 370, 375 (1982); *Pisel v. Stamford Hospital*, 180 Conn. 314, 332-33 (1980); *see also Connecticut Civil Jury Instructions*, available on-line at http://www.jud.state.ct.us/civiljury/#2.

## B-16: NEGLIGENT MISREPRESENTATION - LEGAL CAUSE

If you find that the defendant was negligent by making a statement to Plaintiff at the beginning of Plaintiff's employment that he could ask the doctor questions about his optician duties, you must next decide if such negligence was a legal cause of any of the plaintiff's claimed injuries. Legal cause has two components: cause in fact and proximate cause.

AUTHORITY

*Doe v. Manheimer*, 212 Conn. 748, 757 (1989) (noting, for the first time in Connecticut, that "legal cause" is an essential element of any negligence claim, and specifying that "causation in fact" and "proximate cause" are the two components of "legal cause"); 2 Restatement (Second), Torts § 430 (1965) ("In order that a negligent actor shall be liable for another's harm, it is necessary not only that the actor's conduct be negligent toward the other, but also that the negligence of the actor be a legal cause of the other's harm"); *see also Connecticut Civil Jury Instructions*, available on-line at http://www.jud.state.ct.us/civiljury/#2.

## B-17: NEGLIGENT MISREPRESENTATION - CAUSE IN FACT

A cause in fact is an actual cause. The test for cause in fact is, simply, "Would the injury have occurred were it not for the defendant's negligence?" If your answer to this question is "yes," then the defendant's negligence was not a cause in fact of the plaintiff's injuries. Thus, if you believe that Plaintiff would have been fired whether Wal-Mart told him that he could ask questions of the doctor or not, you cannot find for Plaintiff on his negligent misrepresentation claim.

AUTHORITY

*Doe v. Manheimer*, 212 Conn. 748, 757 (1989) ("The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct"); *Shaughnessy v. Morrison*, 116 Conn. 661, 666 (1933) ("An act or omission can hardly be regarded as the cause of an event which would have happened if the act or omission had not occurred"); *see also Connecticut Civil Jury Instructions*, available on-line at http://www.jud.state.ct.us/civiljury/#2.

32

## B-18:  NEGLIGENT MISREPRESENTATION -  PROXIMATE CAUSE

Negligence is a proximate cause of an injury if it was a substantial factor in bringing the injury about.

AUTHORITY

*Pilon v. Anderson*, 112 Conn. 300, 301 (1930) ("The meaning of the term 'substantial factor' is so clear as to need no expository definition … Indeed, it is doubtful if the expression is susceptible of definition more understandable than the simple and familiar words it employs"); *Mahoney v. Beatman*, 110 Conn. 184, 185 (1929) (first formally adopting the substantial factor test as the test for proximate cause in Connecticut); *see also Connecticut Civil Jury Instructions*, available on-line at http://www.jud.state.ct.us/civiljury/#2.

C.          **REQUESTS WITH RESPECT TO DAMAGES INSTRUCTIONS**

**CHARGE NO. C-1: CONSIDER DAMAGES ONLY IF NECESSARY**

I am about to instruct you as to the proper measure of damages. The fact that I am giving you this instruction should not be considered as an indication of any view of mine as to whether Plaintiff is entitled to a verdict against Defendant with respect to any of his claims. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of Plaintiff on the question of liability as to any of his claims, by a preponderance of evidence and in accordance with the other instructions I have given you. You must make your decisions separately as to each of Plaintiff's claims. If you decide that the Plaintiff is not entitled to prevail with respect to any of his claims, you need go no further.

Authority:  FJPI, § 74.02.

34

**CHARGE NO. C-2:  DAMAGES**

The purpose of the law of damages is to compensate a plaintiff for the loss, if any, that resulted from the alleged violation of the plaintiff's rights.  Damages for such losses are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole, that is, to put the plaintiff in the same position as he would have been had the injury not occurred.

I remind you that you may award compensatory damages only for injuries that Plaintiff proves by a preponderance of the evidence were proximately caused by Defendant's wrongful conduct.  In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  You may not award damages based on sympathy, speculation, general principles of fairness, or a desire to give Plaintiff something for his trouble.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  Plaintiff must demonstrate with particularity the losses he sustained, if any, as a result of Defendant's unlawful conduct.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Authority:    MFJI, Instruction 77-3 (as modified).

**CHARGE NO. C-3:  COMPENSATORY DAMAGES – EMOTIONAL DISTRESS**

Upon appropriate proofs, Plaintiff generally may recover damages for emotional distress he experienced as a direct result of unlawful discrimination or retaliation or negligent misrepresentation.  Plaintiff may not recover damages for emotional distress in connection with any of his claims that he did not prove by a preponderance of the evidence.

In order to recover damages for emotional distress resulting from unlawful discrimination, unlawful retaliation or negligent misrepresentation Plaintiff must prove, by a preponderance of the evidence:

1.        that he experienced emotional distress; and

2.        that the emotional distress was the direct result of unlawful discrimination, retaliation or negligent misrepresentation by Defendant.

Vague or nebulous evidence is an insufficient basis for an award of damages for emotional distress.  Rather, there must be substantial evidence of emotional injury resulting from unlawful discrimination, unlawful retaliation or negligent misrepresentation.  Thus, if you find that Plaintiff's emotional distress was caused by something other than unlawful discrimination, unlawful retaliation or negligent misrepresentation, then Plaintiff is not entitled to recover compensatory damages for emotional distress from Defendant.  If you find that only part of Plaintiff's emotional distress was caused by Defendant, you should only award damages for that part.

Authority:  MFJI, Instruction 77-3 (as modified).

36

**CHARGE NO. C-4: BACK PAY**

If you find that the termination of Plaintiff's employment was unlawful, you may award Plaintiff back pay as part of his compensatory damages. Back pay, also known as lost wages, is the difference between what he would have earned had he continued to be employed by Defendant and what he actually earned or could have earned from other employers. Back pay starts from the date Plaintiff left Defendant's employment and ends on the date Plaintiff obtained or could have obtained re-employment in a comparable position.

The burden is on Plaintiff to prove damages for back pay.

The evidence in this case established that Plaintiff left Wal-Mart's employment as of April 30, 2001. Therefore, the period for which you should determine Plaintiff's back pay is from April 30, 2001 until the date you find that Plaintiff found or could have found re-employment in a comparable position. To determine back pay, you should first calculate the amount of income Plaintiff would have earned if he had remained employed by Defendant during that period. From that amount, you should subtract whatever Plaintiff earned from other employment during that period. However, if you find that Plaintiff failed to mitigate his back pay damages -- that is, that he did not make reasonable efforts to find a job comparable to the job he had with Defendant -- then you should subtract the amount of pay Plaintiff could have earned during that period if he had made the effort to do so. The burden is on Defendant to prove that Plaintiff failed to adequately mitigate his back pay damages, as I will now explain in more detail.

Authority:   FJPI § 104.5 (1997 Supp.).

**CHARGE NO. C-5:  BACK PAY - MITIGATION**

In calculating a back pay award, you are to reduce the amount awarded by the greater of:
(1) the income Plaintiff actually earned during the period for which back pay is being
awarded; or (2) the income Plaintiff could have earned from comparable employment if
he had used reasonable and diligent efforts to obtain such a position.  The back pay
damages are to be reduced by earnings that Plaintiff either earned or could have earned
because the law requires that he use reasonable and diligent efforts to mitigate or
minimize the amount of damages he sustained.

You should consider factors such as the amounts Plaintiff actually earned, whether he
made reasonable efforts to find employment that paid what he had been earning at
Defendant or close to such amount, whether he took himself out of the job market for any
period of time, and whether he was unable to work for any period of time because of an
illness or a disability.

Authority:   FJPI § 104.05 (1997 Supp.)(as modified); UNJ MJCC, Charge No. 2.33 (as
modified); Eighth Circuit Court of Model Jury Instructions Civil (1998) Instruction No.
5.02 (as modified).

## CHARGE NO. C-6:  BACK PAY—MULTIPLE CLAIMS

You should not award back pay damages more than once.  That would provide a windfall for Plaintiff by compensating him twice for the same injury.   Plaintiff is only entitled to be made whole, not to recover more than he actually lost.

Authority:       MFJI, Instruction 77-2 (as modified).

**CHARGE NO. C-7:  FRONT PAY—**

You may award Plaintiff front pay as part of his compensatory damages.  Front Pay damages are to compensate Plaintiff for future economic loss.  The proper method of computing front pay damages is to:

1.      determine how long it will take, starting today, for Plaintiff's earnings to reach a level comparable to what his earnings were at Wal-Mart;

2.      determine how much Plaintiff would have earned during that same period if he had continued working at Wal-Mart;

3.      determine how much Plaintiff reasonably would be expected to earn during that same period if he exercised reasonable diligence in seeking employment comparable to his employment at Wal-Mart;

4.      subtract the amount determined in step (3) from the amount determined in step (2); and

5.      reduce the resulting amount to its present value in accordance with instructions I will give you now.

In determining how much Plaintiff reasonably would be expected to earn if he exercised reasonable diligence in seeking employment comparable to his employment at Wal-Mart, you should use the same mitigation principles on which I instructed you for back pay.  That is, if Defendant proves that Plaintiff failed to make reasonable and diligent efforts to find comparable employment, or that Plaintiff could find comparable employment in the future if he makes reasonable and diligent efforts, you should deduct from the front pay award the amount Plaintiff could reasonably have expected to earn during the front pay period if he had made, or makes, such an effort.  You may not base the amount or period of front pay on speculation or conjecture.

Authority:   FJPI §§ 104.05, 104.06, 104A 11 (1987 & Supp. 1993); *Whittlesey v. Union Carbide Corp.,* 742 F.2d 724 (2nd Cir. 1984).

**CHARGE NO. C-8: PUNITIVE DAMAGES**

There is another type of damages being sought by Plaintiff in this case -- punitive damages.

Punitive damages are awarded only in exceptional cases.

I shall now explain that term to you as it applies to Plaintiff's unlawful discrimination and retaliation claims, and outline for you the circumstances under which an award of punitive damages may be warranted.

Punitive damages may, in certain circumstances, be awarded by you in addition to a verdict for compensatory damages. Punitive damages are not intended as compensation to an injured plaintiff. Rather, the law permits a jury in a civil case to assess punitive damages against a defendant as a punishment for outrageous conduct, such as maliciousness, wantonness, recklessness, and willful disregard of another's rights, and as a deterrent to others to refrain from engaging in such conduct.

Plaintiff is not automatically entitled to punitive damages simply because you have found that Defendant unlawfully discriminated or retaliated against Plaintiff or because you have awarded damages to compensate Plaintiff for his injury. You may award punitive damages only if Plaintiff has proven certain matters that I am now going to explain to you.

Please be aware that the law does not allow for punitive damages on Plaintiff's negligent misrepresentation claim, but only for Plaintiff's claims for race discrimination and retaliation. Thus, unless you find by a preponderance of the evidence that illegal discrimination or retaliation motivation Defendant's decision to terminated Plaintiff's employment, you cannot award Plaintiff punitive damages.

Moreover, punitive damages may only be awarded against Defendant if you find that their conduct was especially egregious, wantonly reckless or malicious. Malicious conduct is intentional wrongdoing in the sense of an evil-minded act. Willful or wanton conduct is a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to the consequences. If you determine Defendant's conduct justifies an award of punitive damages, you should take into consideration in fixing the amount of damages all of the circumstances of this case, including: (1) the nature of the wrongdoing; (2) the extent of the injury or harm inflicted by the wrongdoing; (3) the intent of the party that committed the wrongdoing; (4) their financial condition and ability to pay any award of punitive damages; and (5) the effect the judgment will have upon Defendant. You may also consider any mitigating circumstances which you find may justify reduction of the amount of damages. Finally, you should make sure that there is a reasonable relationship between the actual injury and

41

any punitive damages you may award.  Punitive damages may be higher than, equal to, or lower than actual damages.

You may decide not to impose punitive damages at all.  The awarding of punitive damages is within your discretion -- you are not required to award them.  If you decide to award them, you must first find that Defendant acted so maliciously as to justify additional damages as punishment.  Proof of intentional discrimination or retaliation is not in itself sufficient to award Plaintiff punitive damages.

If you do award punitive damages, you should fix the amount using calm discretion and sound reason.  You must not be influenced by bias, prejudice, sympathy for or dislike of any party in the case.

Authority:      MFJI, Instruction 77-5 (as modified)

42

Respectfully submitted,

THE DEFENDANT
WAL-MART STORES, INC.

By:_____
Joel L. Finger (ct06114)
Brown Raysman Millstein Felder &
Steiner LLP
900 3rd Avenue
New York, NY 10022
(212) 895-2000
Mitchell L. Fishberg (ct19661)
Brown Raysman Millstein Felder & Steiner
LLP
185 Asylum Street, 10th Floor
Hartford, CT  06103
(860) 275-6400

43