**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------- x

| | |
|---|---|
| MARVIN KEY, | : |
| | : Case No. 3:03CV144 (RNC) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| WAL-MART STORES, INC., | : MAY 3, 2005 |
| Defendant. | : |
| | : |

------------------------------------- :
                                      :
                                      x

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO BIFURCATE THE TRIAL WITH RESPECT TO LIABILITY AND DAMAGES**

---

**BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP**
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
City Place II, 185 Asylum Street
Hartford, CT 06103
(860) 275-6400

Joel L. Finger (ct06114)
900 Third Avenue
New York, New York
(212) 895-2340

**PRELIMINARY STATEMENT**

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") respectfully submits this memorandum of law in support of its motion for bifurcation pursuant to Fed.R.Civ.P. 42(b). Plaintiff claims that he was terminated on the basis of his race and color as well as retaliated against for reporting what Plaintiff described as an "abusive" comment by an independent contractor in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60 *et seq.* Plaintiff also brings a claim of negligent misrepresentation pursuant to state law. Here, the jury will be asked to determine whether Plaintiff was terminated for legitimate business reasons, or, as Plaintiff claims, based on his race and color or, in the alternative, in violation of a representation he claims was negligently made to him. Numerous witnesses will be called and documents will be introduced into evidence to show what actually happened during the course of Plaintiff's employment with Wal-Mart and relating to his termination.

There is a whole other part of this case, however, that has nothing to do with what happened during Plaintiff's employment. This case will involve lengthy testimony from both Plaintiff and expert witnesses about Plaintiff's alleged economics damages that does not at all concern Plaintiff's employment at Wal-Mart. Also, both parties have submitted exhibit lists that include a large number of documents that have no bearing on the facts that surround Plaintiff's employment with Wal-Mart and subsequent termination therefrom, but rather relate only to Plaintiff's claims for damages. Thus, Defendants believe that bifurcation of the liability and damages phases of the trial is appropriate here because: (1) bifurcation would reduce the risk of juror confusion during the liability phase by excluding the presentation of lengthy and non-overlapping evidence concerning Plaintiff's damages; (2) bifurcation would promote judicial

1

economy because a finding in favor of Defendants on liability would eliminate the need to consider the question of damages.

## ARGUMENT

## THE ISSUES OF LIABILITY AND DAMAGES SHOULD BE BIFURCATED

Bifurcation of issues at trial is governed by Fed.R.Civ.P. 42(b), which provides, in relevant part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim … or of any separate issue … .

*See also Vichare v. AMBAC, Inc.*, 106 F.3d 457, 466 (2d Cir. 1996). The decision to bifurcate a trial is committed to the informed discretion of the trial judge to "promote convenience, avoid prejudice to Defendants, or to promote efficiency." *Busch v. City of New York,* 2002 WL 31051589 at *2 (E.D.N.Y. Sep. 9, 2002) (citations omitted.) The court "could order bifurcation upon a showing of merely one of these factors." *Id.* (citations omitted.) "There is . . . a substantial body of case law that suggests it may be worthwhile to bifurcate liability and damages issues. In cases where the evidence on damages may not be relevant to liability issues, courts and parties have found it may make sense to bifurcate the issues, and first try and obtain a verdict on liability." *Johns Hopkins University v. Cellpro*, 160 F.R.D. 30, 33 (D. Del. 1995) (*citing* 9 Wright & Miller, *Federal Practice and Procedure* § 2390); s*ee also Vichare,* 106 F.3d at 466 (bifurcation appropriate where litigation of one issue may obviate the need to try another issue).

A.  **Bifurcation Will Promote Convenience, Reduce the Risk of Jury Confusion and Allow the Jury to Concentrate on the Liability Issues**

Here, bifurcation of liability and damages undoubtedly will enhance juror comprehension of the liability issues and reduce the risk of juror confusion. The liability phase

2

of the trial will be a relatively simple presentation regarding Plaintiff's employment at Wal-Mart and the matters eventually leading to the termination of his employment. Testimony will be heard from Plaintiff and Wal-Mart employees regarding Plaintiff's customer service issues, customer complaints, and the coachings he received during his employment. Documents will be introduced regarding Wal-Mart's policies. The jury will be asked to determine liability on, as it currently stands, Plaintiff's three causes of action.

However, there are experts who only will testify as to Plaintiff's economic damages. Bifurcating the testimony of these witnesses, along with the documentary evidence they and the parties will present relating only to damages, will greatly reduce jury confusion and enhance the jury's comprehension of the liability issues as the evidence on damages will be distinctly different from liability. *See Guidi v. Inter-Continental Hotels Corp.*, 2003 WL 1846864 at *2 (S.D.N.Y. Apr. 8, 2003) (bifurcation ordered where "the degree of witness overlap between the two issues [was] extremely minimal"). For example, each party will present an expert economist, who will provide appraisals of the economic losses allegedly suffered by Plaintiff as a result of his alleged constructive discharge, including but not limited to back pay, front pay, and the value of lost benefits. These appraisals will involve complex statistical analyses, economic principles, accounting concepts, and actuarial and interest rate assumptions. Both parties have also listed numerous proposed exhibits relating to Plaintiff's income and mitigation attempts.

The economists and the exhibits on which they rely will not overlap with the issue of liability. The complexities of the parties' damages presentations would be added to a liability trial that involves a relatively simple presentation of the facts. If all of the testimony regarding Plaintiff's economic damages were presented at one time, the jurors would almost certainly be

confused by the facts and the numerous issues involved. *See Wright v. Aargo Security Serv., Inc.*, 2001 WL 1035139 at *6-7 (S.D.N.Y. Sep. 7, 2001) (questions of disability and damages were not "inextricably intertwined," and case bifurcated to avoid jury confusion.) This is especially true given that Wal-Mart will present numerous documents and evidence relating to Plaintiff's mitigation attempts. Therefore, Wal-Mart believes bifurcation of liability and damages is appropriate.

      **B.**    **Bifurcation Will Reduce the Risk of Unfair Prejudice to Defendants**

           **1.**    <u>**Plaintiff's Damages Evidence Should Be Tried Separately**</u>

Empirical studies suggest "juries are moved by sympathy when they have heard evidence of the extent of the plaintiff's injuries and that this influences their decision on the liability issue." 9 Wright & Miller, *Federal Practice and Procedure* § 2390. Therefore, courts will order the bifurcation of liability and damages where evidence regarding the damages suffered by the plaintiff could prejudice the defendant by evoking sympathy or emotion from the jury. *See, e.g., Guidi v. Inter- Continental Hotels Corp.,* 2003 WL 1846864 at *2.

The same danger of unfair prejudice to Defendants exists here. The evidence Plaintiff intends to present with respect to his damages will undoubtedly evoke sympathy from the jury. "[S]uch consideration of [injuries] evidence not related to the question of liability appears to be the type of prejudice which is to be avoided by separating the issues of liability and damages under Rule 42(b)." *Crummett v. Corbin*, 475 F.2d 816, 817 (6th Cir. 1973).

The above testimony, aside from distracting the jury from the determination of liability issues, presents a clear danger exists that jurors will hear evidence of Plaintiff's damages and will, out of sympathy, emotion, or a belief that a large corporate defendant should somehow compensate Plaintiff, permit such evidence to affect their determination of liability. Permitting

4

liability and damages issues to be tried together therefore presents a significant risk that the jury will render a verdict based on emotion.

### 2. Plaintiff's Claim For Punitive Damages Should Be Bifurcated From The Liability Phase Of The Trial.

Even if the Court determines that Plaintiff has set forth a *prima facie* claim for punitive damages, the Court should, in the interests of fairness to Wal-Mart, bifurcate Plaintiff's claim for punitive damages from the liability phase of the trial. In so doing, the Court should preclude Plaintiff from introducing evidence or testimony relating to his claim for punitive damages during the liability phase, as such evidence is not relevant to Plaintiff's substantive claim for discrimination, and would only prejudice Defendants.

Courts in the Second Circuit have bifurcated the issues of punitive damages from liability because of the danger of unfair prejudice. *See Munafo v. MTA,* 2003 WL 21799913 at *23 (E.D.N.Y. Jan. 22, 2003) (citations omitted). There can be no doubt that Defendants will be unfairly prejudiced if Plaintiff is permitted to present evidence to the jury relating to punitive damages prior to its deciding the issue of liability. *See Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 373-74 (2d Cir.1988) (trial as to the amount of an award of punitive damages should be deferred).

There is no compelling reason why Plaintiff should be permitted to introduce evidence relating to his claim for punitive damages in the liability phase of this trial. Such evidence would surely influence the jury on Plaintiff's claims and must be bifurcated.

### C. Bifurcation Will Not Result in Undue Delay, Additional Expense, or Prejudice to Plaintiff and Will Promote Judicial Efficiency

In terms of judicial economy, "the potential time-saving effect of bifurcation is not insignificant." *Guidi v. Inter-Continental Hotels Corp.*, 2003 WL 1846864 at *2. A verdict for Defendants on the issue of liability "would obviate any presentation of [economic] damages."

5

*Id.* "The possibility of the elimination of this lengthy portion of the case is, without doubt, conducive to expedition and economy." *Id.*, *citing* Fed. R.Civ. P. 42(b).

Furthermore, there will be little delay between the liability and damages phases of the trial because both phases would be heard by the same jury. The jury will hear the liability case first, and then, if necessary, hear the damages phases immediately afterwards. Courts have approved this type of bifurcation procedure as expeditious and economical. *Id.*

Thus, Plaintiff cannot demonstrate that bifurcation will result in any undue delay, additional expense, or prejudice to him. To the contrary, bifurcation has the potential to save both the parties and the Court considerable time and expense because a finding in favor of Defendants on liability will eliminate the need for a trial on damages.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court issue an Order granting Defendant's motion to bifurcate the trial of the liability and damages issues.

Respectfully submitted,

Dated: May 4, 2005

**BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP**

By:_____
BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
City Place II, 185 Asylum Street
Hartford, CT 06103
(860) 275-6400

Joel L. Finger (ct06114)
900 Third Avenue
New York, New York
(212) 895-2340