## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARVIN KEY,** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:03CV144 (RNC)** |
| | : | |
| **v.** | : | |
| | : | |
| **WAL-MART STORES, INC.** | : | |
| | : | |
| **Defendant.** | : | **MAY 3, 2005** |

### DEFENDANT WAL-MART STORES, INC.'S TRIAL MEMORANDUM

As per The Honorable Judge Robert N. Chatigny's Case Management Plan Order dated May 30, 2003 and his Order dated February 17, 2005, the Defendant hereby submits its Trial Memorandum as follows:[1]

### 1.    TRIAL COUNSEL

**FOR PLAINTIFF**

Pamela J. Coyne (ct22941)
Loraine M. Cortese-Costa (ct03984)
Durant, Nichols, Houston, Hodgson
& Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT 06604
203-366-3438

**FOR DEFENDANT**

Joel L. Finger (ct06114)
Brown Raysman Millstein Felder & Steiner LLP
900 Third Avenue
New York, NY  10022

Mitchell L Fishberg (ct19661)
Kristi E. Mackin (ct23394)
Brown Raysman Millstein Felder & Steiner LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT  06103
860-275-6400

---

[1] Although the parties have attempted to put together a Joint Trial Memorandum, they have been unable to reach accord on a few issues and, thus, are each filing their own Trial Memorandum.  However, the parties have reached a verbal agreement to continue attempting to resolve disagreements with the hopes of submitting a Joint Trial Memorandum in the next one or two days.

2.    **JURISDICTION**

This Court has jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship and an amount in controversy, exclusive of interest and costs, exceeding $75,000; and pursuant to 28 U.S.C. § 1331 based upon a federal question under Title VII of the Civil Rights Act of 1964 ("Title VII"). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.    **JURY/NON-JURY**

This is a jury trial.

4.    **NATURE OF CASE**

The parties in this case are the Plaintiff, Marvin Key, and the Defendant, Wal-Mart Stores, Inc. This is an employment discrimination case filed pursuant to Title VII of the Civil Rights Act, 42. U.S.C. §§ 2000e *et seq.* and the Connecticut Fair Practices Act, Conn. Gen. Stat. §§ 46a-60 *et seq.* Plaintiff, a black African American, claims that he was unfairly disciplined and terminated on the basis of his race and color, and in retaliation for his alleged reporting of a comment he claims was made to him by the independent contractor doctor in the Wal-Mart Vision Center where Plaintiff worked as an optician. Plaintiff also brings a claim of negligent misrepresentation under Connecticut law. Mr. Key is seeking back pay and benefits, front pay and benefits, compensatory damages, punitive damages, attorney's fees and costs.

Defendant denies all of Plaintiff's claims, and claims that it terminated Plaintiff's employment for and only for legitimate, non-discriminatory reasons. Defendant denies that Plaintiff is entitled to any damages, but also that Plaintiff failed to properly mitigate his damages.

RESERVATION OF RIGHTS:  In the event this Court does not allow individual opening statements to the jury, Wal-Mart reserves the right to supplement this statement regarding the nature of the case to include additional background and information regarding specific damages suffered by Mr. Key and additional defenses, as applicable.

5.    **STIPULATIONS OF FACT AND LAW**

1.    Defendant Wal-Mart is a retail company incorporated under the laws of the State of Delaware doing business in Connecticut.

2.    Defendant Wal-Mart owns and/or operates several Vision Centers within Connecticut, including at its North Windham store.

3.    Roger Noll was Manager of the North Windham, Connecticut Wal-Mart during Mr. Key's employment.

4.    Edgar Morales was a Co-Manager of the North Windham, Connecticut Wal-Mart during Mr. Key's employment.

5.    Marvin Key, a Black African-American male, is an Optician who was licensed by the State of Connecticut during his employment with Wal-Mart.

6.    Mr. Key was employed by Wal-Mart as an Optician in the North Windham vision center from February 7, 2000 to April 30, 2001.

7.    Mr. Key's starting wage at Wal-Mart was $21.85 per hour.

8.    At the time of his discharge, Mr. Key was earning $22.72 per hour.

9.    Anthony Gordon is an independent licensed Optometrist who provided optometry services at Defendant Wal-Mart's North Windham store while Mr. Key was employed there.

- 3 -

10.     Jerome Ellis was the North Windham Vision center manager for Wal-Mart during most of Mr. Key's employment, having started on or about April 10, 2000, approximately two months after Mr. Key.

**6.     PLAINTIFF'S CONTENTIONS**

Plaintiff is submitting its contentions separately.

**7.     DEFENDANT'S CONTENTIONS**

Plaintiff's claims are wholly without merit.  Throughout Plaintiff's employment with Wal-Mart, Plaintiff displayed sustained and well-documented customer service and performance problems that he failed to correct.   It is for these reasons, not discrimination, retaliation or any other actionable reason, why Plaintiff's employment was terminated.  In addition to numerous verbal coachings,[2] Vision Center Manager Jerry Ellis, Plaintiff's direct supervisor, issued Plaintiff a written coaching on July 13, 2000.  The coaching outlined several concerns regarding Plaintiff's noncompliance with Wal-Mart policy and noted that customers had complained about Plaintiff's service.  Despite this warning, Plaintiff continued to exhibit poor customer service and continued noncompliance with various Wal-Mart policies.  For instance, on November 4, 2000, Plaintiff refused to wait on a customer with a brain injury, telling her that she would need to bring her husband in to interpret for her.  After the customer was about to leave the store, Jerry Ellis met with her and was able to resolve the customer's questions within a few minutes.  As a result of the complaint by this customer and other instances of noncompliance with Wal-Mart policy, Mr. Ellis issued Plaintiff a "Decision-making Day," a level of coaching above a written

_____
[2] A "coaching" is a combination of discipline and constructive criticism issued to associates in an effort to correct problematic behaviors and/or unsatisfactory performance.  Under Wal-Mart's progressive discipline policy, associates are first issued a verbal coaching, followed by a written coaching, a "Decision Making Day" and finally

coaching.  Store Manager P. Roger Noll, who approved the coaching, gave Plaintiff a book to read on how to improve his customer relation skills.  Although Plaintiff stated in writing that he had read the book, he later acknowledged that he had merely skimmed it.

On April 27, 2001, Wal-Mart customer Huong Nguyen brought her twin children to the Vision Center for an eye examination.  Plaintiff performed the pre-examination screenings on "Kimi", Ms. Nguyen's daughter.  Ms. Nguyen, who was extremely displeased with Plaintiff's performance, demeanor and his apparent inability to identify which of her fraternal twins was female, complained to Dr. Gordon about Plaintiff's conduct.  Dr. Gordon, in turn, alerted Mr. Ellis about the situation.  When Ms. Nguyen wanted to pursue the matter further, Mr. Ellis called Assistant Manager Edgar Morales to speak with her.  Ms. Nguyen filled out a written complaint concerning Plaintiff's actions and gave it to Mr. Morales.

After speaking with Ms. Nguyen, Mr. Morales reviewed Plaintiff's personnel file to familiarize himself with Plaintiff's employment history at Wal-Mart.  After reviewing Plaintiff's documented history of customer service problems and noncompliance with Wal-Mart policy, Mr. Morales spoke to Mr. Noll.  Mr. Noll determined that Plaintiff's employment should be terminated.

Based upon the evidence on which Plaintiff indicates he will rely at trial, Plaintiff appears to be focusing on litigating collateral issues and not his claims of discrimination and/or negligent misrepresentation.  Wal-Mart believes that this matter should be tried and defended on the merits of Plaintiff's allegations as they appear in his Amended Complaint, not his or his counsel's personal opinion of discovery disputes.

---

termination.  Although coachings generally follow this order, Wal-Mart may issue less or more severe coachings

Wal-Mart denies that Plaintiff is entitled to any damages.  Moreover, Wal-Mart contends that Plaintiff has failed to mitigate his damages.

8.    **LEGAL ISSUES**

1.    Discrimination

Whether Plaintiff was terminated on the basis of his race and/or color in violation of federal and state law.

2.    Retaliation

Whether Plaintiff was retaliated against in violation of federal and state law.

3.    Negligent Misrepresentation

Whether Plaintiff is able to sustain a claim of negligent misrepresentation in accordance with Connecticut state law.

9.    **VOIRE DIRE QUESTIONS**

A list of Proposed Voir Dire Questions is attached as Exhibit A.

10.    **LIST OF WITNESSES**

**PLAINTIFF'S WITNESSES**

1.    Marvin Key, 104 River Avenue, Norwich, Connecticut 06360.  Mr. Key is expected to testify regarding his formal education in Opticianary, licensing requirements and his employment with Wal-Mart, including disparate disciplinary action, termination of employment and damages.  Estimated duration:  Five hours.

> DEFENDANT'S OBJECTION:  Plaintiff's proposed testimony relating to licensing requirements is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 401 and 402.  Plaintiff's claims relating to licensing issues have been dismissed from this action.  Even if some marginal

---

without following this order depending on the type and severity of the conduct at issue.

relevance, the testimony should be excluded pursuant to Fed. R. Evid. 403 as any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time. Moreover, Plaintiff is not an expert witness and therefore will be incompetent to testify as to numerous issues relating to his beliefs about licensing. His testimony in this area is inappropriate pursuant to Fed. R. Evid. 701. Also, Plaintiff is incompetent to testify as to "disparate disciplinary action," which presumably refers to other employees. *See* Fed. R. Evid. 601 and 602 *See also* Wal-Mart's Motions in Limine.[3]

2.    Dale Ceneviva, 58 Lakeview Street, Meriden, Connecticut 06451. If called to testify, Ms. Ceneviva is expected to testify regarding her experience managing, and working with, Mr. Key. Estimated duration: One hour.

DEFENDANT'S OBJECTION: This testimony is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 401 and 402, as Ms. Ceneviva did not work with Plaintiff at Wal-Mart. Even if of some marginal relevance, the testimony should be excluded pursuant to Fed. R. Evid. 403 as any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time. *See also* Wal-Mart's Motions in Limine.

3.    Anthony Gordon, 129 O'Connell Drive, East Hartford, Connecticut. 06118. If called to testify, Dr. Gordon is expected to testify regarding his relationship with Wal-Mart and Wal-Mart employees during the relevant time period, services provided to him by Wal-Mart employees, discriminatory remarks aimed at Mr. Key, Huong Nguyen's visit to the Wal-Mart vision center with her children on April 27, 2001 and termination of Mr. Key's employment. Estimated duration: Two hours.

DEFENDANT'S RESPONSE: Subject to the Federal Rules of Evidence, agreed.

---

[3] Defendant's Motions in Limine are attached as Exhibit B.

4.     <u>Roger Noll</u>, Wal-Mart, Inc., 474 Boston Post Road, North Windham, Connecticut 06256.  If called to testify, Mr. Noll is expected to testify regarding Wal-Mart's employment policies and practices, vision center policies and practices, the relationship between Wal-Mart and Dr. Gordon, disciplinary action taken against vision center employees, Mr. Key's employment with Wal-Mart, Mr. Key's complaint of discriminatory treatment and termination of Mr. Key's employment.  Estimated duration:  Four hours.

<u>DEFENDANT'S RESPONSE</u>:  Subject to the Federal Rules of Evidence, agreed.

5.     <u>Jerome Ellis</u>, Wal-Mart, Inc., 44 Juliette Ave., North Grosvenordale, CT 06255. If called to testify, Mr. Ellis is expected to testify regarding Wal-Mart's employment policies and practices, vision center policies and practices, the relationship between Wal-Mart and Dr. Gordon, Mr. Key's employment with Wal-Mart, disciplinary action taken against vision center employees, Mr. Key's complaint of discriminatory treatment, and termination of Mr. Key's employment.  Estimated duration:  Four hours.

<u>DEFENDANT'S RESPONSE</u>:  Subject to the Federal Rules of Evidence, agreed.

6.     <u>Edgar Morales</u>, Wal-Mart, Inc., 474 Boston Post Road, North Windham, Connecticut 06256.  If called to testify, Mr. Morales is expected to testify regarding Wal-Mart's employment policies and practices, disciplinary action taken against vision center employees, Mr. Key's employment with Wal-Mart, Mr. Key's compliant of discriminatory treatment, and termination of Mr. Key's employment.  Estimated duration:  Two hours.

<u>DEFENDANT'S RESPONSE</u>:  Subject to the Federal Rules of Evidence, agreed.

7.    <u>Christopher Adkins</u>, Wal-Mart, Inc., Wal-Mart, Inc., 474 Boston Post Road, North Windham, Connecticut 06256.  If called to testify, Mr. Adkins is expected to testify regarding policies and procedures of Wal-Mart vision centers, job duties of vision center employees, Mr. Key's employment and termination of Mr. Key's employment.   Estimated duration:  Two hours.

DEFENDANT'S RESPONSE:  Subject to the Federal Rules of Evidence, agreed.

8.    <u>Jenilu Zboray</u>, Wal-Mart, Inc., 474 Boston Post Road, North Windham, Connecticut 06256.  If called to testify, Ms. Zboray is expected to testify regarding Ms. Nguyen's visit with her children to the vision center on April 27, 2001 and related events, as well as termination of Mr. Key's employment.  Estimated duration:  Three hours.

DEFENDANT'S RESPONSE:  Subject to the Federal Rules of Evidence, agreed.

9.    <u>Representative of Wal-Mart with knowledge of preparation of its response to the Commission on Human Rights and Opportunities in Case No. 0240042</u>, Wal-Mart, Inc., 474 Boston Post Road, North Windham, Connecticut 06256.  If called to testify, the representative is expected to testify regarding the authenticity of Wal-Mart's correspondence and responses to the CHRO.  Estimated duration:  One hour.

DEFENDANT'S OBJECTION:  This testimony is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 401 and 402.  Even if of some marginal relevance, this testimony should be excluded pursuant to Fed. R. Evid. 403 as any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.  *See* Wal-Mart's Motions in Limine.

10.     <u>Representative of Wal-Mart with knowledge of preparation of its response to the Unemployment Compensation Commission regarding Mr. Key</u>, Wal-Mart, Inc., 474 Boston Post Road, North Windham, Connecticut 06256.  If called to testify, the representative is expected to testify regarding the authenticity of Wal-Mart's correspondence to State of Connecticut Department of Labor regarding Mr. Key.  Estimated duration:  One hour.

> <u>DEFENDANT'S OBJECTION</u>:  This testimony is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 401 and 402. Even if of some marginal relevance, this testimony should be excluded pursuant to Fed. R. Evid. 403 as any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

11.     <u>Representative of The Frick Company</u>, P.O. Box 97, Rocky Hill, Connecticut 06067.  If called to testify, the representative is expected to testify regarding the authenticity of correspondence to the State of Connecticut Department of Labor regarding the reason for Wal-Mart's termination of Mr. Key's employment.  Estimated duration:  One hour.

> <u>DEFENDANT'S OBJECTION</u>:  This testimony is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 401 and 402. Even if of some marginal relevance, this testimony should be excluded pursuant to Fed. R. Evid. 403 as any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

12.     <u>Sheldon Wishnick, FSA, MAAA, FLMI</u>, 94 Stagecoach Lane, Newington, Connecticut 06111.  If called to testify, Mr. Wishnick is expected to testify as to economic losses incurred by Mr. Key as a result of his loss of employment and benefits with Wal-Mart. Estimated duration:  One hour.

> <u>DEFENDANT'S RESPONSE</u>:  Subject to the Federal Rules of Evidence, agreed.

13.     <u>David M. Fabricant, Esq.</u>, Rotella & Fabricant, 199 Broad Street, P.O. Box 1349, New London, Connecticut 06320.  If called to testify, Attorney Fabricant is expected to testify regarding Wal-Mart's failure to provide Mr. Key with a copy of his personnel file pursuant to state law.  Estimated duration:  One hour.

> <u>DEFENDANT'S OBJECTION</u>:  This testimony is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 401 and 402.  Even if of some marginal relevance, Attorney Fabricant's testimony should be excluded pursuant to Fed. R. Evid. 403 as any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

14.     <u>Pamela J. Coyne, Esq.</u>, Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., 1057 Broad Street, Bridgeport, Connecticut 06604.  If called to testify, Attorney Coyne is expected to testify as to Wal-Mart's refusal to comply with its discovery obligations during the pendency of this action, forcing Mr. Key to file two motions to compel.  Estimated duration:  Two hours.

> <u>DEFENDANT'S OBJECTION</u>:  This testimony is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 401 and 402.  Even if of some marginal relevance, Attorney Fabricant's testimony should be excluded pursuant to Fed. R. Evid. 403 as any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.  It is also inappropriate for Plaintiff's counsel to testify as a fact witness in this case while acting as Plaintiff's trial counsel.  Wal-Mart reserves the right to move for disqualification of counsel

16.     Mr. Key reserves the right to call any witness identified by Wal-Mart in this Joint Trial Memorandum and/or introduce additional witnesses for purposes of rebuttal and/or impeachment.

> <u>DEFENDANT'S RESPONSE</u>:  Wal-Mart reserves its right to object to any additional witnesses on any appropriate grounds.

**DEFENDANT'S WITNESSES**

1.     Dr. Anthony Gordon, 129 O'Connel Drive, East Hartford, CT  06118; 6 hours.  If called to testify, Dr. Gordon is expected to testify, *inter alia*, that he was an independent contractor with the Vision Center.  He is also likely to testify as to the incident on April 27, 2001 involving Wal-Mart customer Huong Nguyen and Plaintiff's incorrect stapling of documents and other issues relating to Plaintiff's performance. Dr. Gordon may also testify as to his work at Wal-Mart's Vision Center and other aspects of his experiences with Plaintiff and other individuals in the North Windham Wal-Mart.

> PLAINTIFF'S RESPONSE:  Objection to testimony by Dr. Anthony Gordon, except as it may pertain to the incident which occurred on April 27, 2001 involving Mr. Key and Dr. Gordon, as irrelevant, inadmissible hearsay and/or inadmissible opinion by a lay witness.  *See* Fed. R. Evid. 402, 403, 602, 701, 704, 802.  *See also* Plaintiff's Motion in Limine, attached hereto as Exhibit D.1.

2.     Philip Roger Noll, Store Manager, 474 Boston Post Road, Willimantic, CT 06226; 5 hours.  If called to testify, Mr. Noll is expected to testify, *inter alia*, about his duties and responsibilities as a Store Manager and Wal-Mart's general policies and procedures. He is also expected to testify as to his role in the decision to terminate Plaintiff's employment and his knowledge of Plaintiff's work performance.  Mr. Noll may also testify as to his duties as a Store Manager and his experiences with Plaintiff and other individuals in the North Windham Wal-Mart, as well as other matters relating to Plaintiff's claims and Wal-Mart's defenses.

> PLAINTIFF'S RESPONSE:  Subject to the Federal Rules of Evidence, agreed.

3.     Edgar Morales, Assistant Store Manager, 474 Boston Post Road, Willimantic, CT 06226; 4 hours.  If called to testify, Mr. Morales is expected to testify, *inter alia*, about his duties

as an Assistant Store Manager and Wal-Mart's general policies and procedures.  He is also expected to testify that he spoke to Ms. Nguyen (customer) after she complained about Plaintiff's performance, his review of Plaintiff's work performance, and his role in the termination of Plaintiff's employment.  Mr. Morales may also testify as to other aspects of his experiences with Plaintiff and other individuals in the North Windham Wal-Mart.

PLAINTIFF'S RESPONSE:  Subject to the Federal Rules of Evidence, agreed.

4.     Jerry Ellis, former Vision Center Manager Plaintiff's and former supervisor, 44 Juliette Ave., North Grosvenordale, CT 06255; 8 hours.  If called to testify, Mr. Ellis is expected to testify, *inter alia*, about Plaintiff's job performance, progressive discipline issued to Plaintiff and complaints by customers about Plaintiff, including, but not limited to, the incident occurring on April 27, 2001.  Mr. Ellis may also testify as to his job and duties in the Vision Center, other aspects of his experiences with Plaintiff and other individuals in the North Windham Wal-Mart Vision Center, and Wal-Mart Vision Center policies and procedures.

PLAINTIFF'S RESPONSE:  Subject to the Federal Rules of Evidence, agreed.

5.     Huong Nguyen, Wal-Mart customer; 19 Lake Ridge Drive, Columbia, Connecticut; 4 hours.  If called to testify, Ms. Nguyen is expected to testify, *inter alia*, about her experiences with Plaintiff in her capacity as a Wal-Mart customer and the customer service complaint she filed about Plaintiff's poor customer service.

PLAINTIFF'S RESPONSE:  Subject to the Federal Rules of Evidence, agreed.

6.     Harrison Nguyen, former Wal-Mart customer, 19 Lake Ridge Drive, Columbia, Connecticut; 2 hours.  If called to testify, Mr. Nguyen is expected to testify, *inter alia*, about his experiences with Plaintiff as a Vision Center customer.

> PLAINTIFF'S RESPONSE: Objection to testimony by Harrison Nguyen, as irrelevant, inadmissible hearsay and/or inadmissible opinion by a lay witness. *See* Fed. R. Evid. 402, 403, 602, 701, 704, 802. *See also* Plaintiff's Motion in Limine.

6.  Kim Nguyen, former Wal-Mart customer, 19 Lake Ridge Drive, Columbia, Connecticut; 2 hours. If called to testify, Ms. Nguyen is expected to testify, *inter alia*, about her experiences with Plaintiff as a Vision Center customer.

> PLAINTIFF'S RESPONSE: Objection to testimony by Kim Nguyen, as irrelevant, inadmissible hearsay and/or inadmissible opinion by a lay witness. *See* Fed. R. Evid. 402, 403, 602, 701, 704, 802. *See also* Plaintiff's Motion in Limine.

7.  Tina Frank, Vision Center Regional Manager, 702 S.W. 8th Street Bentonville, Arkansas 72716-0215; 3 hours. If called to testify, Ms. Frank is expected to testify, *inter alia*, as to Wal-Mart's policies and procedures and other matters relating to Plaintiff's claims.

> PLAINTIFF'S RESPONSE: Objection to testimony by Tina Frank, in that she was never disclosed or identified by Wal-Mart as a potential witness, and as irrelevant, inadmissible hearsay and/or inadmissible opinion by a lay witness. *See* Fed. R. Civ. P. 26; and Fed. R. Evid. 402, 403, 602, 701, 704, 802. Notwithstanding the foregoing, to the extent that Ms. Frank's offered testimony may have some relevance to the issues herein, her testimony would be cumulative and a waste of this Court's time. *See* Fed. R. Evid. 403. *See* Plaintiff's Motion in Limine.

8.  Terri Johannassen, Vision Center Regional Personnel Manager, 702 S.W. 8th Street, Bentonville, Arkansas 72716-0215; 2 hours. If called to testify, Ms. Johannassen is expected to testify as to Wal-Mart's Vision Center policy and procedures and other matters relating to Plaintiff's claims.

> PLAINTIFF'S RESPONSE: Objection to testimony by Terri Johannassen, in that she was never disclosed or identified by Wal-Mart as a potential witness, and as irrelevant, inadmissible hearsay and/or inadmissible opinion by a lay witness. *See* Fed. R. Civ. P. 26; and Fed. R. Evid. 402, 403, 602, 701, 704, 802. Notwithstanding the foregoing, to the extent that Ms. Johannassen's offered testimony may have some relevance to the issues herein, her testimony would be

cumulative and a waste of this Court's time.  *See* Fed. R. Evid. <u>403</u>.  *See* Plaintiff's Motion in Limine.

    8.   <u>Phyllis Parmenter</u>, 203 Harris Road, Sterling, Connecticut; 2 hours.  If called to testify, Ms. Parmenter is expected to testify, *inter alia*, regarding her experiences as an optician in the Vision Center and as Plaintiff's co-worker.  Ms. Parmenter may also testify as to other aspects of her experiences with Plaintiff and other individuals in the North Windham Wal-Mart and Plaintiff's claims.

> <u>PLAINTIFF'S RESPONSE</u>:  Objection to testimony by Phyllis Parmenter, as irrelevant, inadmissible hearsay and/or inadmissible opinion by a lay witness.  *See* Fed. R. Evid. 402, 403, 602, 701, 704, 802.  *See also* Plaintiff's Motion in Limine.

    9.   <u>Jenilu Zboray</u>, 474 Boston Post Road, Willimantic, CT 06226; 3 hours.  If called to testify, Ms. Zboray is expected to testify, *inter alia*, regarding her experiences as an optician in the Vision Center and as Plaintiff's co-worker.  Ms. Zboray may also testify as to other aspects of her experiences with Plaintiff and other individuals in the North Windham Wal-Mart and Plaintiff's claims.

> <u>PLAINTIFF'S RESPONSE</u>:  Objection to testimony by Jenilu Zboray, except as it may pertain to the incident which occurred on April 27, 2001 involving Mr. Key and Dr. Gordon which she witnessed first-hand, as irrelevant, inadmissible hearsay and/or inadmissible opinion by a lay witness.  *See* Fed. R. Evid. 402, 403, 602, 701, 704, 802.  *See also* Plaintiff's Motion in Limine.

    10.   <u>Representative of The Hartford Courant</u>; ½ hour.  If called to testify, the representative of the Hartford Courant will be called to authenticate newspaper advertisements and classified advertisements.

> <u>PLAINTIFF'S RESPONSE</u>:  Plaintiff will stipulate to the authenticity of the Hartford Courant advertisements that were produced by Wal-Mart during the discovery phase of this lawsuit.

11.    <u>Lorraine King</u>, Wal-Mart customer, address to be provided if it can be located; 1 hour.  If called to testify, Ms. King is expected to testify, *inter alia*, as to her experiences as a customer of the Vision Center located in the North Windham Wal-Mart, and specifically her experiences with Plaintiff.

> <u>PLAINTIFF'S RESPONSE</u>:   Objection to testimony by Lorraine King, as irrelevant, inadmissible hearsay and/or inadmissible opinion by a lay witness.  *See* Fed. R. Evid. 402, 403, 602, 701, 704, 802.

12.    <u>Maria Ortiz</u>, Wal-Mart customer, address to be provided if it can be located; 1 hour.  If called to testify, Ms. Ortiz is expected to testify, *inter alia*, as to her experiences as a customer of the Vision Center located in the North Windham Wal-Mart, and specifically her experiences with Plaintiff.

> <u>PLAINTIFF'S RESPONSE</u>:   Objection to testimony by Maria Ortiz, <u>AS</u> irrelevant, inadmissible hearsay and/or inadmissible opinion by a lay witness.  *See* Fed. R. Evid. 402, 403, 602, 701, 704, 802.

13.    <u>Wilma Pelletier</u>, Wal-Mart customer, address to be provided if it can be located; 1 hour.  If called to testify, Ms. Pelletier is expected to testify, *inter alia*, as to her experiences as a customer of the Vision Center located in the North Windham Wal-Mart, and specifically her experiences with Plaintiff.

> <u>PLAINTIFF'S RESPONSE</u>:   Objection to testimony by Wilma Pelletier, as irrelevant, inadmissible hearsay and/or inadmissible opinion by a lay witness.  *See* Fed. R. Evid. 402, 403, 602, 701, 704, 802.  *See also* Plaintiff's Motion in Limine.

14.    <u>Temple Dasitra</u>, Wal-Mart customer, address to be provided if it can be located; 1 hour.  If called to testify, Ms. Dasitra is expected to testify, *inter alia*, as to her experiences as a customer of the Vision Center located in the North Windham Wal-Mart, and specifically her experiences with Plaintiff.

> PLAINTIFF'S RESPONSE:   Objection to testimony by Temple <u>Dasitra</u>, as irrelevant, inadmissible hearsay and/or inadmissible opinion by a lay witness. *See* Fed. R. Evid. 402, 403, 602, 701, 704, 802. *See also* Plaintiff's Motion in Limine.

15.   <u>Tim Angell</u>, Wal-Mart customer, address to be provided if it can be located; 1 hour.  If called to testify, Mr. Angell is expected to testify, *inter alia*, as to his experiences as a customer of the Vision Center located in the North Windham Wal-Mart, and specifically his experiences with Plaintiff.

> PLAINTIFF'S RESPONSE:   Objection to testimony by Tim <u>Angell</u>, as irrelevant, inadmissible hearsay and/or inadmissible opinion by a lay witness. *See* Fed. R. Evid. 402, 403, 602, 701, 704, 802. *See also* Plaintiff's Motion in Limine.

16.   <u>Dylan Lesnewski</u>, Wal-Mart customer, address to be provided if it can be located; 1 hour.  If called to testify, Mr. Lesnewski is expected to testify, *inter alia*, as to his experiences as a customer of the Vision Center located in the North Windham Wal-Mart, and specifically his experiences with Plaintiff.

> PLAINTIFF'S RESPONSE:   Objection to testimony by Dylan Lesnewski, as <u>irrelevant</u>, inadmissible hearsay and/or inadmissible opinion by a lay witness. *See* Fed. R. Evid. 402, 403, 602, 701, 704, 802. *See also* Plaintiff's Motion in Limine.

17.   <u>Marvin Key</u>, Plaintiff; 8 hours.  If called to testify, Plaintiff is expected to testify, *inter alia*, as to his employment with the Wal-Mart Vision Center and other matters relating to his claims and allegations.

> PLAINTIFF'S RESPONSE:  Subject to the Federal Rules of Evidence, agreed.

18.   <u>Gary Crakes</u>, Phd., Defendant's damages expert, 860 Ward Lane, Cheshire, CT 06410; 3 hours.  If called to testify, Dr. Crakes is expected to testify, *inter alia*, about Plaintiff's alleged economic damages.  Dr. Crakes is expected to rely on, *inter alia*, his own report,

Plaintiff's W-2 forms, the report of Plaintiff's expert, Sheldon Wishnick, Plaintiff's mitigation documents, and any other documents relating to Plaintiff's damages.

PLAINTIFF'S RESPONSE: Subject to the Federal Rules of Evidence, agreed.

19. Sheldon Wishnick, Plaintiff's damages expert; 1 hour. If called to testify, Mr. Wishnick is expected to testify, *inter alia*, about Plaintiff's alleged economic damages, including, but not limited to, his own report, the report of Dr. Gary Crakes and any other documents, information or matters related to Plaintiff's alleged economic damages.

PLAINTIFF'S RESPONSE: Subject to the Federal Rules of Evidence, agreed.

20. Gregory Reilly, Esq., Wal-Mart's former counsel, Reed & Smith, One Riverfront Plaza, Newark, NJ  07102; 2 hours. Wal-Mart does not intend to call Attorney Reilly unless Plaintiff is permitted to submit documents or testimony relating to pre-trial matters. Attorney Reilly is expected to testify, *inter alia*, about the parties' discovery disputes in this matter and Wal-Mart's compliance with discovery and document production as ordered by this Court. Attorney Reilly is also expected to testify as to Plaintiff's conduct throughout discovery as well as his objectionable discovery requests.[4]

PLAINTIFF'S RESPONSE: Subject to the Federal Rules of Evidence, agreed.

21.  Representative of The Frick Company, P.O. Box 97, Rocky Hill, Connecticut 06067, or its successor in interest; one hour. Wal-Mart will only call a representative of the Frick Company if Plaintiff is allowed to submit evidence relating to Plaintiff's unemployment

---

[4] Wal-Mart does not believe it is appropriate for the Parties to engage in a mini-trial of counsels' conduct throughout these proceedings or alleged pre-trial abuses by either party, as these issues bear no relevance to whether Plaintiff's termination was improper as he claims. However, to the extent that Plaintiff is allowed to introduce evidence of pre-trial matters and re-litigate discovery matters or other issues unrelated to the termination of Plaintiff's employment, Wal-Mart reserves its right to submit exhibits and witnesses in response to Plaintiff's contentions and to introduce

compensation.    If called to testify, the representative is expected to testify regarding correspondence to the State of Connecticut Department of Labor regarding the reason for Wal-Mart's termination of Mr. Key's employment.

22.    Wal-Mart reserves the right to call any witness identified by Plaintiff in this Joint Trial Memorandum and/or introduce additional witnesses for purposes of rebuttal and/or impeachment.  Although Wal-Mart does not agree with Plaintiff that issues relating to licensing and/or the propriety of Wal-Mart's Vision Screening practices are still at issue, *see Wal-Mart's Motions in Limine,* Wal-Mart reserves the right to call witnesses relating to this issue should Plaintiff be allowed to introduce testimony relating to these issues.

## 11.    **EXHIBITS**

### **PLAINTIFF**

Mr. Key intends to introduce some or all of the following exhibits:

| No. | Date | Description |
|-----|------|-------------|
| 1 | 1/31/02 | Marvin Key's Personnel File (with fax cover sheet) |

> DEFENDANT'S OBJECTION: Defendant objects to this proposed exhibit being submitted as a whole, as opposed to separate documents.  Defendant objects to certain documents contained within this file on the grounds that they are irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402.

| No. | Date | Description |
|-----|------|-------------|
| 2 | | Wal-Mart Associate Handbook (Wal-Mart Doc. Nos. D00035-84) |

---

evidence regarding the appropriateness of Wal-Mart's conduct and Plaintiff's conduct.  Wal-Mart reserves the right to add additional documents and witnesses relating to these issues.

<u>DEFENDANT'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

3          Wal-Mart Training Materials -- Coaching for Improvement
           (Wal-Mart Doc. Nos. D00187-201)

           <u>DEFENDANT'S OBJECTION</u>: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

4          Wal-Mart Training Materials -- Understanding the Rx
           (Wal-Mart Doc. No. D-00345)

           <u>DEFENDANT'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

5          Wal-Mart Corporate Policy -- Open Door Communications
           (Wal-Mart Doc. Nos. D00452-55)

           <u>DEFENDANT'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

6          Wal-Mart Corporate Policy -- Coaching for Improvement
           (Wal-Mart Doc. Nos. D00456-463)

           <u>DEFENDANT'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

7          Wal-Mart Corporate Policy -- Investigation/Suspension Policy
           (Wal-Mart Doc. Nos. D00464-467)

           <u>DEFENDANT'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

8          Wal-Mart Academy of Vision Training Manual
           (Wal-Mart Doc. Nos. D000493-876)

           <u>DEFENDANT'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

9    7/1/12    License Agreement between Wal-Mart Stores, Inc. and
              Dr. Anthony Gordon

              <u>DEFENDANT'S OBJECTION</u>: This proposed exhibit is irrelevant
              to the issues before the jury and therefore inadmissible pursuant to
              Fed. R. Evid. 402. Even if of some marginal relevance, the
              proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
              on the grounds that any potential probative value is substantially
              outweighed by the danger of confusion of the issues, misleading
              the jury, or by considerations of undue delay and waste of time.

10   7/13/00   Coaching for Improvement Form Re:  Marvin Key

              <u>DEFENDANT'S RESPONSE</u>:  Subject to appropriate foundation
              and the rules of evidence, agreed.

11   11/4/00   Coaching for Improvement Form Re:  Marvin Key

              <u>DEFENDANT'S RESPONSE</u>:  Subject to appropriate foundation
              and the rules of evidence, agreed.

12   1/15/01   Performance Appraisal Re:  Marvin Key
              Review Period from 2/7/00 through 2/7/01

              <u>DEFENDANT'S RESPONSE</u>:  Subject to appropriate foundation
              and the rules of evidence, agreed.

13   4/30/01   Exit Interview Re:  Marvin Key

              <u>DEFENDANT'S RESPONSE</u>:  Subject to appropriate foundation
              and the rules of evidence, agreed.

14   8/11/03   H. Nguyen's Comments to the Manager (with date of 4/27/01)

              <u>DEFENDANT'S RESPONSE</u>:  Subject to appropriate foundation
              and the rules of evidence, agreed.

15   9/29/03   Diagram of vision center at the North Windham Wal-Mart and the
              incident with Dr. Gordon, Jerome Ellis and Marvin Key on
              4/27/01, drawn by Jenilu Zboray

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.  Also, the exhibit cannot be authenticated as an accurate picture of what it purports to describe, and the deponent who created it is not competent to render an accurate exhibit.

16    7/23/03    Typewritten Notes of Jerome Ellis Re:  Marvin Key

DEFENDANT'S OBJECTION:  This proposed exhibit contains inadmissible hearsay that is inadmissible pursuant to Fed. R. Evid. 402.  Moreover, it is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.  The proposed exhibit is further inadmissible pursuant to the best evidence rule. In addition, the proposed exhibit is also objectionable to the extent it is intended to be used to attack the character of Mr. Ellis for truthfulness pursuant to Fed. R. Evid. 608.[5]

17    Jerome Ellis's Day Planner

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

18    Wal-Mart's "Hotline" Complaints
(Wal-Mart Doc. Nos. D0017300-1735)

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

19    List of Wal-Mart Vision Center employees in Connecticut
(Wal-Mart Doc. Nos. D001799-1800)

---

[5] Wal-Mart may, if appropriate, move to exclude this evidence in a Motion in Limine.

<u>DEFENDANT'S OBJECTION</u>: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402.  Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

20          List of Wal-Mart Vision Center employees in North Windham (Wal-Mart Doc. Nos. D001729 and 1802)

<u>DEFENDANT'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

21     5/9/01     Letter from Wal-Mart's unemployment compensation representative Re:  Marvin Key's separation from employment (Key Doc. No. 000313)

<u>DEFENDANT'S OBJECTION</u>: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

22     6/6/01     Letter from Wal-Mart's unemployment compensation representative Re:  Marvin Key's separation from employment (Key Doc. No. 000300)

<u>DEFENDANT'S OBJECTION</u>: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

23     6/19/01     Letter from David M. Fabricant, Esq. to Wal-Mart Re:  Request for Marvin Key's personnel file (w/release)

<u>DEFENDANT'S OBJECTION</u>: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| | | |
|---|---|---|
| 24 | 8/8/01 | Letter from David M. Fabricant, Esq. to Wal-Mart<br>Re:  Second request for Marvin Key's personnel file |

<u>DEFENDANT'S OBJECTION</u>: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| | | |
|---|---|---|
| 25 | 10/1/01 | Letter from David M. Fabricant, Esq. to State of Connecticut, Department of Labor, Wage and Workplace Standards<br>Re:  Wal-Mart's refusal to provide Marvin Key's<br>personnel file |

<u>DEFENDANT'S OBJECTION</u>:   This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

26      7/24/01      Letter from CHRO to Marvin Key
                     Re:  Complaint Affidavit (w/attachments)

                     DEFENDANT'S OBJECTION:     This proposed exhibit is
                     irrelevant to the issues before the jury and therefore inadmissible
                     pursuant to Fed. R. Evid. 402. Even if of some marginal relevance,
                     the proposed exhibit should be excluded pursuant to Fed. R. Evid.
                     403 on the grounds that any potential probative value is
                     substantially outweighed by the danger of unfair prejudice,
                     confusion of the issues, misleading the jury, or by considerations
                     of undue delay and waste of time.

27      8/1/01       Letter from CHRO to Marvin Key
                     Re: Amended Complaint Affidavits (w/attachments)

                     DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
                     to the issues before the jury and therefore inadmissible pursuant to
                     Fed. R. Evid. 402. Even if of some marginal relevance, the
                     proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
                     on the grounds that any potential probative value is substantially
                     outweighed by the danger of unfair prejudice, confusion of the
                     issues, misleading the jury, or by considerations of undue delay
                     and waste of time.

28      9/14/01      Answer of Respondent Anthony Gordon to
                     Complaint Affidavit

                     DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
                     to the issues before the jury and therefore inadmissible pursuant to
                     Fed. R. Evid. 402. Even if of some marginal relevance, the
                     proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
                     on the grounds that any potential probative value is substantially
                     outweighed by the danger of unfair prejudice, confusion of the
                     issues, misleading the jury, or by considerations of undue delay
                     and waste of time.

29      9/25/01      Letter from James M. Flynn, Eastern Region Manager, CHRO
                     To Wal-Mart Stores, Inc., Bentonville Arkansas
                     Re:  Wal-Mart's Failure to Respond to Complaint Affidavit and
                     Schedule A

                     DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
                     to the issues before the jury and therefore inadmissible pursuant to
                     Fed. R. Evid. 402. Even if of some marginal relevance, the

proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

30    10/5/01    Rebuttal of Marvin Key to CHRO

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

31    10/8/02    Letter from Wal-Mart Stores, Inc. Legal Team, Bentonville, Arkansas to CHRO Re: Wal-Mart's Response to Complaint Affidavit

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

32    10/11/01    Notice from Donald Newton, Chief of Field Operations, CHRO Re: Request for Default Order and Notice of Hearing on Damages Against Wal-Mart

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

33     10/17/01     Letter from Wal-Mart Stores, Inc. Legal Team,
                    Bentonville, Arkansas to CHRO
                    Re:  Wal-Mart's Response to Complaint Affidavit

                    <u>DEFENDANT'S OBJECTION</u>: This proposed exhibit is irrelevant
                    to the issues before the jury and therefore inadmissible pursuant to
                    Fed. R. Evid. 402. Even if of some marginal relevance, the
                    proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
                    on the grounds that any potential probative value is substantially
                    outweighed by the danger of unfair prejudice, confusion of the
                    issues, misleading the jury, or by considerations of undue delay
                    and waste of time.  The proposed exhibit also contains hearsay
                    statements that are inadmissible pursuant to Fed. R. Evid. 802.

34     10/28/02     CHRO Releases of Jurisdiction

                    <u>DEFENDANT'S OBJECTION</u>: This proposed exhibit is irrelevant
                    to the issues before the jury and therefore inadmissible pursuant to
                    Fed. R. Evid. 402. Even if of some marginal relevance, the
                    proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
                    on the grounds that any potential probative value is substantially
                    outweighed by the danger of confusion of the issues, misleading
                    the jury, or by considerations of undue delay and waste of time.

35     1/23/03      EEOC Notice of Right to Sue

                    <u>DEFENDANT'S OBJECTION</u>: This proposed exhibit is irrelevant
                    to the issues before the jury and therefore inadmissible pursuant to
                    Fed. R. Evid. 402. Even if of some marginal relevance, the
                    proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
                    on the grounds that any potential probative value is substantially
                    outweighed by the danger of unfair prejudice, confusion of the
                    issues, misleading the jury, or by considerations of undue delay
                    and waste of time.

36     5/9/03       Lenscrafters:  Performance Evaluation Re:  Marvin Key
                    (Key Doc. Nos. 000350-353)

                    <u>DEFENDANT'S OBJECTION</u>: This proposed exhibit is irrelevant
                    to the issues before the jury and therefore inadmissible pursuant to
                    Fed. R. Evid. 402. Even if of some marginal relevance, the
                    proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
                    on the grounds that any potential probative value is substantially
                    outweighed by the danger of unfair prejudice, confusion of the

issues, misleading the jury, or by considerations of undue delay and waste of time. The proposed exhibit also contains hearsay statements that are inadmissible pursuant to Fed. R. Evid. 802.

| 37 | 5/03 | Actuarial Report and Analysis by Sheldon Wishnick<br>Re: Marvin Key's Lost Earnings Income and Benefits<br>And Curriculum Vitae<br>(Key Doc. Nos. 000094-105) |

DEFENDANT'S OBJECTION: This proposed exhibit contains hearsay statements that are inadmissible pursuant to Fed. R. Evid. 802. This exhibit is also objectionable based on the best evidence rule.

| 38 | 4/05 | Actuarial Report and Analysis by Sheldon Wishnick<br>Re: Marvin Key's Lost Earnings Income and Benefits<br>And Curriculum Vitae |

DEFENDANT'S OBJECTION: This proposed exhibit contains hearsay statements that are inadmissible pursuant to Fed. R. Evid. 802. This exhibit is also objectionable based on the best evidence rule.

| 39 | 2002 | W-2 Statements Re: Marvin Key from<br>Joshua's Limousine Service, Lenscrafters and Macy's |

DEFENDANT'S RESPONSE: Subject to appropriate foundation and the rules of evidence, agreed.

| 40 | 2003 | Marvin Key's Form 1040A |

DEFENDANT'S RESPONSE: Subject to appropriate foundation and the rules of evidence, agreed.

| 41 | 2003 | W-2 Statement from Lenscrafters and Form UC-1099G<br>Re: Marvin Key |

DEFENDANT'S RESPONSE: Subject to appropriate foundation and the rules of evidence, agreed.

| 42 | 2004 | Marvin Key's Form 1040A Worksheet |

DEFENDANT'S RESPONSE: Subject to appropriate foundation and the rules of evidence, agreed.

43     2004          W-2 Statement from Lenscrafters Re:  Marvin Key

                     DEFENDANT'S RESPONSE:  Subject to appropriate foundation
                     and the rules of evidence, agreed.

44     2005          Luxotttica (Lenscrafters) Earnings Statement

                     DEFENDANT'S RESPONSE:  Subject to appropriate foundation
                     and the rules of evidence, agreed.

45     8/18/03       Appraisal of Economic Loss by Gary M. Crakes
                     Re:  Marvin Key

                     DEFENDANT'S RESPONSE:  Subject to appropriate foundation
                     and the rules of evidence, agreed.

46     4/29/03       Notice of Deposition from Wal-Mart to Marvin Key
                     for a June 9, 2003 deposition

                     DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
                     to the issues before the jury and therefore inadmissible pursuant to
                     Fed. R. Evid. 402.

47     1/29/03       Defendant's Response to Plaintiff's Third Set of
                     Interrogatories and Third Request for Production of
                     Documents Directed to Wal-Mart Stores, Inc.

                     DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
                     to the issues before the jury and therefore inadmissible pursuant to
                     Fed. R. Evid. 402. Even if of some marginal relevance, the
                     proposed exhibit should be excluded pursuant to Fed. R. Evid. 403
                     on the grounds that any potential probative value is substantially
                     outweighed by the danger of unfair prejudice, confusion of the
                     issues, misleading the jury, or by considerations of undue delay
                     and waste of time.

48     9/19/03       Defendant Wal-Mart Stores, Inc.'s Supplemental
                     Objections and Responses to Plaintiff's First Set of
                     Interrogatories and First Request for Production of
                     Documents Directed to Wal-Mart Stores, Inc.

                     DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant
                     to the issues before the jury and therefore inadmissible pursuant to

Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| | | |
|---|---|---|
| 49 | 12/5/03 | Letter from Wal-Mart's counsel to Mr. Key's counsel<br>Re: Supplemental Discovery in Response to Plaintiff's<br>Second Motion to Compel |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| | | |
|---|---|---|
| 50 | 11/3/03 | Order by U.S. Magistrate Judge Donna F. Martinez<br>Re: Plaintiff's Motion to Compel |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| | | |
|---|---|---|
| 51 | 1/8/04 | Order by U.S. Magistrate Judge Donna F. Martinez<br>Re: Plaintiff's Motion for Sanctions and Motion to Strike |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

52.     Mr. Key reserves the right to introduce any exhibit identified by Wal-Mart in this Joint Trial Memorandum, and/or introduce additional exhibits with respect to the cross-examination of Defendant's witnesses and in any rebuttal or impeachment.

> **DEFENDANT'S RESPONSE**:  Wal-Mart reserves its right to object to any additional exhibits on any appropriate grounds.

## **DEFENDANT'S EXHIBITS**

No.     Description

1.     Exit Interview Form dated April 30, 2001

> **PLAINTIFF'S RESPONSE**:  Subject to appropriate foundation and the rules of evidence, agreed.

2.     January 20, 2000 Note from Plaintiff to Roger Noll regarding customer service book

> **PLAINTIFF'S RESPONSE**:  Plaintiff does not have a copy of this note in his files and reserves objection to this exhibit until Defendant produces a copy.

3.     Coaching for Improvement Form dated July 13, 2000

> **PLAINTIFF'S RESPONSE**:  Subject to appropriate foundation and the rules of evidence, agreed.

4.     Coaching for Improvement Form dated November 4, 2000

> **PLAINTIFF'S RESPONSE**:  Subject to appropriate foundation and the rules of evidence, agreed.

5.     Note dated April 30, 2001, "Given to Marvin"

> **PLAINTIFF'S RESPONSE**:  Plaintiff does not have a copy of this note in his files and reserves objection to this exhibit until Defendant produces a copy.

6.     CBL Scores for Marvin Key

> **PLAINTIFF'S RESPONSE**:  Objection.  This document was never disclosed or produced by Wal-Mart.  Further, upon and information and belief it is irrelevant to the issues herein.

7.      Performance Appraisal dated February 7, 2001

           <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

8.      Handbook with acknowledgment dated February 7, 2000

           <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

9.      April 27, 2001 Complaint from Huong Nguyen

           <u>PLAINTIFF'S RESPONSE</u>:  Objection, incomplete.  This document must include the fax cover sheet, indicating the date and time it was provided to Plaintiff for the first time.  Subject to appropriate foundation and the rules of evidence, Plaintiff agrees to the complete document.

10.     February 9, 2001 Complaint regarding customer service in Vision Center.

           <u>PLAINTIFF'S RESPONSE</u>:  Objection, incomplete.  This document must include the entire fax, including cover sheet, indicating the date and time it was provided to Plaintiff for the first time <u>and</u> including complaints about other associates and the Vision Center Manager, Jerome Ellis.  Subject to appropriate foundation and the rules of evidence, Plaintiff agrees to the complete document.

11.     Job Description: Certified Vision Center Associate

           <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

12.     Optician/Licensed Optician Job Description, Training Plans

           <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

13.     Customer Service 1 doc  D263

           <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

14.    Customer Service 2, CBL D 264-360

        PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

15.    The Doctor Is In – Eye Exam advertisement

        PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

16.    Wal-Mart Academy of Vision Manual

        PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

17.    June 9, 2003 letter to Plaintiff from Doctor's Vision Works Optometrists regarding career opportunities

        PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

18.    Facsimile Cover sheet and attached handwritten resume to "Jim Kent/ District Manager, Navy sub-base"

        PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

19.    June 18, 2002 Correspondence to Plaintiff from Target Optician regarding career opportunities

        PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

20.    Certified Vision Center Associate Job Description

        PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

21.    List of Vision Center Employees

        PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

22.     Licensed Optician Training Plan

        <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

23.     Open Door Communications, revised 11/9/98

        <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

24.     Coaching for Improvement Policy, PD-30

        <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

25.     Harassment/Inappropriate Conduct Policy, PD-19, Revised 2/01/00

        <u>PLAINTIFF'S RESPONSE</u>:  Objection, irrelevant.

26.     Computer Based Learning Module, 3 Basic Beliefs

        <u>PLAINTIFF'S RESPONSE</u>:  Objection, irrelevant.

27.     Advertisement from Careerbuilder.com - Optician- Kennedy & Perkins, New Haven, CT, posted: 9/7/03

        <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

28.     Advertisement from CareerSite - Optician; Optician for Greenwich, F/T lab & sales, posted 2003

        <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

29.     Advertisement from Monster.com – Lenscrafters Store/Retail Manager, Lab Manager, Optician, Optical Lab Tech, and Sales, Bristol/Farmington, CT, printed 9/29/03

        <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

30.     Advertisement from Monster.com – Lenscrafters Store/Retail Manager, Lab Manager, Optician, Optical Lab Tech, and Sales, Danbury, CT

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

31.     Advertisement from Monster.com – Opticare Health Systems, Optical Retail Sales/Optician, First Shift (Day), F/T, Madison/Norwalk, CT, Printed 9/29/03

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

32.     Advertisement from New Haven Register, AdQuest 3D – Optical Sales/Optician, F/T, Waterbury, CT, posted 09/29/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

33.     Advertisement from Job Bank – Optician or Lab Technician, Pearle Vision, Waterford, CT, posted 09/22/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

34.     Advertisement from Job Bank – Optician, Different Frames of Mind, Franklin, MA, posted 09/03/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

35.     Advertisement from Careerbuilder.com – Optician, Kennedy and Perkins F/T, New Haven, CT, posted 09/07/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

36.     Advertisement from Opticians Association of America, www.oaa.org – Optician, Different Frames of Mind F/T or P/T, Franklin, MA, posted 09/02/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

37.     Advertisement from Opticians Association of America, www.oaa.org – Optician, Wal-Mart Optical, Newington, CT, posted 05/30/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

38.     Advertisement from Opticians Association of America, www.oaa.org – Optician, Pearle Vision, Waterford, CT, posted 04/31/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

39.     Advertisement from The Hartford Courant – Optician-Apprentice, F/T Avon Optical Provider, Avon, CT, posted 04/28/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

40.     Advertisements from The Hartford Courant – Optician, 3 ½ Days per week, CT/ Optometrist, Hartford, CT, posted 04/21/2002/ Optometrist, F/T or P/T, CT, posted 04/21/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

41.     Advertisement from The Hartford Courant – Medical/Optical Patient Care Coordinator, CT, posted 02/17/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

42.     Advertisement from The Hartford Courant – Optical Sales, F/T, Meriden, CT, posted 01/25/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

43.     Advertisement from The Hartford Courant – Optical Sales, F/T, Meriden, CT, posted 01/27/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

44.     Advertisement from The Hartford Courant – Optical Sales, F/T, Meriden, CT, posted 01/26/2002

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

45.     Advertisement from The Hartford Courant – Optician/Manager, Sam's Club, Manchester, CT, posted 06/23/2002

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

46.     Advertisement from The Hartford Courant – Optometrist, CT, posted 06/23/2002

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

47.     Advertisement from The Hartford Courant – Optical Tech, New England Prsnl, CT/ Optician, Licensed, CT/ Optometric Assistant, F/T, Enfield, CT/ "Op Tech, New England," Optician/ Optometric Assistant, posted 12/02/01

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

48.     Advertisement from The Hartford Courant – Optician, posted October 11, 2001

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

49.     Advertisement from The Hartford Courant – Optical Office, posted September 16, 2001

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

50.     2002 W-2 Wage and Tax Statement from Federated Corporate Services

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

51.     2002 W-2 Wage and Tax Statement, Joshua's Limousine Service

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

52.     UC-1099 Statement of Unemployment Compensation Payments for Tax year 2002

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation
> and the rules of evidence, agreed.

53.    1040A U.S. Individual Income Tax Return 2001

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation
> and the rules of evidence, agreed.

54.    2001 W-2 Wage and Tax Statement, Federal Corporate Services

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation
> and the rules of evidence, agreed.

55.    2001 W-2 Wal-Mart Associates, Inc.

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation
> and the rules of evidence, agreed.

56.    1040A U.S. Individual Income Tax Return 2000

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation
> and the rules of evidence, agreed.

57.    1040A U.S. Individual Income Tax Return 2002

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation
> and the rules of evidence, agreed.

58.    2000 W-2 Wage and Tax Statement, Wal-Mart Associates, Inc./ 2000 W-2 Wage
       and Tax Statement, Vista Eyecare

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation
> and the rules of evidence, agreed.

59.    Internal Revenue Service Tax Return Listing, Tax Period December 31, 2000

> PLAINTIFF'S RESPONSE:  Subject to appropriate foundation
> and the rules of evidence, agreed.

60.    Page No 0001, Form 1040 Requested Tax Payer Identification Number

> PLAINTIFF'S RESPONSE:  Objection, irrelevant.

61.     Luxottica Group Retirement Plans, Retirement Savings Statement

   <u>PLAINTIFF'S RESPONSE</u>:  Objection, irrelevant.

62.     Luxottica Retail, Pay Date 6/13/2003 Statement of Earnings

   <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

63.     Luxottica Retail, Statement of Earnings with hand written notes "Start Pay" and "90 day raise"

   <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

64.     Luxottica Memorandum, to: Eligible Associates From Benefits Department re: 401(k) Savings Plan/Pension Plan Information

   <u>PLAINTIFF'S RESPONSE</u>:  Objection, irrelevant.

65.     Vista Eyecare, Inc., Statement of Earnings

   <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

66.     9/11/2002 Macy's Statement of Earnings

   <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

67.     12/28/01 Macy's Statement of Earnings

   <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

68.     May 16, 2003 Correspondence to "Atty. Cortese-Costa" from Internal Revenue Service, Subject: Your Requests for Transcripts

   <u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

69.     Jerry Ellis' Day Planner

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

70.     Coaching for Improvement Form issued to Jenilu Zboray dated 1/30/01

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached to Plaintiff's submissions.

71.     Associate Commendation Form issued to Jenilu Zboray dated 6/29/05

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine.

72.     Associate Evaluation dated 12/28/98 issued to Jenilu Zboray

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant.  *See* Plaintiff's Motion in Limine.

73.     Performance Appraisal, Optical Lab Technician (Jenilu Zboray)

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine.

74.     Performance Appraisal, Department Manager (Jenilu Zboray)

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant.  *See* Plaintiff's Motion in Limine.

75.     Performance Appraisal, Department Manager, dated 11/28/99 issued to Jenilu Zboray

PLAINTIFF'S RESPONSE:  *See* Plaintiff's Motion in Limine.

76.     Performance Appraisal, Optician dated 9/15/00 issued to David Peterson

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant.  See Plaintiff's Motion in Limine.

January 8, 2002 Performance Appraisal, Optician (Phyllis Parmenter)

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine.

77.     January 15, 2001 Performance Appraisal, Optician (Phyllis Parmenter)

<u>PLAINTIFF'S RESPONSE</u>:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine.

78.    November 2, 2001 Handwritten Complaint  about Jeff Kroll

<u>PLAINTIFF'S RESPONSE</u>:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine.

79.    November 7, 2001 Handwritten Complaint about Jeff Krol from

<u>PLAINTIFF'S RESPONSE</u>:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine.

80.    November 7, 2001 Handwritten Complaint about Jeff Kroll

<u>PLAINTIFF'S RESPONSE</u>:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine.

81.    Notice of Trespass issued to Jeffrey Kroll

<u>PLAINTIFF'S RESPONSE</u>:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine.

82.    Exit Interview form of Jeffrey Krol dated November 7, 2001 for Gross Misconduct

<u>PLAINTIFF'S RESPONSE</u>:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine.

83.    Coaching for improvement form issued to Jeffrey Krol dated "10-16"

<u>PLAINTIFF'S RESPONSE</u>:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine.

84.    Jeffrey Krol performance appraisal dated March 13, 2001

<u>PLAINTIFF'S RESPONSE</u>:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine.

85.    Typewritten note, "Meeting 6/15/00," "The Manager" signed by Parmenter, Zboray, Key and Peterson

<u>PLAINTIFF'S RESPONSE</u>:  Objection, never disclosed or produced, irrelevant.  *See* Plaintiff's Motion in Limine.

86.    Typewritten note, "Service Issues" signed by Parmenter, Zboray, Key and Peterson

<u>PLAINTIFF'S RESPONSE</u>:  Objection, never disclosed or produced, irrelevant.  *See* Plaintiff's Motion in Limine.

87.    Typewritten note, "Meeting 6/15/00," "The Customer" signed by Parmenter, Zboray, Key and Peterson

<u>PLAINTIFF'S RESPONSE</u>:  Objection, never disclosed or produced, irrelevant.  *See* Plaintiff's <u>Motion</u> in Limine.

88.    Typewritten note, "The Doctor" signed by Parmenter, Zboray, Key and Peterson

<u>PLAINTIFF'S RESPONSE</u>:  Objection, never disclosed or produced, irrelevant.  *See* <u>Plaintiff's</u> Motion in Limine.

89.    Expert Report of Gary Crakes, Phd.[6]

<u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

90.    Federal Tax Summary dated February 3, 2004

<u>PLAINTIFF'S RESPONSE</u>:  Wal-Mart has not yet received a response from Plaintiff.

91.    Form W-2 2003 from Lenscrafters, Inc./ Statement of Unemployment Compensation Payments for Tax Year 2003

<u>PLAINTIFF'S RESPONSE</u>:  Wal-Mart has not yet received a response from Plaintiff.

92.    No 1 Discount Tax Return Service LLC, Tax Year 2004

<u>PLAINTIFF'S RESPONSE</u>:  Wal-Mart has not yet received a response from Plaintiff.

---

[6] Wal-Mart only intends to submit the expert report of Gary Crakes if Plaintiff's expert report is admitted into evidence.

93.     Form W-2 2004 from Lenscrafters, Inc.

        PLAINTIFF'S RESPONSE:  Wal-Mart has not yet received a response from Plaintiff.

94.     Luxottica Retail, Paystub dated 4/15/2005

        PLAINTIFF'S RESPONSE:  Wal-Mart has not yet received a response from Plaintiff.

95.     March 29, 2004 correspondence to Plaintiff's Counsel regarding Plaintiff's improper disclosure of documents two months after the close of discovery, Plaintiff's violation of ethical rules, and Plaintiff's improper attempts to rely on counsel as a fact witness[7]

        PLAINTIFF'S RESPONSE:  Wal-Mart has not yet received a response from Plaintiff.

96.     Ruling by Magistrate Donna F. Martinez regarding Defendant's Motion to Strike and/or Preclude[8]

        PLAINTIFF'S RESPONSE:  Wal-Mart has not yet received a response from Plaintiff.

97.     Documents pertaining to subsequent employers of Plaintiff, which Plaintiff has not produced.[9]

        PLAINTIFF'S RESPONSE:  Wal-Mart has not yet received a response from Plaintiff.

98.     Wal-Mart reserves the right to introduce any exhibit identified by Plaintiff in this Joint Trial Memorandum, and/or introduce additional exhibits with respect to the cross-examination of Plaintiff's witnesses and in any rebuttal or impeachment.

        PLAINTIFF'S RESPONSE:  Wal-Mart has not yet received a response from Plaintiff.

---

[7] See footnote 3 above.

[8] See footnote 3 above.

[9] Plaintiff did not produce updated W-2 and damage information until the end of April 2005.  These newly produced documents raise issues relating to Plaintiff's subsequent employment, which may have significant bearing on Plaintiff's substantive claims and/or his claims for damages.  Wal-Mart reserves the right to submit documents and/or testimony relating to these issues if Wal-Mart's investigation finds that they are relevant to the case.

**12.**     **DEPOSITION TESTIMONY**

Upon information and belief, Edgar Morales a Wal-Mart manager during the relevant time period, is currently residing and working out-of-state.  Should Mr. Key be unable to procure his attendance at trial, it may be necessary to offer his deposition testimony in this matter.  Wal-Mart reserves its right to utilize Plaintiff's deposition testimony pursuant to the Federal Rules.  Wal-Mart also reserves the right to submit the deposition testimony of Huong Nyguen, if she is unavailable, and the deposition testimony of any other witness who Wal-Mart later discovers is unavailable or becomes unavailable prior to trial  Defendant's designations for Plaintiff Marvin Key and Huong Nyguen are attached as Exhibit C.

**13.**     **REQUESTS FOR JURY INSTRUCTIONS**

Wal-Mart's proposed Jury Instructions are attached as Exhibit D along with the required disc.

**14.**     **ANTICIPATED EVIDENTIARY PROBLEMS**

Wal-Mart's Motions in Limine (attached as Exhibit B) include the following:

1.     Motion in Limine to Exclude Documents or Testimony Concerning Discovery Disputes, Prior Proceedings, or Personal Opinions or Beliefs Regarding Same;

2.     Motion in Limine to Exclude Evidence Concerning Plaintiff's Performance for Other Employers;

3.     Motion in Limine to Exclude Evidence Concerning Other Lawsuits Filed Against Wal-Mart;

4.     Motion in Limine to Exclude Evidence Concerning Plaintiff's Allegations that Wal-Mart's Vision Center Practices are/were Improper; and

5.      Motion in Limine to Exclude Evidence Concerning Plaintiff Being the First African American Optician Licensed in the State of Connecticut.[10]

**15.    VERDICT FORM**

Wal-Mart's proposed verdict form is attached as Exhibit E.

**16.    TRIAL TIME**

Counsel estimates that seven days will be needed to complete the trial.

**17.    FURTHER PROCEEDINGS**

The parties will file timely responses to each other's Motions in Limine.  Wal-Mart will also be filing a Motion to Bifurcate The Trial with Respect to Liability and Damages.[11]

**18.    ELECTION FOR TRIAL BY MAGISTRATE**

The parties do not agree to have the case tried by U.S. Magistrate Judge Martinez.


Respectfully Submitted,
DEFENDANT WAL-MART STORES, INC.


_____
Mitchell L. Fishberg
Kristi E. Mackin
Brown, Raysman, Millstein, Felder &
Steiner, LLP
185 Asylum Street
CityPlace II, 10th Floor
Hartford, CT  06103
860-275-6400

---

[10] Wal-Mart reserves the right to bring additional motions in limine as necessary and appropriate.
[11] Wal-Mart reserves the right to bring additional motions as necessary and appropriate.

<u>**CERTIFICATION**</u>

I hereby certify that I have caused to be served this 3rd day of May 2005, the above and

foregoing by United States mail, postage paid, return receipt requested, on the following counsel

and <u>pro</u> <u>se</u> parties of record:

Pamela J. Coyne
Federal Bar No. ct22941
Durant, Nichols, Houston, Hodgson &
Cortese-Costa, PC
1057 Broad Street
Bridgeport, CT  06604
203-366-3438

_____
Kristi E. Mackin