**BROWN RAYSMAN MILLSTEIN**
**FELDER & STEINER LLP**
Joel L. Finger (JF-4129)
900 Third Avenue
New York, New York
(212) 895-2340
Attorneys for Defendants

Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
185 Asylum Street
CityPlace II, 10th Floor
Hartford, CT 06103
(860) 275-6400

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MARVIN KEY, : | |
| : | Case No. 3:03CV144(RNC) |
| Plaintiff, : | |
| : | |
| v.       : | **DEFENDANT'S PROPOSED** |
| : | **VERDICT SHEET** |
| WAL-MART STORES, INC., : | |
| : | |
| Defendant. : | |
| x | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby proposes that the following

Verdict Sheet be used in the trial of the above matter.

Dated:   May 3, 2005

                                                                      BROWN RAYSMAN MILLSTEIN FELDER
                                                                       & STEINER LLP

                                        By: _____

**I.   Race and Color Discrimination**

     1.   Do you find that Plaintiff has proven by a preponderance of the evidence that his employment with Wal-Mart was terminated because of Plaintiff's race or color?

     **NO** \_\_\_\_\_     **YES** \_\_\_\_\_

     (Proceed to the Next Question.)

## II.  Retaliation

2. Do you find that Plaintiff has proven by a preponderance of the evidence that he reported the remark he claims Dr. Gordon made to him about "black people messing up" to a Wal-Mart manager?

**NO \_\_\_\_\_     YES \_\_\_\_\_**

> (If you have answered NO to Question 2, then skip Question 3 and proceed to Question 4. If you answered YES to Question 2, then proceed to Question 3.)

3. Do you find that Plaintiff has proven by a preponderance of the evidence that Wal-Mart retaliated against Plaintiff by terminating his employment because he reported the remark by Dr. Gordon?

**NO \_\_\_\_     YES _____**

> (Proceed to the Next Question)

### III. Negligent Misrepresentation

4. Do you find that Plaintiff has proven by a preponderance of the evidence that Wal-Mart made a representation to Plaintiff, at the start of his employment, regarding asking questions of the eye doctor?

**NO** _____   **YES** _____

(If you answered NO to Questions 1 and 4 AND NO to either Questions 2 or 3, then **contact the attendant to advise him or her that your deliberations are completed.** If you answered YES to Question 1 or 3, then proceed to Section IV- Damages. If you answered )

5. Do you find by a preponderance of the evidence that the representation was misleading or false at the time it was made?

**NO** \_\_\_\_\_   **YES** _____

6. Do you find that Plaintiff reasonably relied on the representation at the time of the incident with Ms. Ngyuen to his detriment and that he suffered damages as a result?

**NO** \_\_\_\_   **YES** _____

**IV.     Damages**

     5.    If you answered YES to ALL of the above questions, do you further find that Plaintiff has proven by a preponderance of the evidence that he has suffered lost wages and benefits?

          **NO** _____     **YES** _____

          (If the answer is YES, then proceed to the next question.  If the answer is NO, proceed to Question 9.)

     6.    If you have determined that Plaintiff has suffered lost compensation, when, if at all, do you find that Plaintiff has obtained, or will obtain, employment comparable to the position he held at Wal-Mart?

          6(a)    Plaintiff obtained comparable employment on _____, 20\_\_.

          -- OR --

          6(b)    Plaintiff will obtain comparable employment on _____, 20\_\_.

          (Proceed to the next question.)

     7.    Please calculate the amount of income, if any, you believe Plaintiff has lost for either (a) each year up to the date of trial or (b) if you responded to Question 6(a) above, through the date set forth in response to Question 6(a), <u>whichever is earlier</u>, net of the amounts Plaintiff actually earned during each year:

          2001. $_____

          2002. $_____

          2003. $_____

    2004 to the present.  $_____

    Total Back Pay Award.  $_____

(Proceed to the next question)

8. If you responded to question 7 above, please calculate the amount of future income, if any, you believe Plaintiff will lose through the date set forth in response to question 6(b), net of the amounts you believe Plaintiff is likely to earn for the same period of time:

Total Front Pay Award $_____

(Proceed to the next question.)

9. Do you believe that Plaintiff suffered emotional distress injuries so that Plaintiff should be awarded emotional damages?   If YES, then Plaintiff should be awarded compensatory damages in the amount of $_____.

(Proceed to the next question.)

10. Adding the total amounts indicated in response to Questions 7, 8 and 9, what is the amount of damages awarded against the Defendant?  $ _____.

(Proceed to the next question.)

11. Do you find that there were was suitable work that could have been located with a reasonable job search for which Plaintiff was qualified?

**NO** _____      **YES** _____

(Proceed to the next question)

12. If you answered YES to Question No. 11, what is the amount of damages that you believe should be offset for Plaintiff's failure to accept meaningful work that would have limited his damages?  $ _____.

13. If you have determined that Plaintiff was subjected to discrimination based on his race or color or in retaliation for his complaint in violation of the law *i.e.*, you answered "Yes" to Questions 1 and/or 3, do you find that Defendant conduct was especially egregious, meaning that the conduct was committed with malice and/or with reckless indifference to Plaintiff's rights, such as to justify an award of punitive damages?

2

        **NO _____    YES _____**

      14.   Plaintiff is awarded punitive damages against the Defendant in the amount of $_____.

## CONTACT THE ATTENDANT TO ADVISE HIM OR HER THAT YOUR DELIBERATIONS ARE COMPLETED.

HARTFORD 119662v2