UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------ x
MARVIN KEY,                                      :
                                                 :  Case No. 3:03CV144 (RNC)
                    Plaintiff,                   :
                                                 :
            v.                                   :
                                                 :
WAL-MART STORES, INC.,                           :  MAY 23, 2005
                    Defendant.                   :
------------------------------------------------ :
                                                 x

## DEFENDANT WAL-MART STORES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE CERTAIN TESTIMONY

Wal-Mart Stores, Inc. ("Wal-Mart") respectfully submits this opposition to Plaintiff's Motion in Limine to Preclude Certain Testimony. Plaintiff seeks to preclude some or all of the testimony of nine (9) witnesses that Wal-Mart identified in its Trial Memorandum. As set forth more fully below, the anticipated testimony of these witnesses is directly relevant to key aspects of Wal-Mart's defense of Plaintiff's anticipated claims at trial, and poses neither a threat of confusing the jury or creating a waste of time.

**I.   BACKGROUND**

At all times relevant to the Amended Complaint, Plaintiff worked as an optician in the Wal-Mart Vision Center located in North Windham, Connecticut (the "Vision Center"). Dr. Anthony Gordon, an independent contractor ophthalmologist, leased that space from Wal-Mart in order to run his optometry practice in the Vision Center. During the large majority of Plaintiff's employment at the Vision Center, Plaintiff reported directly to Vision Center Manager Jerry Ellis. Mr. Ellis had significant concerns about Plaintiff's performance, not the least of which was his observation that Plaintiff treated customers poorly and demonstrated a lack of

respect for others, including Mr. Ellis. Plaintiff received progressive discipline in accordance with Wal-Mart's policies for, among other things, providing poor customer service. On or about April 28, 2001, Wal-Mart terminated Plaintiff's employment following an incident in which a Vision Center customer, Huong Nguyen, lodged a written complaint against Plaintiff concerning his treatment of her and her children Harrison Nguyen and Kimi Nguyen. Plaintiff thereafter filed this lawsuit, which includes claims for discrimination and retaliation arising under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60 *et seq.* Plaintiff also brings a claim of Negligent Misrepresentation under Connecticut common law.

## II. LEGAL ARGUMENT

Plaintiff argues without legal or factual support that the witness testimony he seeks to exclude has little to no relevance to the claims or defenses in this case.[1] In accordance with the Federal Rules of Evidence, "relevant evidence" is "evidence having any consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The standard of probability under the rule is "more probable than it would be without the evidence" as "[a]ny more stringent requirement is unworkable and unrealistic." *Notes of Advisory Committee on Rules* (Jan. 2, 1975, P.L. 93-595, § 1, 88 Stat. 1931).

A motion *in limine* seeks to have the trial court rule in advance of trial on the admissibility and relevance of certain evidence expected to be introduced at trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*,

---

[1] Plaintiff concedes, as he must, that testimony concerning the incident that precipitated the termination of his employment to be offered by witnesses of that incident, namely, Dr. Gordon, Ms. Nguyen and Plaintiff's co-worker Jenilu Zboray, is relevant and admissible. Plaintiff's Memorandum of Law in Support of his Motion *In Limine* to Preclude Certain Testimony ("Plaintiff's Memorandum"), pp. 1, 6 and 7.

2

937 F. Supp. 276, 283 (S.D.N.Y. 1996) (an *in limine* motion aids "'the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'") (*quoting Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). As discussed below, Plaintiff's broad and conclusory assertions that the witnesses Wal-Mart has identified cannot offer any relevant testimony whatsoever and/or that, even if it were relevant, such testimony would be misleading or confusing to the jury falls far short of the showing necessary to obtain an order precluding all such testimony in advance of trial.

**A.   The Testimony of Dr. Gordon and Plaintiff's Former Co-Workers is Relevant and Admissible**

Plaintiff first seeks to preclude the testimony of Dr. Gordon and Plaintiff's former Vision Center co-workers Phyllis Parmenter and Jenilu Zboray claiming, in part, that their "opinions" of Plaintiff's general work performance are irrelevant and/or that they were not in a position to make judgments about Plaintiff's performance. *See* Plaintiff's Memorandum, pp. 2-3. On the contrary, Wal-Mart expects that the witnesses' personal and direct observations of Plaintiff's conduct and attitude are probative on various key issues in this case, including Wal-Mart's proffered reasons for disciplining and ultimately terminating Plaintiff as well as Plaintiff's claim that he was singled out for different treatment either on account of his race or for having allegedly complained of one allegedly offensive comment.

Assuming Plaintiff can establish a *prima facie* case of race discrimination or retaliation at trial, Wal-Mart will have to proffer evidence of its legitimate, non-discriminatory reasons for its actions. Wal-Mart intends to present evidence at trial demonstrating that Plaintiff was disciplined and/or terminated for, among other things, his history of exhibiting a poor attitude toward customers. Evidence concerning Plaintiff's conduct is also relevant to establish

3

that non-discriminatory reasons exist for Mr. Ellis' purportedly discriminatory treatment of Plaintiff. Once Wal-Mart meets its burden, it becomes Plaintiff's burden to prove that Wal-Mart's proffered reasons are a pretext for discrimination and/or retaliation. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). To meet his burden, Wal-Mart anticipates that Plaintiff will testify that Wal-Mart's criticisms of his treatment toward customers and his manager were unfounded, that Mr. Ellis harbored a negative view of Plaintiff due to his race and not, as Wal-Mart contends, on account of his own ill-treatment of Vision Center customers and/or Mr. Ellis and that he was somehow held to different standards than other employees of the Vision Center. *See* Plaintiff's Trial Memorandum, p. 6. Wal-Mart, in turn, must be permitted to discredit Plaintiff's assertions through admission of competent, corroborating testimony of Dr. Gordon, co-workers and customers based upon their own personal observations of, among other things, Plaintiff's attitude and performance and the standards to which all employees of the Vision Center were held regardless of race.

Courts have permitted the testimony of co-workers or other observers regarding an employee's attitude and performance when, as Wal-Mart anticipates here, a Plaintiff attempts to meet his burden to establish pretext by raising doubts about the veracity of the employer's assertions about Plaintiff's attitude and performance.[2] *See, e.g., Kunzman v. Enron Corporation, et al.*, 941 F. Supp. 853, 860-61 (D. Iowa 1996) (in discrimination suit, Plaintiff's motion *in limine* to preclude co-worker testimony regarding Plaintiff's attitude and performance was denied based on probative value of such testimony); *Perfetti v. First National Bank of Chicago*, No. 88C8714, 1990 U.S. Dist. LEXIS 519, *1-2 (allowing co-worker testimony regarding

---

[2] Of course, if Plaintiff were to stipulate that he treated customers and Mr. Ellis in a poor manner and otherwise harbored a poor attitude toward customers, this evidence may become unnecessary.

4

Plaintiff's performance even though not probative of the hiring decision made by decision makers).

The only case cited by Plaintiff in his motion is completely inapposite. *Johnson v. City of Fort Wayne*, 91 F.3rd 922 (7th Cir. 1996), stands for the unremarkable proposition that a *plaintiff* cannot rely upon the self-serving testimony of his co-workers and former supervisors "giving their favorable assessment of his work habits" to create an issue of fact to avoid summary judgment on the issue of whether he had performed satisfactorily *in the eyes of his supervisor*.[3] To the contrary, Wal-Mart seeks to offer evidence of individuals who, based upon their own personal observations, can corroborate Wal-Mart's proffered reasons for terminating Plaintiff and further support Wal-Mart's contention that Plaintiff was not singled out for disparate treatment by Wal-Mart on account of his race. As set forth herein, each of the witnesses that Wal-Mart proffers can offer first hand experience and information relating to Plaintiff's conduct, the treatment of other employees in the Vision Center, and other matters directly at issue in this litigation. Plaintiff's attempt to preclude them based on conclusory and unsupported claims that their anticipated testimony will be based on hearsay or inadmissible lay personal opinion testimony falls short.

Wal-Mart anticipates that Dr. Gordon will testify about Plaintiff's performance and attitude based on his own observations and interactions with him. Also, it is undisputed that Plaintiff interacted with Dr. Gordon on other occasions in addition to Plaintiff's final day of employment. Based on these interactions, *inter alia*, Dr. Gordon will be able to testify that

---

[3] Ironically, it is Plaintiff, not Wal-Mart who seeks to introduce testimony in contravention of this proposition. Indeed, he listed Dale Ceneviva, an individual Plaintiff had worked with at a different employer, on his Trial Memorandum as a witness to testify concerning Plaintiff's job performance at that other company. Wal-Mart has moved to exclude Ms. Ceneviva from testifying.

5

Plaintiff had performed, throughout his employment, the same tasks Plaintiff later feigned he was unable to competently perform.

Similarly, co-workers Phyllis Parmenter and Jenilu Zboray are also expected to offer evidence based upon their own personal observations concerning Plaintiff's attitude and performance, including his treatment of Mr. Ellis and Vision Center customers. For example, Ms. Zboray testified at her deposition that she observed Plaintiff being "short handed" on customer service, and that he "would talk short, not sweet, and kind of sassy, kind of, like, cocky" to customers. *See* portions of September 29, 2003 Deposition of Jenilu Zboray ("Zboray Dep."), attached hereto as Exhibit A, pp. 61-62. Similarly, although Ms. Parmenter was not deposed, Wal-Mart anticipates that she will testify that she personally observed Plaintiff treating customers and/or Mr. Ellis in an unprofessional manner. Anticipated testimony such as this is directly relevant to Wal-Mart's proffered reasons for disciplining Plaintiff and ultimately terminating his employment.

Moreover, to the extent Plaintiff claims that he was held to different standards than other employees, *see* Plaintiff's Memorandum at p. 6, Ms. Zboray and Ms. Parmenter will be able to testify about the standards to which they, as Vision Center employees, were expected to adhere in the workplace, which tends to discredit Plaintiff's claim that he was singled out for disparate treatment on account of his race or any other unlawful reason. For example, Plaintiff contends that he was the victim of discrimination because, in essence, Dr. Gordon was upset with him for incorrectly stapling patient files. Ms. Zboray testified at her deposition that this issue was not unique to Plaintiff:

> "It wasn't just Dr. Gordon and Marvin. If the staple wasn't right, if the paper was upside down, Dr. Gordon told you. He liked everything on a professional level. He didn't want things upside down, twisted, or anything like that. That's just how it is."

6

Zboray Dep. at 24.

Finally, the testimony of these witnesses will help to corroborate the expected testimony of Jerry Ellis, Plaintiff's direct supervisor. As noted above, Plaintiff must prove to the jury that Wal-Mart's legitimate, non-discriminatory reason for his termination, which among other performance problems included customer service, is pretextual. In that regard, Plaintiff no doubt will seek to discredit Mr. Ellis' expected testimony regarding the workplace discipline he received, claiming that it was attributable to unlawful discrimination and not poor service. *See* Plaintiff's Memorandum, p. 6 (claiming Plaintiff's discipline would not have been issued to him had he been treated the same as his co-workers). However, these witnesses will be able to corroborate Mr. Ellis' observations with regard to Plaintiff's customer service, thereby bolstering Wal-Mart's claims and making it more likely than not that Mr. Ellis' observations of Plaintiff's poor customer service and non-adherence to workplace policies, not discrimination, motivated the issuance of the discipline. Thus, the testimony of Plaintiff's co-workers is probative on many levels. Its preclusion is not only unwarranted, but would be extremely prejudicial to Wal-Mart.

B. **The Testimony of Wal-Mart Customers is Relevant and Admissible**

Plaintiff, not surprisingly, moves to preclude the testimony of several Wal-Mart Vision Center customers who obtained service from Plaintiff, including Harrison and Kimi Nguyen, Wilma Pelletier, Temple Dasitra, Tim Angell and Dylan Lesnewski. As with his co-workers, Plaintiff claims that these individuals cannot competently testify as to Plaintiff's work performance and will render only impermissible lay person testimony. Plaintiff's assertions again prove to be without merit.

With regard to customers Harrison Nguyen and Kimi Nguyen, Plaintiff claims that they will not be able to offer anything other than hearsay statements in that they have no

7

personal dealings with Plaintiff. This assertion is demonstrably without merit. Ms. Nugyen, during her deposition, testified at length about both her and her children's direct experiences with Plaintiff, and how it was Plaintiff's treatment of her children that led her to file a written complaint about his customer service. *See* portions of September 29, 2003 deposition transcript of Huong Nguyen ("Nguyen Dep."), pp. 10-11, attached hereto as Exhibit B. Indeed, the very point of her visit to the Vision Center was to obtain vision services for Kimi and Harrison. *Id.* at 10-13. Ms. Nguyen testified that in the course of Plaintiff's interactions with Kimi and Harrison, he could not keep her children's names straight and would not look her children in the eyes. This concerned her children, who expressed their concern to their mother. *Id.* at 10-13, 30-31. It also concerned Ms. Nguyen because it seemed obvious to her which one her pre-teen children was the female and which was male. *Id.* at 30-31. Also, despite Plaintiff's claim that the children did not have any personal experiences with Plaintiff, Ms. Nguyen testified that there were times where the children were alone with Plaintiff with no one else in the room. *Id.* at 17-20. Based on this deposition testimony, taken in 2003, it is clear that both Kimi and Harrison Nguyen directly witnessed events pertinent to this litigation, including Plaintiff's interactions with them. Despite Plaintiff's conclusory assertions to the contrary, there can be no doubt that both children directly observed Plaintiff during their visit to the Vision Center.[4]

Similarly, Wilma Pelletier, Temple Dasitra, Tim Angell and Dylan Lesnewski, the other Vision Center customers identified in Wal-Mart's Trial Memorandum, are expected to testify about their own negative experiences with Plaintiff. Contrary to Plaintiff's assertions, whether these experiences were ever communicated to Plaintiff is irrelevant. The experiences of

---

[4] Moreover, Ms. Nguyen also testified that she had visited the North Windham Vision Center and Dr. Gordon with Kimi a previous time. *Id.* at pp. 10-11. Thus, Kimi will be able to provide comparisons between her visit with Dr. Gordon and the Vision Center on other occasions when she dealt with Wal-Mart personnel other than Plaintiff.

8

these customers during their interactions with Plaintiff are probative of Wal-Mart's assertions that Plaintiff had attitude and other performance issues relating to his servicing of Vision Center customers. Plaintiff contends without support that the testimony Wal-Mart expects to offer at trial concerning Plaintiff's performance and attitude constitutes impermissible lay opinion. *See* Plaintiff's Memorandum, pp. 2-3. As discussed above, however, the proffered testimony will be based upon the witnesses' own personal, first-hand observations of or interactions with Plaintiff.

Plaintiff next argues that, even if the testimony is relevant, it should nonetheless be excluded because it may be confusing or misleading to the jury. *See* Plaintiff's Motion, pp. 2-3. Wal-Mart is not seeking to parade a slew of witnesses to testify about Plaintiff's attitude and performance. Rather, it is limited to Dr. Gordon, two co-workers and a handful of customers who had discrete interactions with Plaintiff. Plaintiff's efforts to drastically limit in advance of trial what the jury will hear about his conduct and performance while employed at the Vision Center in this manner should not be countenanced. As a preliminary matter, Plaintiff has offered no support for these conclusory assertions. Moreover, he simply cannot have it both ways. He cannot claim that the reasons Wal-Mart is offering for the very actions that form the basis of his claim are untrue while simultaneously seek to block Wal-Mart from introducing probative evidence tending to validate those reasons and bolster the credibility of Wal-Mart's managerial decision-makers.

C. **The Testimony of Wal-Mart Corporate Employees Teri Johannesen and Tina Frank Concerning Wal-Mart's Policies is Relevant and Admissible**

Wal-Mart expects that Ms. Johannesen and Ms. Frank will offer relevant testimony concerning Wal-Mart's corporate policies and procedures. Ms. Johannessen acted as the Regional Personnel Manager of the district that includes the Vision Center. Ms. Frank acted as the Regional Manager of the Vision Centers. While neither of these individuals worked

directly with Plaintiff, both are familiar with the Vision Center policies and procedures that govern the day-to-day functions and expectations of Vision Center associates. Thus, Wal-Mart believes that these witnesses would be able to offer probative testimony regarding these policies and the Company's expectations with respect to Vision Center employees.

### D. The Identification of Proposed Wal-Mart Witnesses Listed in Wal-Mart's Trial Memorandum Should Come as No Surprise to Plaintiff

In addition to claiming that their testimony is not relevant, Plaintiff seeks to exclude the testimony of corporate employees Ms. Frank and Ms. Johannassen and customers Harrison and Kimi Nguyen, Wilma Pelletier, Temple Daistra, Time Angell and Dylan Lesnewski on the basis that Wal-Mart did not include them on their initial disclosures served at the outset of the case in accordance with Fed. R. Civ. P. 26(a).

"[A] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); see also *American Stock Exchange, LLC v. Mopex*, 00CIV. 5943 (SAS)(MHD), 2002 U.S. Dist. LEXIS 25085, *14-17 (S.D.N.Y. July 29, 2002). The intent of this rule with regard to discovery is to avoid "surprise" or "trial by ambush" which results in prejudice. *Id.*, at *14-15 (citing cases); *Virgin Enters. Ltd. v. Am. Longevity*, 2001 U.S. Dist. LEXIS 2048, at *6 (S.D.N.Y. Mar. 1, 2001). However, when information is not disclosed in an initial disclosure, it may still be included for trial when the failure to make disclosure is harmless or the party may remedy any prejudice. *LaMarca v. United States*, 31 F. Supp. 2d 110, 122 (E.D.N.Y. 1998).

Plaintiff cannot credibly claim surprise or prejudice from the disclosure of any of the witnesses as Plaintiff has been aware of the existence of all of these individuals for at least a

10

year and in some cases four years. Plaintiff's claim that he was unfamiliar with Kimi and Harrison Nugyen and their importance in this matter defies credulity. As noted above, Huong Nguyen testified at deposition about both her and her children's experiences with Plaintiff. They were present with Plaintiff both in their mother's presence and alone with him in the examination room. Plaintiff had every indication – including that on Ms. Nguyen's written complaint about Plaintiff's performance – that Harrison and Kimi could offer relevant testimony regarding their experiences with Plaintiff.

        Plaintiff likewise claims that he has not heard of Ms. Johannesen or Ms. Frank. However, on June 4, 2004, Plaintiff was sent Wal-Mart's bates stamp no. D1923, a letter from Teri Johannesen. *See* Exhibit C. This letter was disclosed by Wal-Mart pursuant to Plaintiff's Motion to Compel documents relating to Dale Ceneviva. The letter also made specific reference to Ms. Frank, Regional Manager. With regard to the other customers who may have knowledge of Plaintiff's performance, these names appeared not only in Jerry Ellis' day planner, which was disclosed in December 2004, but also in Defendant's Reply Brief in further support of its Motion for Summary Judgment, p.2, attached hereto as Exhibit D, *and* Jerry Ellis' deposition, attached hereto as Exhibit E, pp. 252-58. Plaintiff specifically requested and was granted additional discovery after these notes were produced, but did not seek to obtain further information relating to the customers in Mr. Ellis' notes.

        Therefore, while Plaintiff can rightly claim he was not provided an "initial disclosure" with respect to these proposed witnesses, none of these individuals are or should be unknown to him. This is the not the "trial by ambush" that the Federal Rules seek to prevent.

## **CONCLUSION**

For the foregoing reasons, Wal-Mart respectfully requests that the Court issue an order denying Plaintiff's Motion *in Limine* in its entirety and allow Wal-Mart to proceed with the testimony of its witnesses.

                DEFENDANT WAL-MART STORES, INC.

                By: _____
                   Mitchell L. Fishberg (ct19661)
                   Kristi E. Mackin (ct23394)
                   Brown Raysman Millstein Felder & Steiner LLP
                   185 Asylum Street, 10th Floor
                   Hartford, CT 06103
                   (860) 275-6400

                   Joel L. Finger (ct06114)
                   Brown Raysman Millstein Felder & Steiner LLP
                   900 3rd Avenue
                   New York, NY 10022
                   (212) 895-2000

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of May 2005, a true copy of the foregoing Memorandum of Law in Support of Defendant's Opposition to Plaintiff's Motion *in Limine* to Preclude Certain Testimony was sent via first-class mail, postage prepaid, to:

Loraine M. Cortese-Costa, Esq.
Pamela Coyne, Esq.
Durant, Nichols, Houston,
Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT  06804

_____
Mitchell L. Fishberg