UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------- x
MARVIN KEY,                            :
                                       :   Case No. 3:03CV144 (RNC)
            Plaintiff,                 :
                                       :
      v.                               :
                                       :
WAL-MART STORES, INC.,                 :   MAY 23, 2005
            Defendant.                 :
-------------------------------------- :
                                       x

## DEFENDANT WAL-MART STORE'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE CERTAIN EXHIBITS

Wal-Mart Stores, Inc. ("Wal-Mart") hereby opposes Plaintiff's Motion in Limine to Preclude Certain Exhibits. Plaintiff seeks to preclude twenty-one exhibits proffered by Wal-Mart in its Trial Memorandum. As set forth more fully below, these exhibits, all of which were previously provided to Plaintiff, are directly relevant to Wal-Mart's defenses of Plaintiff's anticipated claims at trial and should not be precluded.

## I.  BACKGROUND

At all times relevant to the Amended Complaint, Plaintiff, an African American, worked as an optician in the Wal-Mart Vision Center located in North Windham, Connecticut (the "Vision Center"). During the time Plaintiff worked at the Vision Center, he reported directly to Vision Center Manager Jerry Ellis. Roger Noll was the Store Manager and Edgar Morales was the Co-Manager of the Vision Center during Plaintiff's period of employment. Phyllis Parmenter, David Peterson and Jeffrey Krol, who are all Caucasian, also worked in the Vision Center as opticians under the supervision of Jerry Ellis. Jenilu Zboray, also Caucasian, worked at the Vision Center as an optician's assistant and was training to obtain her Connecticut

optician's license. Ms. Zboray is still employed at the Vision Center. Ms. Parmenter is still a Vision Center associate in another Wal-Mart location. Both Mr. Peterson and Mr. Krol were involuntarily terminated from the Vision Center.

During his tenure with Wal-Mart, Plaintiff received progressive discipline in accordance with Wal-Mart's policies for, among other things, providing poor customer service. On or about April 28, 2001, Wal-Mart terminated Plaintiff's employment following an incident in which a Vision Center customer lodged a written complaint against Plaintiff concerning his treatment of her and her children. Plaintiff thereafter filed this lawsuit, which includes claims for race and color discrimination and retaliation arising under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. §§ 46a-60 *et seq.* Plaintiff also brings a claim of negligent misrepresentation under Connecticut common law.

Plaintiff moves to preclude two sets of proffered exhibits. One set of exhibits, Wal-Mart Exhibits 70-85, consists of certain performance appraisals and disciplinary notices issued to Jenilu Zboray, Phyllis Parmenter, David Peterson and Jeffrey Krol. Plaintiff seeks to preclude these exhibits -- even exhibit numbers 73, 76 and 78 which were performance reviews issued to Ms. Zboray, Ms. Parmenter and Mr. Peterson by Jerry Ellis during Plaintiff's period of employment -- on the basis that the manner in which his supervisors treated these other opticians who worked at the Vision Center bears no relevance to his claim of disparate treatment.[1] *See* Plaintiff's Memorandum of Law in support of this Motion in Limine to Preclude Certain Exhibits ("Plaintiff's Memorandum"), p. 2-3. As to the second set of exhibits, Wal-Mart Exhibits 6, 72,

---

[1] Even Plaintiff recognizes the disingenuous nature of his attempts to preclude Exhibits 73, 76 and 78. Plaintiff concedes in his Motion papers that "these three [Exhibits] may be offered by Wal-Mart at trial as relevant to the issues herein." Plaintiff's Memorandum, p. 2.

2

74 and 86-89, Plaintiff seeks preclusion of these exhibits by arguing that they were never disclosed or produced by Wal-Mart. For the reasons discussed herein, Plaintiff's arguments fail in law and fact.

The crux of Plaintiff's race discrimination claim is that he was treated differently than his Caucasian co-workers with respect to the manner in which he was disciplined by Wal-Mart. *See* Plaintiff's Trial Memorandum, p. 6. Wal-Mart, for its part, maintains that it did not treat Plaintiff differently than other employees and that his race and color played no role in the termination of his employment. Evidence concerning the manner in which the Caucasian Vision Center employees were treated by Wal-Mart is directly relevant to the claims and defenses that will be raised at trial. In addition, Wal-Mart had previously provided Plaintiff with the documents being proffered by Wal-Mart as trial exhibits.

## II.  LEGAL ARGUMENT

Plaintiff argues without legal or factual support that the exhibits he seeks to exclude are not relevant. "Relevant evidence" is "evidence having any consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The standard of probability under the rule is "more probable than it would be without the evidence" as "[a]ny more stringent requirement is unworkable and unrealistic." *Notes of Advisory Committee on Rules* (Jan. 2, 1975, P.L. 93-595, § 1, 88 Stat. 1931).

A motion *in limine* seeks to have the trial court to rule in advance of trial on the admissibility and relevance of certain evidence expected to be introduced at trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996) (an *in limine* motion aids "the trial process by enabling

3

the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial") (*quoting Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). As discussed below, Plaintiff's broad and conclusory assertions that certain of the exhibits Wal-Mart has identified in its Trial Memorandum are not relevant and/or that the admission of these exhibits would be misleading or confusing to the jury falls far short of the showing necessary to preclude such evidence in advance of trial.

> A. **Documents Related to the Performance and Discipline of Vision Center Employees Outside of the Protected Class are Relevant and Should not be Precluded**

In his Motion, Plaintiff asks this Court to exclude from trial certain personnel documents of employees who worked in the same Vision Center as Plaintiff. Specifically, Plaintiff seeks to preclude the following proffered exhibits:

70. Coaching for Improvement Form issued to Jenilu Zboray dated 1/30/01
71. Associate Commendation Form issued to Jenilu Zboray dated 6/29/95
73. Performance Appraisal, Optical Lab Technician (Jenilu Zboray)
75. Performance Appraisal, Optician dated 9/15/00 issued to David Peterson
76. Performance Appraisal, Optician dated 9/15/00 issued to David Peterson
77. January 8, 2002 Performance Appraisal, Optician (Phyllis Parmenter)
78. January 15, 2001 Performance Appraisal, Optician (Phyllis Parmenter)
79. November 2, 2001 Handwritten Complaint about Jeff Krol
80. November 7, 2001 Handwritten Complaint about Jeff Krol
81. November 7, 2001 Handwritten Complaint about Jeff Krol
82. Notice of Trespass issued to Jeffrey Krol
83. Exit Interview form of Jeffrey Krol dated November 7, 2001 for Gross Misconduct
84. Coaching for Improvement form issued to Jeffrey Krol dated "10-16"
85. Jeffrey Krol performance appraisal dated March 13, 2001

4

Plaintiff claims that these documents, which relate to the performance, discipline and/or termination of other Vision Center employees (*i.e.*, Jenilu Zboray, Jeffrey Krol, Phyllis Parmenter and David Peterson), should be precluded from the trial because they are not relevant to the parties' claims and defenses. On the contrary, Wal-Mart expects that these documents will provide direct support and corroboration of its contention that Plaintiff was subject to the same standards of performance as the Caucasian opticians who worked in the Vision Center. As such, these documents are an important part of Wal-Mart's defense of Plaintiff's claim of disparate treatment.

Wal-Mart anticipates that Plaintiff will attempt to convince the jury that he was held to different standards than other employees of the Vision Center because of his race and color. *See* Plaintiff's Trial Memorandum, p. 6. In defense of such accusations, Wal-Mart must be permitted to offer documents into evidence that demonstrate that Caucasian employees were treated no differently than he was with respect to enforcement of workplace policies, including customer service, performance and adherence to store procedures. Comparative treatment of opticians who worked in the Vision Center that fall outside of the protected class, as Plaintiff has pointed out throughout this litigation, lies at the very core of his disparate treatment claim. Indeed, during discovery Plaintiff specifically sought the production of the very documents he now seeks to preclude. *See* Plaintiff's Third Set of Interrogatories and Requests for Production, attached hereto as Exhibit A. In support of this document request, Plaintiff argued that these employees were "comparators" and that their personnel records were "patently relevant to … Plaintiff's claim of discrimination." *See* Correspondence from Pamela J. Coyne dated February 26, 2004, attached hereto as Exhibit B. Plaintiff argued in his Opposition to Wal-Mart's Motion for Summary Judgment that Mr. Ellis "documented several instances of customer service issues,

5

insubordination and attendance issues for other Vision Center employees doing the same job Plaintiff did who are White and were not disciplined or terminated as was Plaintiff." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and in Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment, p. 28, attached hereto as Exhibit C.

Plaintiff now takes the opposite position, claiming that the documents related to discipline and other terms of employment for these opticians are not relevant to his claims of discrimination. This position is not only contrary to Plaintiff's prior arguments as described above, but stands in opposition to established case law. Comparative evidence of the treatment of other employees working under the same management in similar positions has long been held to be relevant and probative evidence in a discrimination suit. *See, e.g., Iuorno v. DuPont Pharms. Co.*, No. 04-2049, 2005 U.S. App. LEXIS 1565, *7-8 (2d Cir. Jan. 31, 2005) (court reviewed plaintiff's co-worker's personnel files, which disproved plaintiff's claims that co-workers had been given warnings and chances plaintiff had not); *Blake-McIntosh v. Cadbury Beverages, Inc.*, No. 96 Civ. 2554 (EBB), 1999 U.S. Dist. LEXIS 16550, *30, 1999 WL 643661 (D. Conn., Aug. 10, 1999) (finding comparative evidence of co-workers is probative evidence in discrimination case).[2]

Here, Plaintiff, an African-American, claims that Wal-Mart terminated his employment, at least in part, on the basis of his race and color. He claims, as he must, that comparative Caucasian employees were treated differently by Wal-Mart in the way they were disciplined, presumably because they are white. Thus, the manner in which his co-workers were

---

[2] All but one of the performance-related documents regarding other Vision Center employees that Plaintiff seeks to preclude (Wal-Mart Exhibit Nos. 70-71, 73, 75-85) on the basis of relevance were issued/signed by either Jerry Ellis or Edgar Morales, two of the Wal-Mart managers who were involved in the discipline and eventual termination of Plaintiff's employment.

6

treated is probative of whether Plaintiff's termination was actually based on discriminatory motives or, as Wal-Mart asserts, for legitimate, non-discriminatory reasons such as Plaintiff's record of customer service problems. The jury will be able to see from the documents, and hear pertinent testimony, that the co-workers to which Plaintiff compares himself (and bases his discrimination claim) were treated differently only because they conducted themselves differently – not because of race.

The personnel records that Wal-Mart seeks to submit also will demonstrate that Caucasian employees were terminated when their behavior warranted termination. These facts, which will be proven by the evidence, make it less probable that race, as opposed to the actual conduct of the employee, was a motivating factor in any of the terminations that took place in the Vision Center. Similarly, the performance evaluations of Ms. Zboray and Ms. Parmenter, document nos. 70, 71, 73 and 77-78, demonstrate that their performance problems were nowhere as severe or pervasive as Plaintiff's and, accordingly, explain why they did not receive the level of discipline that Plaintiff did.[3] From this, the jury will be able to discern that Plaintiff's claims that co-workers were treated more favorably than he was under comparable circumstances is false.[4]

Plaintiff's attempt to significantly limit what the jury will hear and see regarding how other Vision Center employees were treated by Wal-Mart by claiming that it will be confusing or misleading to the jury should not be countenanced, as Plaintiff has offered no

---

[3] Additionally, Ms. Zboray's personnel history will demonstrate that she had a long-standing history of excellence with the Company prior to her tenure as a Vision Center employee. This history may be important in explaining the type and degree of discipline Ms. Zboray received while an employee in the Vision Center.
[4] In essence, Plaintiff's argument for excluding these exhibits speaks mostly to his opinion regarding the *weight* of these documents, not their admissibility. *See, e.g.*, Plaintiff's Memorandum, p. 2-3. Plaintiff is free to argue at trial that the documents should not be given much weight. However, the purpose of a motion *in limine* is to weed out documents that are *inadmissible*, not those that Plaintiff hopes to discount at trial. *See, e.g., Luce v. United States, supra*, 469 U.S. at 41.

7

credible support for these conclusory assertions. Plaintiff proffers no reason why the jury will not be able to understand the personnel history of the Vision Center employees, and there is nothing confusing about these documents at all. In fact, Plaintiff has offered his own personnel file, which certainly is no more or less difficult to understand than the personnel documents of other Vision Center employees. Furthermore, there is no reason (nor does Plaintiff provide one) to conclude that these documents are so voluminous in number that they will serve to waste this Court's time. In sum, Plaintiff's arguments as to why the documents proffered by Wal-Mart should be precluded are half-hearted and unpersuasive. Wal-Mart should not be precluded from submitting probative evidence at the time of trial merely because Plaintiff is indecisive as to whether his co-workers are comparators or not, or for any other reason.

**B.    Plaintiff Possesses (or Possessed) All of the Documents Wal-Mart Identified on Its Exhibit List**

Plaintiff's claim that Wal-Mart did not provide him with seven of the documents it included in its exhibit list is simply not true. Specifically, Plaintiff claims that Wal-Mart failed to provide him with the following documents:

6.   CBL scores for Marvin Key[5]

72.  Associate Evaluation dated 12/18/93 issued to Jenilu Zboray

74.  Performance Appraisal, Department Manager, Jenilu Zboray

86.  Typewritten note, "Meeting 6/15/00," "The Manager" signed by Parmenter, Zboray, Key and Peterson

87.  Typewritten note, "Service Issues" signed by Parmenter, Zboray, Key and Peterson

88.  Typewritten note, "Meeting 6/15/00," "The Customer" signed by Parmenter, Zboray, Key and Peterson

---

[5] A list of CBL Scores, or "Computer Based Learning" Scores, is a document outlining each of the computer-based training and testing sessions that all of Wal-Mart's employees, of all levels, must take. Here, for example, Plaintiff took multiple CBLs on Wal-Mart's harassment and discrimination policies and other store policies, as well as CBLs specialized to his role in the Vision Center.

8

> 89. Typewritten note, "The Doctor" "The Manager" signed by Parmenter, Zboray, Key and Peterson.

Plaintiff is wrong. Wal-Mart has produced all of the documents Plaintiff seeks to preclude. Wal-Mart produced the documents relating to Jenilu Zboray (Exhibits 72 and 74) at the same time it produced the other personnel documents for Zboray and the other Vision Center opticians. *See* Declaration of Kristi E. Mackin ("Mackin Decl."), ¶¶ 4, 5 and 8, attached hereto as Exhibit D.

The remaining documents at issue, Exhibits 6 and 85-88, are from Plaintiff's personnel file. Mackin Decl., ¶¶ 8-10. There is no dispute that Plaintiff's personnel file was turned over to Plaintiff prior to the filing of the instant litigation, and several documents contained therein were used, without objection, as exhibits during Plaintiff's deposition.[6] Mackin Decl., ¶ 6. Plaintiff himself has relied on many of the other documents contained in his personnel file throughout this litigation, including his Exit Interview and various coaching forms he received, and apparently intends to continue doing so. *See* Plaintiff's Trial Memorandum, p. 25 (seeking to enter into evidence "Plaintiff's personnel file" as described by Plaintiff).

Plaintiff's claim that he cannot locate these specific five documents at this time does not mean that they were not produced by Wal-Mart. Indeed, during the parties' discussion of the exhibit section of the Joint Trial Memorandum, Plaintiff strongly asserted that many of Wal-Mart's proffered exhibits had not been produced. At one point during discussions with

---

[6] For example, Plaintiff's Trial Memorandum states Plaintiff "does not have copies" of two of these documents, a January 20, 2000 Note from Plaintiff to Roger Noll regarding a customer service book (Wal-Mart's Exhibit 2) and a note dated April 30, 2004 "given to Marvin" (Wal-Mart's Exhibit 5). Both of these documents, which were included in Plaintiff's personnel file, were used as exhibits in Plaintiff's deposition. *See* excerpts from Plaintiff's June 24, 2003 deposition, pp. 167-68 (discussing the January 20, 2000 note to Roger Noll) and Plaintiff's August 13, 2003 deposition, pp. 140-141 (discussing, August 30, 2004 note), attached hereto collectively as Exhibit E. It seems apparent, then, that the sole reason that Plaintiff does not possess these documents was because they were misplaced.

9

opposing counsel, Plaintiff's counsel was adamant that she had "never seen" numerous documents on Wal-Mart's proposed exhibit list. Mackin Decl. ¶ 5. Despite Wal-Mart's affirmations that it had produced the exhibits in question, Plaintiff's counsel remained steadfast, accusing Wal-Mart of failing to produce the documents. Mackin Decl., ¶ 5. However, Plaintiff's counsel subsequently acknowledged that she did, in fact, have several of the exhibits. Mackin Decl., ¶ 5.

The exhibits at issue were provided as part of Plaintiff's personnel file over three years ago. Given the length of time that has passed since Wal-Mart turned over Plaintiff's personnel file, these documents may very well have been inadvertently misplaced by Plaintiff (or by his previous attorney prior to his instant firm handing over the file) similar to what had occurred with the other exhibits Plaintiff originally had argued were never produced.[7] For all of these reasons, preclusion of the documents Plaintiff claims he did not receive should be denied.

## III. CONCLUSION

For the foregoing reasons, Wal-Mart respectfully requests that the Court issue an order denying Plaintiff's Motion *in Limine* in its entirety and allow Wal-Mart to enter into evidence the exhibits listed in its Trial Memorandum.

---

[7] Being that Plaintiff took the CBLs that are recounted in the CBL list (Exhibit 6) and signed the typewritten documents at issue (Exhibits 85-88), Plaintiff cannot claim that the contents of the documents come as a surprise to him.

DEFENDANT WAL-MART STORES, INC.,

By: _____
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
Brown Raysman Millstein Felder & Steiner LLP
185 Asylum Street, 10th Floor
Hartford, CT 06103
(860) 275-6400

Joel L. Finger (ct06114)
Brown Raysman Millstein Felder & Steiner LLP
900 3rd Avenue
New York, NY 10022
(212) 895-2000

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of May 2005, a true copy of the foregoing Memorandum of Law in Support of Defendant's Motion *in Limine* was sent via first-class mail, postage prepaid, to:

Loraine M. Cortese-Costa, Esq.
Pamela Coyne, Esq.
Durant, Nichols, Houston,
   Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT 06804

_____
Mitchell L. Fishberg