# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARVIN KEY,                          :      CIVIL ACTION NO.
                                     :      3:03CV144 (RNC)
    Plaintiff,                       :
                                     :
v.                                   :
                                     :
WAL-MART, INC. AND                   :
DR. ANTHONY GORDON,                  :
                                     :
    Defendants.                      :      DECEMBER 17, 2003

## PLAINTIFF'S THIRD SET OF INTERROGATORIES AND THIRD REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO WAL-MART STORES, INC.

Plaintiff, Marvin Key, by and through undersigned counsel and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, *et seq.*, hereby requests that Defendant, Wal-Mart, Inc., answer the following interrogatories under oath and produce legible copies of all requested documents in the Defendant's possession, custody, or control for inspection and/or copying at the office of the undersigned counsel, or at such other time and place as may be mutually agreed upon by counsel for the purposes of inspection and copying by the Plaintiff.

### DEFINITIONS AND INSTRUCTIONS

    A.    Sufficient blank space for inserting a typed response has been provided following each Interrogatory and Production Request. If the space provided should prove insufficient for your entire answer, please retype the Interrogatory or Production Request and provide the entire answer on a separate sheet of paper.

    B.    With respect to each Interrogatory and Production Request, in addition to supplying the information requested by identifying the specific document referred to, please identify all documents which you consulted or to which you referred in preparation of your answer.

C.  In lieu of identifying any document in the manner hereinafter prescribed, you may attach the document and all non-identical copies thereof to your answers, and make them available for inspection and copying at the time and place to be agreed upon among counsel for the parties. If this procedure is followed, however, each Interrogatory and Production Request or portion thereof to which the document is intended to respond should be specified in the case of each such document.

D.  Unless otherwise indicated, each Interrogatory and Production Request is not restricted to a particular time period. If the answer to any Interrogatory or Production Request is different for different time periods, please so indicate and answer separately for each such time period.

E.  If any document identified in an answer to an Interrogatory or Production Request was in your possession or subject to your custody or control, but is no longer, or it was known by you to exist, but is no longer in existence, please state what disposition was made of it and its present location, if known.

F.  For the purpose of these Interrogatories, the following definitions shall apply:

1.  "Defendant" means Wal-Mart Stores, Inc. and all persons acting or purporting to act on its behalf whether collectively or individually.

2.  The terms "documents," "record" and the like mean any kind of written, printed, typed, recorded or graphic material however produced or reproduced of any kind or description, including originals, all copies, and all drafts. These terms include, by way of illustration, but are not limited to, the following items, whether printed, recorded, stored or reproduced by any electronic or mechanical process, or written or produced by hand: Agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, studies, notices, reports, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans, drawings, sketches, maps, books, pamphlets, newspaper and periodical articles and clippings, accounting records, invoices, canceled checks, receipts, forms, minutes, computer printouts, microfilm, microfiche, tape recordings, summaries of records or meetings or conferences, summaries or reports of consultants, photographs, motion picture films, brochures, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing in any document and other pertinent

information stored in any information storage or retrieval system, whether mechanical, magnetic, electronic, or otherwise, and all other writings.

3. "Identify," when used with respect to a document, means:

   a. To specify the nature of the document (e.g., letter, memorandum, etc.);
   b. to state the date appearing on the document or, if no date appears, the date on which the document was prepared;
   c. to state the date on which the document was transmitted to each recipient;
   d. to state the number of pages of the document;
   e. to give a brief description of the contents of a document;
   f. to identify each person who wrote, signed, dictated, submitted, reviewed, approved, or otherwise participated in the preparation of the document;
   g. to identify each person who received the document or was an addressee thereof and each person who received a copy of a document;
   h. if the document now exists, to give its location and to identify each person who has custody of it;
   i. if the document does not now exist to state the disposition that was made of it including the date, time, place and method of such disposition, and to identify the person who disposed of it;
   j. to identify separately each attachment to the document in the manner provided in this instruction.

4. "Identify," when used with respect to a person, means to state the person's name, home and business address, home and business telephone numbers, title and dates of employment or contractual relationship with Wal-Mart.

5. The singular shall include the plural and the plural shall include the singular.

6. A masculine, feminine or neuter pronoun shall not exclude the others.

## INTERROGATORIES

1. Identify each individual who assisted with Defendant's response to these Interrogatories and Requests for Production, by name, title, address and telephone number, indicating which Interrogatories and/or Requests for Production each individual assisted with.

ANSWER:

2. Describe the investigations, if any, conducted by Wal-Mart into allegations of poor customer service and/or misconduct, including violations of Wal-Mart's rules, policies and/or procedures, as well as any and all disciplinary action taken against, the following employees:

    a.    Dale Ceneviva;

    b.    Jerry Ellis;

    c.    Jeffrey Kroll;

    d.    Phyllis Parmenter;

    e.    Dave Peterson; and

    f.    Jenilu Zboray.

ANSWER:

3. Identify any and all Wal-Mart Connecticut vision center employees who expressed concern, inquired or complained about performing vision screenings and/or pre-testing and the date(s) upon which they did so. Please describe any and all subsequent disciplinary action taken against the employee, including discharge and state the reason for such disciplinary action.

ANSWER:

4. Identify any and all resident optometrists and/or independent contractors performing services in Wal-Mart's Connecticut vision center stores who expressed concern, inquired or complained about Wal-Mart employees performing vision screenings and/or pre-testing.

ANSWER:

5. Identify and describe any and all steps taken by Wal-Mart to ensure that its use of Connecticut vision center employees to perform vision screenings and pre-testing complied with state law in Connecticut, including state licensing requirements.

ANSWER:

6. Identify and explain when Chris Adkins and Mike Zimmerman first learned of any consideration being given to the discharge of Plaintiff, the reason(s) given to Mr. Adkins and Mr. Zimmerman for such consideration, how they were notified and by whom, and their responses.
ANSWER:

7. State when Chris Adkins and Mike Zimmerman first learned of Plaintiff's discharge, how they were notified and by whom, and the reason(s) given at that time.
ANSWER:

## REQUESTS FOR PRODUCTION

1. Any and all documents referred to in responding to Defendant's Third Set of Interrogatories.

- 6 -

2.  The personnel files, as well as any and all records of investigations and discipline that are not included in the personnel files, for the following employees:

    a.  Dale Ceneviva;

    b.  Jerry Ellis;

    c.  Jeffrey Kroll;

    d.  Phyllis Parmenter;

    e.  Dave Peterson; and

    f.  Jenilu Zboray.

3.  Any and all documents, which constitute, refer or relate to Wal-Mart vision center employees who expressed concern, inquired or complained about performing vision screenings and/or pre-testing identified and/or referred to in response to Interrogatory No. 3, *supra.*

4.  Any and all documents, which constitute, refer or relate to steps taken by Wal-Mart to ensure that its vision centers complied, and comply, with state law in Connecticut, including state licensing requirements.

5.  Any and all documents, which constitute, refer or relate to Defendant's response to Interrogatory No. 6.

Done at Bridgeport, Connecticut this 17th day of December, 2003.

*Pamela Coyne* (signature)
Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATION**

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 17th day of December, 2003 to all counsel and *pro se* parties as follows:

Gregory Reilly, Esq.
Brown Raysman Millstein Felder & Steiner
900 Third Avenue
New York, NY  10022

*Pamela J. Coyne* (signature)
Pamela J. Coyne

P:\lit\pjc\523818\001\00037427.DOC

# Exhibit B

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

ATTORNEYS AT LAW
1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438     Fax (203) 384-0317
www.durantnic.com

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

Also admitted in Virginia*
Also admitted in New York**

February 26, 2004

VIA:   Facsimile 860-275-6410
       & U. S. Mail

Kristi E. Mackin, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
185 Asylum Street, 10th Floor
Hartford, CT  06103

Re:   Key v. Wal-Mart, Inc., et al.
      Civil Action No.: 3:03CV144(RNC)

Dear Kristi:

This letter will confirm our telephone conversation yesterday regarding Wal-Mart's objection to Plaintiff's Request for Production No. 2 in his Third Set of Interrogatories and Third Request for Production of Documents. As a preliminary matter, please be advised that despite your claim that you first learned of Plaintiff's request yesterday, the discovery requests were served on December 17, 2003, and Wal-Mart's responses were served on January 29, 2003 (after agreeing to a request for extension by Attorney Reilly). Thereafter, I informally discussed Wal-Mart's objection to Request for Production No. 2 with Attorney Reilly during telephone conversations and in person on February 10, 2004. Accordingly, Wal-Mart has known of Plaintiff's discovery request for approximately ten (10) weeks, and has known of his disagreement with its objection for at least three (3) weeks and still no commitment has been made as to whether or not the documents will be provided.

Although you expressed a willingness to cooperate in an effort to resolve the instant discovery dispute, you stated that Wal-Mart interprets the exception to the consent requirement for disclosure of personnel files for defending "personnel-related complaints against the employer" to be inapplicable. You also opined that Wal-Mart may further object to disclosing information regarding Jerome Ellis, Dale Ceneviva and Jenilu Zboray on the basis that they are not "comparators" to Plaintiff. I suggest you re-read the Magistrate's ruling on Plaintiff's previous motion to compel which addressed and rejected parallel arguments made by Wal-Mart in connection with several other discovery requests.

Kristi Mackin, Esq.                          -2-                          February 26, 2004

      You then suggested that Plaintiff issue a subpoena for the personnel files pursuant to Conn. Gen. Stat. § 31-128f(2), to "protect" Wal-Mart should an employee complain about its disclosure of his/her personnel file. I interpret your request for a subpoena as your consent to acceptance of service on behalf of Wal-Mart. Plaintiff will honor your request and will issue a subpoena.

      Throughout the conversation, you continued to express your intention to cooperate and suggested that we request an extension of time in which to file a motion to compel. You agreed that Wal-Mart would consent to such a motion. Throughout the conversation, I requested written confirmation from you regarding Wal-Mart's commitment to resolving this dispute and the steps it is willing to take with a specific time limit of March 5 or 8, 2004 for final resolution. You repeatedly denied my request although you did agree that you would get back to me with a firm position one way or the other. Obviously, I will need you to do so in a timely manner, to allow time for me to prepare a motion to compel, if necessary, within the requested extension period.

      In conclusion, please be advised that I am issuing a subpoena for the personnel files of Dale Ceneviva, Jerry Ellis, Jeffrey Kroll, Phyllis Parmenter, Dave Peterson and Jenilu Zboray. Further, I am filing a motion on consent for an extension of time in which to file a motion to compel. In the meantime, please keep me apprised of your progress working with Wal-Mart toward resolution of this dispute without court intervention. Thank you for your anticipated cooperation.

                                        Sincerely,

                                        Pamela J. Coyne

cc:    Loraine M. Cortese-Costa
P:\general\CTC\523818\001\00038613.DOC

# Exhibit C

A.  **Summary Judgment Is Not Appropriate On the Discrimination Claims**

In this case, there is sufficient evidence, both direct and indirect to defeat summary judgment applying this standard. That evidence is as follows:

- the statement of Plaintiff's direct supervisor[32] that he had wanted Plaintiff "fired because he was a '350 lb black fucking asshole.'"[33] (Exhibit A to Fabricant aff.);

- Jerry Ellis documented several instances of customer service issues, insubordination and attendance issues for other Vision Center employees doing the same job Plaintiff did who are White and were not disciplined or terminated as was Plaintiff, as follows:

Phyllis Parmenter:

- four (4) separate customer service issues, including a prescription that was not in the file, turning customers away who sought exams. (Wal-Mart doc. nos. 963, 989, 1185, 1374, attached as Exhibit 5);

---

[32] Although Wal-Mart claims that Roger Noll was the decisionmaker, it is clear from the record evidence that Jerry Ellis was the one who planned and coordinated Plaintiff's termination beginning in February, 2001 (just one month after giving Plaintiff a favorable performance evaluation), and culminating in seeking permission from the Vision Center District and Regional Managers to terminate Plaintiff's employment three (3) weeks prior to the incident for which he was purportedly terminated and acting in concert with Dr. Gordon, and encouraging Co-Manager, Edgar Morales, to make the final recommendation to Roger Noll. (Wal-Mart Doc Nos. 1084-89, 1130-31, 1136 (attached as Exhibit 5)); Ellis dep. I, pp. 74-85; Morales dep. I, pp. 9-20; Noll dep. I, pp. 19-23). Further, it was Jerry Ellis who oversaw the disciplinary process for Vision Center staff and ensured that Plaintiff received a written coaching and a decision-making day. (Exhibits 2 and 3 to Ellis dep. I). In fact, when Mr. Ellis first sought Roger Noll's approval to terminate Plaintiff's employment in early-April, Mr. Noll testified that he reviewed Plaintiff's "paperwork" and disagreed with termination. (Noll dep. II, p. 35). Therefore, Mr. Ellis continued with his plan to get rid of Plaintiff, whom he characterized as the "350 lb fucking black asshole," and needed to create at least one (1) more incident do so.

[33] Mr. Ellis' statement is admissible evidence as an admission and because he made the statement as a Wal-Mart Manager acting within the scope of his duties. Fed. R. Evid. 801(d)(2)(D). *See Stern v. Trustees of Columbia University*, 131 F.3d 305, 313 (2d Cir. 1997). Attorney Fabricant's notes are admissible under the residual exception to the hearsay rule, because they bear the required "guarantees of trustworthiness," and are clearly offered as evidence of a material fact, i.e., Wal-Mart's discriminatory motive for terminating Plaintiff's employment. Fed. R. Evid. 807. Further, because Mr. Krol is deceased, this is the only source available to Plaintiff, and the nature of the statements speaks for itself -- the interests of justice will be served by admitting this statement. *Id.*