UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARVIN KEY, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV144 (RNC) |
| | : | |
| v. | : | |
| | : | |
| WAL-MART, INC. and | : | |
| DR. ANTHONY GORDON, | : | |
| | : | |
| Defendants. | : | MAY 23, 2005 |

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE*
REGARDING EVIDENCE OF OTHER
LAWSUITS FILED AGAINST WAL-MART

Plaintiff, Marvin Key, by and through undersigned counsel, submits this memorandum in opposition to Wal-Mart's motion *in limine* seeking to preclude Mr. Key from commenting on, referring to or offering evidence of any kind regarding other lawsuits filed against Wal-Mart.

**Argument**

**Point I**

**THE FACT THAT WAL-MART IS THE SUBJECT
OF NUMEROUS EMPLOYMENT-RELATED
LAWSUITS IS HIGHLY RELEVANT**

Evidence of other lawsuits against Wal-Mart is relevant background evidence of Wal-Mart's intentional discrimination, its pretextual stated reason for its actions, and its willful disregard for federal and state law. *See Lyons v. England*, 307 F.3d 1092, 1111-12 (9th Cir. 2002) (citing *St. Mary's Honor Ctr. v. Hicks*, 409 U.S. 502, 511, 113 S.Ct. 2742 (1993)). *See also Phillip v. ANR Freight Sys., Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991) (noting that "an

employer's background of discrimination is indeed relevant to proving a particular instance of discrimination," and stating that this evidence should be "freely admitted at trial").

Mr. Key is necessarily depending upon circumstantial evidence to meet his burden of proof at trial, and should not be denied his day in court. Mr. Key must be able to explain to the jury exactly who Wal-Mart is, as well as how and why it terminated his employment. This evidence is necessary background evidence, which is clearly relevant, and should be allowed at trial.

### Point II

### WAL-MART'S CLAIM OF UNFAIR PREJUDICE SHOULD BE REJECTED

Conceding that this evidence is relevant to Mr. Key's claims, Wal-Mart next contends that it will cause unfair prejudice. Wal-Mart's argument ignores the fact that such claimed prejudice must be *unfair* and must *substantially* outweigh its probative value. *See* Fed. R. Evid. 403. Such is not the case herein.

Generally, a court has broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue. However, a court's discretion to exclude evidence under Fed. R. Evid. 403 is limited. "Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." *U.S. v. Terzado-Madruga*, 897 F.2d 1099, 1117 (11th Cir. 1990) (quoting *U.S. v. Finestone*, 816 F.2d 583, 585 (11th Cir.), *cert. denied*, 484 U.S. 948, 108 S.Ct. 338 (1987)). When considering whether the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice, any doubt should be resolved in favor admissibility. *U.S. v. Clarke*, 24 F.3d 257, 260 (D.D.C. 1994);

*Terzado-Madruga, supra.* "The prejudice that Rule 403 is concerned with involves some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143.151 (2nd Cir. 1997). Indeed, it should be a rare circumstance that a defendant may continually act contrary to the law and escape the consequences of its actions, or the reputation it has earned, by attempting to isolate each wrongful act from the others, and deny the full truth to the jury.

As Wal-Mart admits, this evidence is "no secret." It is "no secret," because of Wal-Mart's continuing violations of the law -- not because of the misconceptions or misperceptions it now fears. This evidence is clearly relevant to Mr. Key's claims, and any prejudice suffered by Wal-Mart has nothing to do with Mr. Key or this particular case, and is certainly not *unfair*.

Mr. Key is entitled to present evidence of other lawsuits against Wal-Mart and should not be denied every opportunity to present his case at trial.

## CONCLUSION

For all the foregoing reasons, Wal-Mart's motion *in limine* seeking to preclude evidence of other lawsuits against Wal-Mart should be denied.

Done at Bridgeport, Connecticut this 23rd day of May, 2005.

Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR PLAINTIFF

- 3 -

## **CERTIFICATION**

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 23rd day of May, 2005 to all counsel and pro se parties as follows:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
185 Asylum Street, 10th Floor
Hartford, CT  06103

Pamela J. Coyne

P:\lit\pjc\523818\001\00046623.DOC

- 4 -