## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARVIN KEY, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV144 (RNC) |
| | : | |
| v. | : | |
| | : | |
| WAL-MART, INC. and | : | |
| DR. ANTHONY GORDON, | : | |
| | : | |
| Defendants. | : | MAY 23, 2005 |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION
### TO DEFENDANT'S MOTION *IN LIMINE*
### REGARDING EVIDENCE OF PLAINTIFF BEING
### THE FIRST BLACK/AFRICAN-AMERICAN OPTICIAN
### LICENSED BY THE STATE OF CONNECTICUT

Plaintiff, Marvin Key, by and through undersigned counsel, submits this memorandum in

opposition to Wal-Mart's motion *in limine* seeking to preclude Mr. Key from offering any

evidence of his being the first Black and/or African-American Optician licensed by the State of

Connecticut.

### Argument

### Point I

### MR. KEY'S STATUS AS THE FIRST BLACK/
### AFRICAN-AMERICAN OPTICIAN LICENSED BY THE
### STATE OF CONNECTICUT IS RELEVANT TO THE ISSUES HEREIN

Wal-Mart's argument that evidence of Mr. Key's status as the first Black/African-

American Optician licensed by the State of Connecticut is not relevant ignores the fact that he

was the *only* Black and/or African-American employee (never mind the only licensed Optician)

in any Wal-Mart Vision Center in the State of Connecticut, and that he was consistently disciplined more harshly than his co-workers, by his White supervisor, Jerome Ellis, who was in fact *not* licensed by the State of Connecticut. Further, the fact that Mr. Key was the first Black and/or African-American Optician licensed by the State of Connecticut is a simple fact, which merely explains who he is -- an explanation, which the jury not only deserves, but needs, to reach a decision on the issues herein.

### Point II

### WAL-MART'S CLAIM OF UNFAIR PREJUDICE OR JUROR CONFUSION SHOULD BE REJECTED AS FRIVOLOUS

Conceding that this evidence is relevant to Mr. Key's claims, Wal-Mart next contends that it will cause unfair prejudice or juror confusion. Neither ground is based on fact or law, and both should be rejected as frivolous.

Generally, a court has broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue. However, a court's discretion to exclude evidence under Fed. R. Evid. 403 is limited. "Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." *U.S. v. Terzado-Madruga*, 897 F.2d 1099, 1117 (11th Cir. 1990) (quoting *U.S. v. Finestone*, 816 F.2d 583, 585 (11th Cir.), *cert. denied*, 484 U.S. 948, 108 S.Ct. 338 (1987)). When considering whether the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice, any doubt should be resolved in favor admissibility. *U.S. v. Clarke*, 24 F.3d 257, 260 (D.D.C. 1994); *Terzado-Madruga, supra.* "The prejudice that Rule 403 is concerned with involves some

adverse effect . . . beyond tending to the fact or issue that justified its admission into evidence."
*Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2nd Cir. 1997).

Wal-Mart's claim of unfair prejudice is nothing more than a desperate attempt to deny the full truth to the jury and prevent them from making a fair decision based on the actual evidence. The facts are simple and very straightforward -- Mr. Key was the first Black and/or African-American Optician licensed by the State of Connecticut, who went to work for Wal-Mart, was treated differently than his White co-workers and ultimately discharged. As in most employment discrimination cases, Wal-Mart did not include a note in Mr. Key's personnel file saying that he was discharged because of his race and/or color. Therefore, Mr. Key is necessarily relying on circumstantial evidence to prove his case and should not be denied his day in court, because Wal-Mart does not want the full truth to be told. If Wal-Mart did not discriminate against Mr. Key based on his race and/or color, then this simple fact could not conceivably sway the jury either way. There is no danger of unfair prejudice.

Wal-Mart's claim of "juror confusion" is frankly confusing itself and clearly underestimates the intelligence of the jury pool in this state. Mr. Key is confident that jurors are capable of understanding the facts, especially this fact, as it is not at all complicated and can be stated in one short sentence -- Mr. Key was the first Black and/or African-American Optician licensed by the State of Connecticut.

Mr. Key is entitled to present evidence of his status as the first Black and/or African-American Optician licensed by the State of Connecticut -- it is part of who he is and necessary as background evidence to a full understanding of the facts herein.

- 3 -

## CONCLUSION

For all the foregoing reasons, Wal-Mart motion *in limine* as to evidence of Mr. Key's status as the first Black and/or African-American Optician licensed by the State of Connecticut should be allowed into evidence at trial.

Done at Bridgeport, Connecticut this 23rd day of May, 2005.

Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR PLAINTIFF

**CERTIFICATION**

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 23rd day of May, 2005 to all counsel and pro se parties as follows:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
10th Floor
185 Asylum Street
Hartford, CT 06103

Pamela J. Coyne

P:\lit\pjc\523818\001\00046564.DOC

- 5 -