UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
| | :    CIVIL ACTION NO. |
|     Plaintiff, | :    3:03CV144 (RNC) |
| | : |
| v. | : |
| | : |
| WAL-MART, INC. and | : |
| DR. ANTHONY GORDON, | : |
| | : |
|     Defendants. | :    MAY 23, 2005 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE*
REGARDING EVIDENCE OF WAL-MART'S
ILLEGAL PRACTICES IN ITS VISION CENTERS**

Plaintiff, Marvin Key, by and through undersigned counsel, submits this memorandum in opposition to Wal-Mart's motion *in limine* seeking to preclude Mr. Key from introducing evidence of Wal-Mart's illegal practices in its Vision Centers.

**Argument**

**Point I**

**THE EVIDENCE TO BE INTRODUCED
IS RELEVANT AND ADMISSIBLE**

Contrary to Wal-Mart's claims, Mr. Key does not intend to offer his opinion of Wal-Mart's illegal practices. Nor does Mr. Key's Trial Memorandum state that "Plaintiff was 'neither trained nor licensed' for certain duties he performed." *See* Wal-Mart's Memorandum of Law in

- 2 -

Support of Defendant's Motion in Limine to Exclude Evidence Concerning Plaintiff's Allegations that Wal-Mart's Vision Center Practices are Improper, p. 8, n.8.[1]

Mr. Key intends to offer evidence that he was required by Wal-Mart to conduct vision screenings and pre-testing of Wal-Mart's customers for the resident Optometrist, Dr. Gordon. He further intends to offer evidence that prior to his employment with Wal-Mart, Mr. Key had not been trained or taught in such para-optometric services, as his formal education in Opticianry did not include coursework in para-optometric services, the licensing requirements for Opticians in Connecticut do not address these tests, and none of his previous employers requested or required him to perform these services. This evidence is directly relevant to the reason Wal-Mart advised Opticians and Optician Apprentices to direct questions about the para-optometric services to the resident Optometrist, Dr. Gordon, and why Mr. Key did in fact ask such questions when he had the opportunity. This is the crux of Mr. Key's negligent misrepresentation claim and is admissible.

### NEITHER PLAINTIFF'S EDUCATION, NOR THIS STATE'S LICENSING REQUIREMENTS, FOR OPTICIANS, ARE UNFAIRLY PREJUDICIAL TO WAL-MART

Wal-Mart's claim that evidence of Mr. Key's education in Opticianry and this state's licensing requirements are "unduly prejudicial," not only completely miss the mark, but misstate the law as well. The standard is not whether evidence is "unduly prejudicial," but whether "its probative value is *substantially* outweighed by the danger of *unfair* prejudice." Fed. R. Evid. 403 (emphasis added).

---

[1] Hereinafter "Wal-Mart's Mem. Re: Illegal Practices, p. __."

Generally, a court has broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue. However, a court's discretion to exclude evidence under Fed. R. Evid. 403 is limited. "Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." *U.S. v. Terzado-Madruga*, 897 F.2d 1099, 1117 (11th Cir. 1990) (quoting *U.S. v. Finestone*, 816 F.2d 583, 585 (11th Cir.), *cert. denied*, 484 U.S. 948, 108 S.Ct. 338 (1987)). When considering whether the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice, any doubt should be resolved in favor admissibility. *U.S. v. Clarke*, 24 F.3d 257, 260 (D.D.C. 1994); *Terzado-Madruga, supra*. "The prejudice that Rule 403 is concerned with involves some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997). Indeed, it should be a rare circumstance that the jury is denied the opportunity to consider all relevant evidence.

Neither Mr. Key's formal education in Opticianry, nor this state's licensing requirements, can cause unfair prejudice to Wal-Mart. Certainly, the fact that Wal-Mart advised employees to ask questions regarding para-optometric services is not unfairly prejudicial to Wal-Mart. Wal-Mart's assertion that Mr. Key is not qualified to offer this testimony is simply wrong, as no one is more qualified to offer testimony regarding his education, his license as an Optician and his employment with Wal-Mart. Wal-Mart's claim that this evidence has a "tendency to suggest decision on am improper basis" is completely unfounded. *See* Wal-Mart's Mem. Re: Illegal Practices, p. 10 (citing *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997)). Just as the district court in *Perry v. Ethan Allen, Inc.* "could not identify any respect in which the prejudice

that might result from such probative evidence would have been unfair," neither can Wal-Mart herein, because it doesn't exist.

### Point II

### WAL-MART'S CLAIM OF JUROR CONFUSION SHOULD BE REJECTED

Wal-Mart also claims that admission of this evidence may confuse the jury, and specifically "lead them to an impression that Wal-Mart violates the law." Wal-Mart, not only underestimates, but insults, the citizens of this State who form the jury pool. It is inconceivable that a juror will be confused or mislead by this simple and straightforward testimony, and in any event, it is Mr. Key's intent to convince the jury that Wal-Mart has in fact violated the law, by discriminating and retaliating against him, and by advising him to direct questions regarding vision pre-testing to Dr. Gordon, and then discharging him for so doing.

The evidence to be presented may be adverse, or unfavorable, to Wal-Mart, but it is in no way unfairly prejudicial -- and that is the standard. Mr. Key is entitled to present this evidence, and it should not be excluded on any basis.

### CONCLUSION

For all the foregoing reasons, Wal-Mart's motion *in limine* seeking to preclude evidence of Mr. Key's performance for other employers should be denied.

Done at Bridgeport, Connecticut this 23rd day of May, 2005.

*Pamela J. Coyne* (signature)
Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR PLAINTIFF

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 23rd day of May, 2005 to all counsel and pro se parties as follows:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
185 Asylum Street, 10th Floor
Hartford, CT  06103

Pamela J. Coyne

P:\lit\pjc\523818\001\00046640.DOC