UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
| | :    CIVIL ACTION NO. |
|    Plaintiff, | :    3:03CV144 (RNC) |
| | : |
| v. | : |
| | : |
| WAL-MART, INC. and | : |
| DR. ANTHONY GORDON, | : |
| | : |
|    Defendants. | :    MAY 23, 2005 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE*
REGARDING EVIDENCE OF PLAINTIFF'S
PERFORMANCE FOR OTHER EMPLOYERS**

Plaintiff, Marvin Key, by and through undersigned counsel, submits this memorandum in opposition to Wal-Mart's motion *in limine* seeking to preclude Mr. Key from introducing evidence of his performance for other employers.

### Argument

### Point I

### THE EVIDENCE TO BE INTRODUCED
### IS RELEVANT AND ADMISSIBLE

The evidence of Mr. Key's performance for other employers is highly relevant to his general work ethic, job performance and to Wal-Mart's pretextual stated reason for his discharge. It should not be excluded. Wal-Mart's fears of "a series of mini-trials" is completely unfounded,

as the evidence is nothing more than the testimony of a former supervisor,[1] and a performance evaluation by his current employer, Lenscrafters.

## PLAINTIFF'S PERFORMANCE AS A LICENSED OPTICIAN FOR OTHER EMPLOYERS WILL NOT CAUSE UNFAIR PREJUDICE

Wal-Mart's claim that evidence of Mr. Key's performance for other employers is "highly prejudicial," not only concedes that his performance evaluations are probative of the fact that he is at least an adequate performer and Wal-Mart's stated reason for his discharge is pretextual, but misstates the law. The standard is not whether evidence is "highly prejudicial," but whether "its probative value is *substantially* outweighed by the danger of *unfair* prejudice." Fed. R. Evid. 403 (emphasis added).

Generally, a court has broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue. However, a court's discretion to exclude evidence under Fed. R. Evid. 403 is limited. "Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." *U.S. v. Terzado-Madruga*, 897 F.2d 1099, 1117 (11th Cir. 1990) (quoting *U.S. v. Finestone*, 816 F.2d 583, 585 (11th Cir.), *cert. denied*, 484 U.S. 948, 108 S.Ct. 338 (1987)). When considering whether the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice, any doubt should be resolved in favor admissibility. *U.S. v. Clarke*, 24 F.3d 257, 260 (D.D.C. 1994); *Terzado-Madruga, supra*. "The prejudice that Rule 403 is concerned with involves some

---

[1] The former supervisor is Dale Ceneviva. Ms. Ceneviva was a Wal-Mart Vision Center manager during Plaintiff's period of employment with Wal-Mart, who requested a demotion, was discharged, reinstated and has since been promoted back to Vision Center manager.

adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143.151 (2nd Cir. 1997). Indeed, it should be a rare circumstance that the jury is denied the opportunity to consider all relevant evidence, and Mr. Key's job performance is certainly relevant, especially in light of the fact that Wal-Mart claims that he was discharged for that precise reason.

Unlike the plaintiff in *Martin v. Reno*, No. 96CIV7646(NRB), 2000 WL 1863765, at * 4 (S.D.N.Y. Dec. 19, 2000), the case Wal-Mart claims presented this precise issue, Mr. Key does not intend to merely "explain his allegedly discriminatory experiences by comparing his work experience at [Wal-Mart] to his other . . . employment." Mr. Key does not intend to present anecdotal self-serving testimony regarding his performance for other employers. Nor does Mr. Key intend to present the testimony of his former co-workers, as Wal-Mart apparently claims by citing *Gambello v. Time Warner Communications, Inc.*, 186 F.Supp.2d 209, 223 (E.D.N.Y. 2002).[2] Mr. Key intends to present the testimony of a Wal-Mart Vision Center manager, who supervised him while employed by another company prior to Wal-Mart, and a written performance evaluation by his current employer, Lenscrafters.

Further, contrary to Wal-Mart's arguments, Mr. Key may prove adequate performance while employed by Wal-Mart by merely establishing that he was hired by another employer after discharge by Wal-Mart. *See Pilditch v. Board of Education of Chicago*, 3 F.3d 1113, 1117 (7th

---

[2] Wal-Mart does intend to present testimony by Mr. Key's former co-workers regarding Mr. Key's performance, which is clearly inadmissible according to Wal-Mart's own cited authority. *See Gambello v. Time Warner Communications, Inc.*, 186 F.Supp.2d 209, 233 (E.D.N.Y. 2002). Conversely, Ms. Ceneviva was and is a Wal-Mart decisionmaker, responsible for performance evaluations, discipline and discharge of Opticians and Optician Apprentices at Wal-Mart's Vision Center.

Cir. 1993); *Whitchurch v. Apache Prods. Co.*, 916 F.Supp. 809, 815 (N.D. Ill. 1996); *Wagner v. Kester Solder Co.*, No. 94C6039, 1995 WL 399484, at * 4 (N.D. Ill. June 28, 1995) (copy attached). As stated above, Mr. Key intends to introduce evidence, not only that he successfully worked as a licensed Optician prior to being hired by Wal-Mart, but that he was hired as a licensed Optician by Lenscrafters after his discharge from Wal-Mart, and that he has performed to Lenscrafters' satisfaction. To preclude this evidence would deny Mr. Key any opportunity to present evidence of his performance as a licensed Optician, which is directly relevant to Wal-Mart's pretextual reason for his discharge, and deny him his day in court. This evidence is highly relevant, and its probative value is clearly *not* substantially outweighed by unfair prejudice.

Further, Wal-Mart's contention that "Plaintiff should not be allowed to second-guess the decision of the Store Manager Roger Noll" somehow misses the entire point of this trial. Mr. Key already second guessed Wal-Mart's decisions by pursuing his rights through the Commission on Human Rights and Opportunities, the Equal Employment Opportunity Commission and filing this lawsuit. Now a jury of his peers will be asked to make a final determination as to whether Wal-Mart's decisions with respect to Mr. Key violated the law, and they should be allowed the opportunity to fully and fairly consider all relevant evidence, including evidence which is favorable to Mr. Key and unfavorable to Wal-Mart.

### Point II

### WAL-MART'S CLAIM OF JUROR CONFUSION SHOULD BE REJECTED

Conceding that evidence of Mr. Key's performance for other employers is relevant to the issues in dispute, Wal-Mart also claims that admission of this evidence will "confuse and mislead" the jury. Wal-Mart, not only underestimates, but insults, the citizens of this State who form the jury pool. It is inconceivable that a juror will be confused or mislead by the simple and straightforward testimony of a Wal-Mart Vision Center manager and/or a written performance evaluation.

Mr. Key is entitled to present evidence of his job performance, especially since Wal-Mart claims that is the reason for termination of his employment. Wal-Mart must not be allowed to prevent Mr. Key from presenting his case, including presenting evidence, which is unfavorable to Wal-Mart. Wal-Mart's claims that this evidence is "highly prejudicial" and/or of juror confusion should be rejected.

### CONCLUSION

For all the foregoing reasons, Wal-Mart's motion *in limine* seeking to preclude evidence of Mr. Key's performance for other employers should be denied.

Done at Bridgeport, Connecticut this 23rd day of May, 2005.

                                                                            */s/ Pamela J. Coyne*
Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR PLAINTIFF

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 23rd day of May, 2005 to all counsel and pro se parties as follows:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
185 Asylum Street, 10th Floor
Hartford, CT 06103

_____
Pamela J. Coyne

P:\lit\pjc\523818\001\00046630.DOC