UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
| | : CIVIL ACTION NO. |
| Plaintiff, | : 3:03CV144 (RNC) |
| | : |
| v. | : |
| | : |
| WAL-MART, INC. and | : |
| DR. ANTHONY GORDON, | : |
| | : |
| Defendants. | : MAY 24, 2005 |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE THE TRIAL WITH RESPECT TO LIABILITY AND DAMAGES

Plaintiff, Marvin Key, by and through undersigned counsel, submits this memorandum in opposition to Wal-Mart's motion for an order bifurcating the issues of liability and damages at trial.

### Argument

### THE TRIAL SHOULD NOT BE BIFURCATED

Wal-Mart seeks bifurcation of the issues of liability and damages at trial, claiming convenience, the avoidance of prejudice to itself and efficiency. "Though a court is well within its discretion to bifurcate a trial, and bifurcation is not unusual, *bifurcation is the exception rather than the rule.*" *Guidi v. Inter-Continental Hotels Corp.*, No. 95CIV9006, 2003 WL 1846864, at * 1 (S.D.N.Y. 2003) (emphasis added) (internal quotations omitted) (copy attached). *See also United States v. Beaudet*, No. 03-1132, 2004 WL 1638553, at * 1 (D. Minn. 2004)

(stating that "bifurcation is an extreme remedy") (copy attached); *In re Blech Securities Litigation*, No. 94CIV7696, 2003 WL 1610775, at * 12 (S.D.N.Y. 2003) (same) (copy attached).

Wal-Mart cites and quotes Fed. R. Civ. P. 42(b) in support of its claims. However, Wal-Mart omits so much of Rule 42(b) that stresses the importance of "preserving inviolate the right of trial by jury." See Fed. R. Civ. P. 42(b). *See also United Air Lines, Inc. v. Wiener*, 286 F.2d 302 (9th Cir. 1961). While Wal-Mart claims that it will suffer prejudice if all claims and issues are heard together, it ignores the fact that Mr. Key has a statutory right to a jury trial, and bifurcation would certainly prejudice him.

Wal-Mart also ignores the fact that the issues of liability and damages are so intertwined in this case that bifurcation would require numerous (if not all) witnesses to appear and testify two times -- basically to the same facts. This is clearly inconvenient to the parties and witnesses as well as a burden on the judiciary -- *not* the convenience or "judicial economy" Wal-Mart claims.

### A.     **Bifurcation Will *NOT* Promote Convenience**

####    1.     **The Issues Of Liability And Damages Are Inextricably Intertwined**

Where the issues of liability and damages are intertwined, a motion to bifurcate should be denied. *See Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996); *Beaudet*, 2004 WL 1635853, at * 2; *In re Blech Securities Litigation*, 2003 WL 1610775, at * 15.

To establish liability, Mr. Key will be required to introduce evidence of Wal-Mart's acts and omissions, policies, the reasoning and intent of its decisionmakers, the several different reasons Wal-Mart offered for its actions and how all of this was communicated to Mr. Key.

Wal-Mart's defense will require introduction of similar evidence    To attempt to separate Wal-Mart's acts and omissions from its policies, its reasons, the decisionmakers' intent and all the reasons offered therefor, is an impossible feat.  This is especially true in establishing that Wal-Mart's articulated "legitimate non-discriminatory reason" for its actions is merely a pretext, which evidence is necessarily the same for both liability and damages.  Further, the evidence of pretext is directly relevant to the issue of punitive damages.[1]  *See Vanek v. Nutrasweet Co.*, No. 92C0115, 1993 WL 394767, at * 2 (N.D. Ill. 1993) (explaining that evidence of the decisionmakers' intent will be before the jury regardless of whether punitive damages is an issue, as will evidence of the plaintiff's emotional distress regardless of whether compensatory damages is an issue) (copy attached).

In addition, it is equally impossible to ask Mr. Key to tell his story without disclosing the extent of the emotional distress he suffered as a result of Wal-Mart's actions.  Should this case be bifurcated, he would be required to present essentially identical testimony in both phases -- surely not convenient or efficient for anyone.  *See Beaudet*, 2004 WL 1635853, at * 1 (denying the defendant's motion to bifurcate and explaining that in discrimination cases, "the harm is generally evident from a victim's emotional description of the accused party's conduct," and if the case is bifurcated, witnesses would be required to present similar testimony in both phases).

---

[1] The two cases cited by Wal-Mart in support of its claim that Mr. Key's claim for punitive damages should be bifurcated from the liability phase merely stand for the proposition that a defendant should not be required to litigate its financial condition prior to a determination of liability, compensatory damages and whether punitive damages are warranted.  *See* Wal-Mart's Memorandum of Law in Support of its Motion to Bifurcate, p. 5 (citing *Smith v. Lightning Bolt Productions, Inc.*, 681 F.2d 363, 373-74 (2d Cir. 1988); *Munafo v. Metropolitan Transp. Auth.*, No. 98CV-4572, 2003 WL 21799913, at * 23 (E.D.N.Y. 2003)).

2. **The Degree Of Witness Overlap Between The Issues Of Liability And Damages Is Tremendous**

As stated above, the issues of liability and damages are so intertwined, that should this Court grant Wal-Mart's motion to bifurcate, every witness, with the possible exception of the two economic experts, would be required to testify in both phases -- to the same set of facts and circumstances. *See Vichare*, 106 F.3d at 466; *Beaudet*, 2004 WL 1635853, at * 2; *In re Blech Securities Litigation*, 2003 WL 1610775, at * 15 (denying motion to bifurcate issues of liability and damages because of "inevitable witness overlap").

The only witnesses who arguably would not have to testify twice should this case be bifurcated are the parties' expert witnesses. Both experts are expected to testify to Mr. Key's economic losses and explain their calculations -- a straightforward and simple process that any adult taxpayer should be able to understand without difficulty. Surely, this alleged reduction in trial time is not sufficient to justify bifurcation. Indeed, should Mr. Key prevail, every other witness would arguably be recalled to testify to basically the same set of facts. Additional opening statements and closing arguments by counsel would be required, and the jury would be asked to engage in a second deliberation. No one's interest would be served by bifurcation. *See Thompson v. First Interstate Information Sys., Inc.*, No. 4-91-CV-20104, 1992 WL 317572, at * 5 (S.D. Iowa 1992) (copy attached).

The degree of witness overlap is tremendous, and therefore, bifurcation would not serve the interests of judicial economy or convenience, but would increase the demand on the parties, witnesses, jurors and this Court. Wal-Mart's motion should be denied.

B.  **Bifurcation Will *NOT* Reduce The Risk of Unfair Prejudice To Wal-Mart, But Will Unfairly Prejudice Mr. Key**

In support of its motion to bifurcate, Wal-Mart claims that allowing the jury to hear evidence regarding damages will influence their decision regarding liability and cites the case of *Guidi v. Inter-Continental Hotels Corp.*, No. 95CIV9006, 2003 WL 1846864, at * 2 (S.D.N.Y. 2003) in support.[2] However, Wal-Mart fails to explain that the court's decision in *Guidi* was based on minimal witness overlap and a violent attack on three businessmen in an Egyptian hotel by an Egyptian gunman, which resulted in the death of two of the businessmen and tragic injury to the third. *Id.* at * 1. Wal-Mart then claims that the same risk of unfair prejudice exists herein.

Contrary to Wal-Mart's claims, there is no danger of unfair prejudice to Wal-Mart should the jury hear this entire case without bifurcation. As stated above, the anticipated testimony by all witnesses regarding liability will necessarily include evidence relevant to the issue of damages. Any additional evidence in support of Mr. Key's claim for damages would be minimal and not likely to be unfairly prejudicial to Wal-Mart. *See Vanek v. Nutrasweet Co.*, No. 92C0115, 1993 WL 394767, at * 2 (N.D. Ill. 1993) (explaining that evidence of the decisionmakers' intent will be before the jury regardless of whether punitive damages is an issue, as will evidence of the plaintiff's emotional distress regardless of whether compensatory damages as an issue, and that additional evidence of damages "is not likely to be significantly or unduly prejudicial").

---

[2] The only other case cited by Wal-Mart in support of its claim of "unfair prejudice" similarly concerns physical injuries. *See* Wal-Mart's Memorandum of Law in Support of its Motion to Bifurcate, p. 4 (quoting *Crummett v. Corbin*, 475 F.2d 816, 817 (6th Cir. 1973).

Further, both parties' proposed jury instructions and proposed verdict forms clearly explain the difference between findings relative to liability and findings relative to damages, thereby alleviating any claim of prejudice. *See In re Blech Securities Litigation*, 2003 WL 1610775, at * 16 (stating that jury instructions can prevent the risk of prejudice); *Beaudet*, 2004 WL 1635853, at * 2 (same).

Mr. Key is confident that this state's jury pool is able to listen to the evidence, follow instructions and render a fair verdict, without prejudice to Wal-Mart. However, should this Court grant Wal-Mart's motion, Mr. Key contends that he would be prejudiced, because he would be prevented from telling the entire story. Mr. Key deserves the opportunity to introduce all relevant evidence, including evidence of Wal-Mart's true reasons for its actions, which is also relevant to both compensatory and punitive damages. Mr. Key is entitled to a jury trial, and his hands should not be tied because Wal-Mart now claims the risk of prejudice.

Mr. Key respectfully requests this Court to deny Wal-Mart's motion to birfurcate.

C.  **There Is No Risk Of Jury Confusion**

Once again, Wal-Mart insults the jury pool in this state by claiming that they will be confused by the simple and straightforward evidence to be introduced in this case. Wal-Mart claims that jurors cannot understand the "numerous documents and evidence relating to Plaintiff's mitigation attempts" if they hear it during the liability phase. Wal-Mart's claim simply does not make sense. The evidence Wal-Mart is referring to is nothing more than Mr. Key's tax returns and some classified ads -- evidence that any adult in this state is familiar with and can

easily understand, regardless of when it is presented. Wal-Mart's claim of juror confusion is unfounded and should be summarily rejected.

## CONCLUSION

For all the foregoing reasons, Wal-Mart's motion to bifurcate the trial with respect to liability and damages should be denied.

Done at Bridgeport, Connecticut this 24th day of May, 2005.

*Pamela J. Coyne*
Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATION**

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 24th day of May, 2005 to all counsel and pro se parties as follows:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
185 Asylum Street, 10th Floor
Hartford, CT 06103

_____
Pamela J. Coyne

P:\lit\pjc\523818\001\00046770.DOC