UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------X
MARVIN KEY,                        :
                                   :   CIVIL ACTION NO.:
            Plaintiff,             :   3:03CV144(RNC)
                                   :
     v.                            :
                                   :
WAL-MART STORES, INC.              :
                                   :
            Defendant.             :   JUNE 14, 2005
---------------------------------------------------X

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE DOCUMENTS OR TESTIMONY CONCERNING DISCOVERY DISPUTES OR COUNSEL'S PERSONAL OPINIONS OR BELIEFS REGARDING THE SAME

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby replies to Plaintiff Marvin Key's ("Plaintiff's") Opposition to its Motion in Limine to Exclude Documents or Testimony Concerning Discovery Disputes or Counsel's Personal Opinions or Beliefs Regarding the Same (the "Opposition").

## I. INTRODUCTION

In its Motion, Wal-Mart asks this Court to exclude from trial all documents, testimony, argument or commentary that in any way concerns the discovery conducted by either party in this case, including, without limitation, any and all disputes, motions or other issues relating to Plaintiff's efforts to obtain from Wal-Mart a copy of his personnel file, the personnel files of other current or former Wal-Mart employees or any other related document or information, whether prior to or during this litigation. In his Opposition, Plaintiff articulates the exact evidence he intends to proffer at trial related to the issues Wal-Mart seeks to exclude by way of this Motion. *See* Opposition at 2-3. Given the evidence and/or arguments Plaintiff intends to

proffer at trial, which as discussed in its Motion and below is irrelevant, unfairly prejudicial to Wal-Mart and riddled with mischaracterizations and half-truths, the necessity of precluding such evidence and/or arguments from trial is apparent.

## II. ARGUMENT

### A. The Proffered Evidence Is Not Relevant To The Issues To Be Tried In This Case

As is often the case in contested litigations, the parties have had several disagreements during discovery. In pressing their respective positions, the parties have utilized the tools allowed by the federal rules of civil procedure and the local rules of this Court, including raising various objections to written discovery requests, filing motions to compel and requesting protective orders. Not only have the matters at issue here been resolved long ago or been previously adjudicated (Magistrate Martinez has already ruled on the issues set forth in the motions and requests), the mechanics of the discovery process and litigation tactics utilized by the parties are completely irrelevant to the issues that the jury will be charged with deciding -- whether Wal-Mart terminated Plaintiff's employment based on discriminatory or retaliatory reasons. The lack of relevancy or probative value of the proffered evidence is underscored by the fact Plaintiff cannot point to any relevant document or piece of evidence that he has asked for during discovery and not already received.[1]

---

[1] Wal-Mart acknowledges that Plaintiff has not received the entire personnel files for Dale Ceneviva and Jerry Ellis. However, as discussed later in this Reply at pp. 6-8, Wal-Mart did attempt to locate the complete files for both of these individuals but despite considerable efforts could not. *See* Affidavit of Kristi E. Mackin ("Mackin Affidavit"), attached hereto as Exhibit A, at ¶¶ 7-13, 16. Moreover, because neither Ceneviva nor Ellis are comparators for Plaintiff, the contents of their personnel files bear no relevance to Plaintiff's claims of discrimination, retaliation or negligent misrepresentation.

2

### B. The Proffered Evidence Is Not Probative Of Consciousness Of Guilt Or Wrongdoing By Wal-Mart

In his Opposition, Plaintiff argues that the proffered evidence is probative of Wal-Mart's consciousness of wrongdoing in its actions towards Plaintiff. Opposition at 4-5. As demonstrated below, this argument is predicated on a set of mistaken contentions.

Courts have been reluctant to sanction a party, either by way of an adverse inference instruction or allowing testimony or argument regarding what transpired between the parties during the discovery process, except in instances where one party has been significantly prejudiced as a result of severe misconduct by the opposing party such as suppression, falsification, destruction or fabrication of evidence. *See McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 921-922 (2d Cir. 1995). *See also Zubulake v. UBS Warburg LLC, et al.*, 2005 U.S. Dist. LEXIS 4085, *22-23 (S.D.N.Y. March 16, 2005)(Court issued an adverse inference instruction to the jury after it determined that defendant intentionally and knowingly destroyed numerous relevant e-mails). Indeed, the cases cited by Plaintiff in his Opposition underscore this principle. For instance, in *Warner Barnes & Co. v. Kokosai*, 102 F.2d 450 (2d Cir. 1939), the Court concluded that a party's *falsification* of an important document may be used to prove consciousness of that party's guilt. *Id.* at 453. Likewise, in *McQueeney*, the Second Circuit, citing 2 Wigmore § 278(2), recognized that wrongdoing by the party in connection with his case, amounting to an *obstruction of justice*, may be relevant as an admission by conduct. 779 F.2d at 922 (holding it was improper for the district court to exclude testimony regarding a party's attempt to suborn perjury at trial) (emphasis added).

As we show here, Wal-Mart has not acted improperly in the course of discovery nor has it suppressed, falsified or fabricated any evidence.

3

1. <u>Wal-Mart did not Suppress Evidence</u>

Plaintiff first asserts that Wal-Mart intentionally suppressed or otherwise kept from him certain evidence, including his personnel file, documents related to purportedly similarly-situated employees and the existence of Jerry Ellis' Day Planner. Opposition at 5. This is not true. Wal-Mart did not suppress or otherwise keep any documents from Plaintiff. Plaintiff acknowledges that he received a copy of his personnel file *before* the inception of this litigation. Opposition at 4. Whether he or his counsel had to ask for it more than once is of no consequence or relevance at this stage of the proceedings.

At some point before the first deposition in this case was taken, Wal-Mart's prior counsel realized that a customer complaint may have been missing from Plaintiff's personnel file, and immediately produced same to Plaintiff. *See* Affidavit of Gregory Reilly ("Reilly Aff."), attached hereto as Exhibit B, at ¶ 2; Affidavit of Jerome Ellis ("Ellis Aff."), attached hereto as Exhibit C, at ¶ 5. Wal-Mart's prior counsel also produced at the same time Jerry Ellis' typewritten transcription of selections from his Day Planner. *Id.* At the time the typewritten notes were produced to Plaintiff, Wal-Mart was not aware that it was a transcription from Ellis' Day Planner, a different document, because Ellis had advised Wal-Mart that the transcription was his notes concerning Plaintiff's performance. Reilly Aff. at ¶ 2; Ellis Aff. at ¶¶ 5-6. As soon as Wal-Mart learned of the existence of the Day Planner, it produced it to Plaintiff without request or demand. Reilly Aff. at ¶¶ 5-8; Ellis Aff. at ¶¶ 3, 5, 6 and 8.

2. <u>Wal-Mart did not Falsify or Fabricate Evidence</u>

In his Opposition, Plaintiff claims that Wal-Mart fabricated or created a false document. Opposition at 7. This contention is wrong. As stated above, Wal-Mart played no part in the creation of Ellis' typewritten "daytimer" excerpts. After Plaintiff filed an administrative

4

complaint of discrimination – but before this lawsuit – Wal-Mart asked Ellis to turn over any notes he had concerning Plaintiff's performance. Ellis Aff. at ¶ 5. Rather than give Wal-Mart his Day Planner, Ellis transcribed notes from his Day Planner onto a separate document that he then provided to Wal-Mart. *Id.* at ¶¶ 5-6. Wal-Mart and its counsel did not learn about the Day Planner until sometime later, at which time its counsel turned it over to Plaintiff as soon as he was able to obtain the Day Planner from Ellis. Reilly Aff. at ¶¶ 2-3, 5-8; Ellis Aff. at ¶¶ 2, 9. Wal-Mart did not fabricate or falsify evidence. Ellis was confused regarding what documents he should turn over to counsel and turned over what he thought Wal-Mart's counsel was asking for. Plaintiff's attempt to characterize this misunderstanding, which was rectified long ago,[2] as serious misconduct or wrongdoing sufficient to infer consciousness of guilt by Wal-Mart falls way short.[3]

3. <u>Wal-Mart's Objection to Plaintiff's Request for Production of Personnel Files was Proper under the Rules of this Court</u>

Plaintiff also argues in his Opposition that he should be allowed to offer evidence or argument regarding "Wal-Mart's refusal to provide information regarding the comparative treatment of similarly situated employees to Plaintiff . . . in response to Plaintiff's discovery requests requiring Plaintiff to obtain a Court Order for production of the information." Opposition at 2-3. There is no reason why the jury should hear any evidence or argument regarding the discovery of these documents. Certainly, a party has the right to lodge legitimate, timely objections during discovery without fear that opposing counsel will be allowed to exploit the objection and taint the jury down the road. The facts demonstrate that Wal-Mart did nothing wrong in objecting to the document request at issue and seeking a protective order from this

---

[2] In fact, Plaintiff was allowed by this Court to conduct additional discovery relating to the Day Planner.
[3] Moreover, if he wishes to pursue his theories regarding the authenticity of the typewritten excerpts or the Day Planner or other related-issues, Plaintiff can cross-examine Ellis.

5

Court.[4] The fact that the Court ultimately decided that the evidence sought by Plaintiff had "some" relevance to his claims in no way undercuts or calls into question the propriety of Wal-Mart's conduct in objecting to the document request or seeking a protective order.

### 4. The "Missing" Documents do not Contain Comparative Evidence

Plaintiff further claims he should be allowed to offer evidence or argument regarding "the fact that there were large gaps in the comparative data it was ultimately compelled to produce." Opposition at 2-3. Plaintiff correctly states that Wal-Mart was not able to locate portions of the personnel files of Ceneviva and Ellis but Plaintiff grossly overstates the potential significance of these "missing" documents to his case.[5] While Plaintiff contends "that information relative to the treatment by Wal-Mart of two White employees similarly situated to Plaintiff" was missing, *see* Opposition at 8-9, neither Ellis nor Ceneviva are similarly situated to Plaintiff. Indeed, Ceneviva never worked at the Vision Center at the North Windham Wal-Mart where Plaintiff worked. Moreover, both Ceneviva and Ellis were Managers. Because neither Ceneviva nor Ellis were similarly-situated to Plaintiff, had their entire personnel files been located they would not have contained comparative data. Plaintiff did, in fact, receive the personnel files for the Opticians who did work in the Vision Center.

---

[4] On December 17, 2003, Plaintiff issued his Third Set of Interrogatories and Requests for Production in which he requested, *inter alia*, the personnel files of six current or former Wal-Mart employees. In response, Wal-Mart rendered a timely objection on the basis of relevancy and Connecticut's personnel file statute. Following significant give-and-take discussions between the parties' counsel, Wal-Mart agreed to produce the personnel files of five of the current or former employees. However, following Plaintiff's service of a subpoena with respect to the documents for the one remaining employee, Dale Ceneviva, Wal-Mart filed for a protective order. The Court denied Wal-Mart's motion for a protective order, ruling that the "information sought by the plaintiff has *some* relevance to his claim." (emphasis added) *See* Order of Magistrate Donna Martinez dated May 20, 2004, attached hereto as Exhibit B.

[5] As discussed above, Plaintiff sought personnel records of six current or former Wal-Mart employees, including Dale Ceneviva and Jerry Ellis.

6

The case cited by Plaintiff in his Opposition with respect to the Second Circuit's treatment of "missing" evidence in the control of one party bears no resemblance to the facts of this case. In *McFarlane v. Canadian Pacific Railway*, 278 F.3d 54 (2d Cir. 2002), the widow of a deceased truck driver sued the defendant railroad company and Amtrak following a fatal accident. At some point during discovery, Amtrak claimed to have lost part of the printout from the train's event recorder, a key piece of evidence in that it contained data regarding the speed of the train, sounding of the warning whistle and application of the brakes. *Id.* at 63. On appeal from the granting of partial summary judgment for Amtrak on several of plaintiff's claims, the Court remanded the district court's ruling on the inadequate auditory warning for further findings. *Id.* at 54. The Court stated that on remand, the district court could infer that the part of the printout that was missing would not have been favorable to Amtrak. *Id.* at 63.

*McFarlane* is readily distinguishable from the instant case. First, *McFarlane* did not involve whether testimony or argument regarding the missing evidence should be allowed before a jury in that it involved an appeal of the district court's findings on summary judgment. Second, the "missing" evidence in question in *McFarlane* was an important document, if not the most important piece of evidence with respect to several of the substantive claims. Here, the "missing" personnel documents have little, if any, relevance to Plaintiff's claims. Third, the Court emphasized in its ruling the fact that Amtrak had the printout of the data recorder in its possession and used a part of the printout in its summary judgment papers. *Id.* at 62-63. In this case, Wal-Mart never used or relied on any documents that were contained in Ellis' or Ceneviva's personnel files. Once Plaintiff made efforts to obtain the files, Wal-Mart conducted a thorough search for the documents and turned over whatever it was able to locate to Plaintiff.

7

*See* Mackin Declaration at ¶¶ 7-9. Thus, *McFarlane* is inapposite and offers to assistance to Plaintiff.

### C. Allowing The Proposed Testimony And/Or Argument Would Unfairly Prejudice Wal-Mart

Even if the discovery-related issues arguably had some slight relevance to Plaintiff's race discrimination and retaliation claims, which they do not, the proposed testimony and/or argument should be excluded under Fed. R. Evid. 403 on the grounds that its relevance is substantially outweighed by the danger of unfair prejudice, confusion of issues, and undue trial delay. For instance, Plaintiff's efforts to secure his personnel file from Wal-Mart before this litigation even commenced is not relevant to whether Wal-Mart discriminated or retaliated against Plaintiff. The only purpose for introducing such evidence would be to attempt to prejudice the jury into thinking that Wal-Mart must have discriminated against Plaintiff because his attorney had to request his personnel file more than once. This tactic is improper and Plaintiff should not be allowed to taint the jury with this type of evidence.

The same reasoning applies to the proposed testimony and/or argument regarding the discovery of Ellis' Day Planner. The only purpose of introducing this type of evidence or argument would be to unfairly prejudice the jury. Moreover, Plaintiff has already sought relief from this Court regarding these discovery issues. This Court has ruled on Plaintiff's motions and granted remedies it deemed appropriate. Plaintiff should not get a second bite of the apple, especially at this juncture and in front of a jury that will have no knowledge of the litigation process or the discovery rules.

In addition, it cannot be emphasized enough that, except for portions of the personnel files of Ellis and Ceneviva, which would not have contained comparative data or any relevant evidence anyway, Plaintiff cannot identify any documents or other evidence that it claims Wal-

8

Mart should have produced. Accordingly, there is no logical or justifiable reason why the jury, which is charged with determining whether Wal-Mart discriminated against Plaintiff on the basis of his race or retaliated against him for allegedly reporting an alleged statement by the resident eye doctor, should hear argument or testimony regarding what transpired between the parties' counsel during the discovery process. *See, e.g., Zubulake*, 2005 U.S. Dist. LEXIS at *23-24 (even where the Court determined that the defendant deleted numerous relevant e-mails after the start of the litigation, the Court held that it would be unfairly prejudicial for the jury to hear evidence regarding its prior rulings imposing sanctions against defendant for discovery abuses).

Allowing the jury to hear the argument and related testimony enumerated by Plaintiff in his Opposition would not only be unfairly prejudicial to Wal-Mart but also may very well result in a verdict based not on the substantive evidence (*i.e.*, whether Wal-Mart based its employment decisions with respect to the Plaintiff on unlawful motives) but rather on whether the jury, which has no knowledge or understanding of the discovery rules of this Court, believes Wal-Mart somehow treated Plaintiff unfairly during discovery or otherwise was too zealous in its defense. This risk can be easily avoided by limiting the evidence presented to the jury to the real issues of this case, namely whether Wal-Mart unlawfully discriminated or retaliated against the Plaintiff.

## III.  CONCLUSION

For the foregoing reasons, Wal-Mart respectfully requests that the Court issue an order granting Wal-Mart's motion *in limine* in its entirety and precluding Plaintiff from introducing the testimony and evidence addressed in Wal-Mart's motion and specifically set forth in Plaintiff's Opposition.

WAL-MART STORES, INC.

By: _____
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
Brown Raysman Millstein Felder & Steiner LLP
185 Asylum Street, 10th Floor
Hartford, CT 06103
(860) 275-6400

Joel L. Finger (ct06114)
Brown Raysman Millstein Felder & Steiner LLP
900 3rd Avenue
New York, NY 10022
(212) 895-2000

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of June 2005, a true copy of the foregoing Reply to Plaintiff's Opposition to Motion in Limine was sent via first-class mail, postage prepaid, to:

Loraine M. Cortese-Costa, Esq.
Pamela Coyne, Esq.
Durant, Nichols, Houston,
Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT 06804

_____
Mitchell L. Fishberg

HARTFORD 121833v2