UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------- x
MARVIN KEY,                                      :
                                                 : Case No. 3:03CV144 (RNC)
            Plaintiff,                           :
                                                 :
       v.                                        :
                                                 :
WAL-MART STORES, INC.,                           : JUNE 14, 2005
            Defendant.                           :
------------------------------------------------- :
                                                 x

## DEFENDANT WAL-MART STORES, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING PLAINTIFF BEING THE FIRST AFRICAN AMERICAN OPTICIAN LICENSED IN THE STATE OF CONNECTICUT

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby submits this Reply Brief in further support of its Motion *in Limine* to Exclude Evidence Concerning Plaintiff Being the First Black/African-American Optician Licensed in the State of Connecticut and in reply to Plaintiff's Opposition to the same (the "Opposition").

Plaintiff intends to present evidence at trial that he was the first African American licensed as an Optician by the State of Connecticut. In its Memorandum of Law in support of its Motion *in Limine* to exclude this evidence (the "Memorandum"), Wal-Mart submits that the proffered evidence should be excluded from trial on the grounds that it (1) lacks relevance and (2) if relevant at all, its marginal relevance is substantially outweighed by other concerns such as undue prejudice, juror confusion or trial delay (Memorandum at 5). In his Opposition, Plaintiff offers nothing to contradict or refute Wal-Mart's position.

Evidence regarding Plaintiff's status at the time he obtained his Optician's license from this State, which was well before he joined Wal-Mart, does not come close to meeting the standards for establishing relevance. Fed. R. Evid. 401. The fact that Plaintiff at some point in the past had been the first African American optometrist licensed by the State of Connecticut does not have the tendency to make the existence of any fact that is of consequence to this action more probable than without it. *Id.* Plaintiff more or less admits this in his Opposition in conceding that the "simple fact [that Plaintiff sought and obtained an Optician licenses prior to another African American] could not conceivably sway the jury either way." Opposition at 3.

The jury can and should make a decision on the merits of Plaintiff's claim that he was treated in a discriminatory manner – not because he was the first African American to obtain an Optician's license by the State of Connecticut years ago. There is simply no connection between this fact and his claims in the instant case. Indeed, Plaintiff does not allege that his status as the first licensed Optician in Connecticut played any role or was any factor in the discipline he received or the ultimate termination of his employment from Wal-Mart.

Given Plaintiff's acknowledgment that the proposed evidence is not actually probative of his discrimination claim, his continued contention that this evidence is somehow relevant as "circumstantial evidence" makes no sense. *Id.* The fact that Plaintiff is an African American and was the first Black individual who sought and obtained an Optician's license in this State is not probative of this fact. In other words, whether Plaintiff was the first or the hundredth African American licensed in the State of Connecticut does nothing to prove or disprove whether Wal-Mart terminated Plaintiff's employment for a discriminatory reason.

His claim that this proposed evidence "explains who he is – an explanation, which the jury not only deserves, but needs, to reach a decision of the issues herein" similarly defies

2

reason. *Id.* The statement itself demonstrates the lack of probative value in the evidence Plaintiff seeks to offer. "Who Plaintiff is" is not at issue in this case. Plaintiff may be lots of things personally or as an individual that bear no relevance to whether Wal-Mart unlawfully discriminated against him. Moreover, Plaintiff fails to offer any explanation why the jury "deserves" or "needs" to know that Plaintiff was the first African American Optician licensed by the State of Connecticut, or why this fact has any relation to the termination of his employment from Wal-Mart.

Even if the proposed evidence was relevant, which it is not, the potential for jury confusion and unfair prejudice far outweighs any possible limited relevance. *See* Fed. R. Evid. 403. Notwithstanding Plaintiff's conclusory statement that "there is no danger of unfair prejudice" or jury confusion, the unfair prejudice and danger of jury confusion that would result from evidence regarding this topic should not be underestimated. In the absence of any relation between the proposed evidence and the issues of whether Wal-Mart discriminated against Plaintiff, Plaintiff's sole reason for seeking to admit such evidence is to attempt to somehow taint the jury with the notion that the entire vision field is discriminatory and confuse the issues to be decided at trial. If Plaintiff is allowed to offer the proposed evidence, there is a real danger that the jury will find for Plaintiff not because he was the victim of unlawful employment discrimination but to help remedy what the jury may perceive as some sort of deeper societal issue. Plaintiff apparently seeks to suggest to the jury that African Americans are discriminated against when they try to become Opticians and/or that he is heroic because he overcame discrimination to get his license, hoping that the jury will infer discrimination by Wal-Mart in this case from this fact alone. Such a suggestion not only serves to create an inference of discrimination where Plaintiff has proven none, but confuses the actual issues at trial and serves

3

only to waste this Court's and the jury's time. In the absence of any real probative value, the evidence should be precluded.

Because the proposed evidence would not be probative to whether the decision maker in this case terminated Plaintiff for a discriminatory reason, is unduly prejudicial and serves only to confuse the issues and waste the Court's and the jury's time, Plaintiff should be precluded from offering this evidence at trial.

For the foregoing reasons, Wal-Mart respectfully requests that the Court issue an order granting Wal-Mart's Motion *in Limine* in its entirety and preclude Plaintiff from submitting evidence or making commentary relating to the fact that he was the first African American who sought and obtained an Optician's license in Connecticut.

DEFENDANT WAL-MART STORES, INC.

By: _____
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
Brown Raysman Millstein Felder & Steiner LLP
185 Asylum Street, 10th Floor
Hartford, CT 06103
(860) 275-6400

Joel L. Finger (ct06114)
Brown Raysman Millstein Felder & Steiner LLP
900 3rd Avenue
New York, NY 10022
(212) 895-2000

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of June 2005, a true copy of the foregoing Reply Brief in Further Support of Wal-Mart's Motion *in Limine* was sent via first-class mail, postage prepaid, to:

Loraine M. Cortese-Costa, Esq.
Pamela Coyne, Esq.
Durant, Nichols, Houston,
   Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT  06804

   Mitchell L. Fishberg

HARTFORD 121808v1