UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------ x
MARVIN KEY,                          :
                                     :   Case No. 3:03CV144 (RNC)
                Plaintiff,           :
                                     :
        v.                           :
                                     :
WAL-MART STORES, INC.,               :   JUNE 14, 2005
                Defendant.           :
------------------------------------ :
                                     x

### DEFENDANT WAL-MART STORES, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING PLAINTIFF'S ALLEGATIONS THAT WAL-MART'S VISION CENTER PRACTICES ARE IMPROPER

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby submits this Reply Brief in Further Support of its Motion *in Limine* to Exclude Evidence Concerning Plaintiff's Allegations that Wal-Mart's Vision Center Practices are Improper and in reply to Plaintiff's Opposition to the same (the "Opposition").

In its Motion *in Limine*, Wal-Mart argues that evidence and/or argument by Plaintiff stating or suggesting to the jury that its Vision Center practices, including the performance of pre-screening vision tests by opticians such as Plaintiff, are either illegal and/or somehow improper should be excluded form trial because such evidence or argument would be irrelevant, unfairly prejudicial and cause jury confusion. It is clear from Plaintiff's Opposition that he does not disagree. *See* Opposition at 1 ("Mr. Key does not intend to offer his opinion of Wal-Mart's illegal practices"). In fact, Plaintiff fails to address the issues raised in Wal-Mart's Motion *in Limine* at all.

1

Instead, Plaintiff argues in his Opposition that testimony regarding his education, optician licensing and similar work training should not be precluded at trial. *See* Opposition at 1-3. To the extent that such testimony would be relevant to his claim for negligent misrepresentation, Wal-Mart does not disagree. Indeed, Wal-Mart has not moved to preclude these areas of testimony.[1] Rather, Wal-Mart has moved to preclude Plaintiff from making any references to or submitting evidence regarding his alleged belief that Wal-Mart's Vision Center practices are illegal and/or improper.

Unfortunately, this does not entirely end the issue. While Plaintiff concedes that commentary and/or evidence relating to his contention that Wal-Mart's Vision Center policies are *illegal* is entirely irrelevant to the issues before the Court, his Opposition contains references suggesting that Plaintiff may still seek to interject evidence or commentary reflecting the view that Wal-Mart's Vision Center policies are *improper*. Plaintiff states in his Opposition that he intends to "offer evidence that he was required by Wal-Mart to conduct vision screenings and pre-testing, ... had not been trained or taught in such para-optometric service ... his formal education in Opticianry did not include coursework in para-optometric services ... the licensing requirements for Opticians in Connecticut do not address these tests ... and none of his previous employers requested or required him to perform these services." Opposition at 2.[2] This discussion by Plaintiff suggests that he still claims and intends to put on evidence

---

[1] Of course, Wal-Mart reserves the right to object to testimony and exhibits offered by Plaintiff at the time of trial.
[2] We note that Plaintiff has objected to testimony from other Vision Center employees about their experiences and training in the Vision Center, claiming that such testimony is irrelevant and constitutes inadmissible lay person testimony. *See* Plaintiff's Trial Memorandum, pp. 10-11 and Plaintiff's Motion *in Limine* to Preclude Certain Testimony, p. 5.

2

somehow asserting that Wal-Mart's requirements that opticians perform these tests was *improper*, even though Plaintiff must concede that they are not *illegal*.[3]

That Plaintiff may be making such a distinction is supported by the fact that Plaintiff changed the title of Wal-Mart's Motion. Wal-Mart brought a Motion entitled "Motion *in Limine* to Exclude Evidence Concerning Plaintiff's Allegations that Wal-Mart's Vision Center Practices Are Improper." In his Opposition, however, Plaintiff re-formulates Wal-Mart's Motion by titling his brief an "Opposition to Defendant's Motion *in Limine* regarding Evidence of Wal-Mart's Illegal Practices in Its Vision Center." That Plaintiff may be making an artificial distinction between his optician duties being "illegal" vis-à-vis "improper" misses the point of Wal-Mart's Motion because even discussion of improper practices would be irrelevant and/or prejudicial. Wal-Mart's Motion, pp. 8-10. Accordingly, Wal-Mart requests that this Court enter an order granting the relief sought in its Motion *in Limine*. In light of the foregoing and in order to avoid surprise and/or undue prejudice at trial, an order precluding Plaintiff from commentating or offering evidence relating to any claim that Wal-Mart operates the Vision Center in an illegal or improper manner is necessary and proper.

For the foregoing reasons, Wal-Mart respectfully requests that the Court enter an order granting Wal-Mart's Motion *in Limine* to preclude Plaintiff from offering evidence or commentary at trial that implies or makes reference to any alleged illegal or improper practices in its Vision Center.

---

[3] Indeed, the fact that Plaintiff refers to the tasks that he performed as "para-optometric" services suggests that it may be Plaintiff's view that he was performing tasks beyond the scope of his license. Opposition at 2.

3

DEFENDANT WAL-MART STORES, INC.

By: _____
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
Brown Raysman Millstein Felder & Steiner LLP
185 Asylum Street, 10th Floor
Hartford, CT 06103
(860) 275-6400

Joel L. Finger (ct06114)
Brown Raysman Millstein Felder & Steiner LLP
900 3rd Avenue
New York, NY 10022
(212) 895-2000

### CERTIFICATE OF SERVICE

This is to certify that on this 14th day of June 2005, a true copy of the foregoing Reply Brief in Further Support of Wal-Mart's Motion *in Limine* was sent via first-class mail, postage prepaid, to:

Loraine M. Cortese-Costa, Esq.
Pamela Coyne, Esq.
Durant, Nichols, Houston,
   Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT 06804

_____
Mitchell L. Fishberg