**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARVIN KEY,                                  :

                Plaintiff,          :    CASE NO. 3:03CV144 (RNC)

                             :

                v.                         :

WAL-MART STORES, INC.,                 :    JUNE 14, 2005

                Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT WAL-MART STORE INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING OTHER LAWSUITS FILED AGAINST WAL-MART

        Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby submits this Reply Brief in Further Support of its Motion *in Limine* to Exclude Evidence Concerning Other Lawsuits Filed Against Wal-Mart and in reply to Plaintiff's Opposition to the same (the "Opposition").

        Wal-Mart filed its Motion *in Limine* in an abundance of caution to avoid any unfair surprises at trial. Plaintiff's Opposition confirms that Wal-Mart's concerns were warranted. Plaintiff does not deny that he intends to offer evidence or argument concerning the fact that other employment-related lawsuits have been filed against Wal-Mart. Yet, Plaintiff's Opposition does not provide information about any evidence of specific lawsuits he intends to introduce or discuss nor identify what form this "evidence" may take. Rather, it appears that Plaintiff simply hopes to be able to let the jury know in some form or another that Wal-Mart has been the subject of other discrimination claims. This is an obvious attempt to prejudice the jury against Wal-Mart. This Court should not countenance Plaintiff's tactics.

Inasmuch as Wal-Mart has *1.6 million* employees worldwide, it is hardly surprising that it has been sued by employees other than Plaintiff. This, however, is a single-plaintiff disparate treatment race discrimination claim that relates to the decision of one manager in the North Windham, Connecticut Wal-Mart location to terminate Plaintiff's employment following a multi-step disciplinary process in 2001. Plaintiff has not alleged, nor could he, pattern or practice race discrimination or that he was subjected to discriminatory policies or practices that had a disparate impact while employed by Wal-Mart. The ultimate issue in this lawsuit, thus, is whether decision-maker Roger Noll was motivated to discriminate against Plaintiff on account of his race. Evidence of prior lawsuits against Wal-Mart that involve different circumstances, different decision-makers, different management regimes, different policies, different locations, different types of discrimination and that are remote in time to the issues in this case, does not come close to meeting the standards for establishing relevance.[1] Fed. R. Evid. 401. The mere fact that Wal-Mart has been sued before – even perhaps that it has been sued many times before – does not have the tendency to make the existence of any fact that is of consequence to this action more probable than without it. *Id.*

Moreover, even if it did, the potential for jury confusion and prejudice far outweighs any possible limited relevance. *See* Fed. R. Evid. 403. First, Wal-Mart would have to be accorded the opportunity at trial to present evidence concerning the circumstances of any lawsuits referenced, which, in turn, would result in numerous time-consuming "mini-trials" concerning lawsuits having nothing whatsoever to do with the case at hand. Second, notwithstanding Plaintiff's confusing statement that "any prejudice suffered by Wal-Mart has

---

[1] Wal-Mart by no means intends to concede that evidence of *any* other lawsuits against it would be relevant or admissible in this case. However, given the broad and non-specific nature of Plaintiff's Opposition, Wal-Mart has no choice but to respond in kind. Wal-Mart reserves the right to respond further in the event Plaintiff hereafter provides any particulars.

nothing to do with Mr. Key or this particular case," the unfair prejudice that would result from references to other lawsuits cannot be overstated. It would essentially relieve Plaintiff of his burden to prove that Wal-Mart violated any laws in this particular case.

By and large, the few courts that have considered this issue have readily concluded that the potential prejudice and jury confusion that would result from evidence of other lawsuits or claims far outweighs the possible probative value. *See, e.g., In re Worldcom, Inc. Securities Litigation,* 02Civ3288(DLC), 2005 U.S. Dist. LEXIS 3391, *3-4 (S.D.N.Y. Mar. 3, 2005) (disallowing evidence of other lawsuits against defendant on the basis that "[t]he limited probative value of this evidence is substantially outweighed by the burden that the admission of this evidence would place on [the defendant] to explain the circumstances at issue in these other lawsuits, the waste of time that would accompany such explanations, and by the danger that admission of this evidence will create unfair prejudice against [the defendant]"); *Martin v. Reno,* 96 Civ.7646 (NRB), 2000 U.S. Dist. LEXIS 18278 (S.D.N.Y. 2000) (precluding evidence of discrimination claims other than Plaintiff's as it is "entirely irrelevant" and "would merely protract the trial by taking the testimony too far afield" from plaintiff's actual claims); *Scaramuzzo v. Glanmore Distilleries, Co.,* 501 F. Supp. 727, 733 (D. Ill. 1980) (granting motion *in limine* to exclude evidence of prior charges of age discrimination due to its minimal probative value as compared to the likely effect such evidence or testimony would have "to raise potentially damaging inferences against [the employer] that are not supported by the mere fact that a 'charge' had been filed". *See also Massie v. Indiana Gas Co.,* 752 F. Supp. 261, 266-267 (D. Ind. 1990) (testimony concerning the filing and settlement of an EEOC claim against the employer held to be inadmissible); *LaDolce v. Bank Administration Inst.,* 585 F. Supp. 975, 977

3

(D. Ill. 1984) (excluding evidence of filing of discrimination charge "since the probative value of any such evidence is outweighed by undue prejudice" to the employer).

The cases cited by Plaintiff do not support a different result. *Lyons v. England*, 307 F.3d 1092, 1111-12 (9th Cir. 2002), addressed the entirely distinct issue of whether evidence of a pervasive pattern of race discrimination through the systematic denial of access to favorable work and promotions was admissible although it had occurred outside the applicable statute of limitations period. The only other case Plaintiff cited in his Opposition that may at first blush seem on point is *Phillip v. ANR Freight Sys., Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991). In that case, the Eighth Circuit reversed the district court's exclusion, for purposes of summary judgment, evidence relating to other lawsuits filed against the Company. *Id.* at 1056. The plaintiff in *Phillip*, however, was able to point to specific lawsuits filed against the Company based on the same or similar allegations as the plaintiff was claiming. Here, in contrast, Plaintiff has not identified any specific lawsuits that he seeks to admit, let alone any that are similar to the allegations he has placed before the Court. Moreover, *Phillip* involves what evidence the *court* may consider on summary judgment, not the type of evidence that will be heard by a *jury*. The holding in *Phillip*, therefore, does nothing to support Plaintiff's position.

For the foregoing reasons, Wal-Mart respectfully requests that the Court issue an order granting Wal-Mart's Motion *in Limine* in its entirety and preclude Plaintiff from submitting evidence or making commentary relating to other litigations and/or labor and employment disputes involving Wal-Mart or its employees.

4

DEFENDANT WAL-MART STORES, INC.,

By: _____
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
Brown Raysman Millstein Felder & Steiner LLP
185 Asylum Street, 10th Floor
Hartford, CT 06103
(860) 275-6400

Joel L. Finger (ct06114)
Brown Raysman Millstein Felder & Steiner LLP
900 3rd Avenue
New York, NY 10022
(212) 895-2000

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of June 2005, a true copy of the foregoing Reply Brief in Further Support of Wal-Mart's Motion *in Limine* was sent via first-class mail, postage prepaid, to:

Loraine M. Cortese-Costa, Esq.
Pamela Coyne, Esq.
Durant, Nichols, Houston,
   Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT 06804

_____
Mitchell L. Fishberg

5