UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------- x
MARVIN KEY,  :
             :  Case No. 3:03CV144 (RNC)
         Plaintiff,  :
             :
    v.       :
             :
WAL-MART STORES, INC.,  :  JUNE 14, 2005
         Defendant.  :
------------------------------------------- :
                                          x

## DEFENDANT WAL-MART STORE INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING PLAINTIFF'S PERFORMANCE FOR OTHER EMPLOYERS

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby submits this Reply Brief in Further Support of its Motion *in Limine* to Exclude Evidence Concerning Plaintiff's Performance for Other Employers and in reply to Plaintiff's Opposition to same (the "Opposition").

As discussed in Wal-Mart's Motion *in Limine*, Plaintiff seeks to introduce testimonial and documentary evidence concerning his performance with employers other than Wal-Mart both before and after his employment at Wal-Mart. Specifically, Plaintiff seeks to introduce (i) the testimony of Dale Ceneviva who, although now employed at Wal-Mart as a Vision Center Manager, had worked with Plaintiff at Sunglass Hut prior to Plaintiff's employment at Wal-Mart; and (ii) a performance review from Lenscrafters, which employed him following the termination of his employment at Wal-Mart.

In his Opposition, Plaintiff first contends that Wal-Mart conceded the relevance of this evidence. That is untrue. In support of its motion, Wal-Mart maintained that the opinions of managers who supervised Plaintiff before and after his employment with Wal-Mart are irrelevant

to Plaintiff's claims in this lawsuit. It is the opinion and judgment of the decision-maker who terminated Plaintiff's employment at Wal-Mart that is at issue in this case. Contrary to Plaintiff's assertions, the mere fact that Ms. Ceneviva now works for Wal-Mart does not somehow render Plaintiff's performance record with a prior employer relevant to this case. Ms. Ceneviva never managed Plaintiff at Wal-Mart and had no involvement whatsoever in the events that led to his performance coachings or the termination of his employment. Indeed, courts have routinely disregarded evidence of a different manager's views of a plaintiff's performance – *even within the same company*. Such courts have properly recognized that standards of performance can vary over time and from manager-to-manager. *See, e.g., Gambello v. Time Warner Communications*, 186 F. Supp. 2d 209 (E.D.N.Y. 2002) ("[q]ualifications are determined by the good faith demands of an employer at the time a termination decision is made"); *Beers v. NYNEX Material Enters. Co.*, 1992 U.S. Dist. LEXIS 240, *33 (S.D.N.Y. 1992) ("[a] new manager is allowed to appraise an employee's work according to his or her own expectations, even if those expectations are contrary to a prior manager's expectations"). In this case, Plaintiff's employment was terminated following a multi-step disciplinary process relating in large part to Plaintiff's poor customer service. Evidence from someone who happened to manage Plaintiff at a prior company that, for example, may have had different performance expectations or required less contact with customers is irrelevant to any of the issues in this case. Not surprisingly, Plaintiff has not cited a single case standing for the proposition that performance with a prior employer is relevant. Moreover, Plaintiff failed in his efforts to distinguish *Martin v. Reno*, 2000 U.S. Dist. LEXIS 18278 (Dec. 18, 2000 S.D.N.Y.), which excluded the very same evidence Plaintiff seeks to introduce here. Plaintiff argued that he, unlike the plaintiff in *Martin*, is not seeking to use this evidence to "explain allegedly

2

discriminatory experiences." *Id.* at *10-11. However, in the very next paragraph, the Court made clear that, just as here, the plaintiff in *Martin* was offering the evidence "to establish the inference that because plaintiff allegedly performed well at other jobs, he must have been discriminated against" by the defendant. *See id.*; Opposition at 1 ("evidence of Key's performance for other employers is highly relevant to his general work ethic, job performance and to Wal-Mart's pretextual stated reason for his discharge").

For the same reasons that evidence of past performance is irrelevant, so too is a performance review issued by an employer following the termination of his employment with Wal-Mart. In addition to the likelihood of differing performance standards, other factors could explain the favorable performance review from a subsequent employer, not the least of which is a conscious or subconscious effort on Plaintiff's part to improve performance following the termination of his employment with Wal-Mart or, as discussed above, perhaps Plaintiff has little to no customer contact.

Plaintiff purports to cite to cases standing for the proposition that evidence of a plaintiff's post-termination performance with a subsequent employer is relevant to proving "adequate performance." However, a review of these cases reveals that they do not address, much less support, the proposition that evidence of performance with other employers is relevant. The defendant employers in those cases argued that the plaintiffs could not meet their *prima facie* cases because they did not meet the employers' legitimate *qualifications* for their positions. The burden to establish a *prima facie* case is *de minimus*. Thus, the courts observed that one piece of evidence the plaintiffs could rely upon to satisfy this prong of their *prima facie* cases was the *fact* that they were "hired in essentially the same capacity by another employer." *Wagner v. Kester Solder Co.*, 1995 U.S. Dist LEXIS 9213, *10 (1995); *see also Pilditch v. Bd. of*

3

*Education*, 3 F.3d 1113 (7th Cir. 1993) (plaintiff could satisfy *prima facie* case "if only by showing that he had been hired as a principal at another school"); *Whitchurch v. Apache Products Co.*, 916 F. Supp. 809 (E.D. Ill. 1996) (evidence that other employers were willing to hire plaintiff constitutes "objective evidence that he is sufficiently competent to satisfy the legitimate expectations of an employer" for purposes of establishing a *prima facie* case of discrimination). Evidence that Plaintiff was ultimately hired elsewhere to work in a similar capacity[1] as a means of establishing this prong of the *prima facie* case is a far cry from Plaintiff's efforts to submit a performance review from a subsequent employer for the purpose of establishing that Roger Noll's assessment of Plaintiff's performance was faulty. For all the reasons discussed above and in Wal-Mart's moving papers, evidence of a subsequent employer's views of Plaintiff's performance does not meeting the standards of relevance. Fed. R. Civ. P. 401.

Finally, even if there were some slight relevance to evidence concerning Plaintiff's performance with other employers, it would be substantially outweighed by the potential for jury confusion and prejudice and, as such, should be excluded. Fed. R. Evid. 403. As discussed in its moving papers, allowing such evidence runs the risk of having "mini-trials" concerning Plaintiff's performance with these other employers. For example, if this type of evidence were to be admitted, Wal-Mart will be required to cross-examine the managers who rated Plaintiff's performance about their performance standards, that manager's experience and training in assessing performance, the specific job duties performed by Plaintiff, the level of customer contact Plaintiff had, *etc.* The Court should, therefore, exclude this highly prejudicial and irrelevant evidence.

---

[1] Indeed, the evidence at trial will show that it took Plaintiff quite some time to obtain work as a licensed optician following the termination of his employment with Wal-Mart.

4

For the foregoing reasons, Wal-Mart respectfully requests that the Court issue an order granting Wal-Mart's Motion *in Limine* in its entirety and preclude Plaintiff from submitting evidence or making commentary relating to his performance with employers other than Wal-Mart.

DEFENDANT WAL-MART STORES, INC.

By: _____
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
Brown Raysman Millstein Felder & Steiner LLP
185 Asylum Street, 10th Floor
Hartford, CT 06103
(860) 275-6400

Joel L. Finger (ct06114)
Brown Raysman Millstein Felder & Steiner LLP
900 3rd Avenue
New York, NY 10022
(212) 895-2000

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of June 2005, a true copy of the foregoing Reply Brief in Further Support of Wal-Mart's Motion *in Limine* was sent via first-class mail, postage prepaid, to:

Loraine M. Cortese-Costa, Esq.
Pamela Coyne, Esq.
Durant, Nichols, Houston,
  Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT  06804

_____
Mitchell L. Fishberg