UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
| | :    CIVIL ACTION NO. |
| Plaintiff, | :    3:03CV144 (RNC) |
| | : |
| v. | : |
| | : |
| WAL-MART, INC. and | : |
| DR. ANTHONY GORDON, | : |
| | : |
| Defendants. | :    JUNE 14, 2005 |

**PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY**

Plaintiff, Marvin Key, by and through undersigned counsel, submits this memorandum of law in reply to Wal-Mart's Opposition to Mr. Key's Motion *in Limine* to Preclude Certain Testimony.[1]

**Argument**

Wal-Mart opposes Mr. Key's motion *in limine*, claiming without explanation that Anthony Gordon, Jenilu Zboray, Phyllis Parmenter, Tina Frank, Terri Johannassen, as well as a parade of purported Wal-Mart customers, have first-hand knowledge of Mr. Key's employment with the Wal-Mart Vision Center in the North Windham, Connecticut store and are able to offer relevant and admissible testimony at trial. Wal-Mart's conclusory claims in this regard are incorrect, and Mr. Key requests that all such testimony be precluded at trial.

---

[1] Hereinafter "Def. opp."

## Point I

### MR. KEY'S FORMER CO-WORKERS AND DR. GORDON SHOULD BE PRECLUDED FROM TESTIFYING REGARDING MR. KEY'S PERFORMANCE AS A LICENSED OPTICIAN

Wal-Mart's argument is self-defeating. First, Wal-Mart claims that co-worker testimony is not only relevant, but necessary to rebut Mr. Key's allegations that his supervisor disciplined him unfairly because of his race and/or color. (Def. opp., pp. 4-5.) Then, Wal-Mart does an about-face and claims that only the decisionmaker's opinion of Mr. Key's performance is relevant.[2] (*Id.*, p. 5.) The Wal-Mart employees' anticipated testimony regarding the standards to which they were held is not the best source of such evidence and is merely cumulative and a waste of time, as the Wal-Mart managers will surely present such testimony. (*See* Def. opp., p. 6 (representing that "Ms. Zboray and Ms. Parmenter will be able to testify about the standards to which they, as Vision Center employees, were expected to adhere in the workplace").)

Once again, Wal-Mart wants it both ways -- it seeks to elicit irrelevant and inadmissible evidence from Mr. Key's former co-workers, as well as an independent contractor with absolutely no knowledge of Wal-Mart's employment practices, while at the same time seeking to preclude testimony by a Wal-Mart Vision Center manager and decisionmaker with first-hand supervisory experience with Mr. Key, i.e., Dale Ceneviva. Mr. Key respectfully requests that Phyllis Parmenter be precluded from testifying at trial, and that Jenilu Zboray and Anthony

---

[2] This proposition is a futile attempt to convince the Court that the legal authority cited by Mr. Key in his motion is "inapposite." (*See* Def. opp., p. 5.) Wal-Mart also fails by omitting the case it cited in one of its numerous motions *in limine*, which stands for the proposition that co-workers' opinions are inadmissible. *See Gambello v. Time Warner Communications, Inc.*, 186 F.Supp.2d 209, 223 (E.D.N.Y. 2002).

- 2 -

Gordon be limited to testimony regarding the incident of April 27, 2001, which Dr. Gordon was party to, and Ms. Zboray was a witness.

### Point II

### THE WAL-MART CORPORATE MANAGERS' ANTICIPATED TESTIMONY IS IRRELEVANT AND INADMISSIBLE

Wal-Mart's own arguments stand for the clear proposition that both Tina Frank and Terri Johannassen should be precluded from testifying at trial, as Wal-Mart plainly admits that they have nothing to add to the evidence that presumably will be offered by other Wal-Mart managers already identified by Wal-Mart, and known by Mr. Key as individuals purported to have relevant knowledge. (*See* Def. opp., pp. 9-10.) Both Ms. Frank and Ms. Johannassen should be precluded from testifying at trial.

### Point III

### THE PURPORTED WAL-MART CUSTOMERS' ANTICIPATED TESTIMONY IS INADMISSIBLE

Wal-Mart's attempts to excuse itself from failing to comply with its obligations through the discovery process by timely identifying potential witnesses fail, and Mr. Key respectfully requests this Court to grant its motion *in limine* and preclude all witnesses not specifically identified by Wal-Mart from testifying at trial. Further, as already stated, each one of the purported customers identified by Wal-Mart as a witness in its trial memorandum has absolutely nothing to add to the evidence expected to be introduced a trial, and exploring each potential witness's experiences with Wal-Mart, vision centers in general and with Optometrists and Opticians would unnecessarily delay the proceedings.

- 3 -

Mr. Key requests that his Motion *in Limine* to Preclude Certain Testimony be granted in its entirety.

Done at Bridgeport, Connecticut this 14th day of June, 2005.

/s/ Pamela Coyne
Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATION**

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 14th day of June, 2005 to all counsel and pro se parties as follows:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
10th Floor
185 Asylum Street
Hartford, CT  06103

_Pamela J. Coyne_
Pamela J. Coyne

P:\lit\pjc\523818\001\00047193.DOC