UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
|     Plaintiff, | :   CIVIL ACTION NO.<br>:   3:03CV144 (RNC) |
| v. | : |
| WAL-MART, INC. and<br>DR. ANTHONY GORDON, | : |
|     Defendants. | :   JUNE 14, 2005 |

**PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN EXHIBITS**

    Plaintiff, Marvin Key, by and through undersigned counsel, submits this memorandum of law in reply to Wal-Mart's Opposition to Mr. Key's Motion *in Limine* to Preclude Certain Testimony.[1]

**Argument**

    Wal-Mart's opposition to Mr. Key's motion *in limine* generally ignores the irrelevance of the exhibits it seeks to introduce, focuses on its own excuses for having failed to produce several of the disputed documents and misstates the record. Specifically, Wal-Mart claims that Plaintiff's counsel was adamant about not having seen several exhibits, and in fact, that is

---

[1] Hereinafter "Def. opp."

partially true, as Exhibits 6, 86, 87, 88 and 89 were never produced by Wal-Mart.[2] Mr. Key's copy of his personnel file is conspicuously missing each of these documents.

Wal-Mart also stresses Plaintiff's arguments regarding production by Wal-Mart of certain personnel files, stating that arguments regarding discovery disputes are legally the same as evidentiary arguments at trial. Once again, Wal-Mart misses the point, as "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Further, while Wal-Mart stresses Mr. Key's arguments regarding production of personnel files during discovery, it ignores its own argument regarding these same files, i.e., that they are irrelevant to this matter.

Finally, Wal-Mart misstates the record by purporting to quote Mr. Key, as follows:

> Plaintiff concedes in his Motion papers that "these three [Exhibits] may be offered by Wal-Mart at trial as relevant to the issues herein." Plaintiff's Memorandum, p. 2.

(Def. opp., p. 2 n.1.)

In fact, Mr. Key actually stated:

> Of the eighteen exhibits, only three -- Exhibits 73, 76 and 78 -- are from the period of Plaintiff's employment and created by the same decisionmaker. Accordingly, only these three may *arguably* be offered by Wal-Mart at trial as relevant to the issues herein.

(Plaintiff's Memorandum of Law in Support of His Motion *in Limine* to Preclude Certain Exhibits, p. 2.) (Emphasis added.)

---

[2] As to the other documents, Plaintiff's counsel was not familiar with the documents based on the description given by Wal-Mart in its draft trial memorandum, and therefore did not recall the specific documents during the telephone conversation. Plaintiff's counsel was later able to identify the specific documents, with the exception of Exhibits 6, 86, 87, 88 and 89, which were never produced by Wal-Mart.

- 2 -

Mr. Key requests that his Motion *in Limine* to Preclude Certain Exhibits be granted in its entirety.

Done at Bridgeport, Connecticut this 14th day of June, 2005.

> Pamela J. Coyne
> DURANT, NICHOLS, HOUSTON,
> HODGSON & CORTESE-COSTA, P.C.
> 1057 Broad Street
> Bridgeport, CT 06604
> (203)366-3438
> Federal Bar No. ct22941
> ATTORNEYS FOR PLAINTIFF

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 14th day of June, 2005 to all counsel and pro se parties as follows:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
10th Floor
185 Asylum Street
Hartford, CT 06103

_Pamela J. Coyne_

P:\lit\pjc\523818\001\00047199.DOC