UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------X
MARVIN KEY,                         :
                                    :   CIVIL ACTION NO.:
            Plaintiff,              :   3:03CV144(RNC)
                                    :
      v.                            :
                                    :
WAL-MART STORES, INC.,              :
                                    :
                                    :
            Defendant.              :   JUNE 15, 2005
---------------------------------------------X

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO BIFURCATE TRIAL WITH RESPECT TO LIABILITY AND DAMAGES

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby replies to Plaintiff Marvin Key's Opposition to its Motion To Bifurcate the Trial with Respect to Liability and Damages (the "Opposition").

**I.   INTRODUCTION**

In its Motion, Wal-Mart set forth specific reasons why the Court should bifurcate the issues of liability and damages. In addition to limiting the risk of juror confusion through exclusion of prejudicial and irrelevant damages evidence during the liability phase of the trial, bifurcation would conserve the Court's and the parties' resources without prejudicing either party's ability to present their cases.

In his Opposition, Plaintiff not only ignores the points Wal-Mart makes in its moving brief, but also misstates the controlling law. Additionally, Plaintiff's description of the evidence and/or arguments he intends to proffer at trial illustrates why bifurcation of liability and damages is proper in this case.

## II. ARGUMENT

### A. Plaintiff's Evidence of Emotional Harm is Irrelevant to the Issue of Liability and Will Result in Unfair Prejudice and Juror Confusion

Relying on district court cases from Illinois and Minnesota, Plaintiff argues that bifurcation is unwarranted because evidence of emotional distress is needed in order to establish "liability" in both the liability and damages phases of trial. Opposition at 3. According to the Second Circuit cases, however, evidence of emotional distress is not only not necessary to establish liability in claims of employment discrimination, as Plaintiff claims in his Opposition, but this type of evidence is, in fact, irrelevant and prejudicial to the issue of liability. *See Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 147 (2d Cir.1984); *see also Haskell v. Kaman Corp*, 743 F.2d 113, 120-21 (2nd Cir. 1984) (plaintiff's testimony describing the emotional effects of his termination was irrelevant and unrelated to the issue of whether his termination was for age, and could only serve to prejudice the jury in his favor); *Buscemi v. Pepsico, Inc.*, 736 F.Supp. 1267, 1270 (S.D.N.Y. 1990) (court ordered separate proceedings on liability and damages on basis that evidence of plaintiff's emotional distress was irrelevant to his claim of discrimination and therefore may result in sympathetic jurors more concerned with compensating plaintiff for his injury than whether or not defendant is at fault); *Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ 9006, 2003 WL 1846864, *1 (S.D.N.Y. 2003) (danger that testimony regarding the emotional losses suffered by the plaintiffs would confuse the jury and/or convince them to give them a damage award not based on liability, but on a feeling of sympathy).

Plaintiff also contends in his Opposition that he would be prejudiced by bifurcation because he would be prevented from telling his "entire story" which includes providing evidence relevant to "punitive damages." Opposition at 6. However, as noted above, Plaintiff's "story" relating to damages is irrelevant to the issue of liability. *Haskell*, 743 F. 2d at 120-121. In fact,

in the Second Circuit the "preferred method" of addressing the issue of the admissibility of evidence of punitive damages is to bifurcate any evidence of the amount or value of punitive damages until *after* the fact-finder has determined that there is liability and that the conduct complained of merits consideration of punitive damages. *See Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 373-74 (2nd Cir. 1988). Moreover, Plaintiff fails to provide any explanation as to why evidence relating to Wal-Mart's revenues or testimony regarding his alleged lost wages or emotional distress will preclude him from telling "his story" as it relates to whether Wal-Mart terminated his employment for an unlawful reason.

**B.    Bifurcation Serves the Interests of Judicial Economy**

In a case that involves essentially no overlap between witness testimony and documentary evidence relating to damages, as is the case here, bifurcation serves the interests of judicial economy. Indeed, a "verdict for [the defendant] on the issue of liability would obviate any presentation of damages. The possibility of elimination of this lengthy portion of the case is without doubt 'conducive to expedition and economy.'" *Guida* at *2, *citing* Fed. R. Civ. P. 42(b); *see also Katsaros, et al. v. Cody, et al.*, 744 F.2d 270, 278 (2d Cir. 1984) (bifurcation reasonable "because the two phases involved different types of evidence"). In this case, bifurcation is likely to eliminate a lengthy subset of the trial relating to damages. For instance, there are at least two costly witnesses (*i.e.*, each party's expert on economic damages) that will not need to testify at all if Plaintiff is unable to establish liability. Also, both parties have proffered numerous exhibits that relate exclusively to the issue of damages, none of which will need to be admitted and placed before the jury unless Plaintiff prevails on his claims.

In contrast to this well established law, Plaintiff claims that bifurcation would actually increase the cost of trial, asserting that "[t]he degree of witness overlap is tremendous" in this

3

matter. Opposition at 4. Not only is Plaintiff's statement contrary to well-established case law but he offers no support other than the conclusory assertion itself. Plaintiff offers not even a single example, except himself, of a witness who would likely testify on the issues of both liability and damages. He cites no examples because there just is no overlap between the issues of liability of damages. Therefore, bifurcating liability will serve the interests of judicial economy.

    C.    **Plaintiff's Statutory Right to a Jury Trial will not be Violated if the Court Bifurcated Liability and Damages**

Plaintiff next contends that bifurcation would somehow "prejudice" his statutory right to a jury trial. Opposition at 2. Plaintiff offers no reason nor cites to any case law to support this position. *Cowan v. Prudential Ins. Co. of America*, 935 F.2d 522 (2nd Cir. 1991) (conclusory allegations of prejudice are insufficient to overcome the otherwise sound interests in bifurcation). Plaintiff loses nothing by having the issue of liability bifurcated from damages. Indeed, severing issues during the trial often protects rather than detracts from a party's rights. *Simon v. Phillip Morris, Inc.*, 200 F.R.D. 21 (E.D.N.Y. 2001); *E.E.O.C. v. McDonnell Douglas Corp.*, 960 F.Supp. 203, 205 (E.D. Mo. 1996) (liability and damages issues are not inextricably intertwined in age discrimination case and can therefore be bifurcated commensurate with the Seventh Amendment); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith*, 587 F.Supp. 1112, 1117 (D.Del.1984) (bifurcating patent infringement trial into separate trials on liability and damages did not violate the Seventh Amendment because "[t]he prohibition is not against having two juries review the same evidence, but rather against having two juries decide the same essential issues").

4

## III. CONCLUSION

For the foregoing reasons, Defendant hereby respectfully requests that this Court issue an Order granting Defendant's Motion to Bifurcate the liability and damages phases in the trial of this matter.

DEFENDANT WAL-MART STORES, INC.

By: _____
Mitchell L. Fishberg (ct19661)
Kristi E. Mackin (ct23394)
Brown Raysman Millstein Felder & Steiner LLP
185 Asylum Street, 10th Floor
Hartford, CT 06103
(860) 275-6400

Joel L. Finger (ct06114)
Brown Raysman Millstein Felder & Steiner LLP
900 3rd Avenue
New York, NY 10022
(212) 895-2000

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of June 2005, a true copy of the foregoing Reply Brief in Further Support of Wal-Mart's Motion *in Limine* was sent via first-class mail, postage prepaid, to:

Loraine M. Cortese-Costa, Esq.
Pamela Coyne, Esq.
Durant, Nichols, Houston,
   Hodgson & Cortese-Costa, P.A.
1057 Broad Street
Bridgeport, CT  06804

_____
Mitchell L. Fishberg

6

HARTFORD 121540v5