| 13 | 4/30/01 | Exit Interview Re:  Marvin Key |

**DEFENDANT'S RESPONSE:**  Subject to appropriate foundation and the rules of evidence, agreed.

| 14 | 8/11/03 | H. Nguyen's Comments to the Manager (with date of 4/27/01) |

**DEFENDANT'S RESPONSE:**  Subject to appropriate foundation and the rules of evidence, agreed.

| 15 | 9/29/03 | Diagram of vision center at the North Windham Wal-Mart and the incident with Dr. Gordon, Jerome Ellis and Marvin Key on 4/27/01, drawn by Jenilu Zboray |

**DEFENDANT'S OBJECTION:** This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.  Also, the exhibit cannot be authenticated as an accurate picture of what it purports to describe, and the deponent who created it is not competent to render an accurate exhibit.

| 16 | 7/23/03 | Typewritten Notes of Jerome Ellis Re:  Marvin Key |

**DEFENDANT'S OBJECTION:**  This proposed exhibit contains inadmissible hearsay that is inadmissible pursuant to Fed. R. Evid. 402.  In addition, it is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should also be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.  The proposed exhibit is further inadmissible pursuant to the best evidence rule. Finally, the proposed exhibit is also objectionable to the extent it is

- 28 -

intended to be used to attack the character of Mr. Ellis for truthfulness pursuant to Fed. R. Evid. 608.

17        Jerome Ellis's Day Planner

          DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

18        Wal-Mart's "Hotline" Complaints
          (Wal-Mart Doc. Nos. D0017300-1735)

          DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

19        List of Wal-Mart Vision Center employees in Connecticut
          (Wal-Mart Doc. Nos. D001799-1800)

          DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402.  Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

20        List of Wal-Mart Vision Center employees in North Windham
          (Wal-Mart Doc. Nos. D001729 and 1802)

          DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

21   5/9/01   Letter from Wal-Mart's unemployment compensation
          representative Re:  Marvin Key's separation from employment
          (Key Doc. No. 000313)

          DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403

on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| | | |
|---|---|---|
| 22 | 6/6/01 | Letter from Wal-Mart's unemployment compensation representative Re:  Marvin Key's separation from employment (Key Doc. No. 000300) |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| | | |
|---|---|---|
| 23 | 6/19/01 | Letter from David M. Fabricant, Esq. to Wal-Mart Re:  Request for Marvin Key's personnel file (w/release) |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.  See Wal-Mart's Motion in Limine.

| | | |
|---|---|---|
| 24 | 8/8/01 | Letter from David M. Fabricant, Esq. to Wal-Mart Re:  Second request for Marvin Key's personnel file |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, misleading the jury, or by considerations of undue delay and waste of time.    See Wal-Mart's Motion in Limine.

| 25 | 10/1/01 | Letter from David M. Fabricant, Esq. to State of Connecticut, Department of Labor, Wage and Workplace Standards Re: Wal-Mart's refusal to provide Marvin Key's personnel file |

DEFENDANT'S OBJECTION:    This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.    See Wal-Mart's Motion in Limine.

| 26 | 7/24/01 | Letter from CHRO to Marvin Key Re: Complaint Affidavit (w/attachments) |

DEFENDANT'S OBJECTION:    This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| 27 | 8/1/01 | Letter from CHRO to Marvin Key Re: Amended Complaint Affidavits (w/attachments) |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, misleading the jury, or by considerations of undue delay and waste of time.

| 28 | 9/14/01 | Answer of Respondent Anthony Gordon to Complaint Affidavit |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| 29 | 9/25/01 | Letter from James M. Flynn, Eastern Region Manager, CHRO To Wal-Mart Stores, Inc., Bentonville Arkansas Re: Wal-Mart's Failure to Respond to Complaint Affidavit and Schedule A |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| 30 | 10/5/01 | Rebuttal of Marvin Key to CHRO |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| 31 | 10/8/02 | Letter from Wal-Mart Stores, Inc. Legal Team, Bentonville, Arkansas to CHRO Re: Wal-Mart's Response to Complaint Affidavit |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| 32 | 10/11/01 | Notice from Donald Newton, Chief of Field Operations, CHRO Re: Request for Default Order and Notice of Hearing on Damages Against Wal-Mart |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| 33 | 10/17/01 | Letter from Wal-Mart Stores, Inc. Legal Team, Bentonville, Arkansas to CHRO Re: Wal-Mart's Response to Complaint Affidavit |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay

and waste of time.   The proposed exhibit also contains hearsay statements that are inadmissible pursuant to Fed. R. Evid. 802.

| | | |
|---|---|---|
| 34 | 10/28/02 | CHRO Releases of Jurisdiction |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| | | |
|---|---|---|
| 35 | 1/23/03 | EEOC Notice of Right to Sue |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| | | |
|---|---|---|
| 36 | 5/9/03 | Lenscrafters:  Performance Evaluation Re:  Marvin Key (Key Doc. Nos. 000350-353) |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.   The proposed exhibit also contains hearsay statements that are inadmissible pursuant to Fed. R. Evid. 802.

37    5/03        Actuarial Report and Analysis by Sheldon Wishnick
                  Re:  Marvin Key's Lost Earnings Income and Benefits
                  And Curriculum Vitae
                  (Key Doc. Nos. 000094-105)

                  DEFENDANT'S OBJECTION:  This proposed exhibit contains
                  hearsay statements that are inadmissible pursuant to Fed. R. Evid.
                  802. This exhibit is also objectionable based on the based on the
                  best evidence rule.

38    4/05        Actuarial Report and Analysis by Sheldon Wishnick
                  Re:  Marvin Key's Lost Earnings Income and Benefits
                  And Curriculum Vitae

                  DEFENDANT'S OBJECTION:  This proposed exhibit contains
                  hearsay statements that are inadmissible pursuant to Fed. R. Evid.
                  802. This exhibit is also objectionable based on the based on the
                  best evidence rule.

39    2002       W-2 Statements Re:  Marvin Key from
                 Joshua's Limousine Service, Lenscrafters and Macy's

                 DEFENDANT'S RESPONSE:  Subject to appropriate foundation
                 and the rules of evidence, agreed.

40    2003       Marvin Key's Form 1040A

                 DEFENDANT'S RESPONSE:  Subject to appropriate foundation
                 and the rules of evidence, agreed.

41    2003       W-2 Statement from Lenscrafters and Form UC-1099G
                 Re:  Marvin Key

                 DEFENDANT'S RESPONSE:  Subject to appropriate foundation
                 and the rules of evidence, agreed.

| 42 | 2004 | Marvin Key's Form 1040A Worksheet |
|----|------|-----------------------------------|

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

| 43 | 2004 | W-2 Statement from Lenscrafters Re:  Marvin Key |
|----|------|-------------------------------------------------|

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

| 44 | 2005 | Luxotttica (Lenscrafters) Earnings Statement |
|----|------|----------------------------------------------|

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

| 45 | 8/18/03 | Appraisal of Economic Loss by Gary M. Crakes<br>Re:  Marvin Key |
|----|---------|-----------------------------------------------------------------|

DEFENDANT'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

| 46 | 4/29/03 | Notice of Deposition from Wal-Mart to Marvin Key<br>for a June 9, 2003 deposition |
|----|---------|-----------------------------------------------------------------------------------|

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402.

| 47 | 1/29/03 | Defendant's Response to Plaintiff's Third Set of Interrogatories and Third Request for Production of Documents Directed to Wal-Mart Stores, Inc. |
|----|---------|-----------------------------------------------------------------------------------------------------------------------------------------------|

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, misleading the jury, or by considerations of undue delay and waste of time.

| 48 | 9/19/03 | Defendant Wal-Mart Stores, Inc.'s Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents Directed to Wal-Mart Stores, Inc. |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| 49 | 12/5/03 | Letter from Wal-Mart's counsel to Mr. Key's counsel Re: Supplemental Discovery in Response to Plaintiff's Second Motion to Compel |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

| 50 | 11/3/03 | Order by U.S. Magistrate Judge Donna F. Martinez Re: Plaintiff's Motion to Compel |

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, misleading the jury, or by considerations of undue delay and waste of time.

51    1/8/04    Order by U.S. Magistrate Judge Donna F. Martinez
Re:  Plaintiff's Motion for Sanctions and Motion to Strike

DEFENDANT'S OBJECTION: This proposed exhibit is irrelevant to the issues before the jury and therefore inadmissible pursuant to Fed. R. Evid. 402. Even if of some marginal relevance, the proposed exhibit should be excluded pursuant to Fed. R. Evid. 403 on the grounds that any potential probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time.

52    Mr. Key reserves the right to introduce any exhibit identified by Wal-Mart in this Joint Trial Memorandum, and/or introduce additional exhibits with respect to the cross-examination of Defendant's witnesses and in any rebuttal or impeachment.

DEFENDANT'S RESPONSE:   Wal-Mart reserves its right to object to any additional exhibits on any appropriate grounds.

## DEFENDANT'S EXHIBITS

No.    Description

1.    Exit Interview Form dated April 30, 2001

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

2.    January 20, 2000 Note from Plaintiff to Roger Noll regarding customer service book

PLAINTIFF'S RESPONSE:  Plaintiff does not have a copy of this note in his files and reserves objection to this exhibit until Defendant produces a copy.

3.    Coaching for Improvement Form dated July 13, 2000

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

4.    Coaching for Improvement Form dated November 4, 2000

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

5.    Note dated April 30, 2001, "Given to Marvin"

PLAINTIFF'S RESPONSE:  Plaintiff does not have a copy of this note in his files and reserves objection to this exhibit until Defendant produces a copy.

6.    CBL Scores for Marvin Key

PLAINTIFF'S RESPONSE:  Objection.  This document was never disclosed or produced by Wal-Mart.  Further, upon and information and belief it is irrelevant to the issues herein.

7.    Performance Appraisal dated February 7, 2001

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

8.    Handbook with acknowledgment dated February 7, 2000

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

9.    April 27, 2001 Complaint from Huong Nguyen

PLAINTIFF'S RESPONSE:  Objection, incomplete.  This document must include the fax cover sheet, indicating the date and time it was provided to Plaintiff for the first time.  Subject to appropriate foundation and the rules of evidence, Plaintiff agrees to the complete document.

10.    February 9, 2001 Complaint regarding customer service in Vision Center.

PLAINTIFF'S RESPONSE: Objection, incomplete. This document must include the entire fax, including cover sheet, indicating the date and time it was provided to Plaintiff for the first time and including complaints about other associates and the Vision Center Manager, Jerome Ellis. Subject to appropriate foundation and the rules of evidence, Plaintiff agrees to the complete document.

11.     Job Description: Certified Vision Center Associate

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence, agreed.

12.     Optician/Licensed Optician Job Description, Training Plans

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence, agreed.

13.     Customer Service 1 doc  D263

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence, agreed.

14.     Customer Service 2, CBL D 264-360

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence, agreed.

15.     The Doctor Is In – Eye Exam advertisement

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence, agreed.

16.     Wal-Mart Academy of Vision Manual

PLAINTIFF'S RESPONSE: Subject to appropriate foundation and the rules of evidence, agreed.

17.     June 9, 2003 letter to Plaintiff from Doctor's Vision Works Optometrists regarding career opportunities

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

18.  Facsimile Cover sheet and attached handwritten resume to "Jim Kent/ District Manager, Navy sub-base"

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

19.  June 18, 2002 Correspondence to Plaintiff from Target Optician regarding career opportunities

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

20.  Certified Vision Center Associate Job Description

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

21.  List of Vision Center Employees

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

22.  Licensed Optician Training Plan

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

23.  Open Door Communications, revised 11/9/98

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

24.  Coaching for Improvement Policy, PD-30

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

25.    Harassment/Inappropriate Conduct Policy, PD-19, Revised 2/01/00

PLAINTIFF'S RESPONSE:  Objection, irrelevant.

26.    Computer Based Learning Module, 3 Basic Beliefs

PLAINTIFF'S RESPONSE:  Objection, irrelevant.

27.    Advertisement from Careerbuilder.com - Optician- Kennedy & Perkins, New Haven, CT, posted: 9/7/03

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

28.    Advertisement from CareerSite - Optician; Optician for Greenwich, F/T lab & sales, posted 2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

29.    Advertisement from Monster.com – Lenscrafters Store/Retail Manager, Lab Manager, Optician, Optical Lab Tech, and Sales, Bristol/Farmington, CT, printed 9/29/03

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

30.    Advertisement from Monster.com – Lenscrafters Store/Retail Manager, Lab Manager, Optician, Optical Lab Tech, and Sales, Danbury, CT

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

31.    Advertisement from Monster.com – Opticare Health Systems, Optical Retail Sales/Optician, First Shift (Day), F/T, Madison/Norwalk, CT, Printed 9/29/03

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

32.  Advertisement from New Haven Register, AdQuest 3D – Optical Sales/Optician, F/T, Waterbury, CT, posted 09/29/2003

  PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

33.  Advertisement from Job Bank – Optician or Lab Technician, Pearle Vision, Waterford, CT, posted 09/22/2003

  PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

34.  Advertisement from Job Bank – Optician, Different Frames of Mind, Franklin, MA, posted 09/03/2003

  PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

35.  Advertisement from Careerbuilder.com – Optician, Kennedy and Perkins F/T, New Haven, CT, posted 09/07/2003

  PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

36.  Advertisement from Opticians Association of America, www.oaa.org – Optician, Different Frames of Mind F/T or P/T, Franklin, MA, posted 09/02/2003

  PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

37.  Advertisement from Opticians Association of America, www.oaa.org – Optician, Wal-Mart Optical, Newington, CT, posted 05/30/2003

  PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

38.  Advertisement from Opticians Association of America, www.oaa.org – Optician, Pearle Vision, Waterford, CT, posted 04/31/2003

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

39.    Advertisement from The Hartford Courant – Optician-Apprentice, F/T Avon Optical Provider, Avon, CT, posted 04/28/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

40.    Advertisements from The Hartford Courant – Optician, 3 ½ Days per week, CT/ Optometrist, Hartford, CT, posted 04/21/2002/ Optometrist, F/T or P/T, CT, posted 04/21/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

41.    Advertisement from The Hartford Courant – Medical/Optical Patient Care Coordinator, CT, posted 02/17/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

42.    Advertisement from The Hartford Courant – Optical Sales, F/T, Meriden, CT, posted 01/25/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

43.    Advertisement from The Hartford Courant – Optical Sales, F/T, Meriden, CT, posted 01/27/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

44.    Advertisement from The Hartford Courant – Optical Sales, F/T, Meriden, CT, posted 01/26/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

45.    Advertisement from The Hartford Courant – Optician/Manager, Sam's Club, Manchester, CT, posted 06/23/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

46.    Advertisement from The Hartford Courant – Optometrist, CT, posted 06/23/2002

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

47.    Advertisement from The Hartford Courant – Optical Tech, New England Prsnl, CT/ Optician, Licensed, CT/ Optometric Assistant, F/T, Enfield, CT/ "Op Tech, New England," Optician/ Optometric Assistant, posted 12/02/01

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

48.    Advertisement from The Hartford Courant – Optician, posted October 11, 2001

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

49.    Advertisement from The Hartford Courant – Optical Office, posted September 16, 2001

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

50.    2002 W-2 Wage and Tax Statement from Federated Corporate Services

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

51.    2002 W-2 Wage and Tax Statement, Joshua's Limousine Service

<u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

52.  UC-1099 Statement of Unemployment Compensation Payments for Tax year 2002

<u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

53.  1040A U.S. Individual Income Tax Return 2001

<u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

54.  2001 W-2 Wage and Tax Statement, Federal Corporate Services

<u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

55.  2001 W-2 Wal-Mart Associates, Inc.

<u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

56.  1040A U.S. Individual Income Tax Return 2000

<u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

57.  1040A U.S. Individual Income Tax Return 2002

<u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

58.  2000 W-2 Wage and Tax Statement, Wal-Mart Associates, Inc./ 2000 W-2 Wage and Tax Statement, Vista Eyecare

<u>PLAINTIFF'S RESPONSE</u>:  Subject to appropriate foundation and the rules of evidence, agreed.

59.    Internal Revenue Service Tax Return Listing, Tax Period December 31, 2000

       PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of
       evidence, agreed.

60.    Page No 0001, Form 1040 Requested Tax Payer Identification Number

       PLAINTIFF'S RESPONSE:  Objection, irrelevant.

61.    Luxottica Group Retirement Plans, Retirement Savings Statement

       PLAINTIFF'S RESPONSE:  Objection, irrelevant.

62.    Luxottica Retail, Pay Date 6/13/2003 Statement of Earnings

       PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of
       evidence, agreed.

63.    Luxottica Retail, Statement of Earnings with hand written notes "Start Pay" and
       "90 day raise"

       PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of
       evidence, agreed.

64.    Luxottica Memorandum, to: Eligible Associates From Benefits Department re:
       401(k) Savings Plan/Pension Plan Information

       PLAINTIFF'S RESPONSE:  Objection, irrelevant.

65.    Vista Eyecare, Inc., Statement of Earnings

       PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of
       evidence, agreed.

66.    9/11/2002 Macy's Statement of Earnings

       PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of
       evidence, agreed.

67.    12/28/01 Macy's Statement of Earnings

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

68.    May 16, 2003 Correspondence to "Atty. Cortese-Costa" from Internal Revenue Service, Subject: Your Requests for Transcripts

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

69.    Jerry Ellis' Day Planner

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

70.    Coaching for Improvement Form issued to Jenilu Zboray dated 1/30/01

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

71.    Associate Commendation Form issued to Jenilu Zboray dated 6/29/05

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

72.    Associate Evaluation dated 12/28/98 issued to Jenilu Zboray

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

73.    Performance Appraisal, Optical Lab Technician (Jenilu Zboray)

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2

- 48 -

74.    Performance Appraisal, Department Manager (Jenilu Zboray)

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant.
*See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

75.    Performance Appraisal, Department Manager, dated 11/28/99 issued to Jenilu
Zboray

PLAINTIFF'S RESPONSE:  *See* Plaintiff's Motion in Limine, attached hereto as
Exhibit C.2.

76.    Performance Appraisal, Optician dated 9/15/00 issued to David Peterson

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant.
*See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

77.    January 8, 2002 Performance Appraisal, Optician (Phyllis Parmenter)

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in
Limine, attached hereto as Exhibit C.2.

78.    January 15, 2001 Performance Appraisal, Optician (Phyllis Parmenter)

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in
Limine, attached hereto as Exhibit C.2.

79.    November 2, 2001 Handwritten Complaint  about Jeff Kroll

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in
Limine, attached hereto as Exhibit C.2.

80.    November 7, 2001 Handwritten Complaint about Jeff Krol from

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in
Limine, attached hereto as Exhibit C.2.

81.    November 7, 2001 Handwritten Complaint about Jeff Kroll

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

82.    Notice of Trespass issued to Jeffrey Kroll

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

83.    Exit Interview form of Jeffrey Krol dated November 7, 2001 for Gross Misconduct

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

84.    Coaching for improvement form issued to Jeffrey Krol dated "10-16"

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

85.    Jeffrey Krol performance appraisal dated March 13, 2001

PLAINTIFF'S RESPONSE:  Objection, irrelevant.  *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

86.    Typewritten note, "Meeting 6/15/00," "The Manager" signed by Parmenter, Zboray, Key and Peterson

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

87.    Typewritten note, "Service Issues" signed by Parmenter, Zboray, Key and Peterson

PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

88.     Typewritten note, "Meeting 6/15/00," "The Customer" signed by Parmenter, Zboray, Key and Peterson

   PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

89.     Typewritten note, "The Doctor" signed by Parmenter, Zboray, Key and Peterson

   PLAINTIFF'S RESPONSE:  Objection, never disclosed or produced, irrelevant. *See* Plaintiff's Motion in Limine, attached hereto as Exhibit C.2.

90.     Expert Report of Gary Crakes, Phd.[4]

   PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

91.     Federal Tax Summary dated February 3, 2004

   PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

92.     Form W-2 2003 from Lenscrafters, Inc./ Statement of Unemployment Compensation Payments for Tax Year 2003

   PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

93.     No 1 Discount Tax Return Service LLC, Tax Year 2004

   PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

94.     Form W-2 2004 from Lenscrafters, Inc.

   PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

---

[4] Wal-Mart only intends to submit the expert report of Gary Crakes if Plaintiff's expert report is admitted into evidence.

95.    Luxottica Retail, Paystub dated 4/15/2005

PLAINTIFF'S RESPONSE:  Subject to appropriate foundation and the rules of evidence, agreed.

96.    March 29, 2004 correspondence to Plaintiff's Counsel regarding Plaintiff's improper disclosure of documents two months after the close of discovery, Plaintiff's violation of ethical rules, and Plaintiff's improper attempts to rely on counsel as a fact witness[5]

PLAINTIFF'S RESPONSE:  Objection, irrelevant.

97.    Ruling by Magistrate Donna F. Martinez regarding Defendant's Motion to Strike and/or Preclude[6]

PLAINTIFF'S RESPONSE:  Objection, irrelevant.

98.    Documents pertaining to subsequent employers of Plaintiff, which Plaintiff has not produced.[7]

PLAINTIFF'S RESPONSE:  Objection, Wal-Mart's description is incomplete at best and misleading at worst.  Plaintiff does not have any documents responsive to any request for productions which has not been produced.

99.    Wal-Mart reserves the right to introduce any exhibit identified by Plaintiff in this Joint Trial Memorandum, and/or introduce additional exhibits with respect to the cross-examination of Plaintiff's witnesses and in any rebuttal or impeachment.

PLAINTIFF'S RESPONSE:  Plaintiff reserves his right to object to any additional exhibits on any appropriate ground, and/or file a motion in limine.

---

[5] See footnote 3 above.
[6] See footnote 3 above.
[7] Plaintiff did not produce updated W-2 and damage information until the end of April 2005.  These newly produced documents raise issues relating to Plaintiff's subsequent employment, which may have significant bearing on Plaintiff's substantive claims and/or his claims for damages. Wal-Mart reserves the right to submit documents and/or testimony relating to these issues if Wal-Mart's investigation finds that they are relevant to the case.

12.    **DEPOSITION TESTIMONY**

Upon information and belief, Edgar Morales a Wal-Mart manager during the relevant time period, is currently residing and working out-of-state. Should Mr. Key be unable to procure his attendance at trial, it may be necessary to offer his deposition testimony in this matter.

Wal-Mart reserves its right to utilize Plaintiff's deposition testimony pursuant to the Federal Rules. Wal-Mart also reserves the right to submit the deposition testimony of Huong Nyguen, if she is unavailable, and the deposition testimony of any other witness who Wal-Mart later discovers is unavailable or becomes unavailable prior to trial.

13.    **REQUESTS FOR JURY INSTRUCTIONS**

Plaintiff's Proposed Jury Instructions are attached as Exhibit B along with the required disc.

14.    **ANTICIPATED EVIDENTIARY PROBLEMS**

Plaintiff's Motions in Limine are attached as Exhibits C.1 and C.2.

15.    **VERDICT FORM**

The parties have not been able to agree on a Verdict Form. Plaintiff's Proposed Verdict Form is attached as Exhibit D.

16.    **TRIAL TIME**

Counsel estimates that seven days will be needed to complete the trial.

17. **FURTHER PROCEEDINGS**

The parties will file timely responses to each other's Motions in Limine, and Plaintiff will file a timely response to Wal-Mart's motion to bifurcate.

18. **ELECTION FOR TRIAL BY MAGISTRATE**

The parties do not agree to have the case tried by U.S. Magistrate Judge Martinez.

Done at Bridgeport, Connecticut this 24th day of May, 2005.

Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATION</u>

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 24th day of May, 2005 to all counsel and <u>pro</u> <u>se</u> parties as follows:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
185 Asylum Street, 10th Floor
Hartford, CT  06103

*Pamela*
Pamela J. Coyne

P:\lit\pjc\523818\001\00046361.DOC