EXHIBIT C.2

PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE CERTAIN EXHIBITS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARVIN KEY, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV144 (RNC) |
| | : | |
| v. | : | |
| | : | |
| WAL-MART, INC. and | : | |
| DR. ANTHONY GORDON, | : | |
| | : | |
| Defendants. | : | MAY 2, 2005 |

**PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN EXHIBITS**

Plaintiff, by and through undersigned counsel, hereby moves the Court for an Order precluding the introduction by Defendant of the following exhibits:

6. CBL Scores for Marvin Key
70. Coaching for Improvement Form issued to Jenilu Zboray dated 1/30/01
71. Associate Commendation Form issued to Jenilu Zboray dated 6/29/05
72. Associate Evaluation dated 12/28/93 issued to Jenilu Zboray
73. Performance Appraisal, Optical Lab Technician (Jenilu Zboray)
74. Performance Appraisal, Department Manager (Jenilu Zboray)
75. Performance Appraisal, Department Manager, dated 11/28/99 issued to Jenilu Zboray
76. Performance Appraisal, Optician dated 9/15/00 issued to David Peterson
77. January 8, 2002 Performance Appraisal, Optician (Phyllis Parmenter)
78. January 15, 2001 Performance Appraisal, Optician (Phyllis Parmenter)
79. November 2, 2001 Handwritten Complaint about Jeff Kroll
80. November 7, 2001 Handwritten Complaint about Jeff Krol from
81. November 7, 2001 Handwritten Complaint about Jeff Kroll
82. Notice of Trespass issued to Jeffrey Kroll
83. Exit Interview form of Jeffrey Krol dated November 7, 2001 for Gross Misconduct
84. Coaching for improvement form issued to Jeffrey Krol dated "10-16"
85. Jeffrey Krol performance appraisal dated March 13, 2001

86. Typewritten note, "Meeting 6/15/00," "The Manager" signed by Parmenter, Zboray, Key and Peterson
87. Typewritten note, "Service Issues" signed by Parmenter, Zboray, Key and Peterson
88. Typewritten note, "Meeting 6/15/00," "The Customer" signed by Parmenter, Zboray, Key and Peterson
89. Typewritten note, "The Doctor" signed by Parmenter, Zboray, Key and Peterson

The grounds for this motion are as more fully set forth in the accompany memorandum of law.

Done at Bridgeport, Connecticut this 2nd day of May, 2005.

                                        Pamela J. Coyne
                                        DURANT, NICHOLS, HOUSTON,
                                        HODGSON & CORTESE-COSTA, P.C.
                                        1057 Broad Street
                                        Bridgeport, CT 06604
                                        (203)366-3438
                                        Federal Bar No. ct22941
                                        ATTORNEYS FOR PLAINTIFF

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 2nd day of May, 2005 to all counsel and pro se parties as follows:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
10th Floor
185 Asylum Street
Hartford, CT 06103

_____
Pamela J. Coyne

P:\lit\pjc\523818\001\00046352.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN KEY, | : |
|     Plaintiff, | :   CIVIL ACTION NO.<br>:   3:03CV144 (RNC) |
| v. | : |
| WAL-MART, INC. and<br>DR. ANTHONY GORDON, | : |
|     Defendants. | :   MAY 2, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION *IN LIMINE*
TO PRECLUDE CERTAIN EXHIBITS**

Plaintiff, Marvin Key, hereby submits this Memorandum of Law in Support of his Motion in Limine seeking to preclude the following exhibits identified by Defendant, Wal-Mart, as irrelevant, inadmissible hearsay, and as cumulative or a waste of this Court's time:

70. Coaching for Improvement Form issued to Jenilu Zboray dated 1/30/01
71. Associate Commendation Form issued to Jenilu Zboray dated 6/29/05
73. Performance Appraisal, Optical Lab Technician (Jenilu Zboray)
75. Performance Appraisal, Department Manager, dated 11/28/99 issued to Jenilu Zboray
76. Performance Appraisal, Optician dated 9/15/00 issued to David Peterson
77. January 8, 2002 Performance Appraisal, Optician (Phyllis Parmenter)
78. January 15, 2001 Performance Appraisal, Optician (Phyllis Parmenter)
79. November 2, 2001 Handwritten Complaint about Jeff Kroll
80. November 7, 2001 Handwritten Complaint about Jeff Krol from
81. November 7, 2001 Handwritten Complaint about Jeff Kroll
82. Notice of Trespass issued to Jeffrey Kroll
83. Exit Interview form of Jeffrey Krol dated November 7, 2001 for Gross Misconduct
84. Coaching for improvement form issued to Jeffrey Krol dated "10-16"
85. Jeffrey Krol performance appraisal dated March 13, 2001

(*See* Joint Trial Memorandum, Section 11.)

Mr. Key further seeks to preclude the following exhibits for the same reasons, and because they were never disclosed or produced by Wal-Mart:

6. CBL Scores for Marvin Key
72. Associate Evaluation dated 12/28/93 issued to Jenilu Zboray
74. Performance Appraisal, Department Manager (Jenilu Zboray)
86. Typewritten note, "Meeting 6/15/00," "The Manager" signed by Parmenter, Zboray, Key and Peterson
87. Typewritten note, "Service Issues" signed by Parmenter, Zboray, Key and Peterson
88. Typewritten note, "Meeting 6/15/00," "The Customer" signed by Parmenter, Zboray, Key and Peterson
89. Typewritten note, "The Doctor" signed by Parmenter, Zboray, Key and Peterson

(*See id.*)

## I. ALL PERFORMANCE APPRAISALS AND/OR DISCIPLINE RECORDS ISSUED TO OTHER EMPLOYEES ARE IRRELEVANT AND/OR INADMISSIBLE HEARSAY TO THE ISSUES HEREIN AND SHOULD BE PRECLUDED

Defendant, Wal-Mart, in Section 11 of the Joint Trial Memorandum identified several performance appraisals and disciplinary notices issued to Wal-Mart employees other than Plaintiff, specifically Jenilu Zboray, Phyllis Parmenter, David Peterson and Jeffrey Krol. (*See* Wal-Mart's Exhibits 70-85.) Of the eighteen exhibits, only three -- Exhibits 73, 76 and 78 -- are from the period of Plaintiff's employment and created by the same decisionmaker. Accordingly, only these three may arguably be offered by Wal-Mart at trial as relevant to the issues herein. *See* Fed. R. Evid. 402, 802. *See also Graham v. Long Island Rail Road*, 230 F.3d 34, 40 (2d Cir. 2000).

Not one performance evaluation or disciplinary record can be offered as an accurate comparison to Plaintiff's situation, and an attempt to create a disciplinary record or compare employees' performance evaluations outside the relevant time period and/or by different decisionmakers would require a mini trial into each specific incidence, and the specific relationships and/or biases of everyone involved -- clearly a waste of this Court's time given the differences in time periods and decisionmakers.

To the extent Wal-Mart offers testimony regarding discipline, or the lack thereof, taken against other employees during Plaintiff's period of employment, the identified exhibits are nothing more than negative proof -- in that no disciplinary action was taken against any other Vision Center employees during that time period. Accordingly, this documentary evidence may not only be a waste of time, causing undue delay, but may confuse the jury. *See* Fed. R. Evid. 403. Each and every one of these exhibits should be excluded.

## II. WAL-MART'S FAILURE TO DISCLOSE OR PRODUCE DOCUMENTS PRECLUDES IT FROM INTRODUCING THEM INTO EVIDENCE AT TRIAL

In addition to the foregoing, Wal-Mart entirely failed to disclose or produce several of the Exhibits identified in its portion of the Joint Trial Memorandum. Specifically, Wal-Mart never disclosed or produced Exhibits 6, 72, 74, 86-89. (*See supra*, and Joint Trial Memorandum, Section 11, and Plaintiff's responses thereto.) Accordingly, Wal-Mart is now precluded from using these documents at trial for any purpose. *See* Fed. R. Civ. P. 26.

## III. CONCLUSION

For the foregoing reasons, Mr. Key respectfully requests this Court to enter an order precluding Wal-Mart from introducing the above-referenced exhibits into evidence a trial.

Done at Bridgeport, Connecticut this 2nd day of May, 2005.

*Pamela J. Coyne*
Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR DEFENDANT

## **CERTIFICATION**

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 2nd day of May, 2005 to all counsel and pro se parties as follows:

Joel Finger, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Kristi Mackin, Esq.
Mitchell L. Fishberg, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
City Place II
10th Floor
185 Asylum Street
Hartford, CT 06103

_____
Pamela J. Coyne

P:\lit\pjc\523818\001\00046348.DOC

- 5 -

# EXHIBIT D

# PLAINTIFF'S PROPOSED VERDICT FORM

**PLAINTIFF'S VERDICT FORM:**

**TITLE VII AND CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT -- COVERAGE:**

1. Is Wal-Mart subject to Title VII?

    YES_____          NO_____

2. Is Wal-Mart subject to the Connecticut Fair Employment Practices Act?

    YES_____          NO_____

**TITLE VII AND CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT -- DISCRIMINATION:**

1. Was Mr. Key's race and/or color a factor in Wal-Mart's decision to terminate his employment on April 30, 2001?

    YES_____          NO_____

If you answered YES to the preceding questions, proceed to Question No. 2.

If you answered NO to the preceding question, skip to Question No. 8.

3. What is the amount of damages to be awarded to Mr. Key?

    $_____

4. Do you find that Wal-Mart knew or showed reckless disregard for whether its conduct was prohibited by Title VII?

    YES_____          NO_____

5. If your answer to the preceding question is YES, what is the amount of punitive damages to be awarded under federal law?

    $_____

6. Do you find that Wal-Mart's conduct was willful under the Connecticut Fair Employment Practices Act?

    YES_____    NO_____

7. If your answer to the preceding question is YES, what is the amount of punitive damages to be awarded under state law?

    $_____

**TITLE VII AND CFEPA -- RETALIATION**:

8. Did Wal-Mart retaliate against Mr. Key?

    YES_____    NO_____

If you answered YES to the preceding question, proceed to Question No. 9.

If you answered NO to the preceding question, skip to question No. 14.

9. What is the amount of damages to be awarded to Mr. Key?

    $_____

10. Do you find that Wal-Mart knew or showed reckless disregard for whether its conduct was prohibited by Title VII?

    YES_____    NO_____

11. If your answer to the preceding question is YES, what is the amount of punitive damages to be awarded under federal law?

    $_____

12. Do you find that Wal-Mart's conduct was willful under the Connecticut Fair Employment Practices Act?

    YES_____   NO_____

13. If your answer to the preceding question is YES, what is the amount of punitive damages to be awarded under state law?

    $_____

**NEGLIGENT MISREPRESENTATION:**

14. Is Wal-Mart liable for negligent misrepresentation with respect to Mr. Key?

    YES_____   NO_____

If you answered YES to the preceding questions, proceed to Question No. 15.

If you answered NO to the preceding question, you are finished.

15. What is the amount of damages to be awarded to Mr. Key?

    $_____

P:\lit\pjc\523818\001\00046097.DOC