## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MARVIN KEY,                          :
                                     :        **CIVIL ACTION NO.**
     Plaintiff,              :        **3:03-CV-144 (RNC)**
                                     :
v.                                   :
                                     :
WAL-MART STORES, INC.                :
                                     :
     Defendant.              :        **NOVEMBER 17, 2005**

### PLAINTIFF'S REQUEST FOR PERMISSION FOR COUNSEL
### TO MAKE *EX PARTE* CONTACT WITH FORMER EMPLOYEE OF DEFENDANT

Plaintiff, Marvin Key, moves this Court for approval to allow his counsel to make *ex parte* contact with Jerome Ellis, a former employee of Defendant, Wal-Mart Stores, Inc. Plaintiff further requests that Defendant be required to supply Mr. Ellis' last known telephone number.

### I.    Introduction

This case involves a claim of discriminatory termination of employment and negligent misrepresentation. Mr. Key was formerly employed by Wal-Mart as an Optician in its Vision Center in Willimantic, Connecticut. At the time of Mr. Key's termination, Mr. Ellis was the vision center manager and Mr. Key's direct supervisor. Mr. Ellis was deposed on October 14, 2003 and February 10, 2004, however, at that time, he was still employed by Defendant. Although Defendant never supplemented its Rule 26 disclosures regarding Mr. Ellis' status with Wal-Mart, in October 2005, prior to the postponement of the October 11, 2005 trial date, when

Plaintiff's counsel, in preparing trial subpoenas, could not locate the "Wal-Mart" in North Grosvenordale, Connecticut at which Defendant's pre-trial memo indicated he was working, Plaintiff's counsel learned from Defendant's counsel that Mr. Ellis was no longer employed by Wal-Mart. It turns out the North Grosvenordale address was not a Wal-Mart address as indicated in the pre-trial memo but was Mr. Ellis' home address. No telephone number was provided for Mr. Ellis either. Plaintiff, through his counsel, seeks to interview Mr. Ellis *ex parte* since he is no longer employed by Defendant Plaintiff's counsel inquired as to Defendant's position on this issue but received no response; Plaintiff's counsel therefore indicated that she would assume Defendant objected to her making the contact.

## II.     Law and Argument

"As a general rule, attorney-client privilege will not preclude contact with former employees of an opposing party to litigation." *United States v. Housing Auth. of Town of Milford*, 179 F.R.D. 69, 71 (D.Conn. 1997). The courts have routinely cited to the proposition that "[t]here is no ethical bar against [plaintiff's] attorneys having ex parte communications with the former employee…" *Dubois v. Gradco Systems, Inc.*, 136 F.R.D. 341, 344 (D.Conn. 1991) (*citing*, *Polycast Technology Corp. v. Uniroyal, Inc.*, 129 F.R.D. 621, 628 (S.D.N.Y. 1990)). "In a motion for court approval to allow the *ex parte* interview of a former employee of a party to the litigation, the burden of establishing the essential elements of the attorney-client privilege is on the party claiming the protection of the privilege." *Housing Authority of Town of Milford*, 179 F.R.D. at 70.

Further, there is no ethical bar to contact with the former employees of an adverse party unless the individual at issue is a "trial consultant," however, the objecting party must provide proof that such is the case. *See* Rule 4.2 of Connecticut Rules of Professional Conduct; *Housing Authority of Town of Milford,* 179 F.R.D. at 73.

Plaintiff's counsel should be afforded the opportunity to communicate with Mr. Ellis without the presence of Defendant's counsel. *See generally Housing Authority of Town of Milford,* 179 F.R.D. at 75; *Shoreline Computers, Inc. v. Warnaco, Inc.,* 2000 WL 371206 (Conn. Super. 2000) (Alander, J.) (copy attached). Mr. Ellis is a former employee and therefore no longer a represented party to the case. Plaintiff's counsel recognizes and will adhere to the principles for such an interview set forth by this Court in *DuBois v. Gradco Systems, Inc., supra.* Moreover, Defendant should be required to provide a telephone number for Mr. Ellis per Rule 26(a)(1)(A).

## III.    Conclusion

For all the foregoing reasons, Plaintiff's request for permission to make *ex parte* contact with Mr. Ellis should be granted.

Done at Bridgeport, Connecticut, this 17th day of November, 2005.

_____
Stephen M. Sedor
Federal Bar No. ct21117
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
Telephone (203) 366-3438
Facsimile (203) 384-0317
ATTORNEY FOR PLAINTIFF

## **CERTIFICATION**

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified

mail, return receipt requested, this 17th day of November, 2005 to all counsel and pro se parties

as follows:

> Joel Finger, Esq.
> Brown Raysman Millstein Felder & Steiner, LLP
> 900 Third Avenue
> New York, NY 10022

> Kristi Mackin, Esq.
> Mitchell L. Fishberg, Esq.
> Brown Raysman Millstein Felder & Steiner, LLP
> City Place II
> 10th Floor
> 185 Asylum Street
> Hartford, CT  06103

> _____
> Stephen M. Sedor

P:\general\jph\523818\001\00050011.DOC

Not Reported in A.2d, 2000 WL 371206 (Conn.Super.), 27 Conn. L. Rptr. 30
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.
SHORELINE COMPUTERS, INC.,
v.
WARNACO, INC. et al.
No. CV 990422853S.
April 3, 2000.

Memorandum of Decision

ALANDER.

*1 The issue before the court is the extent to which an attorney for an adverse party can interview ex parte former employees of a party represented by counsel concerning the subject matter of pending litigation. The plaintiff has moved this court for permission to conduct ex parte interviews with eleven former employees of the defendant Warnaco, Inc. ("Warnaco"). Warnaco objects to the plaintiff's motion and seeks a protective order that interviews by the plaintiff's attorney with former employees of Warnaco not be held except through formal depositions. For the succeeding reasons, the court grants the plaintiff's motion to conduct ex parte interviews and denies the defendant Warnaco, Inc.'s motion for a protective order.

Communications with other persons by an attorney when representing a client are governed by the Rules of Professional Conduct. Rule 4.2 prohibits a lawyer from communicating with a party the lawyer knows to be represented by counsel about the subject matter of the representation unless authorized by the consent of counsel or by law. [FN1] See also Rule 4.3 which governs dealings with unrepresented persons [FN2] and Rule 4.4 which mandates respect for the rights of third persons. [FN3] The purpose of Rule 4.2 "is to preserve the integrity of the lawyer-client relationship by protecting the represented party from the superior knowledge and skill of the opposing lawyer. The rule is designed to prevent situations in which a represented party may be taken advantage of by opposing counsel." *Pinsky v. Statewide Grievance Committee,* 216 Conn. 228, 236, 578 A.2d 1075 (1990).

> FN1. Rule 4.2 states that "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

> FN2. Rule 4.3 provides that "In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested, when the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter. The lawyer shall make reasonable efforts to correct the misunderstanding."

> FN3. Rule 4.4 requires that "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."

When the represented party is a corporation or other entity, the issue is one of which employees or agents of the corporation so personify the entity that they are governed by the strictures of Rule 4.2. The Comment to Rule 4.2 provides that "In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial

responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization." The Comment indicates that the prohibition on communication does not apply to all employees of a corporation, but only those that run the entity or those that can hurt or bind the organization. See G. Hazard and W. Hodes, The Law of Lawyering: A Handbook on the Model Rules of Professional Conduct 734 (1994 Supp.).

Rule 4.2 does not bar contact by an attorney for an adverse party with former employees of a corporation. _Dubois v. Gradco Systems,_ 136 F.R.D. 341 (D.Conn.1991); _Polycast Technology Corporation v. Uniroyal, Inc.,_ 129 F.R.D. 621 (S.D.N.Y.1990), and _Carrier Corporation v. The Home Insurance Company,_ Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV88-352383S, 6 CONN.L.RPTR. 3 (February 11, 1992) (Schaller, J.). [FN4] See also ABA Formal Opinion 91-359 (March 21, 1991) (the prohibition of Rule 4.2 with respect to contacts by a lawyer with employees of an opposing corporate party does not extend to former employees of that party). There is no bar to communicating with former employees of a corporation because they no longer manage the corporation and their actions and statements no longer bind the corporation. G. Hazard and W. Hodes, _supra,_ p. 739.

> FN4. Although other courts have reached the contrary conclusion and held that the ethical rules governing attorney conduct prohibit

communication ex parte with former employees of a corporation, see, e.g., _Public Service Electric and Gas Company v. Associated Electric and Gas Ins. Services, Ltd.,_ 745 F.Sup. 1037 (D.N.J.1990), I do not find the reasoning of these cases to be persuasive. The defendant Warnaco, Inc. has also conceded in its brief that Rule 4.2 does not generally prohibit an adverse attorney from ex parte contact with former employees.


**\*2** Although Rule 4.2 does not prohibit ex parte communication with former employees of a corporate party, there are recognized limits to such contact. Former employees acting as trial consultants or otherwise actively and extensively working with the corporation's attorney in marshaling evidence and preparing for litigation may be off limits to ex parte contact by an attorney for an adverse party. _MMR/Wallace Power and Industrial, Inc. v. Thames Associates,_ 764 F.Sup. 712 (D.Conn.1991). See also _United States v. Housing Authority of the Town of Milford,_ 179 F.R.D. 69 (D.Conn.1997) and G. Hazard and W. Hodes, _supra,_ p. 739. The rationale for a ban on ex parte communication with a trial consultant is that, because of the individual's extensive exposure to privileged communications and sustained access to the party's litigation strategy and the attorney's work product, the very purpose of the contact may be to obtain privileged information or at the very least there is a high risk of disclosure of such information. Warnaco argues in this case that ex parte communications should not be allowed with five of its former employees, Steven Nelson, Wallace Brooks and Joseph Anastasio, Irwin Zaetz, and Kay Bentson, because they were privy to confidential communications and exposed to the corporation's litigation strategy as a result of meetings each of them had with Warnaco's attorneys regarding the present litigation. Warnaco claims that these former employees should be deemed trial consultants because Warnaco's attorneys discussed trial strategy with them. Warnaco, in support of its position, submitted testimony from Attorney Michael Colosi, its associate general counsel, and a sworn affidavit from Attorney Stefan R. Underhill, who previously represented Warnaco in this matter and who is now a United States District Court Judge in Connecticut and unavailable to testify. The court also heard testimony from Steven Nelson and Joseph Anastasio.

Attorney Underhill and Attorney Colosi in connection with their representation of Warnaco with respect to the subject matter of this litigation each discussed with Joseph Anastasio the facts as they relate to the claims being made by the plaintiff. Anastasio had previously been manager of microcomputing at Warnaco and, in that capacity, had had extensive dealings with the plaintiff. Attorney Underhill had one three hour meeting with Anastasio. Attorney Colosi also had a two or three hour meeting with Anastasio in which he discussed the underlying facts. Attorney Colosi also spoke with Anastasio on a number of occasions over the telephone. Both attorneys informed Anastasio that their discussions with him were confidential and addressed the strengths and weaknesses of the claims of both parties to the litigation. Attorney Colosi also had similar discussions with Wallace Brooks, Irwin Zaetz, and Kay Bentson.

None of the conversations or relationships described by Attorney Underhill or Attorney Colosi with the five

former employees transform any of them into anything resembling a trial consultant. A few meetings and telephone conversations with a former employee falls far short of the extensive contact with counsel, substantial disclosure of attorney work product and ongoing access to litigation materials and strategy that signify a trial consultant. See *MMR/Wallace Power and Industrial, Inc. v. Thames Associates, supra,* 764 F.Supp. 724-25.

**\*3** Warnaco also claims that the mere fact that confidential attorney-client communications were conveyed and trial strategy was discussed with the former employees is sufficient to bar all ex parte interviews of those individuals by an adverse party's lawyer. [FN5] Warnaco offers no authority for this far reaching view. Such a ban would impair the time honored right of counsel for all parties to interview willing non-party witnesses in private, without the presence or consent of opposing counsel and without a transcript being made. *I.B.M. v. Edelstein,* 526 F.2d 37 (2d Cir.1975). It is also not necessary. The plaintiff does not dispute that privileged communications between Warnaco's attorneys and its former employees should remain confidential and should not be divulged to plaintiff's attorney. These confidences can be preserved by an order from the court that plaintiff's attorney not inquire into such communications during any ex parte interviews. See *Dubois v. Gradco Systems, supra,* 136 F.R.D. 347 (while the court did not issue an order concerning privileged communications, the court admonished plaintiff's counsel to take care not to induce or listen to such communications).

> FN5. The plaintiff does not dispute Warnaco's claim that the conversations between the now former employees of Warnaco with Warnaco's attorneys were privileged communications. See *Shew v. Freedom of Information Commission,* 245 Conn. 149, 159 (1998).

Warnaco also argues that ex parte interviews should be prohibited because six of its former employees are now in an adversarial position vis a vis Warnaco having raised claims of age discrimination and, therefore, the risk of disclosure of privileged information is great. This court cannot presume that these former employees will disclose confidential attorney-client communications simply because they have raised claims of age discrimination against Warnaco. Moreover, the sanctity of any privileged communications can be adequately protected by an order directed to plaintiff's counsel that he is to not listen to or discuss confidential communications with any former employee.

Finally, Warnaco claims that ex parte contact should be precluded because five of the former employees possess other "unique and confidential information" regarding the internal operations of Warnaco's computer purchasing department, including an internal audit conducted by Warnaco. Warnaco points to no source, legal or contractual, to support its bald assertion that the information is confidential. The fact that an internal audit was previously conducted by Warnaco which will assist it in its defense of this litigation does not render the information gathered in the audit privileged or confidential, where Warnaco has not claimed that the internal audit was conducted at the direction of its attorneys and is privileged attorney work product. See *Stanley Works v. New Britain Redevelopment Agency,* 155 Conn. 86, 95 (1967) (in order to constitute attorney work product, the attorney's work must have formed an essential step in the procurement of the data which the opponent seeks).

The plaintiff's motion for permission to conduct ex parte interviews with the eleven former employees of the defendant Warnaco, Inc. identified in its motion is hereby granted. Plaintiff's counsel is ordered not to induce, listen to, or receive any privileged communications that occurred between any of the eleven former employees and attorneys for Warnaco. Plaintiff's counsel is also ordered to comply with Rule 4.3 of the Rules of Professional Conduct by disclosing to the former employees that counsel represents the plaintiff in litigation that is presently pending against Warnaco. The defendant Warnaco's motion for a protective order is hereby denied.

Conn.Super.,2000.

Shoreline Computers, Inc. v. Warnaco, Inc.

Not Reported in A.2d, 2000 WL 371206 (Conn.Super.), 27 Conn. L. Rptr. 30

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.